UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COLOR KINETICS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:03-cv-12491-MEL |
| | ) | |
| TIR SYSTEMS LTD, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO SCHEDULE A SETTLEMENT CONFERENCE
AND TO STAY DISCOVERY PENDING THE PARTIES' EXCHANGE OF
PRELIMINARY CONTENTIONS AND THE SETTLEMENT CONFERENCE**

**INTRODUCTION**

The defendant, TIR Systems Ltd. ("TIR"), has moved to schedule a settlement

conference after the plaintiff in this patent infringement case, Color Kinetics, Inc. ("CK"), has

submitted its Preliminary Infringement Contentions and the defendant has submitted its

Preliminary Invalidity Contentions (hereinafter collectively referred to as "Preliminary

Contentions").  Specifically, TIR seeks an order requiring the parties to exchange Preliminary

Contentions and appear before the Court for a settlement conference.

That is, CK's complaint does not disclose which claims of the three separate patents it

accuses TIR of infringing, nor which TIR products CK contends infringe those claims, nor any

explanation of how those TIR products meet the limitations of each asserted CK patent claim.

Without that information, it is impossible for TIR to promulgate or respond meaningfully to

discovery.  TIR would be left to guess which products are accused, which claims are being

asserted, how CK construes the asserted claims to cover TIR products, and how that construction

may affect the validity of CK's patents.  Because CK must have had this information before bringing suit, simply requiring CK to provide it will work no harm or prejudice to CK.

TIR also respectfully requests that the Court stay all discovery pending the parties' exchange of Preliminary Contentions and the settlement conference.  First, a stay is necessary to allow TIR meaningfully to respond and promulgate its own discovery.  This was recently recognized in a decision by Judge Stearns in another patent case.  *See Faro Techs., Inc. v. Panametrics, Inc.,* No. 03-11435-RGS, slip op. at 2 (D. Mass. July 9, 2004).  Further, a stay of discovery will conserve both the Court's and the parties' resources, in terms of both time and money, by potentially facilitating settlement and by narrowing the issues for resolution.  As such, a stay at this point in the proceedings will further one of the main goals of the Federal Rules of Civil Procedure—the just, speedy and inexpensive determination of the action.   Lastly, a stay will not prejudice CK.  For these reasons, the Court should grant TIR's motion to stay discovery pending the parties' exchange of preliminary contentions and the settlement conference.

## BACKGROUND

TIR is a corporation organized under the laws of Canada, where it is headquartered.  TIR provides energy-efficient low-maintenance lighting solutions to the commercial and industrial and corporate identity markets.  (Counterclaim ¶¶ 2-3.)  CK brought this patent infringement suit asserting that TIR has infringed three CK patents, U.S. Patent Nos.: 6,211,626 (the "'626 Patent"); 6,340,868 (the "'868 Patent"); and 6,459,919 (the "'919 Patent"). (Compl. ¶¶ 7-11, 13-17, and 19-23.)

Aside from CK's basic claim that TIR has infringed its asserted patents, the Complaint is completely devoid of detail.  CK has not disclosed which products are alleged to have infringed its patents, nor even which claims of its patents are allegedly infringed.  CK filed the Complaint on December 11, 2003, but did not serve it on TIR until April 7, 2004.

- 2 -

The parties have discussed a proposed scheduling order in preparation for the Scheduling Conference on September 20, 2004.  TIR has sought a schedule whereby the parties would exchange Preliminary Contentions regarding the asserted claims, infringement, and invalidity followed by non-binding mediation with the following dates:[1]

| | |
|---|---|
| Oct. 15, 2004 | CK submits its Preliminary Infringement Contention |
| Dec. 15, 2004 | Defendant submits its Preliminary Invalidity Contention |
| Jan. 13-14, 2005 | Mediation |

CK has refused to agree to the proposed exchange of Preliminary Contentions, mediation or a stay of discovery.  Instead, on August 25, 2004, CK indicated its intent to commence discovery in earnest by serving its First Set of Interrogatories and Requests for the Production of Documents and Things, with 13 interrogatories and 43 document requests, respectively, seeking broad discovery concerning the patents-in-suit and TIR's products, among other things.  (*See* Declaration of Kerry A. Malloy in Support of Defendant's Motion to Schedule a Settlement Conference and to Stay Discovery Pending the Parties' Exchange of Preliminary Contentions and the Settlement Conference ("Malloy Decl."), Exh. A (Color Kinetics' First Set of Interrogatories) and Exh. B (Color Kinetics' First Set of Requests for the Production of Documents and Things).

