# Exhibit A

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED,<br><br>Plaintiff<br><br>v.<br><br>TIR SYSTEMS LTD.,<br><br>Defendant. | Civil Action No.: 03-cv-12491 (MEL) |

## COLOR KINETICS' FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, Color Kinetics, Inc. ("Color Kinetics") propounds the following interrogatories upon TIR Systems Ltd. ("TIR") and requests that they be answered separately, fully, and under oath within thirty (30) days of service.

### Definitions

1. The Uniform Definitions in Discovery Requests of Local Rule 26.5 are incorporated herein by reference.

2. "'868 patent" means United States Patent No. 6,340,868.

3. "'626 patent" means United States Patent No. 6,211,626.

4. "'919 patent" means United States Patent No. 6,459,919.

5. "Patents-in-suit" refers to the '868, '626, and '919 patents.

6. The words "Defendant" and "TIR" mean TIR Systems Ltd., its wholly or partially owned domestic and foreign parents, subsidiaries, divisions, and affiliates, its

predecessors and successors, any and all directors, officers, agents, employees, and attorneys of any of the foregoing, and any other person over which any of the foregoing may exercise control.

7.   The term "third parties" refers to individuals or entities that are not a party to this action.

8.   The singular shall include the plural and vice versa, the terms "and" and "or" shall be both conjunctive and disjunctive.

9.   "RGB LED Product" means any and all TIR devices, systems, or products that are capable of generating more than one color of light through the use of light emitting diodes including, without limitation, TIR's "Destiny Series" line of products.

10.  "Prior Art" means any publication, patent, physical device, prototype, use, sale, offer for sale, or other material, item, or activity concerning the subject matter of the patents-in-suit existing on or occurring before a date such as to be relevant under any subdivision of 35 U.S.C. §§ 102, 103, or 112.

### Instructions

1.   Where a claim of privilege is asserted in objecting to any disclosure, and any information is withheld on the basis of such assertion:

> (a)   the attorney asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and
>
> (b)   the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(1) For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addresses of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addresses, and recipients to each other;

(2) For oral communications: (i) the name of the person making the communication and the names of the person present while the communication was made and, where not apparent, the relationship of the person present to the person making the communications; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

2. To the extent that any interrogatory is objected to as overly broad and/or unduly burdensome, please set forth the factual basis for such claim, set forth the more narrowly-defined basis, if any, on which you are prepared to respond to such interrogatory, and respond to the interrogatory on that basis.

3. To the extent that any interrogatory is objected to as vague or ambiguous, please identify the particular words, terms, or phrases that are asserted to make such interrogatory vague or ambiguous, specify the meaning actually attributed by you to such words, terms, or phrases for purposes of your response to such interrogatory, and respond to the interrogatory accordingly.

4. These interrogatories are continuing and may require supplemental response and production. If any information responsive to any interrogatories is not presently known,

identifiable or available, include a statement to that effect and furnish the information when known, identifiable, or available.

5. To the extent that any of the following interrogatories may include language quoted from the Complaint, this in no way constitutes an admission of any factual allegation or concession of any legal proposition contained therein.

## **Interrogatories**

Interrogatory No. 1

Provide the name, address, telephone number, place of employment, and job title of any person who has, claims to have, or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings filed in this action, or any fact underlying the subject matter of this action, and state the specific nature and substance of the knowledge that you believe each such person may have.

Interrogatory No. 2

Please provide the name of each person whom you may use as an expert witness at trial and detail the substance of the opinions to be provided by each person whom you may use as an expert witness at trial.

Interrogatory No. 3

Please identify by model number or other description any and all RGB LED Products (as defined above) that have been conceived, researched, developed, tested, prototyped, made, used, sold, or offered for sale by TIR.

Interrogatory No. 4

For each device identified in the answer to Interrogatory 3, and for each claim of each of the patents-in-suit, please identify any claim limitation that TIR asserts is not met in such device, and for each such limitation (i) state the basis for your interpretation of the claim limitation, (ii) state the basis for your reasons why such limitation is not met literally, (iii) state the basis for your reasons why the limitation is not met by equivalents, and (iv) identify any facts, evidence, and documents in support thereof.

