# Exhibit B

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED,<br><br>Plaintiff<br><br>v.<br><br>TIR SYSTEMS LTD.,<br><br>Defendant. | Civil Action No.: 03-cv-12491 (MEL) |

**COLOR KINETICS' FIRST SET OF REQUESTS**
**FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Fed. R. Civ. P. 34, Color Kinetics, Inc. ("Color Kinetics") hereby requests that TIR Systems Ltd. ("TIR") produce all documents and things described herein that are in its possession, custody, or control for inspection and copying by Color Kinetics' counsel at the offices of Lowrie, Lando & Anastasi, LLP, Riverfront Office Park, One Main Street, Eleventh Floor, Cambridge, MA 02142, within 30 days from the date of service hereof.

**Definitions**

1. The Uniform Definitions in Discovery Requests of Local Rule 26.5 are incorporated herein by reference.

2. "'868 patent" means United States Patent No. 6,340,868.

3. "'626 patent" means United States Patent No. 6,211,626.

4. "'919 patent" means United States Patent No. 6,459,919.

5. "Patents-in-suit" refers to the '868, '626, and '919 patents.

748040.2

6. The words "Defendant" and "TIR" mean TIR Systems Ltd., its wholly or partially owned domestic and foreign parents, subsidiaries, divisions, and affiliates, its predecessors and successors, any and all directors, officers, agents, employees, and attorneys of any of the foregoing, and any other person over which any of the foregoing may exercise control.

7. The term "third parties" refers to individuals or entities that are not a party to this action.

8. The singular shall include the plural and vice versa, the terms "and" and "or" shall be both conjunctive and disjunctive.

9. "RGB LED Product" means any and all TIR devices, systems, or products that are capable of generating more than one color of light through the use of light emitting diodes including, without limitation, TIR's "Destiny Series" line of products.

10. "Prior Art" means any publication, patent, physical device, prototype, use, sale, offer for sale, or other material, item, or activity concerning the subject matter of any of the patents-in-suit existing on or occurring before a date such as to be relevant under any subdivision of 35 U.S.C. §§ 102, 103, or 112.

## Instructions

1. Where a claim of privilege is asserted in objecting to any disclosure, and any information is withheld on the basis of such assertion:

    (a) the attorney asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

(b) the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(1) For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addresses of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addresses, and recipients to each other;

(2) For oral communications: (i) the name of the person making the communication and the names of the person present while the communication was made and, where not apparent, the relationship of the person present to the person making the communications; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

2. To the extent that any request is objected to as overly broad and/or unduly burdensome, please set forth the factual basis for such claim, set forth the more narrowly-defined basis, if any, on which you are prepared to respond to such request, and respond to the request on that basis.

3. To the extent that any request is objected to as vague or ambiguous, please identify the particular words, terms, or phrases that are asserted to make such request vague or

ambiguous, specify the meaning actually attributed by you to such words, terms, or phrases for purposes of your response to such request, and respond to the request accordingly.

4. These requests are continuing and may require supplemental response and production. If any information responsive to any request is not presently known, identifiable or available, include a statement to that effect and furnish the information when known, identifiable, or available.

5. To the extent that any of the following requests may include language quoted from the Complaint, this in no way constitutes an admission of any factual allegation or concession of any legal proposition contained therein.

6. As to any document responsive to any of the requests that has been destroyed or is alleged to have been destroyed, state the reason for its destruction, state the date of its destruction, identify each person having knowledge of its destruction, and identify each person responsible for its destruction.

7. If TIR knows of the existence, past or present, of any documents or things described or requested below, but is unable to produce such documents because they are not presently in the possession, custody, or control of TIR, identify each such document or thing and the person who has possession, custody, or control of such documents.

## Requests for Documents and Things

Document Request No. 1

All documents and things reviewed, read, considered, consulted, relied upon, or used in any way in preparing the answers to Color Kinetics' First Set of Interrogatories.

