# Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-11435-RGS

FARO TECHNOLOGIES, INC.

v.

PANAMETRICS, INC.

<u>ORDER ON DEFENDANT'S MOTION
TO COMPEL SUPPLEMENTATION OF PLAINTIFF'S
PRELIMINARY INFRINGEMENT CONTENTIONS</u>

July 9, 2004

STEARNS, D.J.

The court, in ordering plaintiff Faro Technologies, Inc. (Faro) to provide a "statement of its asserted claims and preliminary infringement contentions" modeled its order, as defendant Panametrics, Inc., correctly perceives, on the Northern District of California's Local Rules governing patent litigation. While the claims chart submitted by Faro with its opposition to the motion to compel complies with the letter of the court's order, it does not capture the spirit. A recurring problem in patent litigation is the tendency of plaintiffs to file infringement suits asserting myriad claims with the knowledge that the case, if it does not settle, will ultimately be tried on only a few. If I read Faro's claims chart correctly, it is asserting dozens of separate claims that are only loosely linked in the chart to the accused device. In attempting to analyze the chart, I have no clearer understanding of the specifics of Faro's infringement contentions that I did when the suit was filed.

The assumption in patent litigation, as in all litigation, one that is perhaps more honored in the breach, is that a plaintiff's attorneys will have made an independent investigation and analysis of the claims of the patent and will have compared the accused

device with the patent claims prior to their filing the complaint. Antonious v. Spalding & Evenflo Companies, Inc., 275 F.3d 1066, 1072-1073 (Fed. Cir. 2002). See also View Engineering, Inc. v. Robotic Vision Systems, Inc., 208 F.3d 981, 986 (Fed. Cir. 2000) ("In bringing a claim of infringement, the patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement."). Faro's response to the court's order of March 10, 2004, is so vague and imprecise as to leave the uneasy feeling that either an adequate pre-filing investigation was not done, or, as Panametrics complains, that Faro is attempting to "'hide the ball' about where in the accused product the required elements of the asserted claims may be found." See Antonious, 275 F.3d at 1075 ("Advancing even a single invalid theory forces the defendant to respond and to do work it should not have been required to do.").

ORDER

For the foregoing reasons, the motion to compel is ALLOWED in part. Faro will, on or before July 31, 2004, supplement its response by (1) identifying with specificity where each element of each asserted claim of the '880 patent is to be found in the accused device, (2) providing a concise description of the information on which it relied in advancing each of its infringement contentions, and (3) ranking in order of importance the infringement claims that it intends to pursue. Discovery in the interim will be STAYED. The parties will submit on or before July 31, 2004, a proposed revision of the court's Scheduling Order of March 10, 2004, adjusting the dates to conform to the court's Order of this date.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE