UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TIR SYSTEMS LTD., )<br>)<br>Defendant. )<br>) | Civil Action No. 03cv12491 (MEL) |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1**

Plaintiff Color Kinetics Incorporated ("Color Kinetics") and defendant TIR Systems Ltd. ("TIR") submit this joint statement pursuant to Local Rule 16.1.

**I.    Statement Pursuant to Rule 16.1(B)**

Counsel for plaintiff and defendant state that they have conferred, pursuant to Rule 16.1(B), for the purpose of (1) preparing an agenda of matters to be discussed at the scheduling conference; (2) preparing a proposed pretrial schedule for the case that includes a plan for discovery; and (3) considering whether they will consent to trial by magistrate judge.

**II.   Statement Pursuant to Rule 16.1(C)**

The plaintiff states that it presented a settlement proposal to the defendant on September 10, 2004. The defendant states that it received such proposal and presently has it under consideration.

1

**III.    Joint Statement Pursuant to Rule 16.1(D)**

    **A.    Phased Discovery/Mediation**

The parties have not agreed to conduct phased discovery as contemplated in Local Rule 16.1(d).

Defendant TIR proposes an early exchange of contentions on the merits of the infringement and validity issues in the case, and proposes to temporarily stay discovery and attempt resolution of the matter through a settlement conference following the exchange of the parties' contentions, as follows:

| | |
|---|---|
| October 15, 2004 | Color Kinetics provides TIR with a Preliminary Infringement Contention, which shall include (i) an identification of the claims it alleges are infringed, (ii) a preliminary identification of which TIR products are alleged to infringe the identified claims, and (iii) an element by element explanation why such infringement is alleged for each accused product. |
| Dec. 15, 2004 | TIR provides Color Kinetics with a Preliminary Invalidity Contention, which shall include (i) a preliminary identification of prior art relied upon by TIR to invalidate the claims identified in the Color Kinetics' Preliminary Infringement Contention; and (ii) an element by element explanation why the claims identified in the Preliminary Infringement Contention are invalid. |
| Jan. 13, 2005 | Settlement conference. |

Plaintiff Color Kinetics does not agree to an early exchange of contentions or to mediation but is willing to discuss settlement.

    **B.    Additional Discovery**

The parties believe that the discovery permitted by Local Rule 26.1(C) is sufficient, with the following exceptions:

    (1)    TIR and Color Kinetics agree to increase the maximum number of sets of document requests per side to three; and

(2) TIR believes the maximum number of depositions per side should be increased to twenty, <u>not including</u> 30(b)(6) witnesses and experts, while Color Kinetics believes that the number should be increased to ten plus 30(b)(6) witnesses and experts, with either party being free to seek leave to take additional depositions if necessary.

### C. Protective Order

The parties agree that a Protective Order is necessary to govern the disclosure of confidential and proprietary information. The parties have agreed that Color Kinetics will prepare a draft Protective Order which it is to submit to TIR for negotiation before ultimate submission of an agreed Protective Order to the Court.

### D. Proposed Discovery/Pretrial Schedule

The parties have conferred through counsel and have agreed to the following schedule:

| Date | Event |
| --- | --- |
| Feb. 1, 2005 | Deadline for motions to add parties. |
| Sep. 29, 2005 | All fact discovery to be concluded. |
| Nov. 23, 2005 | All expert reports pursuant to Rule 26(a)(2) on which parties have burden of proof shall be exchanged. |
| Dec. 23, 2005 | All rebuttal reports, if any, shall be exchanged. |
| Feb. 15, 2006 | All expert discovery shall be completed. |
| Apr. 14, 2006 | Deadline for the filing of case-dispositive motions. |

Defendant TIR proposes that discovery (other than service of Initial Disclosures) be stayed while the parties serve initial contentions and unless or until the Settlement Conference held in January 2005 is unsuccessful in settling the case. Plaintiff Color Kinetics does not agree to stay discovery.

In the event that the Court accepts TIR's request for a stay of discovery and an exchange of contentions, Color Kinetics requests that the date by which fact discovery is to be concluded, as well as all subsequent dates, be extended by the length of the stay.

### E. Trial by Magistrate Judge

The parties do not consent to trial by magistrate judge.

Dated: September 21, 2004

COLOR KINETICS INCORPORATED

By its attorneys,

    /s/ Emily A. Berger
Matthew B. Lowrie (BBO#563414)
Aaron W. Moore (BBO#638076)
Emily A. Berger (BBO#650841)
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street – 11th Floor
Cambridge, MA 02142
(617) 395-7000

Attorneys for Defendant
Color Kinetics, Inc.

Dated: September 21, 2004

TIR SYSTEMS LTD.

By its attorneys,

/s/ S. Calvin Walden (with permission)
Mark G. Matuschak (BBO#543873)
Wendy A. Haller (BBO#652943)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Telephone No. (617) 526-6120

S. Calvin Walden
Kerry A. Malloy (BBO#654600)
Wilmer Cutler Pickering Hale and Dorr LLP
300 Park Avenue
New York, NY 10022
Telephone No. (212) 937-7200

Attorneys for Defendant
TIR Systems Ltd.