IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COLOR KINETICS INCORPORATED,

        Plaintiff

v.                                                    Civil Action No.:  03-cv-12491 (MEL)

TIR SYSTEMS LTD.,

        Defendant.

**COLOR KINETICS' OPPOSITION TO DEFENDANT'S MOTION TO STAY
DISCOVERY PENDING THE PARTIES' EXCHANGE OF
PRELIMINARY CONTENTIONS AND A SETTLEMENT CONFERENCE**

Color Kinetics Incorporated ("Color Kinetics") hereby opposes the motion by TIR

Systems Ltd. ("TIR") to stay discovery and institute an unusual schedule consisting of Color

Kinetics making preliminary infringement contentions followed, two months later, by TIR

making preliminary invalidity contentions, followed, a month later, by a mandatory settlement

conference between the parties.

The motion should be denied because it is nothing more than a thinly-veneered attempt

by TIR to avoid responding to discovery requests that were properly and timely served under the

Rules.  It should also be denied because it is plainly calculated to further delay the case and will,

therefore, cause prejudice to Color Kinetics, as TIR's infringement is ongoing.

TIR's assertion that there is too much guesswork involved for it to proceed with

discovery is specious.  The patents-in-suit are not complex or arcane, it is a simple matter for

TIR to determine which products come within their purview (and, in fact, Color Kinetics has

already identified to TIR one infringing product line), and TIR's own actions (e.g., identifying to

Color Kinetics the volume of sales of products accused of infringement) undermine its claims of uncertainty and undue burden.

TIR knows how its products work and the scope of the patent is necessarily ascertainable (as a matter of law) from the patent documents themselves.[1]  TIR is thus in a perfect position to articulate its non-infringement position and, in fact, has a duty of care requiring that it already have performed that analysis.[2]  In addition, TIR has pled that the patents are invalid.  If TIR complied with Fed. R. Civ. P. 11 when pleading invalidity, TIR must be able to articulate this position as well; there is no rule in patent cases or otherwise that the defendant is entitled to discovery answers first.

## **BACKGROUND**

Color Kinetics filed the Complaint in this case on December 11, 2003, but waited until April 7, 2004 to serve it because the parties were engaged in settlement discussions.  Believing that TIR was interested in further settlement talks after the Complaint was served, Color Kinetics assented to its request for an extension of time to file its Answer, until May 26, 2004.  Since the filing of the Answer, TIR has been free to engage Color Kinetics in settlement talks at any time, but has chosen not to do so.  For its part, Color Kinetics has proposed settlement in the form of a license at a certain royalty rate.  Having not even responded to this proposal, TIR is in no position to request a Court-ordered settlement discussion.  At this point, after months of delay based on an incorrect assumption that TIR wished to have a meaningful settlement discussions, Color Kinetics believes that discovery should move forward.

---

[1]  See Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996).

[2]  See Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corporation, No. 01-1357, slip op. at 15-16 (Fed. Cir. Sept. 13, 2004) (reaffirming that there is "an affirmative duty of due care to avoid infringement of the known patent rights of others").

Color Kinetics' Complaint, which plainly meets the notice requirements of the Federal Rules of Civil Procedure, asserts three patents against TIR, U.S. Patent Nos. 6,211,626 (the "'626 patent"), 6,340,868 (the "'868 patent"), and 6,459,919 (the "'919 patent").  Color Kinetics alleges, among other things, that TIR has been infringing and continues to infringe these patents by making, selling, offering to sell, and using goods covered by one or more claims of the patents in the United States.

After receiving notice of a Scheduling Conference, the parties held the meet-and-confer required by Rule 26(f), after which Color Kinetics served its Initial Disclosures and first set of discovery requests.  Copies of the discovery requests are attached as Exhibits A and B to the Declaration supporting TIR's motion.

Rather than comply with the rules, however, TIR instead seeks to circumvent them by requesting a stay of discovery to avoid responding to Color Kinetics' requests and imposing what amounts to its own discovery requests on Color Kinetics, by requiring Color Kinetics to identify every TIR product that infringes and to read the claims of the patents-in-suit on those products.

