UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03cv12491 (MEL) |
| ) | |
| TIR SYSTEMS LTD, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant TIR Systems Ltd. ("TIR") responds to the Amended Complaint of the plaintiff, Color Kinetics Inc., as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Defendant admits that TIR Systems Ltd. is a Canadian corporation, but states that the correct address of its principal place of business is 7700 Riverfront Gate, Burnaby, British Columbia, Canada. Defendant denies any remaining allegations in paragraph 2.

3. Defendant admits plaintiff's Complaint purports to allege an action arising under the patent laws of the United States, Title 35 of the United States Code. Defendant denies any remaining allegations in paragraph 3.

4. The allegations in paragraph 4 state conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 4 are denied.

5. The allegations in the first sentence of paragraph 5 state conclusions of law to which no response is required. To the extent a response is required, those allegations are denied.

Defendant denies the remaining allegations in paragraph 5.

## Count I (Patent Infringement)

6.  Defendant repeats and incorporates herein by reference its answers to paragraphs 1-5 above.

7.  Defendant admits that the '868 patent issued January 22, 2002 and that a copy thereof is attached to the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

8.  Defendant denies each and every allegation contained in paragraph 8 of the Complaint.

9.  Defendant denies each and every allegation contained in paragraph 9 of the Complaint.

10. Defendant denies each and every allegation contained in paragraph 10 of the Complaint.

11. Defendant denies each and every allegation contained in paragraph 11 of the Complaint.

## Count II (Patent Infringement)

12. Defendant repeats and incorporates herein by reference its answers to paragraphs 1-11 above.

13. Defendant admits that the '626 patent issued April 3, 2001, and that a copy thereof is attached to the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.

14. Defendant denies each and every allegation contained in paragraph 14 of the Complaint.

15. Defendant denies each and every allegation contained in paragraph 15 of the

Complaint.

16. Defendant denies each and every allegation contained in paragraph 16 of the Complaint.

17. Defendant denies each and every allegation contained in paragraph 17 of the Complaint.

### Count III (Patent Infringement)

18. Defendant repeats and incorporates herein by reference its answers to paragraphs 1-17 above.

19. Defendant admits that the '919 patent issued October 1, 2002 and that a copy thereof is attached to the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19.

20. Defendant denies each and every allegation contained in paragraph 20 of the Complaint.

21. Defendant denies each and every allegation contained in paragraph 21 of the Complaint.

22. Defendant denies each and every allegation contained in paragraph 22 of the Complaint.

23. Defendant denies each and every allegation contained in paragraph 23 of the Complaint.

### Count IV (Patent Infringement)

24. Defendant repeats and incorporates herein by reference its answers to paragraphs 1-23 above.

25. Defendant admits that the '011 patent issued Sept. 7, 2004 and that a copy thereof is attached to the Amended Complaint. Defendant is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 25.

26. Defendant denies each and every allegation contained in paragraph 26 of the Complaint.

27. Defendant denies each and every allegation contained in paragraph 27 of the Complaint.

28. Defendant denies each and every allegation contained in paragraph 28 of the Complaint.

29. Defendant denies each and every allegation contained in paragraph 29 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

30. The Complaint herein fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

31. Defendant does not infringe and has not infringed the '868 Patent, '626 Patent, '919 Patent, and the '011 Patent.

### THIRD AFFIRMATIVE DEFENSE

32. The '868, Patent, the '626 Patent, the '919 Patent, and the '011 Patent are each invalid under the provisions of 35 U.S.C. § 101, *et seq.*

### FOURTH AFFIRMATIVE DEFENSE

33. Defendant has not willfully infringed and is not willfully infringing the '868, the '626 Patent, the '919 Patent, and the '011 Patent.

**FIFTH AFFIRMATIVE DEFENSE**

34.     Plaintiff's alleged causes of action are barred by the doctrines of laches and/or estoppel.

**COUNTERCLAIMS**

**Introduction**

TIR Systems Ltd., in its Counterclaim against Color Kinetics, Inc. alleges as follows:

1.      These counterclaims seek a declaratory judgment of invalidity and non-infringement of United States Patent Nos. 6,340,868 (the '868 Patent), 6,211,626 (the '626 Patent), 6,459,919 (the '919 Patent), and 6,788,011 (the '011 Patent).

2.      The Defendant and Counterclaim Plaintiff TIR Systems Ltd. ("TIR") is a corporation organized and existing under the laws of Canada and having its principal place of business at 7700 Riverfront Gate, Burnaby, British Columbia, Canada.

3.      TIR is, and at all relevant times has been, engaged in the business of providing energy efficient low maintenance lighting solutions to the Commercial and Industrial and Corporate Identity markets.

4.      The Plaintiff and Counterclaim Defendant, Color Kinetics Inc. ("Color Kinetics") is a corporation organized and existing under the laws of Delaware and having its principal place of business at 10 Milk Street, Suite 1100, Boston, Massachusetts, 02108.

**Jurisdiction and Venue**

5.      Jurisdiction of the Counterclaims arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a).  There is a justiciable controversy between

Counterclaim Plaintiff and Color Kinetics concerning the validity and infringement of Color Kinetics' '868, '626, '919, and '011 Patents and Counterclaim Plaintiff's liability for infringement thereof.

### First Counterclaim

6.      The '868 Patent is invalid because it fails to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101 *et seq*., and, in particular, is anticipated and/or obvious.

7.      Counterclaim Plaintiff has not infringed and is not infringing the '868 Patent, neither directly, by inducing, nor contributing to infringement by others.

### Second Counterclaim

8.      The '626 Patent is invalid because it fails to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101 *et seq*., and, in particular, is anticipated and/or obvious.

9.      Counterclaim Plaintiff has not infringed and is not infringing the '626 Patent, neither directly, by inducing, nor contributing to infringement by others.

### Third Counterclaim

10.     The '919 Patent is invalid because it fails to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101 *et seq*., and, in particular, is anticipated and/or obvious.

11.     Counterclaim Plaintiff has not infringed and is not infringing the '919 Patent, neither directly, by inducing, nor contributing to infringement by others.

### Fourth Counterclaim

12.     The '011 Patent is invalid because it fails to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101 *et seq*., and, in particular, is anticipated and/or obvious.

13.     Counterclaim Plaintiff has not infringed and is not infringing the '011 Patent, neither directly, by inducing, nor contributing to infringement by others.

## **RELIEF REQUESTED**

WHEREFORE, TIR Systems Ltd. prays that judgment be entered:

    (a)    Dismissing the Amended Complaint with prejudice;

    (b)    Adjudging the '868 Patent to be invalid and not infringed by TIR Systems Ltd.;

    (c)    Adjudging the '626 Patent to be invalid and not infringed by TIR Systems Ltd.;

    (d)    Adjudging the '919 Patent to be invalid and not infringed by TIR Systems Ltd.;

    (e)    Adjudging the '011 Patent to be invalid and not infringed by TIR Systems Ltd.;

    (f)    Awarding to TIR Systems Ltd. their costs and reasonable attorneys' fees;

    (g)    Granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Kerry A. Malloy
Mark G. Matuschak (BBO #543873)
Wendy A. Haller (BBO #553699)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

S. Calvin Walden (admitted *pro hac vice*)
Kerry A. Malloy (BBO #654600)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Attorneys for Defendant
TIR SYSTEMS LTD.

Dated: May 24, 2005