UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| COLOR KINETICS INC., | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | Civil Action No. 1:03-cv-12491-MEL |
| TIR SYSTEMS LTD, | | |
| Defendant. | | |

**TIR'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS THE COMPLAINT FOR FAILURE
TO COMPLY WITH THE COURT'S SEPT. 29, 2004 ORDER**

**PRELIMINARY STATEMENT**

On September 29, 2004, this Court ordered that "as the first subject of discovery CK shall provide TIR with particulars" as to the patent claims it alleges are infringed in this infringement action, which TIR products are alleged to infringe, and an "element-by-element explanation why such infringement is alleged for each accused product." The plaintiff CK was ordered to provide these particulars because its "bare-bones complaint provides no information whatsoever on [these] subjects." The Order also set a discovery schedule, presuming compliance with its Order by CK, with a fact discovery deadline of September 29, 2005.

Now, more than seven months later, and with less than five months left for fact discovery, CK has not provided TIR with particulars as this Court ordered it to do. In fact, CK has not provided *anything at all* to TIR. CK's continued noncompliance has only one of two possible explanations. First, CK may be unable to comply with the Court's Order because it has no particulars to provide, and never was in possession of facts that would allow it to provide the required particulars. In that event, CK never should have filed a complaint, and it should be

dismissed now.  Second, CK may instead actually possess the particulars required to be disclosed by the Court's Order, but intentionally has chosen not to provide them to TIR for seven months, in defiance of this Court's Order.  In that event also, CK's complaint must be dismissed.

At bottom, regardless of the reason, CK's unwillingness or inability to comply with the simple step ordered by the Court more than seven months ago warrants the appropriate remedy of dismissing CK's complaint.

## BACKGROUND

CK originally filed its Complaint on December 11, 2003, alleging infringement of three patents.  CK, however, did not serve its complaint on TIR until virtually the last possible moment months later, on April 7, 2004.  CK's complaint, however, was devoid of any information about which of the hundreds of claims in the asserted patents TIR was alleged to infringe, how TIR was alleged to infringe, or even which TIR products were allegedly infringing.  CK amended its Complaint on September 24, 2004 by adding a fourth patent, but the Amended Complaint still lacked all of that basic information.

On September 3, 2004, TIR moved to have CK ordered to provide particulars in the form of preliminary infringement contentions, and also for a stay of discovery while the parties exchanged particulars.  CK opposed by arguing, among other things, that the proposed four-month stay would prejudice it because of TIR's alleged continued infringement.  On September 29, 2004, this Court ordered, "as the first subject of discovery," that CK "provide TIR with particulars as to: (i) an identification of the claims it alleges are infringed, (ii) a preliminary identification of which TIR products are alleged to infringe the identified claims; and (iii) an element-by-element explanation why such infringement is alleged for each accused product."

The Court's September 29, 2004 Order also approved the following discovery schedule that had been agreed upon by the parties:

| | |
|---|---|
| Feb. 1, 2005 | Deadline for motions to add parties. |
| Sep. 29, 2005 | All fact discovery to be concluded. |
| Nov. 23, 2005 | All expert reports pursuant to Rule 26(a)(2) on which parties have burden of proof shall be exchanged. |
| Dec. 23, 2005 | All rebuttal reports, if any, shall be exchanged. |
| Feb. 15, 2006 | All expert discovery shall be completed. |
| Apr. 14, 2006 | Deadline for the filing of case-dispositive motions |

Since the Court's Order, more than seven months have passed. In those seven months, CK has not complied with the Court's Order, and indeed has not made the slightest effort to comply. Since CK's compliance is the first subject of discovery, CK's failure to comply has brought this case to a complete standstill – a position where CK may tell the marketplace that it is suing TIR for patent infringement, but fails to take even the Court-ordered first step to resolving the case. Under the current schedule, there are less than five months remaining for fact discovery, and it has not even begun.

## ARGUMENT

### I. COLOR KINETICS' COMPLAINT SHOULD BE DISMISSED UNDER FED. R. CIV. P. 41(b) AND 37(b)(2).

The First Circuit has held that "courts cannot function if litigants may, with impunity, disobey lawful orders." *Chamarro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4 (1st Cir. 2002). That is exactly what CK has done here.

Rule 41(b) expressly authorizes this Court to dismiss a case "[f]or failure of the plaintiff to prosecute or to comply with … any order of court." Fed. R. Civ. P. 41(b). The Court has broad discretion to do so. *See Figueroa Ruiz v. Alegria*, 896 F.2d 645, 647 (1st Cir. 1990) (affirming dismissal of an action with prejudice where plaintiffs filed a deficient complaint,

failed to respond to motions to dismiss, and failed to comply with a court order calling for explication of factual underpinnings of claims).

