IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED,<br><br>        Plaintiff<br><br>v.<br><br>TIR SYSTEMS LTD.,<br><br>        Defendant. | Civil Action No.: 03-cv-12491 (MEL) |

**OPPOSITION TO MOTION TO DISMISS
FOR FAILURE TO COMPLY WITH THE COURT'S SEPTEMBER 29, 2004 ORDER**

Color Kinetics Incorporated ("Color Kinetics") hereby opposes the motion by TIR Systems Ltd. ("TIR") to dismiss the Amended Complaint for failure to comply with the Court's September 29, 2004 Order (Docket No. 26).

The motion should be denied for at least the following reasons:

(1) Color Kinetics has not violated the Court's Order, as Color Kinetics understood the Court to require that Color Kinetics specify its infringement contentions <u>in response to TIR discovery requests</u> and TIR <u>still</u> has not served any requests;

(2) the Order did not impose any deadline for providing the contentions;

(3) TIR did not, at any point prior to the meet-and-confer on the motion, even tell Color Kinetics that it was expecting claim charts absent discovery requests;

(4) during the meet-and-confer on this motion, Color Kinetics offered to provide claim charts immediately but TIR rejected that offer;

  (5) any delay is at least equally attributable to TIR, which did not even file its Answer (and therefore was in default and had never even denied infringement of one of the patents) until one week prior to filing this motion, and still has not served discovery requests seeking claim charts or any other information;

  (6) no additional time is necessary to comply with the Court's current discovery schedule; and

  (7) Color Kinetics has attached its claim charts as Exhibit A, so the basis for the motion is moot.

## **BACKGROUND**

Color Kinetics filed the Complaint in this case on December 11, 2003, but waited until April 7, 2004 to serve it because the parties were engaged in settlement discussions. Believing that TIR was interested in further settlement talks after the Complaint was served, Color Kinetics assented to TIR's request for an extension of time to file its Answer, until May 26, 2004. On September 24, 2004, Color Kinetics filed an Assented-to Motion to Amend the Complaint along with its Amended Complaint. TIR did not file an Answer to the Amended Complaint until May 24, 2005, exactly <u>eight months</u> after the Amended Complaint was filed, and one week before filing this motion. That Answer denies infringement, which is the first time after the filing of the Amended Complaint that TIR has identified to Color Kinetics its intention to do so.

After receiving notice of a Scheduling Conference in this case, the parties held the meet-and-confer required by Rule 26(f), after which Color Kinetics served its Initial Disclosures and first set of discovery requests. TIR sought to avoid responding to the requests by moving for a stay of discovery and seeking an order requiring Color Kinetics to identify infringing products and to read the claims of the patents-in-suit on those products.

Although the Court denied TIR's motion, it did note that, "as the first subject of discovery," Color Kinetics was to identify the infringing products and the infringed claims.  (See Docket No. 26.)  Color Kinetics interpreted the Court's Order as requiring this information to be provided in accordance with the normal rules of discovery, that is, when TIR asked for them in an interrogatory or otherwise.  This assumption was reasonable since, in many cases, a party will identify the form it wishes to receive the information; Color Kinetics certainly did not wish to produce a claim chart only to receive complaints about its form or level of specificity.

For its part, TIR never once sought to move discovery forward, never served document requests or interrogatories on the subject identified by the Court as the first topic for discovery, and never made any request, by phone, letter, email, or any other method for claim charts or anything else.

Color Kinetics would have timely responded to such a request had it been made and, in response to the first such request (two weeks ago), has now produced claim charts.

**ARGUMENT**

At no time was Color Kinetics unwilling or unable to comply with the Court's Order.  Color Kinetics simply interpreted the Court's Order differently than did TIR.  Once that confusion was identified (for the first time in the request for a meet-and-confer on this motion) Color Kinetics offered to serve the charts immediately.  TIR declined that offer in favor of filing this motion.  Copies of Color Kinetics' claim charts are attached to this Opposition as Exhibit A.

Any delay at this stage of the case is at least equally attributable to TIR for its failure to serve discovery requests or otherwise ask for claim charts.  If TIR genuinely believed that it was to receive claim charts without serving discovery requests, why has it not said anything for six months?

