IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED,<br><br>　　　　Plaintiff<br><br>v.<br><br>TIR SYSTEMS LTD.,<br><br>　　　　Defendant. | Civil Action No.: 03-cv-12491 (MEL) |

## COLOR KINETICS' FIRST MOTION TO COMPEL

Plaintiff Color Kinetics Incorporated ("Color Kinetics") hereby moves for an order compelling full and complete responses by TIR Systems Ltd. ("TIR") to its Requests for the Production of Documents and Interrogatories served on August 25, 2004. Copies of the Color Kinetics Document Requests and TIR's responses to the Document Requests are attached as Exhibits A and B, respectively. Copies of the Color Kinetics Interrogatories and TIR's response to Interrogatory No. 10 are attached as Exhibits C and D, respectively.

While Color Kinetics regrets the need to request the assistance of this Court in taking discovery in this case, TIR's conduct has put in jeopardy the current discovery cut-off of September 29, 2005, and there is no legitimate reason for it. The objections that TIR has interposed on the two issues raised in this motion are simply baseless.

## BACKGROUND[1]

*Nature and Parties*

This is a suit for infringement of four Color Kinetics patents directed to LED lighting. Color Kinetics, with its principal place of business in Boston, Massachusetts, offers an expansive range of LED-based lighting products to lighting professionals, original equipment manufacturers, and end consumers. TIR, which competes with Color Kinetics in some markets, is based in Burnaby, British Columbia, Canada.

*Procedural History*

Color Kinetics filed suit in December of 2003 and served its discovery requests on August 25, 2004. Rather than respond to the discovery requests, TIR moved to stay discovery and impose a schedule under which the parties would exchange contentions. Color Kinetics opposed, and the TIR motion was denied, although the Court ordered that, as the first subject of discovery, Color Kinetics was to provide (1) an identification of the allegedly infringed claims, (2) a "preliminary" identification of infringing products, and (3) an element-by-element explanation of the infringement contentions.

Color Kinetics understood the Court's Order to mean that the infringement information would be required in response to TIR discovery requests before TIR would need to respond to the Color Kinetics requests. For approximately seven months, TIR neither served discovery requests nor asked Color Kinetics for claim charts. When TIR did contact Color Kinetics, it was to request a meet-and-confer on a motion to dismiss for lack of prosecution. Color Kinetics explained that it had taken the Court's order to require claim charts in response to a discovery request but that it would be willing to provide claim charts within a week. TIR nevertheless filed

---

[1] The factual statements in this brief are made on representation of the undersigned counsel. In the event that TIR disputes the asserted facts or objects to their submission without an affidavit, Color Kinetics will request leave to submit an affidavit from counsel supporting the factual statements contained in this motion.

its motion to dismiss. Color Kinetics opposed the motion and attached its preliminary claim charts to the opposition, which was served on June 14, 2005. The motion to dismiss, which also had sought to extend the discovery period, was denied.

Color Kinetics received TIR's responses to the Color Kinetics discovery requests on July 25, 2005.

## ARGUMENT

TIR's responses to Color Kinetics' discovery requests are incomplete and Color Kinetics, by this motion, requests an order addressing two of the most glaring deficiencies.

***"RGB LED Products"***

In both the interrogatories and the document requests, Color Kinetics had sought documents, things, and information concerning TIR "RGB LED Products," which was defined to mean "any and all TIR devices, systems, or products that are capable of generating more than one color of light through the use of light emitting diodes including, without limitation, TIR's 'Destiny Series' line of products." (See Ex. A, p. 9; Ex. C, p. 9.) The definition was intended to limit the scope of the requests to information about products that were likely to be covered by the patents-in-suit and to information necessary for an assessment of the relative importance of the infringing products to TIR's product mix for damages purposes. TIR objected to this definition on the grounds that, according to TIR, the "Destiny CW" product was the only product accused of infringement in this case. (See, e.g., Ex. B, p. 6.) TIR stated that it will only produce documents that relate to that single product.

On August 10, 2005, Color Kinetics wrote to TIR asking that this objection be withdrawn. (See Ex. E.) The letter explained that the Destiny CW product was not the only product that Color Kinetics might accuse in this case of infringing the patents-in-suit. (Id.) The

- 3 -

letter further explained what TIR already knew, namely that the Destiny CW product was the only product that was included in the preliminary claim charts because it was the only product that Color Kinetics had been able to obtain in the marketplace and reverse engineer at that time. (Id.)  The claim charts themselves specifically explained that Color Kinetics believed that other products may infringe and that the charts would be supplemented upon further discovery.  In the absence of discovery, however, the further scope of TIR's infringement could not be ascertained.

TIR responded by maintaining that the Destiny CW product was the only one included in the claim charts and that it was entitled to limit discovery on that basis.  (See Ex. F.)  This was notwithstanding the fact the September 29, 2004 Order, which required only a "preliminary" identification of the infringing products, clearly contemplated that additional infringing products would be added as discovery progressed.  Indeed, any other result would be nonsensical.  A defendant caught infringing with one product cannot be permitted to hide other infringing acts simply because they have not yet been caught.  Discovery is not so limited.  TIR further suggested that, despite the fact that the parties were engaged in a patent infringement lawsuit and in the middle of the discovery period, Color Kinetics would have to obtain information about the infringing products in the marketplace, rather than from TIR.  (Id.)

