# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COLOR KINETICS INCORPORATED,

        Plaintiff

v.

TIR SYSTEMS LTD.,

        Defendant.

Civil Action No.: 03-cv-12491 (MEL)

## TIR SYSTEMS LTD.'S OBJECTIONS AND RESPONSES TO COLOR KINETICS INCORPORATED'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-43)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant TIR Systems Ltd. ("TIR") hereby objects and responds to Plaintiff Color Kinetics Incorporated's ("Color Kinetics") First Set of Requests for Production of Documents and Things.

The following responses are based upon information and writings presently available to and located by TIR and its attorneys. TIR has not completed its investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for trial. The responses provided herein are without prejudice to TIR's right to produce any subsequently discovered documents or revise these responses if further discovery so indicates.

## GENERAL OBJECTIONS

The general objections below are hereby incorporated by reference into each individual response set forth below. An answer to a document request shall not operate as a waiver of any applicable specific or general objection to a request.

1.   TIR objects to each request to the extent it seeks proprietary, confidential, or trade secret information.  A Protective Order has not yet been entered in this Action.  TIR is amenable to meeting and conferring with Color Kinetics to propose to the Court terms for a Protective Order that are agreed upon by both parties.  Subject to the General Objections provided in this section and the Specific Objections as indicated below, TIR will produce responsive documents on the condition that they are to be disclosed only to outside counsel for Color Kinetics until the entry of a Protective Order in this Action.

2.   TIR objects to the requests, definitions, and instructions to the extent they are broader than, or impose conditions, obligations, or duties beyond those required by the Federal Rules of Civil Procedure.  TIR's responses are limited to the scope of the discovery set forth therein.

3.   TIR's investigation of the facts relevant to this action is ongoing.  Accordingly, TIR reserves the right to amend and/or supplement these responses pursuant to Fed. R.Civ. P. 26(e).  TIR further reserves the right to supplement its responses to each request that is deemed premature, not relevant or beyond the scope of discovery when they become timely, relevant, or fall within the bounds of discovery, as set forth by the rules and orders of this Court.

4.   TIR objects to each request to the extent that it requires the disclosure of information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity against disclosure.  TIR will exchange with Color Kinetics a list of documents withheld on the grounds of privilege or immunity at a date and time to be agreed upon.  TIR will not list on its privilege log any privileged or otherwise protected documents or things created on or after the filing date of the Complaint in this Action.

- 2 -

5.  The inadvertent disclosure of any communication protected against disclosure by any privilege or immunity shall not constitute a waiver of nor signify intent to waive the applicable privilege or immunity, either as to those communications inadvertently revealed or to any other communications. Any privileged or otherwise protected documents and things produced inadvertently, and any and all copies of such documents, must be returned immediately upon demand.

6.  TIR objects to each request to the extent it requires an interpretation of any element or term contained in the claims of the patents asserted by Color Kinetics against TIR in this action. Any response to such a request will not be deemed an admission of any type.

7.  TIR objects to each request to the extent that it seeks information that is not in the possession, custody, or control of TIR, to the extent that it purports to require TIR to speculate about the identity of persons who might have responsive documents, and to the extent that it purports to call for any accounting of documents that TIR no longer possesses and/or was under no obligation to maintain.

8.  TIR objects to each request to the extent that it purports to impose a duty on TIR to undertake a search for documents beyond a diligent search of the files where TIR reasonably would expect to find documents responsive to these requests. TIR is continuing its diligent search of those files where documents responsive to these requests ordinarily are maintained.

9.  TIR also objects to each request to the extent that it seeks the production of documents or things that are publicly available.

- 3 -

10. TIR objects to each request as overly broad and not reasonably calculated to lead to the discovery of admissible information to the extent it is not limited in scope to a reasonable time period.

11. None of the responses herein is an admission relative to the existence of any document or information, to the relevance or admissibility of any document or information, or to the truth or accuracy of any statement or characterization contained in any document or Color Kinetics Incorporated's First Request for Production of Documents and Things (including the Definitions and Instructions therein).

