# EXHIBIT D

**Interrogatory No. 10**

State the basis for the contention asserted by TIR in its "Third Affirmative Defense" to Color Kinetics' Complaint that "[t]he '868 Patent, the '626 Patent, and the '919 Patent are each invalid under the provisions of 35 U.S.C. § 101, et seq." If Section 102 is relied upon, please specifically identify the prior art relied upon, any evidence that it is in fact prior art, and include a claim chart indicating where or how each limitation of each claim of the patent is met in such prior art. If Section 103 is relied upon, please specifically identify the prior art relied upon, any evidence that it is in fact prior art, the motivation (if any) to alter such prior art and where this is found, and what the result would be, as well as the level of skill in the pertinent art and any assumptions made about objective indicia of nonobviousness. If Section 112 is relied upon, please specify the portion of Section 112 relied upon and all facts, contentions and conclusions supporting reliance on Section 112. If any other section or rule is relied upon, please identify with specificity the section or rule and the basis of the contention.

CONFIDENTIAL – OUTSIDE COUNSEL ONLY

**RESPONSE TO INTERROGATORY NO. 10:**

TIR objects to this interrogatory as premature because TIR has not yet received discovery from Color Kinetics to provide such contentions, and expert discovery has not yet commenced. TIR has only recently received from Color Kinetics an identification of the asserted claims for the '868 patent, the '626 patent, and the '919 patent. TIR's investigation of these claims is ongoing.

Subject to and without waiving the foregoing Specific and General Objections, TIR responds as follows.

Each of the asserted claims of the '868 patent is invalid as anticipated or rendered obvious. Prior art that is relevant to the validity of the '868 patent includes: EP 0876085 A2; U.S. Patent No. 5,803,579; U.S. Patent No. 4,729,076; U.S. Patent No. 5,782,555; U.S. Patent No. 5,634,711; U.S. Patent No. 5,752,766; EP 0390479 A3; Miyoshi, M. et al., 1987, "Large-Scale Color LED Stock-information Display Board," National Technical Report, Vol. 33, No. 1, pp. 102-107; and all references cited either by the applicants or by the examiner during patent prosecution.

Each of the asserted claims of the '868 patent is invalid as anticipated or rendered obvious. Prior art that is relevant to the validity of the '868 patent includes: U.S. Patent No. 5,857,767; U.S. Patent No. 6,498,355; U.S. Patent No. 5,782,555; U.S. Patent No. 5,173,839; U.S. Patent No. 5,136,483; U.S. Patent No. 4,729,076; U.S. Patent No. 5,803,579; U.S. Patent No. 5,528,474; U.S. Patent No. 5,262,658; U.S. Patent No. 5,235,347; U.S. Patent No. 4,935,665; U.S. Patent No. 4,267,559; U.S. Patent No. 4,974,119; U.S. Patent No. 4,151,547; U.S. Patent No. 4,654,754; Schlig, 1972, "Electrothermal Considerations in Display Applications of Light-Emitting Diodes," IEEE Trans. Electron Devices, Vol. ED-19, No. 7, pp. 847-51; Woods, 1976, "Thermal Design Considerations for LED Displays," Vol. 9, No. 12, pp. 66-70; Asai et al., 1995,

CONFIDENTIAL – OUTSIDE COUNSEL ONLY

"Heat Conductive Wire Matrix Board for Light Emitting Diode Dot Matrix Display," Circuit World, Vol. 21, No. 4, pp. 27-31; Gage et al., 1977, Optoelectronics Applications Manual, New York, NY, McGraw-Hill; Posselt, 1997, "Design of Burn-In Test Systems for High Power Light Emitting Diodes"; EP 0629508, EP 00507366; JP 06334223; and all references cited either by the applicants or by the examiner during patent prosecution.

Each of the asserted claims of the '868 patent is invalid as anticipated or rendered obvious. Prior art that is relevant to the validity of the '868 patent includes: EP 0876085 A2; U.S. Patent No. 5,803,579; U.S. Patent No. 5,136,483; U.S. Patent No. 3,942,065; U.S. Patent No. 5,184,114; U.S. Patent No. 5,583,349; U.S. Patent No.5,583,350; Panasonic Press Release in 1986 re Large Flat Panel Displays; Cree Research Press Release in 1994; Motozono et al., 1982, "LED Display Devices," National Technical Report, Vol. 28, No. 1, pp. 74-82; Shibata, K. 1985. "Improvements in Multicolored LEDs May Be Practical Display Alternative", Journal of Electronic Engineering, Vol. 22, No. 224, pp. 60-62; Mashiko, Y., et al. 1987. "Large-scale Color LED Display System," National Technical Report Vol. 33, No. 1, pp. 94-101; Murata, K. "Developers Continue to Refine Blue LED Technologies for Display Use," Display Devices, Vol. 6, pp. 47-50; Koga, K., et al "RGB Multi-color LED Dot-matrix Units and their Application to Large-size Flat Displays," Optoelectronics-Devices and Technologies, Vol. 7, No. 2, pp. 221-229; Murata, K. 1993, "SiC Brightens Blues for Full-Color Display Units," Journal of Electronic Engineering, Vol. 30, No. 323, pp. 59-65; Lerner, Eric J., 1997, "Laser Diodes and LEDs Light Optoelectronic Devices , Laser Focus World, February 1997, pp. 109-117; Tsujikado, K., et al. 1996. 'Large-scale Led display System," National Technical Report, Vol. 42, No. 3, pp. 18-25; UK Patent GB8723443 GB/07-LED Displays; "Toshiba Unveils TLMM700AIU and TLMM700IU LED Modules Suitable for Large Indoor Displays," Journal of the Electronics

CONFIDENTIAL – OUTSIDE COUNSEL ONLY

Industry, 1996, p. 81; "Okaya Electric Develops Interior-Use LED Color display," Journal of the Electronics Industry, 1997, p. 52; Japanese Patent 10302514; Japanese Patent 09269746; Japanese Patent 09152840; Display Part of Sign, Symbol, Picture, and the Like; Japanese Patent 07275200; WO Patent 1997048134; WO Patent 1996011499; US Patent No. 4,929,866; US Patent No. 5,808,592; US Patent No. 5,803,579; US Patent No. 3,7787,752; Martin, David et al, "Material Advances Light Full-color LED Displays", Laser Focus World, March 1997, pp. 119-124; U.S. Patent No. 5,752,766; and all references cited either by the applicants or by the examiner during patent prosecution.