# EXHIBIT F

# WILMER CUTLER PICKERING
## HALE AND DORR LLP

August 12, 2005

**By Facsimile and Email**

Aaron W. Moore, Esq.
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
1 Main Street, 11th Floor
Cambridge, MA 02142

Michael A. Oblon

THE WILLARD OFFICE BUILDING
1455 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20004
+1 202 942 8486
+1 202 942 8484 fax
michael.oblon@wilmerhale.com

Re:   Color Kinetics Incorporated v. TIR Systems Ltd., Civ. No. 03-12491-MEL

Dear Aaron:

I write in response both to your letter from yesterday and to Color Kinetics' responses to TIR's first set of interrogatories.

Your letter first requests the dates when TIR will begin and complete its production of documents in response to Color Kinetics' document requests.[1] On August 4th, I sent by email a proposed protective order to Matt Lowrie and Emily Berger. I also left a voicemail with Matt on that date, indicating that we cannot begin our production of confidential documents until we resolve an issue concerning your firm's continued prosecution of Color Kinetics' patent applications concerning the subject matter of the lawsuit. As I mentioned in the voicemail, to protect both parties, paragraph 13 of the proposed protective order restricts the prosecution activities of counsel for the parties, since counsel will have access to confidential business information of the parties and should be precluded from using that information to tailor future patents that could be asserted against them. We still have not received a response from anyone in your firm. If your client agrees to the provisions of the protective order, we can commence the production of confidential documents. In the meantime, in the next few days, we will produce TIR's non-confidential documents and other documents that do not contain confidential technical information. To the extent that these other documents contain confidential information (such as confidential financial information), TIR's production is made with the understanding that only outside counsel for Color Kinetics can review the documents pending entry of a protective order in this case.

As another matter, you also complain in your letter that discovery should not be restricted to the Destiny line of products. TIR objects to Color Kinetics' discovery requests to the extent that they call for information or documents concerning products other than the Destiny CW

---

[1]   In this discussion, you also note that Color Kinetics has produced "approximately" sixteen boxes of documents in the case thus far. Please note that we have received only fifteen boxes of documents.

BALTIMORE    BEIJING    BERLIN    BOSTON    BRUSSELS    LONDON    MUNICH
NEW YORK    NORTHERN VIRGINIA    OXFORD    PALO ALTO    WALTHAM    WASHINGTON

USIDOCS 5241793v1

Aaron W. Moore, Esq.
August 12, 2005
Page 2

(Color Wash) product. TIR makes this objection because the Destiny CW is the only product that Color Kinetics has accused of infringement. As you know, the Court ordered Color Kinetics to identify the accused products and the patent claims that it asserts are infringed, and Color Kinetics identified only this product.[2] In the seven months between the Court's Order and the production of your claim chart, there is no reason why Color Kinetics could not obtain every other TIR product as easily as it had obtained the Destiny CW product. TIR is preparing its defenses in reliance upon the information provided in your claim chart.

You next complain that TIR's response to Interrogatory No. 10 is deficient because it does not include an invalidity claim chart. TIR's interrogatory response is not "merely a laundry list of alleged prior art" and certainly is not "an attempt to shield its invalidity contentions." As provided in TIR's response, the listing separately identifies, for each asserted patent as requested in the interrogatory, the prior art that TIR has determined to be relevant to the validity of the asserted patents. Only a few weeks ago, Color Kinetics - for the first time - provided a claim chart identifying the claims that it is asserting against TIR. TIR is still in the process of identifying prior art and performing its invalidity analysis, but to date, TIR's position remains that each of the asserted claims is invalid as anticipated or obvious in light of at least the prior art disclosed in our answer to Interrogatory No. 10. We will update our answer as our analysis develops.

Of course, to determine what qualifies as prior art, TIR must know the dates of invention, *i.e.*, the dates that the inventors conceived of the alleged inventions and all facts relevant to the reductions to practice. This information also is pertinent to inventorship, best mode, and several other issues in the case. Color Kinetics' refusal to provide this information in response to TIR's first interrogatory is unacceptable. Color Kinetics' assertion that it must know the dates of our invalidating prior art before providing the dates of invention is flawed. The inventors conceived and reduced to practice the alleged inventions as of dates certain, which is not at all affected by the dates of our invalidating prior art.

Color Kinetics' responses to Interrogatories Nos. 6-9 are also unacceptable. With regard to Interrogatory Nos. 6-8, TIR is entitled to know the bases for Color Kinetics' contentions in its complaint that TIR has willfully infringed, contributorily infringed, or induced infringement of any of the patents-in-suit. By also failing to provide any response to Interrogatory No. 9, which requests information concerning Color Kinetics' investigation of the products accused of infringement, Color Kinetics is refusing to provide any information as to whether it ever had any basis for these contentions prior to filing suit against TIR, as is required by the Rules.

---

[2] TIR's Interrogatory No. 5 requested Color Kinetics to identify all products accused of infringement. In response, Color Kinetics referred only to its claim chart, which identified only the Destiny CW product as the accused product.

Aaron W. Moore, Esq.
August 12, 2005
Page 3

It is our hope that Color Kinetics will sign the protective order and respond to Interrogatory Nos. 1 and 6-9 so that we can avoid burdening the Court with discovery disputes. We look forward to your response.

Sincerely,

*[signature]*

Michael A. Oblon

USIDOCS 5241793v1