# Exhibit C

*HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY*

**Interrogatories**

Interrogatory No. 1

With regard to the subject matter disclosed and claimed in the Patents-in-Suit, please provide all facts concerning the inventors' conception and reduction to practice of the alleged invention. For each asserted patent, Color Kinetics' response should include the date and location of the first conception of the alleged invention for each claim of the patent, the date and location of the events leading to the first written representation or documentation of the alleged invention of each claim of the patent, the date and location of the first disclosure to any other person of the alleged invention of each claim of the patent by any of the named inventors (and the identity of each person to which such disclosure was made), the date and location of the first reduction to practice of the alleged invention of each claim of the patent, the date(s) and location(s) of the first public demonstration, disclosure, sale, offer for sale or other commercialization of the alleged invention of each claim of the patent, the date(s), location(s), and circumstances concerning any alleged experimental use of the alleged invention of each claim of the patent, and the identity of all documents concerning, and all person(s) knowledgeable of, this requested information.

ANSWER TO INTERROGATORY NO.1

Color Kinetics objects on the grounds that this interrogatory is overly broad, unnecessarily burdensome, and calls for information that is not relevant to the claim or defense of any party. Color Kinetics further objects to this interrogatory on the grounds that it is premature. Color Kinetics also objects to this interrogatory as vague and ambiguous, and on the grounds and to the extent that it calls for the production of confidential, proprietary, and/or privileged information, including information protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving any objections, and to the extent it is understood, Color Kinetics states that TIR has not provided invalidity contentions asserting any prior art that would require Color Kinetics to establish conception and reduction to practice earlier than the earliest effective filing dates of the applications that matured into the patents-in-suit. If and to the extent that TIR does attempt to invalidate any of the patents-in-suit and Color Kinetics will seek to rely on an earlier date of conception, Color Kinetics will supplement this interrogatory answer.

*HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY*

Color Kinetics further states that constructive reduction to practice was complete by the filing dates of the patents-in-suit. Persons with knowledge of such reduction to practice include the named inventors and the attorneys involved in the prosecution of the patents, as identified in the file histories that are being produced by Color Kinetics in response to the TIR document requests.

Color Kinetics expressly reserves the right to supplement this response as discovery progresses.

Interrogatory No. 2

With regard to any product made by Color Kinetics or its licensees that Color Kinetics contends is covered by the claims of the Patents-in-Suit, state the basis for such contention. For each product, Color Kinetics' response should include the name of the product and the claim(s) of each patent allegedly covering the product, the date and location of the first manufacture or production of the product, the date and location of the first demonstration, disclosure or public use of the product, the date and location of the first sale or offer for sale of the product and the persons making, receiving, or otherwise participating in such sale or offer for sale, and the identify of all documents concerning, and all person(s) knowledgeable of, this requested information.

ANSWER TO INTERROGATORY NO. 2

Color Kinetics objects on the grounds that this interrogatory is overly broad, unnecessarily burdensome, and calls for information that is not relevant to the claim or defense of any party. Color Kinetics also objects to this interrogatory as vague and ambiguous, and on the grounds and to the extent that it calls for the production of confidential, proprietary, and/or