UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| COLOR KINETICS INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>TIR SYSTEMS LTD.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:03-cv-12491-MEL<br>)<br>)<br>)<br>)<br>) |

### (CORRECTED) TIR SYSTEMS LTD.'S OPPOSITION TO COLOR KINETICS INC.'S MOTION TO COMPEL

**INTRODUCTION**

Shortly after Color Kinetics Incorporated ("CK") filed its complaint for patent infringement, it served document requests seeking production of all documents pertaining to every one of TIR System Ltd.'s ("TIR") products that use LEDs having different colors – the responses to which would have encompassed nearly every document in the company. Since CK's complaint provided no indication as to what patent claims were at issue and which of TIR Systems Ltd.'s ("TIR") products were alleged to infringe, as the first subject of discovery, this Court ordered CK to provide this information together with an "element-by-element explanation why such infringement is alleged for each accused product." When CK finally produced a claim chart in response to this Order eight months later (without any reasonable explanation for its extreme delay), it accused only one of TIR's products of allegedly infringing a particular subset of claims from the asserted patents. Yet now that discovery has commenced, CK still insists upon unlimited discovery under its original written discovery requests for all of TIR's multi-colored LED products. If CK intends to accuse additional products in this suit, there is no

legitimate reason why it could not have done so earlier by performing even a minimal investigation to identify products that it believed to be relevant to the asserted patents. TIR has been preparing its non-infringement and invalidity defenses in reasonable reliance upon what CK was ordered to disclose long ago, and Fed. R. Civ. P. 26(b)(1) is not a vehicle for CK to prospect for new claims when its old ones are failing.

CK also seeks invalidity claim charts for *every* claim of each asserted patent, despite the fact that TIR has already provided invalidity interrogatory responses and also indicated that it will supplement those responses *as to the asserted claims* as it discovers other references and refines its analysis during the discovery period. CK persists in this demand even though it refuses to disclose the invention dates for its patents, which TIR needs to know to determine which potentially invalidating references qualify as prior art.

Accordingly, CK's motion to compel is devoid of any factual or legal support and should be denied in its entirety.

## ARGUMENT

**I.    CK'S MOTION TO COMPEL DISCOVERY ON ALL OF TIR'S MULTI-COLORED LED PRODUCTS SHOULD BE DENIED AS OVERBURDENSOME AND IRRELEVANT TO CK'S ALLEGATIONS OF INFRINGEMENT**

As amended, Fed. R. Civ. P. 26(b)(1) requires a showing of good cause by the party seeking discovery so that "the parties and the court focus on the actual claims and defenses involved in the action." Fed. R. Civ. P. 26, Advisory Committee notes to 2000 Amendments. The rule change is "meant to alert the federal courts that they 'have the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses' that are outside the scope of

those already pleaded."[1] *Id.*, citing Fed. R. Civ. P. 26, Advisory Committee Notes (2000 Amendments). *See, e.g., Tottenham v. Trans World Gaming Corp.*, No. 00 Civ. 7697, 2002 WL 1967023, at * 2 (Jun. 21, 2002) (limiting discovery to requests seeking information relating to plaintiff's specific allegations and refusing to permit general inquiries as an attempt to ascertain if additional causes of action can be asserted); *RLS Assoc. LLC v. United Bank of Kuwait, PLC*, No. 01 Civ. 1290, 2003 WL 1563330, at *4 (SDNY Mar. 26, 2003) (limiting discovery to the claims as pleaded).

Shortly after it served what the Court recognized as a "bare-bones complaint," (9/29/04 Order, p. 1) with no actual products or patent claims identified, CK also served document requests and interrogatories broadly covering any TIR "RGB LED" product, which it defined to cover *any* multi-colored LED light system. Thus, in essence, CK's initial actions in this case were to withhold any information respecting what products it alleges might infringe, and then ask for broad discovery regarding *any* product that *might possibly* infringe.

