# EXHIBIT A

Case 1:03-cv-12491-MEL    Document 40-2    Filed 09/23/2005    Page 1 of 9

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED,<br><br>        Plaintiff<br><br>v.<br><br>TIR SYSTEMS LTD.,<br><br>        Defendant. | Civil Action No.:  03-cv-12491 (MEL) |

**COLOR KINETICS' REPLY MEMORANDUM
IN SUPPORT OF ITS FIRST MOTION TO COMPEL**

Plaintiff Color Kinetics Incorporated ("Color Kinetics") submits this reply in support of its First Motion to Compel.  It is believed that this reply will aid the Court in its resolution of the issues raised in the motion.

TIR continues to refuse to produce documents concerning products that are reasonably believed to be likely to infringe, and it refuses to detail its invalidity contentions.  TIR's stonewalling on the document production concerning its products is deliberately calculated to prevent Color Kinetics from proving its infringement case; TIR's complete refusal to detail its invalidity contentions is intended to prevent Color Kinetics from being able to address those contentions during the discovery period.

**I.     INFORMATION CONCERNING "RGB LED PRODUCTS" IS HIGHLY
        RELEVANT AND PRODUCTION WOULD NOT BE OVERBURDENSOME**

The document requests at issue in the motion to compel are narrowly tailored to discover information concerning products that Color Kinetics believes are likely to be covered by the claims of the asserted patents, specifically, products "that are capable of generating more than

- 1 -

one color of light through the use of light emitting diodes."

This information is plainly relevant to the "claims and defenses of the parties"—the standard offered by TIR in its opposition, because it relates to infringement of the patents that are the subject of this suit.[1]  Indeed, it is hard to imagine material that would be more pertinent in a patent case than documents concerning the structure and operation of products that are believed to infringe.

Fed. R. Civ. P. 26 is broader than TIR suggests, as it allows discovery of information "relevant to the subject matter involved in the pending action," which has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.  See Hickman v. Taylor, 329 U.S. 495 (1947).  The Supreme Court has made clear that, consistent with the notice pleading system established by the Federal Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.  Id. at 500-501.

TIR maintains that it should not be required to produce these documents because Color Kinetics "has not demonstrated the relevance of the broad discovery it seeks on non-accused products."  (Opp. at 5.)  TIR's position is that Color Kinetics must prove infringement before getting any documents.  This is unsupportable.  Color Kinetics needs to see the documents in order to establish infringement.

If Color Kinetics were to attempt to base infringement claims on the very general material available on the TIR web site, as TIR suggests that it should, TIR would immediately complain that Color Kinetics had not provided enough information.  This is because the material

---

[1] For this reason, TIR's citations to Tottenham v. TransWorld Gaming Corp., No. 00-7697, 2002 U.S. Dist. LEXIS (S.D.N.Y. Jun. 21, 2002), and RLS Assocs. v. United Bank of Kuwait, No. 01-1290, 2003 U.S. Dist. LEXIS 4539 (S.D.N.Y. Mar. 26, 2003), for the proposition that discovery should be limited to the claims as pled, are unavailing. Color Kinetics' claims of patent infringement are pled in the Complaint.

on the web site is not sufficiently detailed to confirm that the claims of the patents-in-suit read on these products. For example, it is not possible to discern from the document attached as Exhibit B to the Opposition whether or not the Destiny CW product includes a "heat spreader" plate, as required by certain of the claims of the patents-in-suit. When the actual product was disassembled by Color Kinetics, however, it became clear that the limitation is met, as shown in the claim charts that have been provided to TIR. The same and similar things would be true of the other products. Color Kinetics cannot assemble its proof, however, as long as TIR refuses to produce the documents.

TIR's assertion that these document requests would "encompass[] nearly every document in the company" (Opp. at 1) is inaccurate and entirely overstated. The request only covers <u>color-changing</u> LED products, while it appears from TIR's own website that most or all of TIR's largest product lines are <u>not color-changing</u>. Color Kinetics is seeking <u>only</u> documents concerning these products, and most certainly not "nearly every document in the company." <u>Id</u>.

The Court required Color Kinetics to provide "preliminary" infringement claim charts, which it did. That order was clearly not calculated, however, to foreclose Color Kinetics from seeking discovery concerning <u>other</u> products that appear likely to infringe. That is exactly the purpose of the discovery period and the discovery requests at issue. TIR's assertion that Color Kinetics "has not adequately responded to this Court's Order that it identify all of the accused products and detail its infringement assertions" (Opp. at 4) is a deliberate mischaracterization of the Order and is also untrue. Color Kinetics, in fact, provided a highly detailed claim chart of its "preliminary" infringement contentions, i.e., its detailed contentions concerning infringement by the products for which it had information at the time. Nothing more was required by the Court's Order, and the Court certainly was not requiring Color Kinetics to provide details that are

currently being withheld by TIR.

Patentees are entitled to ask alleged infringers to produce documents on potentially infringing products. See, e.g., Western Emulsions v. Copperstate Emulsions, No. 95-690, 1997 U.S. Dist. LEXIS 14690, at *9 (D. Ariz. Mar. 18, 1997) (granting a motion to compel because the patentee was entitled to determine the potentially infringing products for itself); Rohm & Haas Co. v. Brotech Corp., No. 90-109, 1990 U.S. Dist. LEXIS 20117, at *22 (D. Del. Sept. 14, 1990) (approving the patentee's discovery requests "[u]nder the principles of notice pleading and liberal discovery" and granting its motion to compel).

