UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED,<br><br>              Plaintiff,<br>v.<br><br>TIR SYSTEMS LTD.,<br><br>              Defendant. | Civil Action No. 1:03-cv-12491-MEL |

## DEFENDANT TIR SYSTEMS LTD.'s
## FIRST SET OF INTERROGATORIES TO
## PLAINTIFF COLOR KINETICS INCORPORATED (NOS. 1-13)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant TIR Systems Ltd. ("TIR") propounds the following interrogatories to be answered separately and fully in writing and under oath within thirty (30) days after service by an officer or agent of Plaintiff Color Kinetics Incorporated ("Color Kinetics").

### INSTRUCTIONS

The following instructions apply to the interrogatories below and should be considered as a part of each such interrogatory.

1. These interrogatories are directed to Color Kinetics and: (a) their present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors, or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Color Kinetic's behalf or on whose behalf Color

Kinetics has acted; and (c) any other person otherwise controlled by Color Kinetics, or which controls Color Kinetics, or which is under common control with Color Kinetics.

2.      If you withhold any of the requested information under a claim of privilege or other protection, produce within 10 days of the date on which responses are required pursuant to these interrogatories, or at such time as directed by the Court, a log of the information withheld sufficient to evaluate the privilege claimed that, at a minimum, separately identifies: (a) all persons who know the information or participated in any conversation about or consideration of the information, and each such person's job title, last know address and telephone number, and whether such person is an attorney or a foreign patent agent (and if the latter, the relevant country); (b) the basis of any privilege claim; (c) a description of the subject matter of the information; (d) the date or approximate date on which the communication occurred; and (e) the general nature or description of the communication (i.e., whether it is a discussion, letter, memorandum, minutes of a meeting, etc.) and the number of pages if the communication is embodied in a document.

3.      These interrogatories are continuing so as to require Color Kinetics' further and supplemental responses in accordance with Fed.R.Civ.P.26(e). If any document, thing or source of information identified in answer to an interrogatory has been destroyed, with regard to such destruction state: (a) the date of such destruction; (b) the reason for such destruction; (c) the identity of the person or persons who destroyed the document, thing or source of information; and (d) the identity of the person or persons who authorized such destruction.

WILMER CUTLER PICKERING
HALE AND DORR LLP
FILE COPY

4.      If in answering these interrogatories you claim any ambiguity exists in either the interrogatory or an applicable definition or instruction, identify in your response the language you consider ambiguous and state the interpretation you are using in responding.

5.      To the extent any interrogatory is objected to as overly broad and/or unduly burdensome, please set forth the factual basis for such claim, set forth the more narrowly-defined basis, if any, on which you are prepared to respond to such interrogatory, and respond to the interrogatory on that basis.

6.      To the extent that any of the following interrogatories may include language quoted from the Amended Complaint, this in no way constitutes an admission of any factual allegation or concession of any legal proposition contained therein.

7.      According to the Federal Rules of Civil Procedure and the Local Rules of this Court, a copy of your written responses to these interrogatories must be served within thirty (30) days after service hereof on Mark G. Matuschak, Esq., attorney for TIR, at the address listed below:

>       WILMER CUTLER PICKERING
>       HALE AND DORR LLP
>       60 State Street
>       Boston, MA 02109
>       Telephone: 617-526-6000

8.      Defendant reserves the right to serve additional interrogatories, in one or in several sets of additional requests as allowed under the Federal Rules and the Local Rules of this Court.

WILMER CUTLER PICKERING HALE AND DORR LLP FILE COPY

US1DOCS 5171580v4

## DEFINITIONS

The following definitions apply to the interrogatories set forth below and to the instructions provided heretofore.

1. The Uniform Definitions In Discovery Requests of Local Rule 26.5 are incorporated herein by reference.

2. "Color Kinetics" means and refers to Plaintiff Color Kinetics Inc. and each of its parent, subsidiary, affiliated or controlled companies and joint ventures, their respective directors, officers, employees, agents, attorneys, accountants and any other person who acted or purported to act on their or any of their behalf.

3. "Patents-in-Suit" refers separately and collectively to the patents alleged by Color Kinetics in its Amended Complaint to be infringed by TIR: United States Letters Patent Nos. 6,340,868; 6,211,626; 6,459,919; and 6,788,011.

