UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| COLOR KINETICS INCORPORATED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TIR SYSTEMS LTD, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 1:03-cv-12491-MEL |

## TIR SYSTEMS LTD.'S MOTION FOR PROTECTIVE ORDER WITH SUPPORTING MEMORANDUM

TIR Systems Ltd. ("TIR") hereby requests that the Court enter the Proposed Protective Order attached as Exhibit A to this Motion. TIR and Color Kinetics Incorporated ("CK") have agreed in principle – with the exception of one issue - to a Protective Order for this litigation. The parties dispute whether those individuals who prosecute CK patents related to the patents-in-suit should also be allowed to litigate this case.

Attorneys of the Lowrie, Lando, Anastasi, LLP firm (the Lowrie firm), litigation counsel for CK, have prosecuted patent applications related to the patents-in-suit and may do so in the future. Mindful of the potential conflicts of interest inherent in litigating and prosecuting the same patents, TIR Systems Ltd. has proposed a protective order provision to prevent any attorney or other personnel who participate in this litigation from participating in the prosecution of applications related to the patents-in-suit. CK has agreed to abide by a similar provision to speed the production of documents. CK is not willing, however, to jointly move for a protective order containing the contested provision. CK's unwillingness to agree to entry of the protective

order prejudices TIR's ability to produce technical information without fear of abuse by opposing counsel.

I.  **Background**

TIR and CK are direct competitors in the LED lighting market. (CK Mem. for First Mot. to Compel at 2.) CK has asserted four U.S. patents against TIR: 6,340,868; 6,211,626; 6,459,919; and 6,788,011 (the "patents-in-suit"). Each of the patents-in-suit claims priority from U.S. Application Serial No. 08/920,516, an application that issued as U.S. Patent No. 6,016,038. The Lowrie firm is currently listed as the correspondence contact for at least two U.S. Patent Applications filed within the last year that also claim priority from application serial no. 08/920,516: 20050062440 and 20050047132. *See* Exhibits J & K (applications from the USPTO website).

On August 4, 2005, TIR sent CK a draft of a proposed protective order. Exhibit B (Email from M. Oblon to A. Moore). The proposed protective order contained the following provision:

> 13. Notwithstanding any provision of this Order, attorneys for Lowrie, Lando, and Anatasi LLP and Wilmer Cutler Pickering Hale and Dorr LLP are precluded from preparing or prosecuting, or supervising the preparation or prosecution of, or providing any "Confidential" information received under this Order to any person involved in preparing or prosecuting, any patent applications, reissue proceedings, or reexamination proceedings with the United States Patent and Trademark Office ("USPTO") or any similar proceedings with any foreign counterpart to the USPTO, involving any patent or patent application on behalf of (or to be assigned to) either Color Kinetics or TIR, having an effective filing date before this action (including any continuation, continuation-in-part, or divisional application, or application claiming priority from a provisional application, filed on behalf of Color Kinetics or TIR before this action).

On August 12, 2005, TIR indicated that it could not "begin [] production of confidential documents until we resolve an issue concerning [the Lowrie] firm's continued prosecution of

Color Kinetic's patent applications concerning the subject matter of the lawsuit." Exhibit C (Ltr. from M. Oblon to A. Moore).

On August 17th, CK identified two concerns with the proposed protective order: one regarding adding another tier of confidentiality, and another regarding the ability of attorneys working on the case to prosecute related case. Specifically, CK proposed that "no individual attorney who sees confidential information would ever prosecute related cases." Exhibit D (Aug. 17, 2005 12:20 PM email from A. Moore to M. Oblon). The parties traded emails on the prosecution issue until on August 22, 2005, CK agreed (except with regard to a modification not at issue here) to "abide by the proposed order as it stands" – that is, TIR's August 4, 2005 proposal. Exhibit E (Aug. 22, 11:30 AM email from A. Moore to M. Oblon).

