## Oblon, Michael

| | |
|---|---|
| **From:** | Aaron Moore [AMoore@ll-a.com] |
| **Sent:** | Wednesday, August 17, 2005 12:20 PM |
| **To:** | Oblon, Michael |
| **Cc:** | CK6002 |
| **Subject:** | RE: Color Kinetics v. TIR |

Michael,

Because paragraph 25 of the proposed Protective Order requires both identifying to the producing party exactly what will be shown to the client and obtaining permission of the producing party (which can be withheld for any reason), it seems to me that the same thing could be achieved by simply asking the other party for permission to make a limited exception to the confidentiality provisions. What is the benefit of this paragraph?

On the prosecution issue, the proposed ban seems unduly restrictive. Would TIR agree to amend the proposed scheme to (a) preclude the firms from doing any prosecution for the respective clients during the pendency of this case and until the return of all confidential materials and (b) that no individual attorney who sees confidential information would ever prosecute related cases?

Thanks.

--Aaron Moore

**Aaron W. Moore**
amoore@ll-a.com
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street - 11th Floor
Cambridge, MA 02142
T +1 (617) 395-7000; F +1 (617) 395-7070; DD +1 (617) 395-7016

Confidentiality Note: This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.