# Oblon, Michael

**From:** Aaron Moore [AMoore@ll-a.com]
**Sent:** Tuesday, August 23, 2005 6:42 PM
**To:** Oblon, Michael
**Cc:** CK6002
**Subject:** RE: Color Kinetics v. TIR

Michael,

A few changes blacklined below. The reason for the first change is to limit it to people who actually have confidential information, so that, for example, a first year associate who does one memo on some solely legal issue would not be covered. The reason for the third change is to not prevent either of us from being in a position in which we are aware of non-confidential information that would be required to be submitted to the PTO in an ongoing prosecution but not be able to provide it to those prosecuting, perhaps creating a disclosure problem for the client. Just so you know, our firm is not currently handling any prosecution matters for CK.

Please let me know if we have agreement on this.

Please also let me know when we will see documents from TIR.

Thanks.

> -----Original Message-----
> **From:** Oblon, Michael [mailto:Michael.Oblon@wilmerhale.com]
> **Sent:** Tuesday, August 23, 2005 5:56 PM
> **To:** Aaron Moore
> **Cc:** CK6002
> **Subject:** RE: Color Kinetics v. TIR
>
> Aaron,
>
> Thank you for your email. Would you agree to the following language?
>
> Notwithstanding any provision of this Order, any attorney or employee of Lowrie, Lando, and Anastasi LLP or Wilmer Cutler Pickering Hale and Dorr LLP who [participates in any way in this action, or who] has access to or learns of the substance of any material designated "Confidential" under this Order, is prohibited from preparing or prosecuting, or supervising or substantively participating in any way in the preparation or prosecution of, or disclosing such Confidential information in any way to any person involved in preparing or prosecuting, any patent applications, reissue proceedings, or reexamination proceedings with the United States Patent and Trademark Office ("USPTO") or any similar proceedings with any foreign counterpart to the USPTO, involving any patent or patent application on behalf of (or to be assigned to) either Color Kinetics or TIR, having an effective filing date before this action (including any continuation, continuation-in-part, or divisional application, or application claiming priority from a provisional application, filed on behalf of Color Kinetics or TIR before this action). This provision shall expire three years from the date of the final resolution of this action.
>
> -----Original Message-----

**From:** Aaron Moore [mailto:AMoore@ll-a.com]
**Sent:** Tuesday, August 23, 2005 1:50 PM
**To:** Oblon, Michael
**Cc:** CK6002
**Subject:** RE: Color Kinetics v. TIR

Michael,

Here is our proposed language:

Notwithstanding any provision of this Order, any attorney or employee of Lowrie, Lando, and Anastasi LLP or Wilmer Cutler Pickering Hale and Dorr LLP who views any material designated "Confidential" under this Order is prohibited from preparing or prosecuting, or supervising the preparation or prosecution of, or providing any "Confidential" information received under this Order to any person involved in preparing or prosecuting any patent applications, reissue proceedings, or reexamination proceedings with the United States Patent and Trademark Office ("USPTO") or any similar proceedings with any foreign counterpart to the USPTO, involving any patent or patent application on behalf of (or to be assigned to) either Color Kinetics or TIR, having an effective filing date before this action (including any continuation, continuation-in-part, or divisional application, or application claiming priority from a provisional application, filed on behalf of Color Kinetics or TIR before this action). This provision shall expire three years from the date of the final resolution of this action.

Please also confirm that TIR is now producing its documents and let me know when we will see them.

Thanks.

--Aaron

> -----Original Message-----
> **From:** Oblon, Michael [mailto:Michael.Oblon@wilmerhale.com]
> **Sent:** Monday, August 22, 2005 1:10 PM
> **To:** Aaron Moore
> **Cc:** CK6002
> **Subject:** RE: Color Kinetics v. TIR
>
> Aaron,
>
> Regarding the prosecution issue, can you send me language that you believe to be appropriate?
>
> Michael
>
>
> -----Original Message-----
> **From:** Aaron Moore [mailto:AMoore@ll-a.com]
> **Sent:** Monday, August 22, 2005 11:30 AM
> **To:** Oblon, Michael
> **Cc:** CK6002
> **Subject:** Color Kinetics v. TIR
>
> Michael,
>
> On the confidentiality issue, we are simply looking for a lower confidentiality tier that would include documents that are not public but that may be shown to our respective clients. This seems like something we should be able to agree on. We would like the draft order modified to replace

"CONFIDENTIAL" with "HIGHLY CONFIDENTIAL" pending the possible addition of a lower tier.

