# WILMER CUTLER PICKERING
## HALE AND DORR LLP

August 24, 2005

**By Email**

Aaron W. Moore, Esq.
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
1 Main Street, 11th Floor
Cambridge, MA 02142

Michael A. Oblon

THE WILLARD OFFICE BUILDING
1455 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20004
+1 202 942 8486
+1 202 942 8484 fax
michael.oblon@wilmerhale.com

Re:   Color Kinetics Incorporated v. TIR Systems Ltd., Civ. No. 03-12491-MEL

Dear Aaron:

    This is in response to your email from yesterday, indicating that Color Kinetics still will not agree to proposed language for paragraph 13 of the protective order. In response to Color Kinetics' request and in the spirit of cooperation, TIR significantly compromised from its original position that attorneys from the litigation firms cannot prosecute or advise in the prosecution of patent applications for the parties. As stated yesterday in my email, TIR will agree that attorneys at your firm may continue prosecuting patent applications for Color Kinetics, provided that those attorneys have not had access to any confidential information and have not participated in any way in this action. The changes to this language in your counterproposal are unacceptable.

    We sent a draft protective order to Matt Lowrie on August 4th, but did not hear a response until two weeks later. At that time, I asked whether your firm continues to handle prosecution matters for Color Kinetics and you declined to answer. Your firm is listed as the patent counsel for several published patent applications that are continuations to the patents-in-suit, which causes us obvious concerns. Yesterday in your email, you stated that your firm is not currently handling any prosecution matters for Color Kinetics. If that is indeed the case, then there should be no reason why you would not agree to either the language that we originally proposed or the language I proposed yesterday. The point raised in your email about whether "a first year associate who does one memo on some solely legal issue" therefore should not be an issue for your client or your firm.

    You also seek to change the language so as "to not prevent either of us from being in a position in which we are aware of non-confidential information that would be required to be submitted to the PTO in an ongoing prosecution but not be able to provide it to those prosecuting …." We cannot agree to this, because lawyers working on this case would have to be knowledgeable about pending claims in Color Kinetics' patent applications in order to determine the relevance of the information and whether it should be submitted to the PTO. If those lawyers are advising Color Kinetics, either directly or through other counsel, as to what

Aaron W. Moore, Esq.
August 24, 2005
Page 2

references may be material to patentability for their pending applications, then those lawyers are participating in the prosecution.

We are prepared to produce documents once you agree to the protective order.

Sincerely,

*[signature]*

Michael A. Oblon