IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COLOR KINETICS INCORPORATED,

    Plaintiff

v.

TIR SYSTEMS LTD.,

    Defendant.

Civil Action No.: 03-cv-12491 (MEL)

## COLOR KINETICS' EMERGENCY MOTION TO COMPEL

Color Kinetics Incorporated ("Color Kinetics") hereby moves, on an emergency basis, for an order compelling defendant TIR Systems Ltd. ("TIR") to bring samples of its color-changing LED products to a Court-ordered 30(b)(6) deposition of TIR currently scheduled for Friday, October 28, 2005, in Vancouver, British Columbia, Canada. Although TIR has not responded to a request that it identify the number of color-changing products that will be involved at the deposition, Color Kinetics believes it to be <u>less than ten</u>.

## BACKGROUND

A disputed issue in this case is the extent of TIR's infringement. Color Kinetics has independently obtained one member of TIR's "Destiny" line of color-changing LED products, the "Destiny CW" product, has disassembled it, has confirmed infringement, and has provided to TIR extensive claim charts detailing that infringement. Color Kinetics believes that other color-changing products, including members of the Destiny series, infringe as well, but TIR has refused to produce documents describing the construction and operation of those devices. In response, Color Kinetics filed a motion to compel, which the Court resolved by ordering the parties to cooperate on having a deposition of TIR on the other color-changing products.

773593.1

On September 28, 2005, the day after the hearing on the motion to compel, Color Kinetics issued a deposition notice in accordance with the Order, setting the deposition for October 13, 2005. In the cover letter that accompanied the notice, Color Kinetics told TIR that it could be flexible on the date and that it would agree to travel to Vancouver for the deposition, but that it wanted TIR to bring samples of the products that were the subject of the deposition to the deposition itself, so as facilitate the discussion. A copy of the notice and cover letter are attached as Exhibit A.

TIR responded by offering October 28th for the deposition in Vancouver but refused to bring samples of the products. Color Kinetics has since repeatedly asked TIR to reconsider its position, even offering to conduct the deposition at TIR's facility to make it easy for TIR to bring the products, but TIR has refused.

The parties had a telephone conference on the issue this afternoon in which TIR again refused to bring the samples to the deposition.

**ARGUMENT**

This deposition was ordered by the Court following a motion to compel filed by Color Kinetics directed to information concerning the construction and operation of TIR's color-changing LED products. (Docket No. 35.)

Color Kinetics has agreed to a deposition date weeks later than noticed, has agreed to travel to the west coast of Canada to take the deposition, and has even agreed to take the deposition at TIR's facility. All that Color Kinetics asks is that TIR bring with it samples of the handful of products that are to be discussed at the deposition, so as to make the deposition more meaningful and the travel by counsel for both sides worthwhile. TIR refuses to do so.

Color Kinetics believes that having a sample of each product that is to be discussed at the deposition is necessary. Many issues concern whether the TIR products do, in fact, include certain claimed structures or features, and Color Kinetics believes that the deposition will be substantially more meaningful if conducted with the products available for reference.

As an example, certain of Color Kinetics' patent claims are directed to LED fixtures that include "heat spreader plates." Without samples available, the TIR witness is likely to simply deny the existence of any such structure in the TIR products, and Color Kinetics would have a difficult time further examining that point. With a sample of the product available, however, Color Kinetics would be able to focus the questions on specific structures that it believes are "heat spreader plates," asking the witness, for example, whether the particular structure performs the functions of the heat spreader plate or, if not, exactly what other functions that structure does perform. In short, the deposition can be expected to be substantially more meaningful with products to actually discuss.

Color Kinetics believes that asking TIR to bring what would apparently be <u>less than ten product samples</u> to a deposition <u>in its home city</u> and, if desired, <u>in its own facility</u> is an entirely reasonable request that is consistent with the Court's resolution of the motion to compel. The products that Color Kinetics is seeking to have at the deposition are not confidential and, in fact, could be examined and disassembled by third-parties, such as TIR's customers, at any time. Color Kinetics' counsel may partially disassemble some of the products to facilitate the discussion if necessary to see the inner workings, but has agreed to compensate TIR for any damage to the products, although no damage is expected given the experience with the Destiny CW product. Color Kinetics is not asking for documents and is not proposing to take the products from the TIR facility or even to mark them as exhibits.

In Color Kinetics' view, TIR's refusal to make the few products available at the deposition so that they may be discussed in a meaningful way is simply an attempt to frustrate the purpose of the deposition and another effort to conceal the infringement.

Because the deposition is set to take place a week from today, Color Kinetics requests that a hearing in the form of a telephone conference be held on this matter as soon as the Court is available. TIR has indicated that it is available on Monday, October 24th or Wednesday, October 26th.

## **CONCLUSION**

For the foregoing reasons, Color Kinetics requests an order compelling TIR to bring to the October 28, 2005 deposition samples of the color-changing LED products that are to be the subject of the deposition.

Respectfully submitted,

COLOR KINETICS INCORPORATED

October 24, 2005            by:     /s/ Aaron W. Moore
                                    Matthew B. Lowrie, BBO No. 563,414
                                    Aaron W. Moore, BBO No. 638,076
                                    Emily A. Berger, BBO No. 650,841
                                    Lowrie, Lando & Anastasi, LLP
                                    One Main Street - 11th Floor
                                    Cambridge, MA 02142
                                    Tel: 617-395-7000
                                    Fax: 617-395-7070

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

  I hereby certify that we have conferred with opposing counsel and have attempted in good faith, but without success, to resolve or narrow the issues presented in the motion.

Dated:  October 24, 2005             /s/ Aaron W. Moore
                      Aaron W. Moore

**CERTIFICATE OF SERVICE**

  I hereby certify that today I caused a true and correct copy of this motion and the attached Exhibit to be served, by CM/ECF, on the following counsel of record:

             Mark G. Matuschak, Esq.
        Wilmer Cutler Pickering Hale and Dorr LLP
               60 State Street
               Boston, MA  02109

Dated:  October 24, 2005             /s/ Aaron W. Moore
                      Aaron W. Moore