UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED,<br><br>      Plaintiff,<br><br>v.<br><br>TIR SYSTEMS LTD,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:03-cv-12491-MEL |

## TIR SYSTEMS LTD.'S OPPOSITION TO
## COLOR KINETICS' EMERGENCY MOTON TO COMPEL

### CK'S "EMERGENCY" MOTION
### IS REALLY A MOTION FOR RECONSIDERATION

Color Kinetics' ("CK") "Emergency" motion is really a motion for reconsideration of issues that were already decided by this Court at the September 27, 2005 Hearing.  At that time, the Court heard both parties' arguments, and reached a compromise position – CK was permitted to take a 30(b)(6) deposition of TIR regarding TIR's Destiny line of products, but TIR would not otherwise be obligated to produce documents or things related to these products pending the outcome of that deposition.  With this Emergency Motion, CK seeks to circumvent this Order from the Court.

At the Hearing, the Court confirmed that CK's First Motion to Compel included a demand for a variety of sample products from TIR:

```
21      THE COURT:  All that you're asking them to do at
22   the moment is to deliver to you a specimen of those
23   products?
24      MR. MOORE:  Well, we'd like a specimen; we'd also
25   like products [sic – documents] that describe the operation of the products.
```

(Exh. A, Tr., p. 9) (emphasis added).

Instead of ordering TIR to provide "specimen" and documents, however, the Court

ordered that TIR submit to a 30(b)(6) deposition:

    17    [THE COURT]…Have
    18  the witness…come, and you ask him questions about these
    19  items, and that way identify the items that could more
    20  reasonably be -- more reasonably be asserted to clearly fall
    21  within your category.

(Tr., p. 15).

The Court's Order was clear and TIR left the Hearing knowing what needed to happen.

TIR then provided a series of dates whereby TIR's designated witness could be made available,

and offered that the witness could be made available *in Boston* for certain of those dates. At

CK's request, the 30(b)(6) deposition is scheduled for this Friday, October 28, 2005, in

Vancouver. Yet *on the day after* the Hearing, CK went back to the subject matter of its initial

Motion to Compel and began asking for samples once again. Because CK is merely rearguing

what it already argued in its initial Motion to Compel with no new facts or law, CK's motion

should be denied. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817, 108

S.Ct. 2166, 100 L.Ed.2d 811 (1988) ("A court has the power to revisit prior decisions of its own .

. . , although as a rule courts should be loathe to do so in the absence of extraordinary

circumstances such as where the initial decision was 'clearly erroneous and would work a

manifest injustice.'") (*quoting Arizona v. California*, 460 U.S. 605, 618, n. 8 (1983)).

CK has also not explained why it could not just go on the market and buy any TIR

samples it might want to bring to the deposition. CK says it will only pay for any damage to

samples during the depositions. (CK Motion, p. 3). But at the same time CK admits that it

wants to break the seals of the products and disassemble them.[1]  Does CK expect that TIR will

turn around and sell a product that has had its seal broken and been disassembled by lawyers?

Any products disassembled during deposition are lost to the market.  CK has no explanation for

why TIR should bear that cost when the products are available to CK on the market anyway.  If it

wants to bring product to the deposition, then it should have bought it beforehand and brought it

itself.

   The purpose of the Court-ordered 30(b)(6) deposition of TIR's witness is so that the

range of products at issue is narrowed before further discovery can be taken.  TIR's web-site

contains detailed specifications and diagrams for its products (see, for example, a printout of

specifications and diagrams for the ColorWash CG from the TIR web-site attached hereto as

Exhibit B).  CK obviously has access to this information, and now it will be able to ask questions

of TIR's 30(b)(6) witness for further understanding.  CK's vaguely-targeted "Emergency"

motion is premature pending that deposition, and should be denied.  Instead of bringing this

"Emergency" Motion to Compel, CK should just take the deposition as the Court ordered.

.

---

[1] CK has not explained how much disassembly it would ask for at the deposition.  For example, would CK want to remove circuit boards within the devices to look at parts underneath?  CK does not say.

## CONCLUSION

For the foregoing reasons, TIR respectfully requests that the Court deny CK's Emergency

Motion to Compel in its entirety.

Dated:  October 24, 2005

Respectfully submitted,

WILMER CUTLER PICKERING
    HALE AND DORR LLP


/s/  Wendy Haller
Mark G. Matuschak (BBO #543873)
mark.matuschak@wilmerhale.com
Wendy Haller (BBO # 652943)
wendy.haller@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: 617-526-6000

S. Calvin Walden (admitted pro hac vice)
calvin.walden@wilmerhale.com
399 Park Avenue
New York, NY 10021
Telephone: 212-937-7200

Michael Oblon (BBO #630946)
michael.oblon@wilmerhale.com
1455 Pennsylvania Ave, NW
Washington, D.C. 20004
Telephone: 202-942-8400

Attorneys for Defendant
TIR SYSTEMS LTD.

## CERTIFICATE OF SERVICE

I hereby certify that today I caused a true and correct copy of this Opposition and the attached Exhibits to be served, by CM/ECF and First-Class mail, on the following counsel of record:

Matthew B. Lowrie
Aaron Moore
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street – 11th Floor
Cambridge, MA 02142

Dated: October 24, 2005          _____/s/  S. Calvin Walden___
                             S. Calvin Walden