IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED,<br><br>          Plaintiff<br><br>v.<br><br>TIR SYSTEMS LTD.,<br><br>          Defendant. | Civil Action No.:  03-cv-12491 (MEL) |

**COLOR KINETICS' OPPOSITION TO
TIR'S MOTION TO COMPEL**

Color Kinetics Incorporated ("Color Kinetics") hereby opposes the motion to compel filed by TIR Systems Ltd. ("TIR"), Docket No. 43.

TIR is moving to compel documents relating to the conception and reduction to practice of the claimed inventions and on a corresponding interrogatory answer, and, apparently, is seeking <u>every</u> document within Color Kinetics, regardless of the date of its creation or actual relevance to any issue in this case, concerning <u>eighty-two</u> Color Kinetics products.

**ARGUMENT**

The motion should be denied as to the conception and reduction to practice documents because Color Kinetics is not aware of any such documents that are being withheld and because TIR was told that on several occasions prior to filing its motion.  Color Kinetics is not refusing to produce any of these documents.  The motion should be denied as to the conception/reduction to practice interrogatory because it is premature and overbroad.

The motion should be denied as to the requests for product documents because they are <u>far</u> too broad, particularly given that TIR has already taken the position in response to a motion to compel filed by Color Kinetics that discovery in this case should be circumscribed, and because TIR has refused to negotiate a narrower scope of documents.

***Conception and Reduction to Practice Documents***

The issue of the conception and reduction to practice documents should not have been presented to the Court because (1) Color Kinetics has produced the responsive documents on this topic that it has been able to locate, and (2) Color Kinetics is not knowingly withholding any documents. There is nothing to "compel," and TIR knew that before it filed the motion.

On September 22, 2004, counsel for the parties had a phone conference in which this issue was first raised by TIR. Color Kinetics' counsel told TIR that the known documents on this topic had been produced, except for a small number of additional documents that would be produced shortly.

The additional documents were produced on September 22, 2005 and, on September 28, 2005, Color Kinetics counsel wrote to TIR and again conveyed the understanding that "we have produced everything that we have." (<u>See</u> 9/28/05 E-Mail from Aaron Moore to Calvin Walden, included in composite Exhibit A.) TIR responded by asserting that it had "not seen any <u>non</u> public documents that one would expect from a patent plaintiff in discovery." (<u>See</u> 10/03/05 E-Mail from Calvin Walden to Aaron Moore, included in composite Exhibit A.) TIR then threatened a motion to compel unless Color Kinetics "agrees to stipulate that it will not claim any conception or reduction to practice dates earlier than the dates on which the respective applications leading to the patents-in-suit were filed." (<u>Id.</u>)

Color Kinetics answered by reiterating that it would "produce the responsive documents that [it] can locate" and corrected TIR's claim that no non-public documents on this subject had been produced. (See 10/04/05 E-Mail from Aaron Moore to Calvin Walden, included in composite Exhibit A.) Color Kinetics further suggested that, if TIR would describe what it meant by documents "one would expect from a patent plaintiff," Color Kinetics would look again for those documents. (Id.) Color Kinetics agreed to again confirm by the end of the week that everything had been produced, and noted its view that a motion to compel would not be appropriate because no documents were being withheld. (Id.) Before the end of the week arrived, TIR filed this motion to compel.

The motion to compel on the conception/reduction to practice documents should be denied <u>because, as explained above, there are no documents that have been knowingly withheld</u>. Color Kinetics has searched for and produced the documents that it was able to locate that would be responsive to those requests. If Color Kinetics locates other documents, it will produce those immediately as well. TIR's motion is apparently based on a belief that additional "non public documents that one would expect from a patent plaintiff in discovery" have been withheld. TIR chose to file the motion to compel, however, rather than explain to Color Kinetics what documents it thought were missing and allow Color Kinetics to confirm individually that no such documents existed.

