# EXHIBIT A

## Aaron Moore

**From:** Aaron Moore
**Sent:** Wednesday, September 28, 2005 12:18 PM
**To:** 'Walden, S. Calvin'
**Cc:** CK6002
**Subject:** CK v. TIR

Hi Calvin,

Sorry for the delay in getting back to you.

This is where we stand on the documents:

Conception, etc.: I believe we have produced everything we have. The client is looking again and we'll produce anything else as soon as possible.

Product Documents: We will produce any documents from before the application filing dates. We don't see a reason to produce any more more recent documents relating to the CK products, as this would obviously be a very large amount of material. If you disagree, please explain the need for other documents.

Damages Documents: We will produce documents relating to sales, costs, and profits for products competitive with the Destiny CW product. We will supplement if and when other products are brought into the case following the deposition that Judge Lasker ordered. If you think you are entitled to anything else, please explain why.

Thanks.

--Aaron

Aaron W. Moore
amoore@ll-a.com
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street - 11th Floor
Cambridge, MA 02142
T +1 (617) 395-7000; F +1 (617) 395-7070; DD +1 (617) 395-7016

Confidentiality Note: This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.

10/24/2005

## Aaron Moore

**From:** Walden, S. Calvin [Calvin.Walden@wilmerhale.com]
**Sent:** Monday, October 03, 2005 12:09 PM
**To:** Aaron Moore
**Cc:** CK6002; Matuschak, Mark; Oblon, Michael
**Subject:** RE: CK v. TIR

Aaron,

In reply to your e-mail message below, please note the following:

Conception, etc.: You note that you have produced everything you have, but we have not seen *any* non-public documents that one would expect from a patent plaintiff in discovery. Unless CK agrees to stipulate that it will not claim any conception or reduction to practice dates earlier than the dates on which the respective applications leading to the patents-in-suit were filed, TIR will be forced to move to compel any such documents. In addition, please let us know if any such documents were destroyed.

Product Documents: TIR cannot agree that only documents from "before the application filing dates" are relevant and should be produced. Documents regarding the products CK contends embody claims of its patents-in-suit (in whole or in part) are relevant to the issues of at least obviousness and potential damages. Unless CK agrees to produce all Product Documents responsive to TIR's document requests, TIR will be forced to move to compel any such documents.

Damages Documents: TIR agrees that for now CK can produce documents relating to sales, costs and profits only for products competitive with the Destiny CW product.

Please provide CK's response to this e-mail by noon tomorrow, October 4, 2005.

Calvin Walden

## Aaron Moore

**From:** Aaron Moore
**Sent:** Tuesday, October 04, 2005 12:18 PM
**To:** 'Walden, S. Calvin'
**Cc:** CK6002; Matuschak, Mark; Oblon, Michael
**Subject:** RE: CK v. TIR

Hi Calvin,

Here is our response:

Conception, etc.: We have told you that we will produce the responsive documents that we can locate. I also note that we <u>have</u> produced documents in this category, both initially and in a subsequent production in the last couple of weeks. If you describe what you mean by documents "one would expect from a patent plaintiff in discovery," we will look for them. We certainly will not stipulate that we will not later claim any earlier invention date, as such a claim may be supported by the documents already produced, by documents presently in the hands of a third party, by third party witnesses themselves, or otherwise. I will confirm by the end of this week that we have produced everything. We don't think a motion to compel would be appropriate, because we are not withholding any documents.

Product Documents: These requests, which call for virtually every document in the company relating to these products, are vastly overbroad, particularly where TIR has taken the position that discovery in this case should be circumscribed and Judge Lasker has already indicated that he will not require this type of nearly unlimited discovery. We don't believe that TIR needs this vast amount of material for the issues of obviousness and damages, particularly because we have agreed on the damages production for now. If you can narrow this category, we may be able to reach an agreement. As it stands, however, it is far too broad and burdensome.

Damages Documents: Agreed.

Related issues:

1. When can we expect to see the infringement claim charts?
2. When can we expect to see the validity claim charts?
3. When will we get the additional information concerning the customers that Michael promised me?
4. Please give me a date for the willfulness election and production of any opinion and related documents.
5. Please respond on the issue of the TIR 30(b)(6) that Judge Lasker ordered.

Thanks.

--Aaron