IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED,<br><br>       Plaintiff<br><br>v.<br><br>TIR SYSTEMS LTD.,<br><br>       Defendant. | Civil Action No.:  03-cv-12491 (MEL) |

**COLOR KINETICS' OPPOSITION TO
TIR'S MOTION FOR ENTRY OF A PROTECTIVE ORDER
AND
CROSS-MOTION FOR ENTRY OF A PROTECTIVE ORDER**

    Color Kinetics Incorporated ("Color Kinetics") hereby opposes the motion by TIR Systems Ltd. ("TIR") for a protective order and moves for entry of the Protective Order attached hereto as Exhibit A.

    The parties agree on the need for a protective order and have negotiated agreement on virtually all of the terms.  The narrow remaining issue concerns TIR's insistence that any attorney or other employee of the respective firms "who participates in any way in this action" should be prohibited from prosecuting patents on behalf of its client that were filed before the date this suit was instituted.  Color Kinetics would agree to a prosecution ban <u>for attorneys and staff who actually access "highly confidential" information for a period extending three years after the conclusion of this case</u>, but does not agree that the mere fact that an attorney or other firm employee "participates in any way in this action" should be a bar to working on any prosecution matters for the client.  Without access to the highly confidential information, there is no risk of misuse.

Color Kinetics' proposed language is as follows:

Notwithstanding any provision of this Order, any attorney or employee of Lowrie, Lando, and Anastasi LLP or Wilmer Cutler Pickering Hale and Dorr LLP <u>who has access to or learns of the substance of any material designated " Highly Confidential" under this Order</u>, is prohibited from preparing or prosecuting, or supervising or substantively participating in any way in the preparation or prosecution of, or disclosing such Confidential information in any way to any person involved in preparing or prosecuting, any patent applications, reissue proceedings, or reexamination proceedings with the United States Patent and Trademark Office ("USPTO") or any similar proceedings with any foreign counterpart to the USPTO, involving any patent or patent application on behalf of (or to be assigned to) either Color Kinetics or TIR, having an effective filing date before this action (including any continuation, continuation-in-part, or divisional application, or application claiming priority from a provisional application, filed on behalf of Color Kinetics or TIR before this action).  This provision shall expire three years from the date of the final resolution of this action.

The language sought by TIR is clearly not necessary to protect TIR's highly confidential information, could impair Color Kinetics' ability to select counsel of its choice to work on its prosecution matters, would prevent patent prosecutors from discussing <u>public</u> aspects of the case with litigators, and is unworkably vague.

## **ARGUMENT**

TIR argues (1) that its language is "narrowly tailored" to protect its confidential information, and (2) that Color Kinetics "has already agreed to abide by TIR's proposed language."

In fact, the restriction is grossly overly broad and clearly is <u>not</u> calculated only to protect confidential information because, unlike Color Kinetics' version, it specifically applies to attorneys and employees of the respective firms <u>that have not seen any confidential information</u>. TIR's claim that Color Kinetics has "already agreed" to this restriction is a misrepresentation of the discussions leading up to this motion; in order to move discovery in this case along, Color

Kinetics agreed to operate under TIR's unusual restrictions <u>only until this issue could be presented to the Court</u>.

## I.    TIR'S VERSION IS NOT NARROWLY TAILORED

By its express terms, TIR's proposal would restrict the ability of attorneys who do not have access to the any confidential or highly confidential information to participate in prosecution matters for the respective clients.  This certainly is not, therefore, "narrowly tailored."  If an attorney does not have access to highly confidential information, there is <u>no</u> risk of that information being used improperly in the prosecution of applications for the client.

A truly amazing aspect of TIR's brief is that <u>every</u> case cited by TIR that addresses this issue enforces a protective order <u>in the form offered by Color Kinetics</u>.  There is so much authority in favor of Color Kinetics' position in TIR's brief that it is most helpful to present it as a chart:

| Case Cited by TIR | Nature of Order Enforced |
|---|---|
| Medtronic v. Guidant | Prohibits patent prosecutors from accessing "plaintiff's <u>confidential information</u>." |
| Motorola v. Interdigital Tech. | Adopts order providing that "attorneys <u>who have received confidential information</u> from Motorola shall not prosecute any ITC patent applications relating to the broad subject matter of the patents in suit during the pendency of this case and until one year after the conclusion." |
| In re Pabst Licensing Patent Litigation | Enters order restricting counsel "<u>with access to confidential prosecution bar materials</u>, from prosecuting, supervising, or assisting in the prosecution of any patent application . . . during the pendency of this case and for one year after the conclusion of this litigation." |

