UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED,<br><br>             Plaintiff,<br><br>   v.<br><br>TIR SYSTEMS LTD.,<br><br>             Defendant. | Civil Action No. 1:03-cv-12491-MEL |

**[PROPOSED] PROTECTIVE ORDER**

1.     All documents, materials, items, and/or information produced or submitted during the course of this action either by a party or by a nonparty to or for either of the parties shall be governed by this Protective Order. This includes all documents, materials, items, and/or information that contain or comprise confidential research, development, or commercial information. Absent a specific order by this Court, any documentation or information produced or submitted during the court of this action shall be used solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function.

2.     Any information or materials produced by any party or nonparty as part of discovery in this action may be designated by such party or nonparty as "Confidential" or "Highly Confidential" under the terms of this Protective Order.

3.     Definitions:

        (a)     Information or materials designated as "Highly Confidential" are those things that the designating or producing party reasonably and in good faith believes contain or disclose trade secret or highly confidential technical, regulatory, business practice, market, or financial information. Absent a specific order by this Court, once designated as "Highly

Confidential," such designated information shall not be disclosed to anyone except as provided herein.

(b)  information or materials designated as "Confidential" are those things that the designating or producing party determines, in good faith, contain confidential information, proprietary information, information involving privacy interests, and commercially sensitive information of a nonpublic nature that does not require a "Highly Confidential" designation.

(c)  as used herein, "Protected Materials" refers to both "Confidential" and "Highly Confidential" information.

4.  The designation of information or material as "Confidential" or "Highly Confidential" for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

(a)  in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony):  by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page of any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder; and

(b)  in the case of depositions or other pretrial or trial testimony:  (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential" or "Highly Confidential" hereunder; or (ii) by written notice of such designation sent by counsel to all parties within fifteen (15) days after the mailing (via overnight mail) to counsel of the transcript of the deposition.  During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to

be given is deemed "Confidential" or "Highly Confidential." The parties shall treat all deposition and other pretrial and trial testimony as "Highly Confidential" hereunder until the expiration of fifteen (15) days after the mailing (via overnight mail) to counsel of the transcript of the deposition. Unless so designated, any confidentiality is waived after the expiration of the 15-day period unless otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as "Confidential" or "Highly Confidential" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

5. Information or material designated as "Highly Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b) consultants as defined in Paragraph 7 herein and pursuant to the provisions of Paragraph 8 herein and conditioned upon compliance with Paragraph 9 herein;

(c) the Court, pursuant to Paragraph 10 herein;

(d) court reporters and their necessary stenographic, videographic and clerical personnel employed in connection with this action;

(e) graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 9 herein;

(f) non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 9 herein;

(g) the author, recipient or person with personal knowledge of such information or material; and

(h) any other person only upon order of the Court or upon written consent of the party producing the highly confidential information or material, subject to and conditioned upon compliance with Paragraph 9 herein.

6. Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) any person identified in Paragraph 5(a) through (h) above; and

(b) no more than two designated employees of each of the parties, subject to and conditioned upon compliance with Paragraph 9 herein.

7. For purposes of Paragraphs 5 and 6 herein, a consultant shall be defined as a person who is <u>neither</u> an employee of a party nor anticipated to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party.

8. The procedure for having a consultant approved for access to information or materials designated as "Confidential" and "Highly Confidential" shall be as follows:

(a) The party seeking to have a consultant, as defined in Paragraph 7 herein, approved shall provide the other party with a current resume or curriculum vitae of such person, which shall include a description of past and present employers and persons or entities with whom the consultant has been engaged in any consulting relationships in the field of LEDs (light emitting devices), lighting, entertainment lighting, solid state lighting and/or related fields in the last ten years, and a copy of a completed and signed undertaking in the form attached hereto as Exhibit A.

(b)     Within ten (10) days after mailing (via overnight delivery) of the information and signed undertaking described in subparagraph (a) by the party seeking approval, the other party may object to the person proposed for approval if facts available to that party give it reason to believe that there is a reasonable likelihood that the designated person may use information designated "Confidential" or "Highly Confidential" for purposes other than the preparation or trial of this case. Failure to object within ten (10) days to a person proposed shall be deemed approval.

(c)     If the other party so objects, the parties shall, within five (5) days from the date of the mailing of notice of objection, confer and attempt to resolve the dispute. At that conference the objecting party shall inform the party requesting approval of its reasons for objecting to the designated person. If the parties cannot resolve the dispute, or if the conference does not take place, then, within five (5) days from the date of the conference, the objecting party may move the Court for an order that access to information designated "Confidential" or "Highly Confidential" be denied to the designated person. These time periods are not to restrict either party from moving for a court order earlier if the circumstances so require.

9.     All persons listed in Paragraphs 5(b), 5(e), 5(f), 5(h), and 6(b) above may be given access to information or material designated as "Confidential" or "Highly Confidential," provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

10.    Documents, interrogatory responses, responses to requests for admission, depositions transcripts, or other information or material designated as "Confidential" or "Highly Confidential", where filed with the pleadings or as evidence, shall be delivered sealed to the Clerk of the Court and shall not be available for public inspection. Pleadings, memoranda or other papers containing information or material designated as "Confidential" or "Highly Confidential" shall also be filed in sealed envelopes marked with the case name and

number of this action, the title of the paper which contains the information or material designated as "Confidential" or "Highly Confidential" and a statement substantially in the following form:

[HIGHLY] CONFIDENTIAL UNDER PROTECTIVE ORDER

THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT. THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS TO BE EXAMINED, DISPLAYED, REVEALED, OR COPIED EXCEPT IN COMPLIANCE WITH THE PROTECTIVE ORDER.

