IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COLOR KINETICS INCORPORATED,

    Plaintiff

v.

TIR SYSTEMS LTD.,

    Defendant.

Civil Action No.: 03-cv-12491 (MEL)

**ASSENTED-TO MOTION FOR LEAVE TO
FILE A SECOND AMENDED COMPLAINT AND EXTEND CASE DEADLINES**

    Pursuant to Fed. R. Civ. P. 15(a), plaintiff Color Kinetics Incorporated ("Color Kinetics") hereby moves for leave to file a Second Amended Complaint. A copy of the Second Amended Complaint, without its (voluminous) exhibits, is attached as Exhibit A. Color Kinetics will separately file the Second Amended Complaint and Exhibits should this motion be allowed.

    The Second Amended Complaint adds claims for infringement of four additional Color Kinetics patents by most of TIR "Destiny" line of LED products that are already accused of infringement in this case.

    Three of the patents to be added in the Second Amended Complaint are in the area of LED lighting units that use pulse width modulation ("PWM") to control the LEDs. Color Kinetics first learned of the use of PWM in these products at a deposition of TIR on the subject of its color-changing LED products that took place at the end of November 2005. The TIR Destiny CW product examined by Color Kinetics prior to filing suit apparently does not use PWM and thus, apparently does not infringe these patents.

779519.1

The fourth patent to be added is recently granted, having been issued by the U.S. Patent and Trademark Office on December 13, 2005. This patent relates to the use of a non-linear scaling technique to control LEDs. Color Kinetics believes that at least one of the members of the TIR Destiny product line employ this technique.

The Second Amended Complaint also adds a claim for breach of an OEM agreement between Color Kinetics and TIR. The breach of contract claim also relates to the TIR Destiny product line, specifically to an allegation that its development was in violation of the terms of the OEM agreement.

Because the new patents cover most of the products that are already accused of infringement in this case; because discovery is still in its early stages, as a result of a dispute over which products are involved; to avoid piecemeal litigation; and because convenience, efficiency, and the interests of justice all heavily favor resolving the dispute over these four new patents and the OEM agreement in this case, Color Kinetics seeks leave to file its Second Amended Complaint.

Color Kinetics has consulted with TIR on the addition of these claims to this case. <u>TIR has assented to the addition of the claims</u> on the conditions that (1) the close of the fact discovery period in this case be extended from April 14, 2006 to September 1, 2006, and the other dates on the scheduling order are adjusted accordingly, (2) that Color Kinetics provide infringement claim charts for the newly added patents by March 3, 2006, and (3) that Color Kinetics agree to not oppose the possible addition of a TIR patent in this case on the grounds that there is insufficient time remaining in the discovery period, provided that a motion seeking leave for such an amendment is filed no later than six months before the close of the discovery period (Color Kinetics remains free to object on grounds other than timeliness). TIR does not, by its consent to

this motion, make any admissions regarding the merits of any new claim in the Amended Complaint. These terms are acceptable to Color Kinetics.

### ARGUMENT

Leave to amend under Rule 15(a) "shall be freely given when justice so requires." For the reasons detailed below, convenience and judicial efficiency favor resolving the dispute over these new Color Kinetics patents at the same time as that over Color Kinetics' claims of infringement of the patents already in suit, particularly because the products accused of infringing the new patents are already part of this case, as they also infringe the Color Kinetics patents that are already in suit.

The disputes concerning the new and existing Color Kinetics patents will involve substantially overlapping written discovery, document discovery, deposition testimony, expert reports and discovery, and evidence at trial. It would make no sense to handle them separately.

All of the products that are alleged to infringe the new patents are already part of this case, because they are also alleged to infringe the patents already in suit. This means that the new patents would require little additional document discovery from TIR; virtually all of the relevant documents—technical, financial, and otherwise—can be expected to be produced in this case anyway.

As far as the patents are concerned, all but one of the five inventors listed in the four new patents are also inventors on the patents that are already in the case. This means that only one new inventor deposition might be required if these patents were to be added to this case, but that four depositions may need to be repeated in a different case if the patents are litigated separately. The patents are also closely related, in many cases stemming from the same early applications that resulted in the patents already in the case.