## ARGUMENT

The Court has broad discretion to stay discovery until preliminary questions that may dispose of the case are determined.  *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936); *Vivid Techs., Inc. v. Am. Sci. Eng'g, Inc.*, 200 F.3d 795, 803-804 (Fed. Cir. 1999) (holding that district court which stayed discovery pending claims construction had "broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust

---

[1] TIR's proposed schedule is modeled after the Northern District of California's Local Rules governing patent litigation.

discovery as appropriate to each phase of litigation"). The Court's discretion to manage

discovery serves the goal of "speed and economy, and is appropriate in cases in which the

dispute may be resolved at [an early] stage without compromise of justice." *Id.* at 804; *see also*

Fed. R. Civ. P. 1 (the Rules "shall be construed and administered to secure the just, speedy, and

inexpensive determination of every action"); *United States v. A Certain Parcel of Land,*

*Moultonboro*, 781 F. Supp. 830, 833 (D.N.H. 1992) ("a district court has the discretion to …

postpone civil discovery … when the interests of justice seem to require such action") (internal

quotations, alterations and citations omitted).

TIR should be entitled to know some detail as to why it is being accused of infringement.

For example, in *Faro Technologies* Judge Stearns required the plaintiff in a patent case to

provide information about the asserted claims, allegedly infringing products, and the way in

which those products were alleged to infringe those claims before allowing discovery to

continue. *Faro Techs.,* No. 03-11435-RGS, slip op. at 2. Judge Stearns noted that this would

prevent the plaintiff, which by definition must have processed the information before bringing

suit, from "'hid[ing] the ball' about … the accused products." (Malloy Decl., Exh. C.) *See also*

*MacKnight v. Leonard Morse Hosp.*, 828 F.2d 48, 52 (1st Cir. 1987) (affirming district court's

grant of stay of discovery and requiring plaintiff to disclose some relevant facts and basis for

them before allowing plaintiff to embark on a "fishing expedition" through discovery). Without

any such detail, TIR cannot properly determine which course of action – be it settlement or

defending against CK's claims – is appropriate. Further, TIR cannot reasonably even determine

how to judge the relevance of CK's discovery requests.

CK has served broad discovery requests and TIR is being asked to conduct extensive

discovery and incur the inevitable costs associated with such discovery on a broad, non-specific

range of TIR products, without any indication which particular products allegedly infringe which claims of the asserted patents. An exchange of Preliminary Contentions regarding the asserted claims, infringement, and invalidity, modeled on the Northern District of California's Local Rules governing patent litigation, will facilitate settlement discussions, narrow the issues to be tried, and potentially eliminate, and at the very least reduce, the high costs the parties will incur as a result of discovery at this stage in the proceedings.

Further, a discovery stay pending the exchange of Preliminary Contentions and a settlement conference would be a logical exercise in judicial economy, conserving both the parties' and the Court's resources. Finally, a Court-ordered settlement conference that would take place following the exchange of Preliminary Contentions would potentially facilitate settlement given the narrowed issues and the better understanding of the other sides' respective positions. Accordingly, TIR seeks a schedule whereby discovery will be stayed pending an exchange along the following grounds:

**October 15, 2004**     CK provides TIR with a Preliminary Infringement Contention, which shall include (i) an identification of the claims it alleges are infringed, (ii) a preliminary identification of which TIR products are alleged to infringe the identified claims, and (iii) an element by element explanation why such infringement is alleged for each accused product.

**Dec. 15, 2004**     TIR provides CK with a Preliminary Invalidity Contention, which shall include (i) a preliminary identification of prior art relied upon by TIR to invalidate the claims identified in CK's Preliminary Infringement Contention; and (ii) an element by element explanation why the claims identified in the Statement of Infringement are invalid.

**Jan. 13, 2005**     Settlement conference

TIR further asserts that CK will not be prejudiced by a stay of discovery pending the exchange of Preliminary Contentions and a settlement conference. TIR has maintained and will continue to maintain any documents relating to the issues raised in the Complaint. The parties

have already agreed to submit a proposed order in which fact discovery is to be completed by September 29, 2005.  Even if discovery is stayed until January 2005, the parties will thus still have ample time to complete discovery by the agreed upon cut-off date.  In the alternative, TIR will agree to extend the discovery period by the length of the stay.  As a further alternative, TIR will agree that discovery be stayed only until CK serves its Preliminary Infringement Contention.

## CONCLUSION

For the reasons set forth above, the defendant respectfully requests that the Court enter an order requiring the parties to exchange Preliminary Contentions and appear before the Court for a settlement conference.  The defendant also respectfully requests that the Court stay all discovery pending the parties' exchange of Preliminary Contentions and the settlement conference.

Dated:  September 3, 2004

Respectfully submitted,

WILMER CUTLER PICKERING
   HALE AND DORR LLP


/s/  Kerry A. Malloy

Mark G. Matuschak (BBO #543873)
mark.matuschak@wilmerhale.com
Donald R. Steinberg (BBO #553699)
don.steinberg@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: 617-526-6000

S. Calvin Walden (admitted pro hac vice)
calvin.walden@wilmerhale.com
Kerry A. Malloy (BBO #654600)
kerry.malloy@wilmerhale.com
300 Park Avenue
New York, NY 10021
Telephone: 212-937-7200

Attorneys for Defendant
TIR SYSTEMS LTD.