Interrogatory No. 5

Please identify all opinions (including without limitation all opinions of counsel), investigations, studies, evaluations, and analyses (whether written or oral) pertaining to novelty, state of the art, validity or invalidity, enforceability or unenforceability, infringement or non-infringement, patentability or unpatentability, scope, or interpretation of all or any part of the subject matter disclosed by the patents-in-suit, or claimed by any claim or claims of the patents-in-suit, and for each such opinion, investigation, study, evaluation, and/or analysis, state the conclusion or conclusions reached, the person or persons most knowledgeable about such information, and all documents that constitute, refer, or relate to such information.

Interrogatory No. 6

For each device identified in the answer to Interrogatory No. 3, state

(a)   the date such device was first manufactured, tested, offered for sale or license, or actually sold or licensed;

(b)   the date such product was first delivered to a customer by or for TIR;

748041.1                                                    - 5 -

(c) the total number of units of such product made, used, sold, licensed, or offered for sale or license by or for TIR up to the present;

(d) the unit price or prices charged; and

(e) the costs and profits associated with the product.

Interrogatory No. 7

Identify each customer and/or prospective customer for each device identified in the answers to Interrogatory No. 3.

Interrogatory No. 8

State the basis for the contention asserted by TIR in its "First Affirmative Defense" to Color Kinetics' Complaint that "[t]he Complaint herein fails to state a claim upon which relief can be granted."

Interrogatory No. 9

State the basis for the contention asserted by TIR in its "Second Affirmative Defense" to Color Kinetics' Complaint that "Defendant does not infringe and has not infringed the '868 Patent, the '626 Patent, and the '919 Patent."

Interrogatory No. 10

State the basis for the contention asserted by TIR in its "Third Affirmative Defense" to Color Kinetics' Complaint that "[t]he '868 Patent, the '626 Patent, and the '919 Patent are each invalid under the provisions of 35 U.S.C. § 101, et seq." If Section 102 is relied upon, please

specifically identify the prior art relied upon, any evidence that it is in fact prior art, and include a claim chart indicating where or how each limitation of each claim of the patent is met in such prior art. If Section 103 is relied upon, please specifically identify the prior art relied upon, any evidence that it is in fact prior art, the motivation (if any) to alter such prior art and where this is found, and what the result would be, as well as the level of skill in the pertinent art and any assumptions made about objective indicia of nonobviousness. If Section 112 is relied upon, please specify the portion of Section 112 relied upon and all facts, contentions and conclusions supporting reliance on Section 112. If any other section or rule is relied upon, please identify with specificity the section or rule and the basis of the contention.

Interrogatory No. 11

State the basis for the contention asserted by TIR in its "Fourth Affirmative Defense" to Color Kinetics' Complaint that "Defendant has not willfully infringed and is not willfully infringing the '868 Patent, the '626 Patent, and the '919 Patent."

Interrogatory No. 12

State the basis for the contention asserted by TIR in its "Fifth Affirmative Defense" to Color Kinetics' Complaint that "Plaintiff's alleged causes of action are barred by the doctrines of laches and/or estoppel."

Interrogatory No. 13

Identify each past and present director, officer, employee, representative, or agent of Amersham who had knowledge of the patents-in-suit patents prior to the commencement of this action, state the date on which each such person first acquired such knowledge, describe the circumstances under which such knowledge was first acquired, and identify all documents and things evidencing, supporting, or relating to the foregoing.

Respectfully submitted,

COLOR KINETICS INCORPORATED

August 25, 2004

by: /s/ Emily A. Berger

Matthew B. Lowrie, BBO No. 563,414
Aaron W. Moore, BBO No. 638,076
Emily A. Berger, BBO No. 650,841
Lowrie, Lando & Anastasi, LLP
One Main Street - 11th Floor
Cambridge, MA 02142
Tel: 617-395-7000
Fax: 617-395-7070

---

**CERTIFICATE OF SERVICE**

I hereby certify that today I caused a true and correct copy of the foregoing to be served, by hand, on the following counsel of record:

Mark G. Matuschak, Esq,
Hale and Dorr LLP
60 State Street
Boston, MA 02109

Dated: August 25, 2004   /s/ Emily A. Berger

---

748041.1

- 8 -