Document Request No. 2

All documents or things concerning the research, design, and/or development of any RGB LED Product (as defined above), including sketches, drafts, models, prototypes, drawings, or any other documents or things made during the process of developing those devices.

Document Request No. 3

All documents concerning Color Kinetics.

Document Request No. 4

All documents concerning any patent-in-suit.

Document Request No. 5

All documents and things concerning any alleged Prior Art to the patents-in-suit, including without limitation, any patents, publications, manuscripts of publications, articles, products, sales, offers for sale, uses, public disclosures, or demonstrations.

Document Request No. 6

All advertisements, papers, publications, writings, or presentations prepared by TIR or persons employed by or affiliated in any way with TIR that concern any RGB LED Product (as defined above).

Document Request No. 7

All documents and things that concern any tests conducted by or on behalf of TIR on any RGB LED Product (as defined above).

Document Request No. 8

All catalogs, pamphlets, marketing materials, and other documents concerning any RGB LED Product (as defined above).

Document Request No. 9

Two physical samples of each actual or proposed RGB LED Product (as defined above), with all packaging, instructions, operating manuals, and/or other documents or materials supplied with the sale of such products.

Document Request No. 10

All documents and things supporting, negating, or otherwise concerning any contention that any of the patents-in-suit are invalid.

Document Request No. 11

All documents and things supporting, negating, or otherwise concerning any contention that any of the patents-in-suit are not infringed by any RGB LED Product (as defined above).

Document Request No. 12

All documents supporting, negating, or otherwise concerning any contention that Color Kinetics is estopped or barred by laches from asserting any of the patents-in-suit against TIR.

Document Request No. 13

All documents supporting, negating, or otherwise concerning any contention that any of the patents-in-suit are unenforceable.

Document Request No. 14

All documents and things concerning any consideration, investigation, test, or analysis of whether or not any RGB LED Product (as defined above) is within the scope of any claim of any patent-in-suit or any counterpart, either domestic or foreign, of any patent-in-suit.

Document Request No. 15

All documents supporting, negating, or otherwise relating to any contention that any infringement of any patent-in-suit is not willful.

Document Request No. 16

All studies, investigations, determinations, opinions or other documents, including without limitation, opinions of counsel and any documents generated in connection with this or any prior suit or threat of suit, concerning the scope or interpretation, patentability or unpatentability, validity or invalidity, enforceability or unenforceability, or infringement or non-infringement of any claim of any patent-in-suit.

Document Request No. 17

All documents and things which have been shown or provided in connection with this lawsuit to any actual or potential witnesses (fact or expert) who are not current employees of TIR.

Document Request No. 18

All license agreements, cross-license agreements, or any other form of agreement involving or concerning any RGB LED Product (as defined above).

Document Request No. 19

All documents concerning any representations, warranties (actual or proposed), or indemnities (actual or proposed) made by TIR concerning any RGB LED Product (as defined above).

Document Request No. 20

Documents sufficient to show the organizational structure of TIR, where applicable, from 1995 to the present, relating to research, development, manufacture, marketing, patenting, or licensing of any RGB LED Product (as defined above).

Document Request No. 21

All documents concerning the introduction to market of any RGB LED Product (as defined above).

Document Request No. 22

All annual reports, required financial filings and audited, reviewed, or compiled financial statements of operations, balance sheets, statements of cash flow, and notes thereto, whether prepared for internal or external reporting purposes, for TIR from 1995 through the present.

Document Request No. 23

All documents concerning product line or divisional income, expense, and profitability relating to any RGB LED Product (as defined above), including, but not limited to, any projections or product profitability analysis, from 1995 through the present.

Document Request No. 24

As to each RGB LED Product (as defined above), documents sufficient to show, for the period from 1995 to the present:

    a.    total sales revenues by month;

   b.   the total unit volume shipped to customers by month;

   c.   the total dollar volume of customer returns of each product by month;

   d.   the total unit volume of customer returns by month;

   e.   the number of units manufactured by month;

   f.   the costs of producing such product;

   g.   the profits associated with such product by month;

   h.   the research and development or start-up costs for such products; and

   i.   the total licensing revenues by month.