This procedure is entirely unrecognized in this District.  The Federal and local rules provide the manner in which cases progress.  Color Kinetics has complied with those rules, and TIR can identify no compelling reason why this Court should depart from its own rules, over Color Kinetics' strong objection.

## ARGUMENT

TIR's motion is an effort to further delay this case, to avoid responding to Color Kinetics'

timely discovery requests, and to gather information about Color Kinetics' case out of turn.[3]  The

claim that "it is impossible for TIR to promulgate or respond meaningfully to discovery" (TIR

Mem., at 1) is, in a word, absurd.  Patent infringement defendants in cases much more

complicated than this one manage to respond to more onerous discovery requests every day.

The discovery requests that TIR now seeks to avoid are modest for a three-patent case,

consisting of thirteen interrogatories and forty-three document requests.  The requests are also

narrowly crafted.  Most, for example, only seek information relating to "RGB LED Products," a

term that is defined as "any and all TIR devices, systems, or products that are capable of

generating more than one color of light through the use of light emitting diodes, including,

without limitation, TIR's 'Destiny Series' line of products."  Thus, TIR's assertion that the

requests seek information on a "broad, non-specific range of TIR products, without any

indication which particular products allegedly infringe" (TIR Mem., at 4-5) is an overstatement,

to say the least.

TIR's claim that its engineers, and the <u>five</u> experienced litigators and patent prosecutors

whose names have appeared on the papers in this case already, cannot understand the meaning of

the U.S. Patent claims well enough to engage in discovery is simply not credible.  This is a

simpler patent case than many because of the limited complexity of the technology, the brevity

of the claims, and the relatively low number of claims involved.  Among all three patents-in-suit,

there are only seven independent claims, and two of the patents have only one independent claim

each.  Each patent-in-suit includes a detailed description of the invention, as required by the

---

[3]  That TIR's true purpose here is to avoid showing its hand first, after failing to serve discovery requests right away, is confirmed by its "further alternative" proposal that "TIR will agree that discovery be stayed only until CK serves its Preliminary Infringement Contentions."  (TIR Mem., at 6.)

Patent Act, for the specific purpose of informing the public of the scope of the claims.  See 35

U.S.C. § 112, ¶1; Markman, 517 U.S. at 372 ("It has long been understood that a patent must

describe the exact scope of an invention and its manufacture to "secure to [the patentee] all to

which he is entitled, [and] to apprise the public of what is still open to them." (quoting McClain

v. Ortmayer, 141 U.S. 419 (1891)).  If the claims were not sufficiently definite or adequately

supported to inform the public of their scope, they would have been rejected by the Patent

Office.  TIR and its counsel are perfectly capable of ascertaining the meaning of the claims, and,

tellingly, TIR fails to identify a single claim term that it purportedly cannot understand.

It is also manifest that, despite its claims to the contrary, TIR is able to determine which

products are implicated in this suit.  The '626 patent, the '868 patent, and nearly half of the

claims of the '919 patent all require light emitting diodes ("LEDs") or an LED system that

generate(s) a range of colors.  According to TIR's internet web site, the only TIR color-changing

LED products are in the "Destiny" series of architectural lights.  These are the products that

would, at least initially, be implicated by these claims.[4]  Not coincidentally, this is the same line

of products that Color Kinetics has specifically identified in its discovery requests.  TIR's claims

that it has no idea which products are at issue in this case are completely unsupportable.

Moreover, TIR's own conduct has already made clear that, not only is it able to

understand the claims and identify the accused products, but in fact it already has done both.