Although dismissal is a final remedy and "ordinarily should be employed only when a plaintiff's misconduct is extreme, disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)." *Ortiz-Rivera v. Mun. Gov't of Toa Alta*, 214 F.R.D. 51, 57 (D.P.R. 2003) (internal citations omitted); *see also Chamarro*, 304 F.3d at 4-5 (stating that for purposes of dismissal "extreme misconduct comes in many shapes and forms, ranging from protracted foot-dragging to defiance of court orders to ignoring warnings to other aggravating circumstances. A classic form of aggravating circumstance is a wasteful expenditure of the court's time."); *Cintron-Lorenzo v. Departamento De Asuntos Del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing "[l]ack of diligent prosecution" as a basis for dismissal under Rule 41(b)).

Either CK has the information the Court ordered it to produce, or it does not. If it does, it also had it when suit was commenced in December 2003. *See Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997) (ruling that a plaintiff is required to construe patent claims and determine that the claims read on the accused device(s) *before* filing a patent infringement suit and that failure to do so warranted Rule 11 sanctions); *Ultra-Temp Corp. v. Advanced Vacuum Sys., Inc.*, 189 F.R.D. 17, 25 (D. Mass. 1999) (finding a violation of Rule 11 and awarding reasonable attorneys' fees where plaintiff failed to compare the claims in the patents it sought to enforce to the allegedly infringing device before filing its patent infringement suit). No possible excuse reasonably explains CK's effort to "hide the ball" for months after the Court ordered CK to disclose it. Alternatively, CK does not now and never did have the information responsive to this Court's Order. In that case, CK's complaint also must be dismissed.

CK's failure to comply with the Court's Order regarding its patent infringement also merits sanctions under Fed. R. Civ. P. 37(b)(2). Rule 37(b)(2) establishes only two prerequisites for a court to impose any of the sanctions provided in that rule: (a) there must be a court order in effect; (b) that order must have been violated. *An-Port, Inc. v. MBR Indus., Inc.*, 772 F. Supp. 1301, 1306 (D.P.R. 1991). Those requirements are met here.

When this Court issued its Order in September 2004, it set a discovery schedule of approximately one year, with CK ordered to provide particulars about infringement as the first step of discovery. CK has now failed to comply with that Order for more than seven months - half the allotted time for fact discovery. At bottom, this case has been pending for nearly a year and a half, and CK has yet to provide the first, Court-ordered step to begin discovery. CK opposed TIR's motion by claiming that a four-month stay was too long a delay, yet has now waited almost twice that time defying the Court's September 2004 Order. CK's continued disobedience constitutes "extreme misconduct" warranting dismissal under Rules 41(b) and 37(b)(2).

CK's strategy appears to be designed to hold the sword of alleged infringement over TIR's head, thus interfering with TIR's business and its relationship with customers, prospective customers and business partners – all while never actually disclosing the basis, if any, for its claims. This conduct warrants dismissal. *See Caribbean Transp. Sys., Inc. v. Autoridad De Las Navieras De Puerto Rico*, 901 F.2d 196, 197-98 (1st Cir. 1990) (affirming dismissal of case for failure to prosecute because of, among other things, "the obvious prejudice to defendants from keeping this action alive indefinitely" and the uncertain nature of the underlying claims).

II. **AT A MINIMUM, THIS COURT MUST ORDER CK TO COMPLY WITH THE SEPTEMBER 29, 2004 ORDER IMMEDIATELY AND EXTEND THE DISCOVERY SCHEDULE TO ACCOUNT FOR CK'S CONTINUED REFUSAL TO DO SO**

At a minimum, the Court must order CK to comply with the Order immediately, and extend the deadlines in this case by the amount of delay caused by CK – approximately seven months. Specifically, TIR requests that, if the case is not to be dismissed, the Court require CK to comply with the September 29, 2004 Order within seven (7) days of the Court's decision on this motion, and revise the case schedule as follows:

| | |
|---|---|
| 4 months | Deadline for motions to add parties. |
| 12 months | All fact discovery to be concluded. |
| 14 months | All expert reports pursuant to Rule 26(a)(2) on which parties have burden of proof shall be exchanged. |
| 15 months | All rebuttal reports, if any, shall be exchanged. |
| 16 months | All expert discovery shall be completed. |
| 18 months | Deadline for the filing of case-dispositive motions. |

## CONCLUSION

For the foregoing reasons, TIR respectfully requests that the Court dismiss this action with prejudice. In the alternative, TIR requests that, as a minimum, the Court order CK to comply with the Court's September 29, 2004 Order, revise the pretrial schedule as set forth above, and award such other relief to TIR as the Court deems just and proper.

Dated: May 31, 2005

        WILMER CUTLER PICKERING
          HALE AND DORR LLP

        /s/ Kerry A. Malloy

        Mark G. Matuschak (BBO #543873)
        mark.matuschak@wilmerhale.com
        Donald R. Steinberg (BBO #553699)
        don.steinberg@wilmerhale.com
        60 State Street
        Boston, MA 02109
        Telephone: 617-526-6000

        S. Calvin Walden (admitted pro hac vice)
        calvin.walden@wilmerhale.com
        Kerry A. Malloy (BBO #654600)
        kerry.malloy@wilmerhale.com
        300 Park Avenue
        New York, NY 10021
        Telephone: 212-937-7200

        Attorneys for Defendant
        TIR SYSTEMS LTD.