Color Kinetics submits that it is prepared to complete discovery by the September 29, 2005 deadline and that no additional time is necessary to comply with the Court's current discovery schedule. If TIR is concerned about completing discovery, it should have begun earlier. There is nothing that has prevented TIR from taking discovery of Color Kinetics for the last six months.

### I.     COLOR KINETICS HAS NOT VIOLATED THE COURT'S ORDER

The Court's September 29, 2004 Order did not require Color Kinetics to spontaneously provide TIR with claim charts, but rather provided only that it was to do so "as the first subject of discovery." In Color Kinetics' view, that time never came, as TIR never served discovery requests—formally or informally—on Color Kinetics.

The first time that TIR even raised this issue was only days before it filed its motion, in a brief meet-and-confer. Prior to receiving a draft of this motion, Color Kinetics was unaware that TIR was expecting claim charts without any discovery requests being served by TIR. When the issue was brought to Color Kinetics' attention, Color Kinetics offered to provide the claim charts immediately. TIR refused this offer and instead filed the instant motion.

To eliminate any doubt as to Color Kinetics' willingness or ability to comply with the Court's Order, Color Kinetics has attached the claim charts as Exhibit A to this Opposition. TIR's arguments on this issue are thus moot.

### II.     ANY DELAY IS AT LEAST EQUALLY ATTRIBUTABLE TO TIR

TIR's motion is replete with incorrect statements, including the implication that Color Kinetics does not intend to maintain the current discovery schedule. (See Moving Br., at 2-3.) TIR claims that Color Kinetics is responsible delaying the case for seven months and that the

case should, therefore, be dismissed. For at least two reasons, the responsibility for any delay lies with TIR as much as with Color Kinetics.

First, TIR failed to even answer the Amended Complaint for eight months and never requested or received any extension. The allegations of infringement have thus been <u>undenied</u> for the past eight months. It is hypocritical, to say the least, for TIR to file an Answer eight months late (without requesting or receiving leave) and then file a motion to dismiss for failure to prosecute only a week after that.

Second, TIR never served any discovery requests, nor did TIR contact Color Kinetics' counsel regarding the claim charts, the Court Order, or even the case generally for the last seven months. Having never made any request for the claim charts, or previously raised the issue of having not received them, it is entirely inappropriate for TIR to now complain, for the first time on a motion to dismiss, that they are overdue.

It may be that discovery in this case has slowed. Any reasonable analysis of the situation, however, must result in the conclusion that TIR bears at least as much responsibility for the delay as Color Kinetics, if not more.

## III.  **<u>DISMISSAL FOR FAILURE TO PROSECUTE IS UNWARRANTED</u>**

Color Kinetics' not providing TIR with claim charts before now was at worst a misinterpretation of the Court's Order and need not delay the case at all. It would be unprecedented to dismiss a case for lack of prosecution under these circumstances.

The First Circuit strongly favors dispositions of cases on the merits. <u>See, e.g.</u>, <u>Velazquez-Rivera v. Sea-Land Serv., Inc.</u>, 920 F.2d 1072, 1079 (1st Cir. 1990); <u>Ortiz-Anglada v. Ortiz-Perez</u>, 183 F.3d 65, 66 (1st Cir. 1999). Dismissal in this instance would be not only be unwarranted, but far too severe, as "the sanction of dismissal with prejudice for want of

prosecution is a unique and awesome one, foreclosing forever the plaintiff's opportunity to obtain judicial redress."  Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 48 (1st Cir. 2003).

In all of the cases in which the First Circuit has upheld a dismissal for want of prosecution, it has found "extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance," none of which are present in this instance.  Id. (quoting Cosme Nieves v. Deshler, 826 F.2d 1, 2 (lst Cir. 1987)).

Like the plaintiff in Cosme Nieves v. Deshler, 826 F.2d 1, 4 (lst Cir. 1987), in which the court declined to dismiss, Color Kinetics has not been engaged in any active measures to delay the case.  These are not the kinds of actions (or inactions) that warrant dismissal, as "[d]ismissal is a harsh sanction which should be resorted to only in extreme cases."  Richman v. General Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971).  Like Cosume, "[t]his is not an extreme case." 826 F.2d 1, 4.