TIR's position on this point cannot be supported.  Civil discovery may be had of any material "that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).  Here, it is Color Kinetics' belief that TIR products other than just the Destiny CW product may infringe, and TIR has been aware of this since before this suit was even filed.  Information concerning these products is thus highly relevant to Color Kinetics' infringement claims, and obtaining information such as this is precisely the purpose of the discovery period.  It is, of course, common practice for a party to file a patent infringement suit naming at least one infringing

product and then use the discovery period to ascertain the full scope of infringement. This is because, as in this case, much of the information relating to infringement is in the possession of the infringer only and not otherwise available to the patentee.

Indeed, to require Color Kinetics to obtain information about infringement only from third parties would be ridiculous. Color Kinetics should not be required to try to purchase all TIR products in the marketplace and then reverse engineer them all, having already caught TIR infringing with respect to one. Moreover, even if Color Kinetics were able to acquire and reverse engineer all such products, this still would not include all information in TIR's possession concerning the use and operation of the products or the scope of TIR's infringement.

TIR should be ordered to withdraw its objection to the definition of "RGB LED Products" and to produce the withheld documents and information immediately.

*Invalidity Contentions*

Color Kinetics' Interrogatory No. 10 required TIR to "state the basis" for its invalidity contentions. In response, TIR provided an answer which, for each asserted patent, made the summary assertion that that "each of the asserted claims of the [patent] is invalid as anticipated or rendered obvious" and then provided only a bare listing of "[p]rior art that is relevant to the validity of the [patent]." (See Ex. D (emphasis added).) TIR failed to explain whether it contended that that patents were anticipated or instead obvious, failed to explain the relevance of the numerous items identified, and failed to provide an element-by-element analysis of any validity contention with respect to any claim or any piece of prior art. This interrogatory answer thus does not even begin to state a prima facie case of invalidity. See, e.g., Schumer v. Lab. Computer Sys., Inc., 308 F.3d 1304, 1315-16 (Fed. Cir. 2002) (explaining that anticipation must typically be established by showing "in detail how each claim element is disclosed in the prior

art reference").

On August 10th, Color Kinetics wrote to TIR, requesting properly detailed invalidity contentions. TIR objected on the grounds that it had received the infringement contentions "only a few weeks ago." In fact, TIR had received the infringement claim charts a full two months earlier.

Of course, TIR's (untrue) objection that it only just received the infringement claim charts recently is irrelevant given that TIR has the burden of proof on validity and both pleaded it and provided executed interrogatory answers asserting invalidity. To have complied with its Rule 11 obligations, TIR must have had already conducted a complete validity analysis; if TIR is unaware of a prima facie case of invalidity, it should never have asserted the defense.

This is the flip side of the argument used by TIR in seeking to compel infringement contentions from Color Kinetics, where Color Kinetics has the burden of proof. Just as Color Kinetics conducted an infringement analysis before filing suit, so too must TIR have conducted an evaluation of validity prior to pleading or at least by the time it submitted interrogatory answers stating that all of the patents are invalid.

There is no question that the answer to Interrogatory No. 10 does not provide a sufficient amount of detail for Color Kinetics to evaluate TIR's position, take discovery on it, or prepare a response to it. TIR's response, which simply identifies a lengthy "laundry list" of allegedly invalidating prior art, fails to explain where in each piece of prior art each claim element is to be found and fails even to explain whether its invalidity theories are based on anticipation or obviousness. It is highly improper at this point in the discovery period for TIR to be hiding its contentions.

TIR should be required to <u>immediately</u> provide at least the level of detail that it required of Color Kinetics in the infringement claim charts, namely an element-by-element explanation of where in the prior art each and every claim element allegedly is found.

For its part, Color Kinetics believes that TIR has not provided particularized invalidity contentions because there is no invalidity case to be made and that TIR is simply trying to force Color Kinetics to analyze piles of worthless prior art. If there is an invalidity defense, it is certainly well-hidden among the vague allegations that constitute TIR's interrogatory answer.

If TIR wishes to assert that the patents are invalid, it should be required to particularize its invalidity contentions now, just as Color Kinetics has particularized the infringement contentions. If TIR refuses to articulate its invalidity contentions, it should be precluded from offering any more particularized contentions in the future, i.e., in response to a summary judgment motion or at trial.

*     *     *

Accordingly, Color Kinetics respectfully requests an order compelling TIR to:

(1)     withdraw its objection to the definition of "RGB LED product" in the Color Kinetics discovery requests and interrogatories and produce all documents and information concerning "any and all TIR devices, systems, or products that are capable of generating more than one color of light through the use of light emitting diodes including, without limitation, TIR's 'Destiny Series' line of products"; and

(2)     provide a full and complete response to Interrogatory No. 10, including element-by-element claim charts detailing the invalidity contentions.

## REQUEST FOR ORAL ARGUMENT

Color Kinetics requests a hearing on this motion, to be held as soon as convenient for the Court.

Respectfully submitted,

COLOR KINETICS INCORPORATED

Dated: August 16, 2005      by:     /s/ Aaron W. Moore
Matthew B. Lowrie, BBO No. 563,414
Aaron W. Moore, BBO No. 638,076
Emily A. Berger, BBO No. 650,841
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street - 11th Floor
Cambridge, MA 02142
Tel : 617-395-7000
Fax: 617-395-7070

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I hereby certify that I have conferred with opposing counsel and have attempted in good faith, but without success, to resolve or narrow the issues presented in the motion.

Dated: August 16, 2005      /s/ Aaron W. Moore
Aaron W. Moore

## CERTIFICATE OF SERVICE

I hereby certify that today I caused a true and correct copy of this motion and the attached Exhibits to be served, by CM/ECF, on the following counsel of record:

Mark G. Matuschak, Esq.
Michael A. Oblon, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

Dated: August 16, 2005      /s/ Aaron W. Moore
Aaron W. Moore