12. TIR objects to each request to the extent that it seeks the production of documents or things that TIR is under an obligation to a third party or court order not to disclose. TIR only will produce such responsive, non-privileged documents or things in accordance with a Protective Order and after complying with its obligations to the third party and/or court.

13. TIR objects to each request to the extent that it is overly broad, oppressive, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

14. TIR objects to each request to the extent that it purports to require TIR to create documents or things that do not currently exist.

## RESPONSES TO REQUESTS FOR DOCUMENTS AND THINGS

### DOCUMENT REQUEST NO. 1

All documents and things reviewed, read, considered, consulted, relied upon, or used in any way in preparing the answers to Color Kinetics' First Set of Interrogatories.

### RESPONSE TO DOCUMENT REQUEST NO. 1:

TIR objects to the extent that the request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Documents that have been "reviewed, read, considered, [or] consulted" but not "relied upon, or used in any way in preparing the answers to Color Kinetics' First Set of Interrogatories" are irrelevant. TIR also objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity against disclosure.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents, to the extent that such documents exist, that are located after a reasonably diligent search and were relied upon or used in preparing responses to Color Kinetics' First Set of Interrogatories.

### DOCUMENT REQUEST NO. 2

All documents or things concerning the research, design, and/or development of any RGB LED Product (as defined above), including sketches, drafts, models, prototypes, drawings, or any other documents or things made during the process of developing those devices.

## RESPONSE TO DOCUMENT REQUEST NO. 2:

TIR objects to the extent that the request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. TIR particularly objects to the definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action. Color Kinetics' request for production of models or prototypes is also unduly burdensome, as it calls for information that can be more readily provided through the production of documents. TIR additionally objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity against disclosure.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents concerning the research, design, and/or development of the Destiny CW product, to the extent they exist, that are located after a reasonably diligent search.

## DOCUMENT REQUEST NO. 3

All documents concerning Color Kinetics.

## RESPONSE TO DOCUMENT REQUEST NO. 3:

TIR objects to this request on the grounds that, to the extent it seeks the production of every document "concerning Color Kinetics," it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. TIR also objects to this request to the extent that it purports to require the production of documents and things protected

- 6 -

from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity against disclosure. TIR further objects to this request to the extent that it is not limited to a reasonable time period.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents, to the extent they exist, that are located after a reasonably diligent search. For the purposes of responding to this request, TIR will undertake a search for documents dated on or later than April 3, 2001, the earliest issue date of the patents in suit.

## DOCUMENT REQUEST NO. 4

All documents concerning any patent-in-suit.

## RESPONSE TO DOCUMENT REQUEST NO. 4:

TIR objects to this request as being vague and ambiguous. For the purpose of responding, TIR interprets this request to call for all documents that identify or explicitly reference any of the patents asserted by Color Kinetics. TIR also objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity against disclosure.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents regarding the '868, '626 and '919 patents, to the extent they exist, that are located after a reasonably diligent search.

## DOCUMENT REQUEST NO. 5

All documents and things concerning any alleged Prior Art to the patents-in-suit, including without limitation, any patents, publications, manuscripts of publications, articles, products, sales, offers for sale, uses, public disclosures, or demonstrations.

## RESPONSE TO DOCUMENT REQUEST NO. 5:

TIR objects to this request as being vague and ambiguous. For the purpose of responding, TIR interprets this request to call for all documents that identify or explicitly reference any Prior Art, as that term has been defined by Color Kinetics. TIR also objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity against disclosure.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents regarding the '868, '626 and '919 patents that are located after a reasonably diligent search.

## DOCUMENT REQUEST NO. 6

All advertisements, papers, publications, writings, or presentations prepared by TIR or persons employed by or affiliated in any way with TIR that concern any RGB LED Product (as defined above).