In response to CK's initial actions, TIR moved for more particularity relating to CK's infringement allegations so that TIR might understand what it was supposed to be defending against. On September 29, 2004, this Court ordered that "CK shall provide TIR with particulars" outlining (1) which claims from the patents-in suit are alleged to be infringed, (2) which TIR products are alleged to be infringing, and (3) "an element-by-element explanation why such infringement is alleged for each accused product." (9/29/04 Order, p. 1).

---

[1] This change was brought about by "an increasing concern within the legal profession that the prior statutory language's reference to 'subject matter' permitted overbroad discovery." *Id.*, citing Fed. R. Civ. P. 26, Advisory Committee Notes (2000 Amendments).

CK waited eight months to provide any particulars in response to the Court's Order, and did so only when TIR moved to dismiss for CK's failure to comply.[2] CK did finally provide an infringement claim chart in June of this year that identified the Destiny ColorWash as the single accused product.

CK thus currently alleges that TIR's Destiny ColorWash product infringes certain claims of each of the four patents-in-suit.[3] However, CK continues to seek unfettered discovery on *all* of TIR's multi-color LED products that CK contends "may" infringe. (CK Br. p. 4). If CK asserts that products in addition to TIR's Destiny ColorWash are relevant to this case, then it has not adequately responded to this Court's Order that it identify all of the accused products and detail its infringement assertions.

CK does not cite to *a single case* to support this part of its motion. Indeed, the case law demonstrates that CK is not entitled to such broad discovery. *See In re Lupron Marketing and Sales Practices Litigation*, 2004 WL 764454, p. *1 (D. Mass) (plaintiff's motion to compel denied for discovery requests relating to drugs other than the drug that was the subject of the pricing investigation); *Vitronics v. Corp. v. Conceptronic*, 1993 WL 300882, p. *3 (D.N.H.) (discovery requests relating to a patent that was not in-suit denied as not being relevant to the subject of the controversy). CK is not allowed to conduct unfettered discovery on an array of products based on its own rank speculation. *See Diaz-Padilla*, 2005 WL 783076, at *2 ("[C]ourts should not grant discovery requests based on pure speculations that amount to nothing

---

[2] It is disingenuous, to say the least, for CK to assert that it misunderstood this Court's 9/29/04 Order to require TIR to first provide discovery requests before CK was obligated to comply with the Order. First, the Order could not be clearer that "as the first subject of discovery, CK *shall provide TIR with particulars*." Second, TIR had already requested the particulars *by virtue of filing the motion that gave rise to the Court's Order*. It is clearly not TIR's fault that CK waited more than 8 months to comply with the Court's Order, and only did so in response to TIR's Motion to Dismiss.

[3] CK's Motion to Compel stems from discovery requests relating to only three of the four patents-in-suit – U.S. Patent Nos. 6,211,626; 6,340,868; 6,459,919. CK makes no complaint with respect to TIR's disclosures respecting the fourth patent-in-suit – 6,788,011 – and TIR will thus only address the three patents at issue in this Opposition.

more than a fishing expedition into actions or past wrongdoing not related to the alleged claims or defenses.") (citation omitted); *see also Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1987)("The discovery rules are designed to assist a party to provide a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim.")(citing *Netto v. Amtrake*, 863 F.2d 1210, 1216 (5th Cir. 1990)).

Contrary to CK's argument that TIR "cannot be permitted to hide other infringing acts simply because they have not yet been caught" (CK Br. p. 4), in responding to the Court's Order, CK had some minimal duty to investigate publicly available information and ascertain whether any of TIR's other products appear to have any relevance to the asserted patents. TIR's website, at http://www.tirsys.com, illustrates and describes its lighting products and even includes a multi-page technical specification for each product. (See, e.g., Exh. A (listing of products with illustrations); Exh. B (technical specification for the Destiny ColorWash product).) Instead of undertaking this minimal investigation, however, CK insists that TIR spend *many* hours and tens of thousands of dollars to collect and process boxes upon boxes of information concerning products that are wholly irrelevant to any allegation of infringement.