The cases cited by TIR are not to the contrary. For example, the court in In re Lupron Marketing and Sales Practices Litigation, No. 01-10861, 2004 U.S. Dist. LEXIS 7812 (D. Mass. Mar. 17, 2004), refused to compel production of documents relating to drugs other than the one that was the subject of the price investigation, and the court in Vitronics Corp. v. Conceptronic, Inc., No. 91-696, 36 F. Supp. 2d 440 (D.N.H. 1997), denied discovery requests relating to a patent that was not in the suit. Here, of course, the discovery requests are directed to products that are believed to infringe the patents-in-suit in this case. TIR cites no case in which a patentee was refused discovery on products that were alleged to infringe. This is not a "fishing expedition," as TIR would have the Court believe; rather, Color Kinetics is seeking discovery concerning products that it reasonably believes are likely to be covered by the patents-in-suit.

Finally, the notion that TIR will be prejudiced because it has been preparing its case in "reasonable reliance" on the idea that the Destiny CW was the only product accused in this case it also specious, as Color Kinetics has maintained from the very beginning of this case, two years ago, that multiple TIR products infringed. The only reason that Color Kinetics has not detailed its infringement contentions on the other products to date is that TIR will not tell Color Kinetics

how they work. TIR cannot be permitted to improperly withhold documents and then support its efforts to suppress those documents by subsequently arguing that it relied on its own improper withholding.

## II.  COLOR KINETICS' REQUEST FOR INVALIDITY CLAIM CHARTS IS NEITHER OVERBROAD NOR PREMATURE

Color Kinetics has asserted claims of patent infringement and, at TIR's insistence, prepared detailed preliminary infringement claim charts in support of its contentions. TIR has provided no such support for its bald allegations of invalidity of the patents-in-suit, despite an interrogatory requesting just that. Even in its opposition brief, TIR does not deny that it has failed to explain whether it contends that the patents were anticipated or, instead, obvious, failed to otherwise explain the relevance of the numerous items identified, and failed to provide an element-by-element analysis of any validity contention with respect to any claim or any piece of prior art.

TIR's (untrue) objection that it only just received the infringement claim charts recently is irrelevant given that TIR has the burden of proof on validity and both pleaded it and provided executed interrogatory answers asserting invalidity. To have complied with its obligations under the Rules, TIR must have had already conducted a complete validity analysis; if TIR is unaware of a prima facie case of invalidity, it should never have asserted the defense.

TIR's assertion that it requires discovery from Color Kinetics before it can detail its invalidity is contentions is also entirely untrue. TIR does not even bother to explain its supposed need for the information. This is because it cannot. The information that TIR claims it does not have, dates for invention and reduction to practice, comes into play only after TIR establishes a prima facie case of invalidity and Color Kinetics then seeks to establish an invention date earlier than the patent filing date. Thus, TIR's assertion that "Color Kinetics is asking TIR to provide

claim charts when Color Kinetics itself is withholding key information necessary for those claim charts" (Opp. at 6) is based on either a misunderstanding or misrepresentation of patent law. It is also undercut by the fact that TIR has already both pled invalidity and submitted verified interrogatory answers asserting invalidity.

This is another instance of TIR trying to "hide the ball," this time by responding to an interrogatory requiring TIR to "state the basis" for its invalidity contention with a bare listing of alleged prior art references and no effort to explain whether the references are allegedly anticipatory, whether they are to be combined to render the claims obvious (and if so, which references are to be combined), and where in each reference the various limitations of the patent claims are to be found. Just as TIR required Color Kinetics to correlate the claim limitations to the accused products, so, too, must TIR be required to correlate the claim limitations to the alleged prior art.

Finally, the notion that the invalidity contention interrogatory is "premature" is absurd. TIR has obviously already conducted its invalidity analysis; it must have done so in order to allege that the patents are invalid and state as much in an interrogatory answer, and, in fact, TIR conspicuously does not claim that it has not done the analysis. TIR simply does not want to share this information with Color Kinetics at this point in order to prevent Color Kinetics from rebutting the arguments and conducting any necessary, related discovery. Color Kinetics is entitled to this information in response to its valid discovery request now.

## **CONCLUSION**

TIR has done virtually everything in its power to avoid producing documents relating to the scope of its infringement of the patents-in-suit and to avoid providing its invalidity contentions. Color Kinetics reiterates its request that this Court grant the relief requested in the Motion to Compel.

                        Respectfully submitted,

                        COLOR KINETICS INCORPORATED

Dated: September 23, 2005        by:       /s/ Aaron W. Moore
                        Matthew B. Lowrie, BBO No. 563,414
                        Aaron W. Moore, BBO No. 638,076
                        Emily A. Berger, BBO No. 650,841
                        Lowrie, Lando & Anastasi, LLP
                        Riverfront Office Park
                        One Main Street - 11th Floor
                        Cambridge, MA 02142
                        Tel : 617-395-7000
                        Fax: 617-395-7070

- 8 -

**CERTIFICATE OF SERVICE**

    I hereby certify that today I caused a true and correct copy of this motion and the attached Exhibits to be served, by CM/ECF, on the following counsel of record:

Mark G. Matuschak, Esq.
mark.matuschak@wilmerhale.com
Donald R. Steinberg, Esq.
donald.steinberg@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

Michael A. Oblon, Esq.
michael.oblon@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W.
Washington, DC 20004

Dated: September 23, 2005                        /s/ Aaron W. Moore
                                                                                                                   Aaron W. Moore

771071.1