4. "Counterparts" of a patent or patent application means all domestic patents and patent applications (other than the specific patent or application) and all foreign patents and patent applications which claim the benefit of the filing date of the specific patent or patent application or contain (explicitly or by incorporation by reference, or otherwise) a majority of the disclosure of the specific patent or patent application.

5. "Prior Art" means all publications, patents, physical diaries, prototypes, uses, sales, offers for sale or other activity relating to the subject matter of the Patents-in-Suit and existing on, or occurring at, a date such as to be relevant under any subdivision of 35 U.S.C. §§ 102, 112 or 103.

6.  "License" encompasses any oral or written agreement between Color Kinetics and any other person purporting to transfer any right or interest in the Patents-in-Suit or Counterparts thereof, such agreements include without limitation any agreements referred to as licenses, offers for licenses, attempts to license, sublicenses, covenants not to sue, freedom to operate agreements, non-assert agreements, and settlement agreements.

7.  "Amended Complaint" means the amended complaint filed by Color Kinetics in *Color Kinetics Inc. v. TIR Systems Ltd.*, Civ. Action No. 03 CV 12491 (MEL).

8.  "And" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.  "All" means all and each, and "each" means all and each.

10. The use of the singular form of any word includes the plural, and the use of any plural form includes the singular.

### INTERROGATORIES

#### Interrogatory No. 1.

With regard to the subject matter disclosed and claimed in the Patents-in-Suit, please provide all facts concerning the inventors' conception and reduction to practice of the alleged invention. For each asserted patent, Color Kinetics' response should include the date and location of the first conception of the alleged invention for each claim of the patent, the date and location of the events leading to the first written representation or documentation of the alleged invention of each claim of the patent, the date and location of the first disclosure to any other person of the alleged invention of each claim of the patent by any of the named inventors (and the identity of each person to which such disclosure was made), the date and location of the first reduction to practice of the alleged invention of each claim of the patent, the date(s) and location(s) of the first public demonstration, disclosure, sale, offer for sale or other commercialization of the alleged invention of each claim of the patent, the date(s), location(s), and circumstances concerning any alleged experimental use of the alleged invention of each

claim of the patent, and the identity of all documents concerning, and all person(s) knowledgeable of, this requested information.

**Interrogatory No. 2.**

With regard to any product made by Color Kinetics or its licensees that Color Kinetics contends is covered by the claims of the Patents-in-Suit, state the basis for such contention. For each product, Color Kinetics' response should include the name of the product and the claim(s) of each patent allegedly covering the product, the date and location of the first manufacture or production of the product, the date and location of the first demonstration, disclosure or public use of the product, the date and location of the first sale or offer for sale of the product and the persons making, receiving, or otherwise participating in such sale or offer for sale, and the identity of all documents concerning, and all person(s) knowledgeable of, this requested information.

**Interrogatory No. 3.**

With regard to the subject matter of each of the Patents-in-Suit and Counterparts to the Patents-in-Suit, identify all Prior Art with respect to each patent or application. For each item of Prior Art, Color Kinetics' response should include the identity of the person(s) most familiar with the Prior Art and the circumstances under which Color Kinetics became aware of the Prior Art.

**Interrogatory No. 4.**

Identify each instance in which a third party asserted that any of the Patents-in-Suit or Counterpart to the Patents-in-Suit is invalid. For each instance, Color Kinetics' response should identify the third party who asserted invalidity and the date of such assertion, identify any documents relating to the assertion and the identity of the Patent-in-Suit or Counterpart to the Patent-in-Suit alleged to be invalid, and state whether the assertion resulted in any legal proceeding, License, or any other form of settlement.

**Interrogatory No. 5.**

Identify each product of TIR's alleged to infringe any of the Patents-in-Suit. For each product, Color Kinetics' response should include the identification of each and every claim of each patent that Color Kinetics contends is infringed by the product, the identification of the specific acts that Color Kinetics contends constitute infringement, a detailed and specific element-by-element and part-by-part comparison between each allegedly infringing product and each limitation in each allegedly infringed claim, whether each claim is alleged to be infringed literally, under the doctrine of equivalents, or both, and the identification of the documents that relate to and all persons(s) knowledgeable about the requested information.

**Interrogatory No. 6.**

State, in detail, the basis or bases for Color Kinetics' contention that TIR has willfully infringed any of the Patents-in-Suit. For each basis or bases, Color Kinetics' response should

include the identification of all facts and documents evidencing such alleged willful infringement and the identification of all person(s) knowledgeable about the response to this interrogatory.