Subsequently, the parties exchanged proposed language to address the patent prosecution issue. On August 23, 2005, CK proposed the following deletions (material in brackets) and additions (underlined material) to TIR's latest language for the prosecution provision:

> Notwithstanding any provision of this Order, any attorney or employee of Lowrie, Lando, and Anastasi LLP or Wilmer Cutler Pickering Hale and Dorr LLP who [participates in any way in this action, or who] has access to or learns of <u>the substance of</u> any material designated "Confidential" under this Order, is prohibited from preparing or prosecuting, or supervising or <u>substantively</u> participating in any way in the preparation or prosecution of, or disclosing such Confidential information in any way to any person involved in preparing or prosecuting, any patent applications, reissue proceedings, or reexamination proceedings with the United States Patent and Trademark Office ("USPTO") or any similar proceedings with any foreign counterpart to the USPTO, involving any patent or patent application on behalf of (or to be assigned to) either Color Kinetics or TIR, having an effective filing date before this action (including any continuation, continuation-in-part, or divisional application, or application claiming priority from a provisional application, filed on behalf of Color Kinetics or TIR before this action). This provision shall expire three years from the date of the final resolution of this action.

Exhibit F (Aug. 23, 2005 6:42 PM email from A. Moore to M. Oblon). At the same time, counsel for CK represented that the Lowrie firm "is not currently handling any prosecution matters" for CK. *Id.*

On August 24, 2005, TIR rejected CK's modifications to the latest proposed language. Exhibit G (Ltr. from M. Oblon to A. Moore). On August 25, 2005, CK promised a response to TIR's letter and again agreed "to operate under the terms of [TIR's] proposed order." Exhibit H (Aug. 25, 2005 10:26 AM email from A. Moore to M. Oblon (third email in string)). On the same day, CK agreed to "abide by the proposed order as it stands" with a modification regarding another tier of confidentiality. Exhibit H (Aug. 25, 2005 3:16 PM email from A. Moore to M. Oblon (first email in string)). On August 30, TIR clarified the basis upon which it was agreeing to produce documents:

> [Y]ou agree that TIR's documents and the information provided therein will not be disclosed to anyone at your firm who performs patent prosecution for Color Kinetics, and that none of the attorneys at your firm who has any involvement in this case will perform patent prosecution for Color Kinetics (or provide advice to others regarding the same).

Exhibit I (Ltr. from M. Oblon to A. Moore). CK has not disagreed with TIR's August 30, 2005 letter.

## II. Argument

The parties agree that a protective order is necessary to prevent the intentional or inadvertent misuse of proprietary technical information. *See* Fed. R. Civ. P. 26(c)(7). The parties have agreed in principle that a provision of the protective order should address patent prosecution by those involved in the litigation. The only issue is the *scope* of the provision regarding patent prosecution.

4

TIR and CK are direct competitors. "Courts have presumed that disclosure to a competitor is more harmful than disclosure to a noncompetitor." *American Standard, Inc. v. Pfizer Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987)(citation omitted). Concerns about disclosure are especially pertinent in the patent prosecution context where one competitor with access to another competitor's technical information "can make the claims read on new products and new directions." *Motorola*, 1994 WL 16189689 at *4 (quotation omitted).

The Federal Circuit has held that whether counsel is involved in "competitive decisionmaking" should inform whether access is allowed access to information. *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 & n.3 (Fed. Cir.) Several other courts – specifically in the context of ruling on proposed protective orders - have found that patent prosecution on behalf of a client requires competitive decisionmaking. *Commissariat A L'Energie Atomique v. Dell Computer Corp.*, 2004 WL 1196965 at *2, May 25, 2004 (D. Del.)(prosecuting patent applications involves decisions of scope and emphasis that implicate competitive decisionmaking); *Chan v. Intuit, Inc.*, 218 F.R.D. 659, 661 (D. N.D. Cal.)(providing advice on the scope of patent claims is competitive decisionmaking); *In re Papst Licensing, GmbH, Patent Litigation*, 2000 WL 554219 at *4, May 4, 2000 (E.D. La)(advice and participation of counsel in preparation and prosecution of patent applications related to the patents in suit is an intensely competitive decisionmaking activity); *Motorola, Inc. v. Interdigital Technology Corp.*, 1994 WL 16189689 at *4, Dec. 19, 1994 (D. Del.)(process of prosecuting patent applications involves decisions of scope and emphasis and therefore competitive decisionmaking). It is the prosecuting attorney's "intimate relationship" with the subject matter of an application that "makes a limit on [litigation] counsel's ability to prosecute patents appropriate." *Medtronic, Inc. v. Guidant Corp.*, 2001 WL 34784493 at *4, Dec. 20, 2001 (D. Minn.).