On the prosecution issue (para. 13), we still believe it would be highly unusual for a firm to be precluded from prosecuting for a client simply because that firm also represents that client in litigation. As we suspect that we will want to present this issue to Judge Lasker for resolution, please be sure that Wilmer Cutler wants to take this position. We are willing to agree to restrictions that protect against anyone actually doing prosecution from learning of CONFIDENTIAL information, but your proposed blanket ban seems far too broad to us.

In the meantime, we will abide by the proposed order as it stands, with the modification suggested above.

Please produce your documents immediately.

Thanks.

--Aaron

-----Original Message-----
**From:** Oblon, Michael [mailto:Michael.Oblon@wilmerhale.com]
**Sent:** Friday, August 19, 2005 3:52 PM
**To:** Aaron Moore
**Subject:** RE: Color Kinetics v. TIR

Okay. For now, I'll hold off in the production with the hopes that we can resolve this on Monday. Otherwise, if we pull the technical documents, you will have large gaps throughout the production, and you'll then have to spend quite a bit of time to fill them once the protective order issue is resolved .

By the way, who is "CK6002" (copied on your email messages)? I assume that is an internal routing to Matt and Emily, but I need to be cautious so as not to send any messages directly to your client inadvertently .

Michael


Michael A. Oblon
Wilmer Cutler Pickering Hale and Dorr LLP
1455 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: 202-942-8486
Fax: 202-942-8484
michael.oblon@wilmerhale.com


This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Wilmer Cutler Pickering Hale and Dorr LLP immediately -- by replying to this message or by sending an email to postmaster@wilmerhale.com -- and destroy all copies of this message and any attachments without reading or disclosing their contents. Thank you.

For more information about Wilmer Cutler Pickering Hale and Dorr LLP, please visit us at http://www.wilmerhale.com.


-----Original Message-----
**From:** Aaron Moore [mailto:AMoore@ll-a.com]
**Sent:** Friday, August 19, 2005 3:45 PM
**To:** Oblon, Michael

**Cc:** CK6002
**Subject:** RE: Color Kinetics v. TIR

Hi Michael,

I got your voicemail. I do need to chat with Matt about paragraph 25 and he's not in today.

Are you available on Monday morning?

--Aaron

-----Original Message-----
**From:** Oblon, Michael [mailto:Michael.Oblon@wilmerhale.com]
**Sent:** Thursday, August 18, 2005 2:59 PM
**To:** Aaron Moore
**Subject:** RE: Color Kinetics v. TIR

Aaron,

Thank you for responding.

With regard to paragraph 25, please confirm that you have coordinated with Matt Lowrie about this, since I prepared it in response to his request. To my understanding, Matt wants to avoid having "limited exceptions" to the confidentiality provisions.

As for paragraph 13, please explain what language is unduly restrictive. The language that we proposed is narrowly tailored so that your firm is not completely restricted from prosecuting applications for Color Kinetics. At the same time, for those applications that claim priority before this litigation, the firms are restricted from all prosecution-related activities, including providing advice to the client or another firm regarding the application. Is that your concern?

Michael


Michael A. Oblon
Wilmer Cutler Pickering Hale and Dorr LLP
1455 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel: 202-942-8486
Fax: 202-942-8484
michael.oblon@wilmerhale.com

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Wilmer Cutler Pickering Hale and Dorr LLP immediately -- by replying to this message or by sending an email to postmaster@wilmerhale.com -- and destroy all copies of this message and any attachments without reading or disclosing their contents. Thank you.

For more information about Wilmer Cutler Pickering Hale and Dorr LLP, please visit us at
http://www.wilmerhale.com.

-----Original Message-----
**From:** Aaron Moore [mailto:AMoore@ll-a.com]
**Sent:** Wednesday, August 17, 2005 12:20 PM

**To:** Oblon, Michael
**Cc:** CK6002
**Subject:** RE: Color Kinetics v. TIR

Michael,

Because paragraph 25 of the proposed Protective Order requires both identifying to the producing party exactly what will be shown to the client and obtaining permission of the producing party (which can be withheld for any reason), it seems to me that the same thing could be achieved by simply asking the other party for permission to make a limited exception to the confidentiality provisions. What is the benefit of this paragraph?

On the prosecution issue, the proposed ban seems unduly restrictive. Would TIR agree to amend the proposed scheme to (a) preclude the firms from doing any prosecution for the respective clients during the pendency of this case and until the return of all confidential materials and (b) that no individual attorney who sees confidential information would ever prosecute related cases?

Thanks.

--Aaron Moore

**Aaron W. Moore**
amoore@ll-a.com
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street - 11th Floor
Cambridge, MA 02142
T +1 (617) 395-7000; F +1 (617) 395-7070; DD +1 (617) 395-7016

Confidentiality Note: This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.