The interrogatory answer on the conception/reduction to practice issue is premature and answering it now would be a burdensome and largely unnecessary exercise. Conception and reduction to practice come into play in the United States' "first-to-invent" patent system when it is alleged that a patent claim is invalid based on prior art. In that situation, the patentee can

attempt to establish that he made his invention earlier than the prior art, a process know as "swearing behind." This must be done on a claim-by-claim basis.

Here, where TIR was asked, in Interrogatories dated August 25, 2004—10 months before service of the TIR interrogatory at issue here—to detail its invalidity contentions but refused to do so, Color Kinetics had nothing to swear behind. For the present time, Color Kinetics does not maintain that the invention was conceived or reduced to practice prior to the earliest effective filing dates of its applications, and has no reason to do so. It would be wasteful and unnecessarily burdensome to force Color Kinetics to investigate the earliest possible date for each of the dozens of asserted claims, where those dates are irrelevant if TIR cannot make a prima facie case of invalidity or where TIR's invalidly case is based on art that Color Kinetics cannot possibly swear behind.

Following Color Kinetics' first motion to compel, TIR was ordered to produce claim charts reflecting its invalidity contentions. After some "negotiation," TIR has agreed to produce those charts on or before November 1, 2005. At that point, for each asserted claim, Color Kinetics will know whether it will need to swear behind any prior art and will be able provide an answer to this interrogatory. Color Kinetics is willing to supplement its interrogatory answer, if necessary, after seeing the TIR invalidity claim chart. Of course, had TIR simply detailed its invalidity contentions in response to the Color Kinetics interrogatories when asked, instead of forcing a motion to compel, Color Kinetics would already have that information and could have supplemented the conception/reduction practice answer, to the extent necessary, long ago.

*Product Documents*

TIR's requests for documents relating to the Color Kinetics products are grossly overbroad, calling for <u>literally every document in the company</u> relating to more than <u>eighty</u> products from the date the company was founded until today.

For example, TIR's document request number 24 seeks "[a]ll documents and things concerning the design, development, construction, manufacture, operation, performance, use, demonstration, sale, or offer for sale of any current of former Color Kinetics Product," where Color Kinetics Product is a defined term that encompasses eighty-two actual products. Read literally, therefore, this request would include within its scope every document in the company that has anything thing to do with more than eighty products, from their creation up to and through today's date.

Color Kinetics objected to these requests on the grounds of overbreadth and agreed to produce documents (if any exist) that predate the filing of the applications for the patents-in-suit. This compromise was calculated to cover documents that could create a bar to patentabilty or that would bear on best mode or other similar issues. TIR refused this compromise and instead has maintained the clearly untentable position that Color Kinetics should have to produce every document in the company relating in any way to eighty-two products created over the entire life of the company. This is objectively unreasonable.

The breadth of TIR's requests, and its refusal to narrow them in any way, is particularly unreasonable given that TIR opposed a motion filed by Color Kinetics seeking documents describing the operation of <u>six</u> TIR products on the grounds that the requests "would have encompassed nearly every document in the company." (Docket No. 37, at 1.)

TIR cannot justify the breadth of these requests. Its claim that these requests are "narrowly tailored" (Motion, at 9) is unsupportable, as can be seen from a reading of, for example, document request number 24.

In an attempt to support its claim for an entitlement to all of these documents, TIR first argues that they are relevant to the question of whether the patent claims are obvious, because one of the factors that bears on the question of obviousness is the commercial success of the claimed invention. While it may be that some information concerning the <u>quantity of sales</u> of products covered by the patents is relevant to the question of commercial success, however, there is no question that TIR does not need every product document in the company to evaluate commercial success, and it does not even try to explain why it would need all of these documents for that purpose. Color Kinetics would be willing to agree to produce any documents on which it will rely to prove commercial success of the claimed inventions, but TIR was not interested in limiting its overly broad requests in this fashion and, in fact, was unwilling to discuss narrowing the requests at all.