| Chan v. Intuit, Inc. | Requiring that "counsel <u>who view confidential information</u> shall be restricted from patenting for a party during the pendency of the trial and for two years after its conclusion." |
|---|---|
| Commissariat a L'Energie Atomique v. Dell Computer | Entering a protective order that "bars [plaintifff's] patent attorneys from accessing the Defendants' <u>highly confidential information</u>." |
| Mikohn Gaming Corp. v. Acres Gaming, Inc. | Approving order preventing the prosecution firm from being "given access to [the plaintiff's] <u>confidential information</u>." |
| Interactive Coupon Marketing Group, Inc. v. HOT Coupons, LLC. | Entering order providing that "plaintiff's attorneys <u>who are privy to confidential information obtained from defendant in discovery</u> shall not participate in the prosecution of any patent applications for plaintiff relating to the subject matter of the patents in suit during the pendency of this case and for one year after the conclusion of this litigation." |
| W.H. Wrigley Jr. Co. v. Cadbury Adams USA LLC | Adopting order providing that "any natural person who <u>received information designated as 'CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"</u> shall not participate in any way, direct or indirect, in the prosecution or support of the prosecution of any patent application in the field of chewing gum technology for a period of three years after that person's last review of the designated information or from the termination of this litigation." |

As <u>not even one</u> of the cases cited by TIR support the drastic restrictions it is trying to impose in this case, it appears that TIR's position is, literally, unprecedented.

Color Kinetics' proposed language should be adopted because the clear weight of authority, <u>as cited by TIR itself</u>, shows that the appropriate arrangement is one that prevents those from prosecuting related patents from having access to highly confidential information, not one that prohibits any attorney who "participates in any way" from working on prosecution matters, without regard to whether or not they have had access to any sensitive material.

- 4 -

The purpose of this provision of the protective order is to protect highly confidential information. The position that TIR is advocating goes well beyond that purpose, because it is attempting to restrict the activities of those <u>who never see any confidential or highly confidential material</u>. It appears to Color Kinetics that TIR's overly broad language is being pressed in a vain effort to apply collateral pressure to Color Kinetics and its counsel. It certainly cannot be motivated by the need to protect sensitive information.

TIR's discussion of "competitive decisionmaking" is completely beside the point because that issue comes into play only when it is proposed that the individual who is involved in competitive decisionmaking have access to confidential information. In the absence of that concern, which is not present here, this is a non-issue. TIR's discussion completely fails to appreciate (or ignores) this critical distinction.

TIR's claim that its proposal provides a "bright line rule" is also incorrect. It is no more certain to have a restriction that applies to attorneys who "participate in any way in this action or who have access to or learn of" sensitive material than it is to have a restriction directed to an individual who "has access to or learns of the substance of" any such material. In TIR's formulation, for example, it is unclear what it means to "participate in any way in this action." Does one have to be staffed on the case to be "participating"? Does researching a discrete legal issue constitute "participating"? Would discussing public aspects of the case with a member of the litigation team constitute "participating? "Participating in any way" is hardly a "bright line."

It is also not the case that TIR's scheme would better address concerns about enforcement, nor is there any reason to believe that there are any such (legitimate) concerns. TIR's scheme would simply change the nature of the impropriety that would need to be discovered. Under TIR's formulation, the question would be who "participated" or was

"involved" in the litigation for the parties. Obviously, counsel of record would have "participated," but how would one party know what other attorneys (or other employees) "participated" in the case for the other party? Under Color Kinetics' proposal, the question would be who had access to highly confidential information. It would be no more difficult for one party to determine who had access to highly confidential information than it would be to determine who at the opposing law firm "participated" in the case. Of the two, however, Color Kinetics' formulation is preferable because it does not impose unnecessary restrictions on attorneys and other employees who do not see highly confidential information.

TIR is also mistaken on the issue of the "substantive" language added by Color Kinetics. TIR's proposal, read literally, would bar any attorney or employee from prosecuting solely by reason of their learning that confidential information <u>exists</u>, regardless of whether or not they had actually seen it. The term "substantive" was added by Color Kinetics only to make clear that one would need to actually learn something confidential to be barred from prosecuting, and that it would not be a bar to only learn the bare fact that something confidential had been produced by one of the parties in this case. This was not "an obvious attempt to muddy the waters" (Motion, at 7); rather, it was an attempt to remedy an obvious flaw in TIR's proposed language that rendered it even more imprecise and overbroad.