11. A party may challenge the designation of information or materials produced herein as "Confidential" or "Highly Confidential" by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court within fifteen (15) days after conferring with the producing party, with highly confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Failure to make an application within this period shall constitute a waiver of the objection. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as the materials were originally designated.

12. All "Confidential" or "Highly Confidential" information and material covered by this Protective Order shall be kept in secure facilities, and access to those facilities shall be permitted only to those designated persons set forth in Paragraphs 5 and 6 above as persons properly having access thereto.

13.     All counsel for the parties who have access to information or material designated as "Confidential" or Highly Confidential" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

14.     Notwithstanding any provision of this Order, any attorney or employee of Lowrie, Lando, and Anastasi LLP or Wilmer Cutler Pickering Hale and Dorr LLP who has access to or learns of the substance of any material designated "Highly Confidential" under this Order, is prohibited from preparing or prosecuting, or supervising or substantively participating in any way in the preparation or prosecution of, or disclosing such Highly Confidential information in any way to any person involved in preparing or prosecuting, any patent applications, reissue proceedings, or reexamination proceedings with the United States Patent and Trademark Office ("USPTO") or any similar proceedings with any foreign counterpart to the USPTO, involving any patent or patent application on behalf of (or to be assigned to) either Color Kinetics or TIR, having an effective filing date before this action (including any continuation, continuation-in-part, or divisional application, or application claiming priority from a provisional application, filed on behalf of Color Kinetics or TIR before this action). This provision shall expire three years from the date of the final resolution of this action.

15.     Entering into, agreeing to, and/or producing or receiving information or materlil designated as "Confidential" or "Highly Confidential" or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any party that any particular information or material designated as "Confidential" or "Highly Confidential" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential" or "Highly Confidential";

(c) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

(d) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e) prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(f) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly highly confidential information; or

(g) prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

16. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" or "Highly Confidential" obtained lawfully by such party independently of any proceedings in this action, or which:

(a) was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

(b) is or becomes publicly known through no fault or act of such party; or

(c) is rightfully received by such party from a third party that has authority to provide such information or material and without restriction as to disclosure.

17. In the event that information in the possession or control of a party involves the confidentiality rights of a non-party or its disclosure would violate a Protective Order issued in another action, the party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Order. If the consent of the non-party cannot be obtained, the party will notify the party seeking discovery of: (a) the existence of the information without producing such information and; (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations). The party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

18. If a party inadvertently produces "Confidential" or "Highly Confidential" information without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error, <u>unless</u> it appears from the face of the document that it contains non-public, highly confidential, proprietary, commercially sensitive, or trade secret information of the producing party. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 5 or 6 above, as well as any copies made by such persons.

19. If a party inadvertently produces a document that it later discovers to be a privileged document (regardless of the confidentiality associated with the document), the production of that document shall not be deemed to constitute the waiver of any applicable privileges. In such circumstances, the producing party must immediately notify the receiving party of the inadvertent production, and request the return or confirmed destruction of the privileged materials. Within five (5) business days of receiving such notification, the receiving party shall return or confirm destruction of all such materials, including any summaries thereof. Such return or confirmation of destruction shall not preclude the receiving party from seeking to compel production of the materials for reasons other than its inadvertent production.

20. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

21. It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other party hereto for good cause.

22. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

23. The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material designated as "Confidential" or "Highly Confidential" hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing party, or shall certify destruction thereof. Counsel described in Paragraph 5(a) above shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain information or material designated as "Confidential" or "Highly Confidential") provided that such counsel, and employees of such counsel, shall not disclose any such information and material designated as "Confidential" or "Highly Confidential" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the producing party of the information or material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

24. In the event that any information or material designated as "Confidential" or "Highly Confidential" hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "Confidential" or "Highly Confidential" through such use. Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

25. If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" or "Highly Confidential" by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand or legal process, to those who produced or designated the information or material "Confidential" or "Highly Confidential" and shall object to its production to the extent permitted by law. Should the person seeking access to the information or material take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

26. It is contemplated that outside counsel for a party may request to disclose certain documents designated as "Highly Confidential" to one or more officers of that party for the limited purpose of facilitating settlement of the dispute between the parties. Any such request must be in writing and shall state the material the outside counsel wishes to disclose, identified by production number, the persons to whom counsel wishes to make disclosure, and the

reason(s) and purpose(s) therefor. If the supplying party agrees to this disclosure, the supplying party will re-produce the material in a re-designated format by affixing to each page of the document the legend "HIGHLY CONFIDENTIAL – REDESIGNATED FOR ACCESS BY CERTAIN OFFICERS AND IN-HOUSE COUNSEL OF", followed by the name of the receiving party. Any documents that are re-produced and re-designated in accordance with this paragraph shall still be subject to the restrictions and other provisions in paragraphs 1, 3, 17-19 and 21-24. The decision as to whether the supplying party will agree to re-designate the requested documents is at the sole discretion of the supplying party.

IT IS SO ORDERED:

Dated: _____        _____
                                            The Honorable Morris E. Lasker
                                            United States District Judge

**EXHIBIT A**

UNDERTAKING OF _____

I, _____, declare:

1. My address is _____

_____

_____

2. My present occupation and job title are _____.

3. I have received a copy of the Stipulated Protective Order in the action entitled *Color Kinetics Incorporated v. TIR Systems Ltd.*, (the "Action") pending in the U.S. District Court for the District of Massachusetts, Civil Action No. 1:03-cv-12491-MEL. I have carefully read and understand the provisions of the Protective Order.

4. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of the Action, any information designated "Confidential" or "Highly Confidential" which I receive in the Action.

Executed this \_\_\_\_\_ day of _____, _____ at _____

_____.

I declare under penalty of perjury that the foregoing is true and correct.

_____