Similar considerations apply with respect to non-inventor witnesses. Aside from the one court-ordered deposition that Color Kinetics took in Vancouver, no depositions have been taken in this case. This means that no depositions of TIR witnesses or third parties would need to be revisited, and it is not expected that any additional TIR depositions would be required as a result of the addition on the new patents. Similarly, no Color Kinetics depositions have been taken, meaning that no Color Kinetics witnesses will need to be re-deposed. A separate litigation for the new patents would likely mean multiple repeated depositions of Color Kinetics witnesses. Moreover, even if one or two more depositions would be needed in this case due to the addition of the new patents, the additional costs and time associated with those would pale in comparison to that associated with litigating the new patents in an entirely separate suit. Proceeding on the new patents in another case would mean re-deposing many witnesses who will be deposed in this case, a tremendous waste of time and effort, especially where the issues are so closely related.

Judicial efficiency also favors litigating these patents in this case. Both the new and old patents are directed to LED lighting technology. This means that the disputes, if litigated separately, will require two Courts and, possibly, two juries to be educated to understand the very same technology. It would be highly inefficient to resolve the infringement and validity issues at two different times and before two different tribunals.

It is also highly likely that the experts used by the parties will be the same for both sets of patents. To have two sets of closely-related expert reports and depositions and two different cases would be wasteful, to say the least.

In short, one suit instead of two means one court overseeing discovery, one court (and, possibly, jury) being educated on the technology, one set of depositions, one Markman hearing, one set of expert reports, one set of summary judgment motions, one set of pretrial motions, one

trial, and one set of post-trial briefs. Under these circumstances, these four additional patents do not merit an entirely separate litigation, and all that that entails, when the same parties are already litigating many of the same issues, with many of the same witnesses and documents, in this case.

The breach of contract claim should be litigated in this case for many of the same reasons. Most of the relevant witnesses and documents will be the same as those that relate to the patent claims, as the underlying subject matter is the development of the very same TIR products that are already accused of infringement, and, to the extent required, the same experts can address the fact issues that underlie the contract and tort claims.

As part of the agreement of the parties with respect to the addition of the patents, Color Kinetics hereby moves that the case schedule be amended, as follows:

| **Event** | **Current Deadline** | **Revised Deadline** |
| --- | --- | --- |
| Close of fact discovery | April 14, 2006 | September 1, 2006 |
| Serve initial expert reports on issues for which each party bears the burden of proof | May 26, 2006 | October 13, 2006 |
| Serve rebuttal expert reports | June 23, 2006 | November 10, 2006 |
| Close of expert discovery | August 25, 2006 | January 12, 2007 |
| File any dispositive motions | October 27, 2006 | March 16, 2007 |

**CONCLUSION**

WHEREFORE, plaintiff Color Kinetics hereby requests that this Assented-To Motion For Leave To File a Second Amended Complaint and Extend Case Deadlines be ALLOWED. A Proposed Order is attached as Exhibit B.

                                                Respectfully submitted,

                                                COLOR KINETICS INCORPORATED

Dated: February 17, 2006                  /s/ Emily A. Berger
                                                Matthew B. Lowrie, BBO No. 563,414
                                                mlowrie@LL-A.com
                                                Aaron W. Moore, BBO No. 638,076
                                                amoore@LL-A.com
                                                Emily A. Berger, BBO No. 650,841
                                                eberger@LL-A.com
                                                Lowrie, Lando & Anastasi, LLP
                                                Riverfront Office Park
                                                One Main Street - 11th Floor
                                                Cambridge, MA 02142
                                                Tel: 617-395-7000
                                                Fax: 617-395-7070

## CERTIFICATE OF SERVICE

I hereby certify that today I caused a true and correct copy of this motion and the Second Amended Complaint and Proposed Order attached hereto to be served on the following counsel of record by CM/ECF:

Mark G. Matuschak (BBO# 543873)
mark.matuschak@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000


Dated: February 17, 2006                    /s/ Emily A. Berger
                                            Emily A. Berger


## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that counsel for Color Kinetics has conferred with opposing counsel and reached agreement on the issues presented in this motion.


Dated: February 17, 2006                    /s/ Emily A. Berger
                                            Emily A. Berger