Document Request No. 25

All documents and things concerning TIR's marketing of any RGB LED Product (as defined above), including:

   a.   specimens of all advertisements, brochures, catalogs, offers for sale, or other sales promotional materials;

   b.   marketing or business plans;

   c.   sales forecasts or projections;

   d.   manufacturing or demand forecasts;

   e.   long term financial plans and management reports;

   f.   Board of Directors' meeting minutes;

   g.   price lists;

   h.   documents regarding marketing or pricing strategies;

   i.   customer surveys;

   j.   market research and marketing reports;

    k.    communications with any advertising or market research agencies or consultants;

    l.    documents provided to TIR's sales representatives; and

    m.    training and instructional materials, including models and videotapes, used by TIR with any customer or potential customer or any other persons.

Document Request No. 26

All documents concerning any recall, discontinuation, or suspension of production of any RGB LED Product (as defined above).

Document Request No. 27

All schedules, work papers, reports, or other documents used to establish the selling price of any RGB LED Product (as defined above).

Document Request No. 28

All documents that describe, memorialize, or otherwise concern any document control procedures which were in effect at TIR between 1995 and the present. For purposes of this request, "document control procedures" is intended to refer to any policies or practices intended to control or limit the reproduction, distribution, or circulation of documents or information believed to be confidential or to contain competitively valuable or sensitive information.

<u>Document Request No. 29</u>

Documents sufficient to show TIR's policies regarding document retention and destruction from 1995 to the present.

<u>Document Request No. 30</u>

All documents concerning the operation of any RGB LED Product (as defined above).

<u>Document Request No. 31</u>

All documents concerning quality assurance or quality control for any RGB LED Product (as defined above).

<u>Document Request No. 32</u>

All documents concerning the manufacture of any RGB LED Product (as defined above).

<u>Document Request No. 33</u>

All documents concerning the use of any RGB LED Product (as defined above).

<u>Document Request No. 34</u>

All documents concerning the market for any RGB LED Product (as defined above).

Document Request No. 35

All documents concerning press releases, public statements, or communications with customers, potential customers, or other third parties that refer or relate to Color Kinetics and/or this litigation.

Document Request No. 36

All documents concerning TIR's first awareness of each of the patents-in-suit.

Document Request No. 37

All documents concerning any TIR policies or practices regarding licensing of intellectual property rights.

Document Request No. 38

All documents and things concerning any patents or patent applications that cover or relate to any RGB LED Product (as defined above).

Document Request No. 39

All documents concerning products competitive to any RGB LED Product (as defined above), including, without limitation, any market or technical comparison of competitive products.

Document Request No. 40

All documents concerning the market for any RGB LED Product (as defined above).

Document Request No. 41

All documents concerning any critique, review, or analysis of any RGB LED Product (as defined above).

Document Request No. 42

All documents concerning the inventions claimed in any of the patents-in-suit.

Document Request No. 43

All documents or things concerning any RGB LED Product (as defined above) not included in the foregoing requests.

August 25, 2004

Respectfully submitted,

COLOR KINETICS INCORPORATED

by: *[signature]*
Matthew B. Lowrie, BBO No. 563,414
Aaron W. Moore, BBO No. 638,076
Emily A. Berger, BBO No. 650,841
Lowrie, Lando & Anastasi, LLP
One Main Street - 11th Floor
Cambridge, MA 02142
Tel: 617-395-7000
Fax: 617-395-7070

**CERTIFICATE OF SERVICE**

I hereby certify that today I caused a true and correct copy of the foregoing to be served, by hand, on the following counsel of record:

Mark G. Matuschak, Esq,
Hale and Dorr LLP
60 State Street
Boston, MA 02109

Dated: August 25, 2004  *[signature]*