First, TIR filed an Answer, rather than, for example, moving for Color Kinetics to

provide a more definite statement.  If the Complaint was as deficient as is now being claimed,

TIR should not have been able to frame a proper Answer.  TIR's protest that "the Complaint is

completely devoid of detail," overlooks the fact that it contains much more than necessary to

---

[4]  The remaining claims of the '919 patent are similarly discrete.

make out a Complaint for patent infringement under the Federal Rules.  Fed. R. Civ. P. Form 16, a "Complaint for Infringement of a Patent" includes only allegations of jurisdiction, ownership, notice, and, then, infringement, as follows:  "Defendant has for a long time past been and still is infringing those Letters Patent by making, selling, and using electric motors embodying the patented invention, and will continue to do so unless enjoined by this court."  That's it.  The drafters of the Federal Rules clearly did not expect that a plaintiff patentee would be required to identify specific claims or accused products in order to take discovery.

Second, TIR filed Counterclaims in this case asserting that the patents-in-suit are invalid and not infringed.  In order to meet its obligations under Rule 11, TIR must have been able to understand the claims well enough to allege that they read on prior art, and TIR must be capable of articulating its theories.

Third, in an effort to persuade Color Kinetics that this case is not worth litigating, TIR's counsel put a specific value on past damages.  This obviously could only have been done <u>after</u> determining which products were covered by the claims.  TIR's own actions, therefore, undermine its assertions that it cannot determine what the claims mean or what TIR products they cover.  In addition, TIR's valuation of the case, which was quite low, would appear to indicate that relatively few products are involved and that TIR's complaints about the breath of the discovery required are grossly exaggerated.

It is of course the case that the Court has broad discretion with regard to managing discovery.  This District has not found a need for local patent rules requiring specific exchanges to take place prior to the start of discovery, however, and plaintiffs who file patent cases here have a right expect their cases to unfold as usual.  If Color Kinetics wanted to follow the procedures of the Northern District of California, it would have filed its Complaint there.

TIR's reliance on the July 9, 2004 order of Judge Sterns in <u>Faro Technologies v. GE Panametrics, Inc.</u>, No 1:03cv11435 (D. Mass.), is misplaced, as that case did not follow the course that TIR is advocating here.  There was no stay in <u>Faro</u> until <u>after</u> the plaintiff failed to adequately describe its infringement contentions <u>and</u> lost a motion to compel.  That is a far cry from the situation in this case, where TIR is attempting to prevent Color Kinetics from taking <u>any</u> discovery pending the completion of TIR's proposed four-month exchange of contentions procedure.

The irony in this case is that, had TIR served interrogatories following the Rule 26(f) conference, Color Kinetics' answers would have been due on October 24th (as are TIR's), and TIR would have the information it is seeking before this motion is even heard.  This alone makes clear that TIR's true goal is not to collect information that it does not have, but rather to delay this case even further.

## CONCLUSION

As patent scope is ascertainable, as a matter of law, by looking only at the patent documents, and because TIR has much more information than Color Kinetics regarding the operation of its products, TIR is in a far better position than Color Kinetics to address the infringement issues.  In addition, despite its claims to the contrary, it is clear that TIR already has determined what the claims mean and what products they cover.  TIR's attempt to delay this case further and to avoid responding to Color Kinetics' discovery requests should be denied and it should be compelled to respond to the requests immediately.  To allow further delay in this case by dragging it out for an additional four months according to TIR's proposed schedule would cause unnecessary and unwarranted prejudice to Color Kinetics.

For the reasons set forth above, plaintiff Color Kinetics respectfully requests that the Court deny TIR's Motion to Schedule a Settlement Conference and Stay Discovery Pending the Parties' Exchange of Preliminary Contentions (Docket No. 15).  The case should proceed in accordance with the Federal Rules and the local rules of this Court.

Respectfully submitted,

COLOR KINETICS INCORPORATED

September 22, 2004                    by:    ____/s/ Emily A. Berger_____
                                     Matthew B. Lowrie, BBO No. 563,414
                                     Aaron W. Moore, BBO No. 638,076
                                     Emily A. Berger, BBO No. 650,841
                                     Lowrie, Lando & Anastasi, LLP
                                     One Main Street - 11th Floor
                                     Cambridge, MA 02142
                                     Tel: 617-395-7000
                                     Fax: 617-395-7070