Color Kinetics has had no reason to suspect the case was at risk.  No warning was issued by the Court and certainly no indication was made by TIR that it considered the claim charts to be past due or that it would move to dismiss if it did not receive them by any particular time. See Robson v. Hallenbeck, 81 F.3d 1, 4 (lst Cir. 1996) ("Absence of warning that the court was considering dismissal . . . may be a pertinent factor in evaluating a dismissal, especially if the conduct in question did not violate a clear preexisting requirement.").

TIR's actions (or inactions) also weigh against dismissal.  In Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65 (1st Cir. 1999), for example, the court refused to dismiss in part because "defendants were responsible on more than one occasion for prolonging the case, [and] failed to

answer the complaint within the requisite time period." Id. at 67 n.4.  This description is equally applicable to TIR's conduct in this case; TIR has been in default for the last eight months.

Dismissal with prejudice for failure to prosecute is an even more "drastic" measure and would be particularly inappropriate under these circumstances.  Ortiz-Anglada, 183 at 65; see also Velazquez-Rivera v. Sea-Land Serv., Inc., 920 F.2d 1072, 1075-76 (1st Cir. 1990) ("the most severe sanction"); Richman v. Gen. Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971) ("a harsh sanction").  The First Circuit has repeatedly held that a case should not be dismissed with prejudice except "when a plaintiff's misconduct is particularly egregious or extreme."  Benjamin v. Aroostook Medical Center, Inc., 57 F.3d 101, 107 (1st Cir. 1995).  This is far from an egregious case.

Color Kinetics could request that the Court strike TIR's answer as both untimely and filed without leave.  Color Kinetics could then request a default judgment.  Color Kinetics could easily do so or have done so, as the requirement to file an Answer is unambiguous and TIR indisputably did not meet it.  A final resolution such as this would be extreme.

Color Kinetics has not sought to default TIR and would prefer not to do so because a just resolution of this action on the merits is what is called for in the Federal Rules.  TIR's effort to avoid the merits, without advance warning, would be unfair and the parties ought to be discouraged from engaging in such ultimately unproductive maneuvering.

The motion should be denied and the case should move forward on the merits.

### IV.    COLOR KINETICS COMPLIED WITH ITS RULE 11 OBLIGATIONS

TIR's claim that Color Kinetics has not complied with its obligations under Rule 11 is simply off-base. Color Kinetics most certainly did read the claims on the TIR product prior to filing suit and, in fact, identified the infringing product by name in the Complaint (many patent

- 8 -

complaints actually omit identification of products). Confusion about whether or not the claim charts were to be provided before or after TIR served discovery requests has nothing to do with Rule 11.

Notably, there is no assertion by TIR that the patents do not, in fact, cover the TIR Destiny product (and infringement has not even been denied for the last eight months), even though TIR and its counsel are perfectly capable of reading the Color Kinetics patent claims and applying them to their own product.

Color Kinetics never sought to "hide the ball," as TIR claims. (See Moving Br., at 4.) Color Kinetics was just never informed that TIR viewed "the ball" to be in Color Kinetics' court before TIR prepared this motion.

## V.    THERE IS NO NEED TO EXTEND THE SCHEDULE

TIR's claim that Color Kinetics is attempting to delay this case is incorrect. As Color Kinetics' apprised TIR in the meet-and-confer on this motion, Color Kinetics has no problem with the discovery schedule entered by the Court and plans to complete discovery by September 29, 2005, as is dictated by the current order. Now that it has provided a claim chart (in a format chosen by Color Kinetics, since TIR never served a request suggesting a format), Color Kinetics expects a prompt production of documents and answers to interrogatories.

Perhaps TIR is interested in delay. Color Kinetics is not.

- 9 -

## **CONCLUSION**

For the reasons set forth above, plaintiff Color Kinetics respectfully requests that TIR's Motion to Dismiss the Complaint for Failure to Comply with the Court's September 29, 2004 Order be DENIED.

Respectfully submitted,

COLOR KINETICS INCORPORATED

Dated:  June 14, 2005

   /s/ Aaron W. Moore
Matthew B. Lowrie, BBO No. 563,414
Aaron W. Moore, BBO No. 638,076
Emily A. Berger, BBO No. 650,841
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street - 11th Floor
Cambridge, MA 02142
Tel: 617-395-7000
Fax: 617-395-7070