## RESPONSE TO DOCUMENT REQUEST NO. 6:

TIR objects to this request as being vague and ambiguous. For the purpose of responding, TIR interprets this request to call for advertisements, publications, writings to third parties or

presentations to third parties that identify or explicitly reference to any RGB LED Product, as that term has been defined by Color Kinetics. TIR also objects to the definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action. TIR further objects to this request to the extent that it is not limited in scope to a reasonable time period.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents that identify or explicitly reference TIR's Destiny CW product and are located after a reasonably diligent search. For the purposes of responding to this request, TIR will undertake a search for documents dated on or later than April 3, 2001, the earliest issue date of the patents in suit.

## DOCUMENT REQUEST NO. 7

All documents and things that concern any tests conducted by or on behalf of TIR on any RGB LED Product (as defined above).

## RESPONSE TO DOCUMENT REQUEST NO. 7:

TIR objects to this request on the grounds that, to the extent it seeks the production of every document that "concern any tests," it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. TIR also objects to the definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action. TIR further objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, work product

- 9 -

doctrine, or other applicable privilege or immunity against disclosure. TIR further objects to this request to the extent that it is not limited in scope to a reasonable time period.

TIR is amenable to meeting and conferring with Color Kinetics to define the specific tests of interest to Color Kinetics that are relevant to this Action.


## DOCUMENT REQUEST NO. 8

All catalogs, pamphlets, marketing materials, and other documents concerning any RGB LED Product (as defined above).


## RESPONSE TO DOCUMENT REQUEST NO. 8:

TIR objects to this request on the grounds that, to the extent it seeks the production of "all ... other documents concerning any RGB LED Product," it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. TIR also objects to the definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action. TIR further objects to this request to the extent that it is not limited in scope to a reasonable time period.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents that are located after a reasonably diligent search pertaining to catalogs, pamphlets, and marketing materials for the sale or advertisement of the Destiny CW product in the United States. For the purposes of responding to this request, TIR will undertake a search for documents dated on or later than April 3, 2001, the earliest issue date of the patents in suit.

## DOCUMENT REQUEST NO. 9

Two physical samples of each actual or proposed RGB LED Product (as defined above), with all packaging, instructions, operating manuals, and/or other documents or materials supplied with the sale of such products.

## RESPONSE TO DOCUMENT REQUEST NO. 9:

TIR objects to this request as being unduly burdensome and vague. "Actual" products, to the extent that the term can be understood, are available for purchase, and can therefore be obtained by Color Kinetics at its expense and effort. Color Kinetics' request for production of "proposed" products, to the extent that the term can be understood, is also unduly burdensome to the extent that it calls for information that can be more readily provided through the production of documents. TIR also objects to the definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce a copy of instructions, operating manuals, and other documents supplied with the sale of its accused Destiny CW product in the United States.

- 11 -

**DOCUMENT REQUEST NO. 10**

All documents and things supporting, negating, or otherwise concerning any contention that any of the patents-in-suit are invalid.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

TIR objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity against disclosure.   TIR also objects to this request to the extent that it calls for an attorney opinion of counsel as being premature at this time.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents regarding the '868, '626 and '919 patents that are located after a reasonably diligent search.  TIR is not aware of any documents or things negating any contention that the patents-in-suit are invalid.

**DOCUMENT REQUEST NO. 11**

All documents and things supporting, negating, or otherwise concerning any contention that any of the patents-in-suit are not infringed by any RGB LED Product (as defined above).

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

TIR objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity against disclosure.   TIR also objects to this

request to the extent that it calls for an attorney opinion of counsel as being premature at this time.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents regarding the '868, '626 and '919 patents that are located after a reasonably diligent search. TIR is not aware of any documents or things negating any contention that the patents-in-suit are not infringed.

## DOCUMENT REQUEST NO. 12

All documents supporting, negating, or otherwise concerning any contention that Color Kinetics is estopped or barred by laches from asserting any of the patents-in-suit against TIR.

## RESPONSE TO DOCUMENT REQUEST NO. 12:

TIR objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity against disclosure. TIR also objects to this request to the extent that it calls for an attorney opinion of counsel as being premature at this time.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents, regarding the '868, '626 and '919 patents to the extent that any such documents exist, that are located after a reasonably diligent search. TIR is not aware of any documents or things negating any contention that Color Kinetics is estopped or barred by laches from asserting any of the patents-in-suit against TIR.