The very purpose of requiring CK to provide claim charts was to narrow the issues in a case in which CK alleged infringement of four patents with over 160 claims against a defendant with multiple products. This enabled TIR to formulate a defense strategy and begin preparing its non-infringement and invalidity defenses. CK's motion to compel should be denied because it has not demonstrated the relevance of the broad discovery it seeks on non-accused products, and because it should not be allowed to proceed as if the issues in this case were as broad and undefined as when it first brought its complaint and before this Court Ordered it to narrow and focus the issues as the first order of discovery.

**II.    CK'S MOTION FOR INVALIDITY CLAIM CHARTS SHOULD BE DENIED BECAUSE IT IS OVERBROAD AND PREMATURE.**

CK's Interrogatory No. 10 asks TIR to "state the basis for [TIR's] contention" that three of the four patents-in-suit are invalid. As a first matter, this interrogatory is objectionable as overbroad to the extent that it seeks discovery regarding the validity of patent claims that have not been asserted against TIR in this action. Second, as it applies to the asserted claims, TIR has in fact preliminarily identified the prior art that invalidates the asserted claims of the patents.

To the extent that CK's interrogatory seeks an element-by-element invalidity analysis for each asserted claim, the request is premature. First, discovery is still ongoing, and CK itself has refused to provide key discovery in its sole possession relating to asserted invention dates and dates for reduction to practice. (See Exh. C (CK's response to TIR's Interrogatory No. 1).) These are key issues in the invalidity analysis, and thus CK is asking TIR to provide claim charts when CK itself is withholding key information necessary for those claim charts.

Second, TIR has never claimed that its initial response to Interrogatory No. 10 is the only response that it will give. As might be expected, instead TIR has informed CK that it intends to supplement and amend its invalidity interrogatory response after further discovery. TIR is due to take the depositions of CK and of the inventors in the coming weeks, and, as noted above, CK owes TIR more complete responses on, among other issues, conception and reduction to practice dates. TIR expects that *both* TIR and CK will need to amend their interrogatory responses to make them more complete near or at the end of fact discovery.

CK complains that it was ordered to provide particulars respecting infringement, and it is only fair play to ask TIR to provide initial particulars as well respecting invalidity. (CK Br. at p. 6). Yet CK fails to note that it *opposed* TIR's motion a year ago for a scheduling order that specifically called for *both* parties to exchange initial particulars on infringement and invalidity.

More importantly, this Court did *not* grant that portion of TIR's motion which specifically would have the parties exchange initial contentions, and instead ordered CK *only* to flesh out its complaint as the first act of discovery. Because CK's motion for invalidity claim charts is premature, and because TIR will amend its response to Interrogatory No. 10 after obtaining the necessary discovery, CK's motion should be denied.

## CONCLUSION

For the foregoing reasons, TIR respectfully requests that the Court deny Color Kinetic's First Motion to Compel in its entirety.

Dated: September 2, 2005

Respectfully submitted,

WILMER CUTLER PICKERING
  HALE AND DORR LLP


/s/  Donald R. Steinberg
Mark G. Matuschak (BBO #543873)
mark.matuschak@wilmerhale.com
Wendy Haller (BBO #652943)
wendy.haller@wilmerhale.com
Donald R. Steinberg
Don.Steinberg (BBO #652943)
60 State Street
Boston, MA 02109
Telephone: 617-526-6000

S. Calvin Walden (admitted pro hac vice)
calvin.walden@wilmerhale.com
399 Park Avenue
New York, NY 10021
Telephone: 212-937-7200

Michael A. Oblon (BBO # 634966)
michael.oblon@wilmerhale.com
1455 Pennsylvania Avenue
Washington, DC 20004
Telephone: 202-942-8400

- 8 -

Attorneys for Defendant
TIR SYSTEMS LTD.

## CERTIFICATE OF SERVICE

      I, James E. Yarin, paralegal, certify that on September 2, 2005, I caused the original of the foregoing document, **TIR SYSTEMS LTD.'S OPPOSITION TO COLOR KINETICS INC.'S MOTION TO COMPEL**, to be sent by first class mail and electronic mail pdf to counsel for the Plaintiff, Matthew B. Lowrie, Esq., at Lowrie, Lando and Anatasi, LLP, Riverfront Office Park, One Main Street, Cambridge, Massachusetts, 02142.

_____
James E. Yarin