**Interrogatory No. 7.**

State, in detail, the basis or bases for Color Kinetics' contention that TIR has contributorily infringed any of the Patents-in-Suit. For each basis or bases, Color Kinetics' response should include the identification of all facts and documents concerning any component(s) sold or provided by TIR relating to this contention, the identification of all facts and documents evidencing the materiality of such component(s), and the identification of all facts and documents showing TIR's knowledge that such component(s) were especially made or adapted for a use that would infringe the patent and all person(s) knowledgeable about the response to this interrogatory.

**Interrogatory No. 8.**

State, in detail, the basis or bases for Color Kinetics' contention that TIR has induced infringement of any of the Patents-in-Suit. For each basis or bases, Color Kinetics' response should include the identification of all facts and documents evidencing how any service or product sold or provided by TIR has assisted or induced infringement of the patent and the identification of all facts and documents showing any specific intent on the part of TIR's to encourage others to infringe the patent and all person(s) knowledgeable about the response to this interrogatory.

**Interrogatory No. 9.**

For every product, component, service or process of TIR accused of infringement by Color Kinetics, state whether Color Kinetics has tested, investigated, or inspected such product, component, service or process of TIR to determine whether the product, component, service or process infringes any claim of any of the Patents-in-Suit, identify the date of each such test, investigation or inspection, identify and describe each such test, investigation or inspection, identify all persons involved in each such test, investigation or inspection, and identify all reports and other documents which relate to it.

**Interrogatory No. 10.**

Identify all persons Color Kinetics has ever charged with infringement of any of the Patents-in-Suit or communicated with concerning the possibility of that person entering into a License, sublicense or other agreement under any of the patents-in-suit, and for each such person, identify all documents that relate to such charges or communications, including all correspondence with each such person, any resulting License, sublicense or other agreements, and identify all persons having knowledge of such charges or communications.

**Interrogatory No. 11.**

Separately for each of the Patents-in-Suit, state whether Color Kinetics will contend that there is any objective indicia of non-obviousness relating to the subject matter falling within the scope of any claim of the Patents-in-Suit, and, if so state with particularity such objective indicia,

US1DOCS 5171580v4

WILMER CUTLER PICKERING
HALE AND DORR LLP
FILE COPY

identify all facts, bases, reasons or grounds that relate to such objective indicia, identify all documents concerning or relating to any such contention, and identify all persons having knowledge of any such contention.

**Interrogatory No. 12.**

Identify each witness (expert or fact) who Color Kinetics intends to call to testify at trial, either by deposition or in person, stating the name, address, and telephone number of each such witness and the subject matter on which the witness is expected to testify.

**Interrogatory No. 13.**

State, in detail, each and every basis for any contention by Color Kinetics regarding the measure and proper calculation of damages requested in the Amended Complaint. For each basis or bases, Color Kinetics' response should include any alleged lost profits, any alleged reduction in royalties, any alleged price erosion, any alleged rights to costs and attorneys' fees, any alleged right to trebled damages, any alleged right to pre-judgment and/or post-judgment interest, any other damages alleged, and the identity of all documents concerning, and all person(s) knowledgeable of, this requested information.

Dated: June 27, 2005

Respectfully submitted,

WILMER CUTLER PICKERING
HALE AND DORR LLP

Mark G. Matuschak (BBO #543873)
Wendy A. Haller (BBO # 652943)
60 State Street
Boston, MA 02109
Telephone: 617-526-6000

Attorneys for Defendant
TIR SYSTEMS LTD.

WILMER CUTLER PICKERING
HALE AND DORR LLP
FILE COPY

## CERTIFICATE OF SERVICE

I, Wendy A. Haller, certify that on June 27, 2005, I caused the original of the foregoing document, **DEFENDANT TIR SYSTEMS LTD.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF COLOR KINETICS INCORPORATED (NOS. 1-13)**, to be sent by courier for hand delivery to counsel for the Plaintiff, Matthew B. Lowrie, Esq., at Lowrie, Lando and Anatasi, LLP, Riverfront Office Park, One Main Street, Cambridge, Massachusetts, 02142.

_____
Wendy A. Haller

WILMER CUTLER PICKERING
HALE AND DORR LLP
FILE COPY