5

A protective order regarding prosecution is particularly necessary where, as here, litigation counsel may be prosecuting patents related to those in suit. *Motorola*, 1994 WL 16189689 at *1 (continuation or divisional applications related to patents-in-suit); *Mikohn Gaming Corp. v. Acres Gaming Inc.*, 50 U.S.P.Q.2d 1783, 1785 (D. Nev. 1998)(same).

### A. The sole contested provision of the proposed order is narrowly tailored to protect confidential information.

TIR seeks a narrowly tailored, bright line rule for ensuring protection of its technical information.[1] TIR's proposed provision would prevent any attorney or employee of the Lowrie firm who works on this litigation or learns of TIR's confidential information to be barred from patent prosecution of applications related to the patents-in-suit. TIR's proposal does not seek to completely bar the Lowrie firm from prosecuting CK's patent applications. TIR's proposal does not even seek to bar the Lowrie firm from prosecuting applications *related to* the patents-in-suit – a significant compromise from its original position. TIR's proposal is simple: those on the case and anyone else who learns of confidential information at a firm cannot prosecute or advise in the prosecution of an application related to the patents-in-suit.

CK's counterproposal would include only those who have access to or who learn of the "substance" of confidential information in the provision's prohibition. Furthermore, CK would bar only "substantive" participation in patent prosecution. CK's suggested revisions to the proposed language are both unworkable as a practical matter and so vague (e.g., "substance" and "substantive") as to prevent effective enforcement.

As observed by the Federal Circuit, "[i]nadvertence, like the thief-in-the-night, is no respecter of its victims. Inadvertent or accidental disclosure may or not be predictable." *U.S. Steel*, 730 F.2d at 1468. It is precisely the inadvertent disclosure of confidential information that

---

[1] The proposed prohibition on prosecution activity applies to litigation counsel and employees of both parties.

TIR seeks to guard against by proposing a ban on any person in the Lowrie firm assigned to this case from participating in prosecution of applications related to the patents-in-suit. An employee assigned to a non-confidential issue (assuming that there are "non-confidential issues" that do not require some familiarity with confidential information) may become privy to TIR confidential information, as for instance through team meetings, emails amongst team members, and other activities where an employee is likely to hear about an infringement analysis of the accused products. Furthermore, an employee exposed to TIR confidential information may not even recognize it as such until some later date when working on a CK patent. Mentally compartmentalizing TIR's information while zealously prosecuting an application "would be a sisyphean task . . . . the level of introspection that would be required is simply too much to expect, no matter how intelligent, dedicated, or ethical the [employee] may be." *Motorola*, 1994 WL 16189689 at *5. TIR simply seeks to avoid any of these uncertainties with respect to law firm employees that work on the case. Those Lowrie employees not involved in the case and not privy to confidential material would be free to prosecute CK applications.

    A bright line rule is necessary in this instance because it otherwise would be nearly impossible for TIR to discover whether anyone at the Lowrie firm has violated the protective order. If a Lowrie attorney is exposed to confidential information and doesn't recuse himself from prosecuting CK's patents, the resulting harm might not surface until years later, when a CK patent is issued. By then, if TIR suspects that its confidential information was misused, it will be hard pressed to find a remedy, since the Lowrie firm undoubtedly will assert the attorney-client and work product privileges in response to discovery requests concerning this subject matter.

    CK's addition of the terms "substance" and "substantively" in its counterproposal are obvious attempts to muddy the waters. *See* Exhibit F (Aug. 23, 2005, 5:56 PM and 6:42 PM

7

emails). These terms would leave an attorney who learns of confidential information to ponder – after the fact – whether the exposure was to the "substance" of the confidential information, whatever that means.