Nor does TIR need every document in the company in any way relating to all of these products to evaluate the damages issue. Patent damages can be had in the form of a reasonable royalty or lost sales. In the case of a royalty, the relevant materials would be documents concerning licenses to others, <u>most or all of which have already been produced by Color Kinetics</u>. For lost profits, the principal relevant damages documents in the possession of Color Kinetics would be those concerning the sales of products that are competitive with the infringing devices, i.e., sales of documents for which profits could have been lost as a result of the infringement. For the time being, <u>the parties have agreed to limit lost profits document production to products competitive with the Destiny CW product</u>, which is the only product that

Color Kinetics has been able to obtain and reverse-engineer to date. (See 10/3/05 E-Mail from Calvin Walden to Aaron Moore, included in composite Exhibit A.) The notion that TIR needs every document in the company concerning the eighty-two products to evaluate damages is false, especially given that Color Kinetics has already agreed to produce the pertinent documents.

It is also not the case that TIR needs every document in the company in order to evaluate best mode issues. The "best mode" that needs be identified by a patent applicant is the one that exists at the time the application is filed. See 35 U.S.C. § 112, ¶ 1; Engle Indus., Inc. v. Lockformer Co., 96 F.3d 1398, 1407 (Fed. Cir. 1996). TIR's requests, which seek documents many years after the filing of the applications, and which are directed to many, many products that were not in existence at the time the applications were filed, are not reasonably and narrowly calculated to obtain about best mode issues. See id. at 1407 (explaining that "[t]he properties of a patented device that are discovered after the patent application has been filed . . . are irrelevant to best mode analysis"). Again, TIR has refused to narrow the scope of these requests.

Finally, TIR's assertion that every document in the company relating to the eighty-two products is necessary for claim construction purposes is also unsupportable. These documents will concern the commercial products, not the claimed invention.

In Phillips v. AWH, 415 F.3d 1303 (Fed. Cir. 2005), the Federal Circuit made clear that the words of a claim "are generally given their ordinary and customary meaning," and that appropriate "extrinsic evidence," when it may be consulted, includes "those sources available to the public that show what a person of skill in the art would have understood disputed claim language to mean." Phillips, 415 F.3d at 1314. Documents that are internal to Color Kinetics are not relevant to the claim construction issue because claim interpretation is an objective

- 7 -

- 8 -

inquiry into what the claim language would mean to one of ordinary skill in the art, not a subjective inquiry into what the inventors, or the assignee, thought the claims meant.

In addition, the Federal Circuit in the <u>Phillips</u> case made clear "that the ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question <u>at the time of the invention, i.e., as of the effective filing date of the patent application</u>." <u>Phillips</u>, 415 F.3d at 1313. Thus, TIR clearly does not require documents created after the filing date for claim construction purposes. Again, TIR has refused to narrow its requests.

In sum, none of the justifications offered by TIR provide any support for its claim of an entitlement to <u>all documents in the history of the company relating to eighty-two products</u>.

**CONCLUSION**

For the foregoing reasons, Color Kinetics requests that TIR's Motion to Compel (Docket No. 43) be denied.

Respectfully submitted,

COLOR KINETICS INCORPORATED

October 24, 2005       by:      /s/ Emily A. Berger
                                                          Matthew B. Lowrie, BBO No. 563,414
                                                          Aaron W. Moore, BBO No. 638,076
                                                          Emily A. Berger, BBO No. 650,841
                                                          Lowrie, Lando & Anastasi, LLP
                                                          One Main Street - 11th Floor
                                                          Cambridge, MA 02142
                                                          Tel: 617-395-7000
                                                          Fax: 617-395-7070

**CERTIFICATE OF SERVICE**

I hereby certify that today I caused a true and correct copy of this motion and the attached Exhibits to be served, by CM/ECF, on the following counsel of record:

Mark G. Matuschak, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

Dated: October 24, 2005            /s/ Emily A. Berger
                                                      Emily A. Berger