The "inadvertent disclosure" cases cited by TIR are also not on point. Those cases dealt with situations in which it was proposed that counsel prosecuting applications should be allowed to access confidential information with the understanding that they would not use it when prosecuting. The attorneys in those cases would have had to refrain from using confidential information that they had when performing their prosecution tasks. That is not the issue here because <u>Color Kinetics' proposal is that those prosecuting the related applications not see any</u>

confidential information.  There would be, therefore, nothing to be inadvertently used or disclosed, because nobody handling prosecution would see anything confidential.  Reduced to its essentials, TIR's argument is that <u>any</u> attorney who accesses information may mistakenly, or "inadvertently," disclose it.  That it <u>always</u> the case, however, as it is a necessary part of any situation in which counsel for a party is allowed to receive confidential information of the other party.  It most certainly is not a reason to extend the restrictions of the confidentiality agreement to individuals who never receive confidential information.

## II.    COLOR KINETICS HAS NOT AGREED TO TIR'S PROVISION

TIR's argument that Color Kinetics should be bound by TIR's language because it has "already agreed" to that language is founded on a misrepresentation of the facts.

TIR was resisting the production of documents in this case based on the (unsupportable) argument that it is making in its motion.  Color Kinetics agreed to operate under TIR's unusually restrictive provision to allow discovery to move forward and <u>only until such time as the parties could present this dispute to the Court for resolution</u>.  That crystal clear agreement is reflected in the correspondence attached as Exhibit B.  The parties were actively negotiating or considering this issue until such time as it was determined that it would be presented to the Court in the form of a motion by TIR for entry of the protective order.  For TIR to now argue that Color Kinetics has acquiesced to this provision is to dramatically misrepresent the course of the discussions.

Similarly, it is improper for TIR to fault Color Kinetics for not "seek[ing] a less restrictive provision" because Color Kinetics is doing just that in this opposition/cross-motion, which is precisely the course <u>agreed upon by the parties</u>.  It can only be assumed that TIR is making this argument because the attorneys who prepared the motion were not in

communication with those who have been conducting the negotiations with Color Kinetics. It is unjustifiable otherwise.

Finally, TIR's complaints that Color Kinetics has not "identified procedures it has in place . . . to prevent inadvertent disclosures" should be disregarded because they are being raised for the first time in this motion. TIR <u>never</u> previously asked Color Kinetics to do any such thing and never provided any information to Color Kinetics about TIR's plans to protect Color Kinetics' confidential information. If TIR is interested in agreeing to such <u>mutual</u> "procedures," it could have raised this issue before, such as during the discussions about the protective order. It did not. TIR's attempt to fault Color Kinetics on this point is as flawed as the argument about Color Kinetics "agreeing" to TIR's proposed language and, like that argument, is one that should never have been made.

In any event, TIR presents no reasoned basis to conclude that any such procedures are necessary to assure compliance by Color Kinetics counsel (or TIR's) and there is none. In the end, parties must comply with protective orders or suffer from the contempt powers of the Court. There is no need for a more detailed procedure. Color Kinetics is prepared to rely on the professionalism of TIR's counsel in this regard and would request the same courtesy from TIR.

**CONCLUSION**

For the foregoing reasons, Color Kinetics requests that TIR's Motion for Entry of a Protective Order (Docket No. 44) be denied, that Color Kinetics' motion be allowed, and that the Court enter the Protective Order attached hereto as Exhibit A.

Respectfully submitted,

COLOR KINETICS INCORPORATED

October 24, 2005    by:    /s/ Emily A. Berger
Matthew B. Lowrie, BBO No. 563,414
Aaron W. Moore, BBO No. 638,076
Emily A. Berger, BBO No. 650,841
Lowrie, Lando & Anastasi, LLP
One Main Street - 11th Floor
Cambridge, MA 02142
Tel: 617-395-7000
Fax: 617-395-7070

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

I hereby certify that I have conferred with opposing counsel and have attempted in good faith, but without success, to resolve or narrow the issues presented in the motion.

Dated: October 24, 2005    /s/ Emily A. Berger
Emily A. Berger

**CERTIFICATE OF SERVICE**

I hereby certify that today I caused a true and correct copy of this motion and the attached Exhibits to be served, by CM/ECF, on the following counsel of record:

Mark G. Matuschak, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

Dated: October 24, 2005    /s/ Emily A. Berger
Emily A. Berger