## DOCUMENT REQUEST NO. 13

All documents supporting, negating, or otherwise concerning any contention that any of the patents-in-suit are unenforceable.

## RESPONSE TO DOCUMENT REQUEST NO. 13:

TIR objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity against disclosure. TIR also objects to this request to the extent that it calls for an attorney opinion of counsel as being premature at this time.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents regarding the '868, '626 and '919 patents that are located after a reasonably diligent search. TIR is not aware of any documents or things negating any contention that that any of the patents-in-suit are unenforceable.

## DOCUMENT REQUEST NO. 14

All documents and things concerning any consideration, investigation, test, or analysis of whether or not any RGB LED Product (as defined above) is within the scope of any claim of any patent-in-suit or any counterpart, either domestic or foreign, of any patent-in-suit.

## RESPONSE TO DOCUMENT REQUEST NO. 14:

TIR objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, work product

- 14 -

doctrine, or other applicable privilege or immunity against disclosure. TIR also objects to this request to the extent that it calls for an attorney opinion of counsel as being premature at this time. TIR additionally objects to the definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action. TIR further objects to the extent that the requests calls for information concerning patents other than the patents-in-suit for this Action.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents regarding the '868, '626 and '919 patents that are located after a reasonably diligent search, to the extent any exist. There are not believed to be any non-privileged documents that are otherwise responsive to this request.

## DOCUMENT REQUEST NO. 15

All documents supporting, negating, or otherwise relating to any contention that any infringement of any patent-in-suit is not willful.

## RESPONSE TO DOCUMENT REQUEST NO. 15:

TIR objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity against disclosure. TIR also objects to this request to the extent that it calls for an attorney opinion of counsel as being premature at this time.

- 15 -

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents regarding the '868, '626 and '919 patents that are located after a reasonably diligent search, to the extent any such documents exist.


## DOCUMENT REQUEST NO. 16

All studies, investigations, determinations, opinions or other documents, including without limitation, opinions of counsel and any documents generated in connection with this or any prior suit or threat of suit, concerning the scope or interpretation, patentability or unpatentability, validity or invalidity, enforceability or unenforceability, or infringement or non-infringement of any claim of any patent-in-suit.


## RESPONSE TO DOCUMENT REQUEST NO. 16:

TIR objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity against disclosure.   TIR also objects to this request to the extent that it calls for an attorney opinion of counsel as being premature at this time.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents regarding the '868, '626 and '919 patents that are located after a reasonably diligent search.

## DOCUMENT REQUEST NO. 17

All documents and things which have been shown or provided in connection with this lawsuit to any actual or potential witnesses (fact or expert) who are not current employees of TIR.

## RESPONSE TO DOCUMENT REQUEST NO. 17:

At this time, it is believed that no documents or things have been shown or provided in connection with this lawsuit to any actual or potential witnesses who are not current employees of TIR.

## DOCUMENT REQUEST NO. 18

All license agreements, cross-license agreements, or any other form of agreement involving or concerning any RGB LED Product (as defined above).

## RESPONSE TO DOCUMENT REQUEST NO. 18:

TIR objects to the definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce license agreements or cross-license agreements, to the extent such documents exist, that relate to the Destiny CW product.

## DOCUMENT REQUEST NO. 19

All documents concerning any representations, warranties (actual or proposed), or indemnities (actual or proposed) made by TIR concerning any RGB LED Product (as defined above).

## RESPONSE TO DOCUMENT REQUEST NO. 19:

TIR objects to the definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce documents concerning any representations, warranties (actual or proposed), or indemnities (actual or proposed) made by TIR concerning the Destiny CW product, to the extent that any such documents exist.

## DOCUMENT REQUEST NO. 20

Documents sufficient to show the organizational structure of TIR, where applicable, from 1995 to the present, relating to research, development, manufacture, marketing, patenting, or licensing of any RGB LED Product (as defined above).