The term "substantively" also is so vague as to be useless and undermines the remainder of a clause addressed to preventing involvement in patent prosecution "in any way." Courts are well aware of – and have crafted protective order provisions to prevent - the various ways that contributing to the prosecution of a patent with knowledge of a competitor's technical information can be damaging to the interests of the competitor. *See Interactive Coupon Marketing Group, Inc. v. H.O.T.! Coupons, LLC*, 1999 WL 618969 at *3, Aug. 9, 1999 (N.D. Ill.)(competitive decisionmaking "can extend to the *manner* in which patent applications are shaped and prosecuted"(emphasis added)); *In re Pabst Licensing*, 2000 WL 554219 at *5 (applying prosecution restriction to counsel "prosecuting, supervising or assisting in the prosecution of patent applications related to the subject matter of the patents in suit"); *Chan*, 218 F.R.D. at 661("[t]his Court finds that patent prosecution includes *advice* regarding the scope of claims of a patent"(emphasis added)); *WM. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 2005 WL 146967 at *2, Jan. 21, 2005(N.D. Ill.)(prohibiting participation "in any way, *direct or indirect*, in the prosecution or *support* of the prosecution of any patent application" (emphasis added)); *Medtronic*, 2001 WL 34784493 at *4 (finding that a determination about "what to disclose to the PTO and how to draft patent claims" is participating in a client's decisions). This Court should similarly enter the proposed order and avoid terms like "substance" and "substantively" that provide only uncertainty in the future and neglect the sometimes subtle serious effects of even subtle participation in patent prosecution.

### B. CK has already agreed to abide by a similar provision and TIR has produced documents in reliance on that agreement.

In fact, CK has already agreed to abide by TIR's proposed language. Exhibit E (Aug. 22, 2005, 11:30 PM email from A. Moore to M. Oblon). CK also has told TIR that it would seek a less restrictive provision than that proposed by TIR, but it has not. Exhibit H (Aug. 25, 2005, 3:16 PM email from A. Moore to M. Oblon). Neither has CK identified procedures it has in place or will abide by to prevent inadvertent disclosures to those not intended to have access to confidential document. *See, e.g., Affymetrix, Inc. v. Illumina, Inc.*, 2005 WL 1801683 at *1, July 28, 2005 (D.Del)(listing extensive measures taken by in-house litigation group to hold itself apart from prosecution efforts). Given that CK is already abiding by the proposed provision – without objection to the Court - it cannot argue that its document review efforts will be prejudiced in any way. Furthermore, if the Lowrie firm is not prosecuting patents for CK, then it has little to lose from provisions barring prosecution.

On the other hand, TIR has produced over fifteen thousand pages of documents in reliance on CK's agreement to abide by the proposed language. Many of those documents contain technical drawings of TIR's products and reflect the development process TIR uses for new products - highly confidential business information of the type that it would be damaging for a competitor to use in the course of a patent prosecution proceeding. All of this information is potentially at risk without the protections provided by TIR's proposal.

### III. Conclusion

The parties are in agreement that a protective order should be entered to protect confidential information. After negotiation and compromise, the only dispute is over the provision relating to the prosecution of patents. In light of the foregoing reasons, the Court should grant this motion and enter the protective order proposed by TIR.

9

Respectfully submitted,

TIR SYSTEMS LTD.

Dated: October 6, 2005

by: /s/ Wendy Haller
Mark G. Matuschak (BBO #543873)
mark.matuschak@wilmerhale.com
Wendy Haller (BBO # 652943)
wendy.haller@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: 617-526-6000

S. Calvin Walden (admitted pro hac vice)
calvin.walden@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, NY 10021
Telephone: 212-937-7200

Michael A. Oblon (BBO# 634966)
michael.oblon@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1455 Pennsylvania Ave, NW
Washington, DC 20004
Telephone: 202-942-8486

Attorneys for Defendant

## Local Rule 7.1(a)(2) Certification

I hereby certify that I have conferred with opposing counsel and have attempted in good faith, but without success, to resolve or narrow the issues presented in the motion.

Dated: October 6, 2005                                   /s/ Michael A. Oblon
                                                        Michael A. Oblon

## Certificate of Service

I hereby certify that today I caused a true and correct copy of this motion and the attached Exhibits to be served, by CM/ECF, on the following counsel of record:

>Matthew B. Lowrie
>Aaron W. Moore
>Emily A. Berger
>LOWRIE, LANDO AND ANASTASI, LLP
>Riverfront Office Park
>One Main Street
>Cambridge, MA 02142

Dated: October 6, 2005                                   /s/ Michael A. Oblon
                                                        Michael A. Oblon