## RESPONSE TO DOCUMENT REQUEST NO. 20:

TIR objects to the definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action. TIR further objects to this request to the extent that it is not limited in scope to a reasonable time period. TIR additionally objects to this request to the extent that it

calls for information pertaining to marketing, licensing or patenting in countries other than the United States.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce pre-existing documents in its possession showing the organizational structure of TIR. TIR will undertake a search for documents dated on or after April 3, 2001, the issue date for the earliest of the patents in suit.

**DOCUMENT REQUEST NO. 21**

All documents concerning the introduction to market of any RGB LED Product (as defined above).

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

TIR objects to the definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents concerning the introduction to market of the Destiny CW product in the United States.

**DOCUMENT REQUEST NO. 22**

All annual reports, required financial filings and audited, reviewed, or compiled financial statements of operations, balance sheets, statements of cash flow, and notes thereto, whether prepared for internal or external reporting purposes, for TIR from 1995 through the present.

- 19 -

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

TIR objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity against disclosure. TIR also objects to this request as being overbroad and unduly burdensome, to the extent that it calls for "every" financial statement, balance sheet, cash flow statement. TIR further objects to this request to the extent that it is not limited in scope to a reasonable time period and calls for information pertaining to sales outside the United States.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents that are located after a reasonably diligent search. TIR will undertake a search for documents dated on or later than April 3, 2001, the issue date for the earliest of the patents-in-suit.

**DOCUMENT REQUEST NO. 23**

All documents concerning product line or divisional income, expense, and profitability relating to any RGB LED Product (as defined above), including, but not limited to, any projections or product profitability analysis, from 1995 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

TIR objects to the definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action. TIR further objects to this request as being overbroad and unduly

burdensome, to the extent that it calls for every document concerning income, expense and profitability. TIR additionally objects to the extent that the request calls for documents from beyond a reasonable time period, and for documents concerning sales in countries other than the United States.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents concerning income, expense and profitability for the Destiny CW product. TIR will undertake a search for documents dated on or after April 3, 2001, the earliest issue date for the patents-in-suit.

## DOCUMENT REQUEST NO. 24

As to each RGB LED Product (as defined above), documents sufficient to show, for the period from 1995 to the present:

    a.    total sales revenues by month;

    b.    the total unit volume shipped to customers by month;

    c.    the total dollar volume of customer returns of each product by month;

    d.    the total unit volume of customer returns by month;

    e.    the number of units manufactured by month;

    f.    the costs of producing such product;

    g.    the profits associated with such product by month;

    h.    the research and development or start-up costs for such products; and

    i.    the total licensing revenues by month.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

TIR objects to the definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action. TIR additionally objects to the extent that the request calls for documents from beyond a reasonable time period. TIR further objects to the extent that this request calls for documents concerning sales in countries other than the United States. TIR also objects to the extent that the request call for documents to be created.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents, to the extent that such documents exist.

**DOCUMENT REQUEST NO. 25**

All documents and things concerning TIR's marketing of any RGB LED Product (as defined above), including:

     a.     specimens of all advertisements, brochures, catalogs, offers for sale, or other sales promotional materials;

     b.     marketing or business plans;

     c.     sales forecasts or projections;

     d.     manufacturing or demand forecasts;

     e.     long term financial plans and management reports;

     f.     Board of Directors' meeting minutes;

     g.     price lists;

     h.     documents regarding marketing or pricing strategies;

     i.     customer surveys;

- 22 -

j.      market research and marketing reports;

k.      communications with any advertising or market research agencies or consultants;

l.      documents provided to TIR's sales representatives; and

m.      training and instructional materials, including models and videotapes, used by TIR with any customer or potential customer or any other persons.

## RESPONSE TO DOCUMENT REQUEST NO. 25:

TIR objects to the definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action. TIR further objects to this request as being overbroad and unduly burdensome, to the extent that it calls for every advertisement, business plan, sales forecast, meeting minutes, strategy, or survey. TIR additionally objects to this request to the extent it calls for documents pertaining to sales outside the United States. TIR also objects to the extent that the request calls for documents to be created.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents concerning sales and marketing efforts in the U.S., to the extent that the documents exist.

## DOCUMENT REQUEST NO. 26

All documents concerning any recall, discontinuation, or suspension of production of any RGB LED Product (as defined above).

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

There are no known documents pertinent to this request.

**DOCUMENT REQUEST NO. 27**

All schedules, work papers, reports, or other documents used to establish the selling price of any RGB LED Product (as defined above).

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

TIR objects to the definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action. TIR additionally objects to this request as being vague and indefinite. For the purpose of responding, TIR will interpret this request as calling for documents that expressly indicate a calculation or identification of a selling price for a TIR Destiny CW product in the United States.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents concerning U.S. selling prices, to the extent such documents exist.

**DOCUMENT REQUEST NO. 28**

All documents that describe, memorialize, or otherwise concern any document control procedures that were in effect at TIR between 1995 and the present. For purposes of this request, "document control procedures" is intended to refer to any policies or practices intended to control

or limit the reproduction, distribution, or circulation of documents or information believed to be confidential or to contain competitively valuable or sensitive information.

## RESPONSE TO DOCUMENT REQUEST NO. 28:

TIR objects to the extent that the request calls for documents from beyond a reasonable time period.

Subject to and without waiving the foregoing Specific and General Objections, TIR will produce responsive, non-privileged documents concerning document control procedures, to the extent such documents exist. TIR will undertake a search for responsive documents dated on or after April 3, 2001, the issue date for the earliest of the patents-in-suit.

## DOCUMENT REQUEST NO. 29

Documents sufficient to show TIR's policies regarding document retention and destruction from 1995 to the present.

## RESPONSE TO DOCUMENT REQUEST NO. 29:

TIR objects to the extent that the request calls for documents from beyond a reasonable time period.

Subject to and without waiving the foregoing Specific and General Objections, TIR will produce responsive, non-privileged documents concerning document control procedures, to the extent such documents exist. TIR will undertake a search for responsive documents dated on or after April 3, 2001, the issue date for the earliest of the patents-in-suit.

## DOCUMENT REQUEST NO. 30

All documents concerning the operation of any RGB LED Product (as defined above).

## RESPONSE TO DOCUMENT REQUEST NO. 30:

TIR objects to the definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action. TIR also objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity against disclosure.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents concerning the operation of the Destiny CW product.

## DOCUMENT REQUEST NO. 31

All documents concerning quality assurance or quality control for any RGB LED Product (as defined above).

## RESPONSE TO DOCUMENT REQUEST NO. 31:

TIR objects to this request as being overinclusive and unduly burdensome to the extent that it calls for every document that relates to quality assurance or quality control. TIR further objects to the definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action.

- 26 -

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents concerning quality assurance or quality control for the Destiny CW product.

## DOCUMENT REQUEST NO. 32

All documents concerning the manufacture of any RGB LED Product (as defined above).

## RESPONSE TO DOCUMENT REQUEST NO. 32:

TIR objects to this request as being overinclusive and unduly burdensome to the extent that it calls for every document that relates to manufacturing. TIR further objects to the definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action. TIR also objects to this request as being vague, to the extent that it calls for documents additional to those already requested in other document requests.

TIR is amenable to meeting and conferring with Color Kinetics to re-define this request so as to be reasonably calculated to lead to the discovery of admissible evidence.

## DOCUMENT REQUEST NO. 33

All documents concerning the use of any RGB LED Product (as defined above).

## RESPONSE TO DOCUMENT REQUEST NO. 33:

TIR objects to this request as being overinclusive and unduly burdensome to the extent that it calls for every document that relates to the use of a product. TIR further objects to the

- 27 -

definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action. TIR also objects to this request as being vague, to the extent that it calls for documents additional to those already requested in other document requests.

TIR is amenable to meeting and conferring with Color Kinetics to re-define this request so as to be reasonably calculated to lead to the discovery of admissible evidence.

## DOCUMENT REQUEST NO. 34

All documents concerning the market for any RGB LED Product (as defined above).

## RESPONSE TO DOCUMENT REQUEST NO. 34:

TIR objects to this request as being vague and ambiguous, to the extent that it seeks different documents than those requested in document request numbers 25 and 27. TIR further objects to the definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action.

TIR is amenable to meeting and conferring with Color Kinetics to re-define this request so as to be reasonably calculated to lead to the discovery of admissible evidence.

## DOCUMENT REQUEST NO. 35

All documents concerning press releases, public statements, or communications with customers, potential customers, or other third parties that refer or relate to Color Kinetics and/or this litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

Subject to and without waiving the foregoing General Objections, TIR will produce responsive, non-privileged documents, to the extent they exist.

**DOCUMENT REQUEST NO. 36**

All documents concerning TIR's first awareness of each of the patents-in-suit.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

TIR objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity against disclosure.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents regarding the '868, '626 and '919 patents, to the extent they exist.

**DOCUMENT REQUEST NO. 37**

All documents concerning any TIR policies or practices regarding licensing of intellectual property rights.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

TIR objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity against disclosure.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents, to the extent they exist.

## DOCUMENT REQUEST NO. 38

All documents and things concerning any patents or patent applications that cover or relate to any RGB LED Product (as defined above).

## RESPONSE TO DOCUMENT REQUEST NO. 38:

TIR objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity against disclosure. TIR further objects to the definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents, to the extent they exist.

## DOCUMENT REQUEST NO. 39

All documents concerning products competitive to any RGB LED Product (as defined above), including, without limitation, any market or technical comparison of competitive products.

## RESPONSE TO DOCUMENT REQUEST NO. 39:

TIR objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity against disclosure. TIR additionally objects to this request as being vague and ambiguous, to the extent that it calls for documents in addition to those requested in request numbers 25 and 27. TIR further objects to the definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents, to the extent they exist.

## DOCUMENT REQUEST NO. 40

All documents concerning the market for any RGB LED Product (as defined above).

## RESPONSE TO DOCUMENT REQUEST NO. 40:

This request is duplicative of Document Request No. 34.

## DOCUMENT REQUEST NO. 41

All documents concerning any critique, review, or analysis of any RGB LED Product (as defined above).

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

TIR objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity against disclosure. TIR further objects to the definition of "RGB LED Product" to the extent that it includes products other than TIR's Destiny CW product, which is the only product Color Kinetics has accused of infringement in this Action.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents, to the extent they exist.

**DOCUMENT REQUEST NO. 42**

All documents concerning the inventions claimed in any of the patents-in-suit.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

TIR objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity against disclosure. TIR also objects to this request as being vague.

Subject to and without waiving the foregoing General and Specific Objections, TIR will produce responsive, non-privileged documents regarding the '868, '626 and '919 patents, to the extent they exist.

## DOCUMENT REQUEST NO. 43

All documents or things concerning any RGB LED Product (as defined above) not included in the foregoing requests.

## RESPONSE TO DOCUMENT REQUEST NO. 43:

TIR objects to this request as being vague, ambiguous, overinclusive, and unduly burdensome.

Dated:  July 25, 2005

TIR SYSTEMS LTD.

By its attorneys,


Mark G. Matuschak
Wendy A. Haller
Michael A. Oblon
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

## CERTIFICATE OF SERVICE

I, Michael A. Oblon, certify that on July 25, 2005, I caused the original of the

foregoing document, TIR SYSTEMS LTD.'S OBJECTIONS AND RESPONSES TO

COLOR KINETICS INCORPORATED'S FIRST SET OF REQUESTS

FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-43), to be sent by

first class mail and electronic mail pdf to counsel for the Plaintiff, Matthew B. Lowrie,

Esq., at Lowrie, Lando and Anatasi, LLP, Riverfront Office Park, One Main Street,

Cambridge, Massachusetts, 02142.

_____
Michael A. Oblon