# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:03-cv-12491-MEL ) |
| TIR SYSTEMS LTD, | ) ) |
| Defendant. | ) ) |

**TIR'S MOTION TO MODIFY SCHEDULING ORDER
AND INCREASE NUMBER OF DEPOSITIONS, AND FOR EXPEDITED HEARING**

The defendant, TIR Systems, Ltd., ("TIR"), hereby moves the Court to extend the deadlines set forth in the Court's February 22, 2006 Scheduling Order (the "Scheduling Order") in accordance with the schedule proposed below.  In addition, TIR requests that the Court allow the parties to take an additional ten depositions (for a total of twenty), exclusive of Rule 30(b)(6) depositions and expert depositions.  The requested modification of the Scheduling Order and increase in depositions are necessary to provide TIR both the time and opportunity to obtain critical discovery with respect to plaintiff Color Kinetics, Inc.'s ("CK") recently-amended claims, and TIR's newly-asserted counterclaims and defenses, all of which significantly expanded the scope of this litigation.  An extension is also warranted in light of the delayed state of discovery and the potentially voluminous document production set to occur at the end of July.  As grounds for this motion, TIR states the following:

I. **RECENT EXPANSION OF THE SCOPE OF THIS LITIGATION REQUIRES EXTENSION OF DISCOVERY DEADLINES AND ADDITIONAL DEPOSITIONS[1]**

    A. **Both Parties Have Recently Added Substantive Claims and Defenses**

1. In this action, CK alleges infringement of almost one hundred claims in eight patents by virtue of TIR's sales of six different LED products and a newly developed device called the LEXEL. CK initially filed a complaint on December 11, 2003, alleging infringement of three patents. (D.I. 1.) Almost one year later, on September 24, 2004, CK filed a First Amended Complaint, which asserted infringement of a fourth patent. (D.I. 24.) After another year passed, on February 23, 2006, CK amended its complaint for the second time, asserting infringement of four additional patents (for a total of eight) and adding a claim for breach of contract by TIR. (D.I. 57.)

2. On April 7, 2006, TIR answered the Second Amended Complaint. (D.I. 67.) In its Answer, TIR asserted thirteen affirmative defenses, including, *inter alia*, that at least three of the patents-in-suit are unenforceable due to inequitable conduct before the U.S.P.T.O. TIR also asserted amended counterclaims seeking a declaratory judgment of (1) invalidity of the eight patents-in-suit; and (2) unenforceability of three patents-in-suit due to inequitable conduct. TIR's allegations of inequitable conduct followed an exhaustive analysis of the relevant prosecution histories, and were plead in accordance with Rule 9(b) of the Federal Rules of Civil Procedure.

---

[1] The factual statements in this motion are made on representation of the undersigned counsel. In the event that CK disputes the asserted facts or objects to their submission without an affidavit, TIR will request leave to submit an affidavit from counsel supporting the factual statements contained in this motion.

### B. The Parties Have Conducted Only Limited Discovery On Recently Asserted Claims and Defenses

3. Less than three months ago, on April 27, 2006, CK answered TIR's amended counterclaims and denied that its patents are invalid or unenforceable due to inequitable conduct. (D.I. 73.) Since April 27, the parties have conducted fact discovery in the form of electronic and hard-copy document production. Although fact discovery is scheduled to close in just over one month, the parties have taken no depositions on the newly asserted claims and defenses, and in fact, only one deposition has taken place since this litigation began. On several occasions, TIR has attempted to take the depositions of the named inventors of the patents-in-suit. However, CK has refused to produce a witness or even provide deposition dates unless TIR allows CK to take a deposition first. CK's gamesmanship has delayed the progress of discovery.

4. In addition, the parties were unable to reach an agreement on electronic discovery until recently, which has delayed the production of relevant documents and inhibited additional discovery. The parties exchanged search terms and narrowed the universe of documents to be reviewed at the beginning of June, but did not come to a final agreement on production until the end of June. Currently, the parties are reviewing documents and have agreed to produce responsive documents by the end of July. In the interest of efficiency, the parties agreed to postpone depositions until after document production is complete.

5. Given the recently expanded scope of this litigation and the upcoming (potentially voluminous) production of electronic discovery, TIR proposes modification of the Scheduling Order to allow sufficient time for the parties to conduct document review and to

take depositions. Specifically, TIR moves that the current Scheduling Order be amended as follows:

| Event | Current Deadline in Scheduling Order | *Proposed Modified Date* |
|---|---|---|
| Close of Fact Discovery | September 1, 2006 | *October 31, 2006* |
| Serve Initial Expert Reports on Issues for which Each Party Bears the Burden of Proof | October 13, 2006 | *December 1, 2006* |
| Serve Rebuttal Expert Reports | November 10, 2006 | *January 12, 2007* |
| Close of Expert Discovery | January 12, 2007 | *February 28, 2007* |
| Dispositive Motions Filed | March 16, 2007 | *April 16, 2007* |

    **C.    TIR Requires Additional Depositions Because Of Recently Asserted Patents, and Additional Claims and Defenses**

6.    In its February 17, 2006, Motion for Leave to File a Second Amended Complaint, CK represented to the Court that "it is not expected that any additional TIR depositions would be required as a result of the addition of the new patents." (D.I. 56-1 at 4.) This representation, however, has proven untrue -- TIR needs more than ten depositions given the scope of this case. CK has now asserted a total of eight patents and almost 100 claims against TIR. To discover facts and information relevant to TIR's claims and defenses, and in particular, to adequately investigate CK's inequitable conduct, TIR anticipates that it needs to depose *at minimum* five inventors and six prosecuting attorneys, thereby exhausting (and exceeding) TIR's allocated depositions.

7.    In addition, TIR will likely need to depose other witnesses, including those with information regarding CK's recently asserted breach of contract claim, as well third party witnesses. It is also likely that TIR will identify additional witnesses for deposition

4

following review of CK's upcoming document production.  Consequently, TIR requests that the parties be allowed to take up to twenty depositions, exclusive of Rule 30(b)(6) and expert depositions. [2]

### D. The Parties Request Expedited Consideration Of This Motion

8. TIR Respectfully requests expedited consideration of this motion since discovery is set to close in just six weeks.  CK has agreed to expedited consideration and has agreed to oppose this motion by July 26, 2006.

## II. CONCLUSION

In view of the scope of the claims and defenses asserted in this litigation, the delayed state of discovery, and upcoming document production by the parties, and for all the other reasons stated above, TIR requests modification of the Scheduling Order and leave of Court to depose up to twenty witnesses.

---

[2] With respect to depositions, the parties originally agreed that the number of depositions would not include Rule 30(b)(6) or expert depositions.  However, CK has refused recently to confirm that agreement.

## REQUEST FOR ORAL ARGUMENT

TIR respectfully requests an expedited hearing on the earliest possible date consistent with the Court's calendar.

Respectfully submitted,

WILMER CUTLER PICKERING
  HALE AND DORR LLP

Dated:  July 21, 2006

/s/ Mark Matuschak
Mark G. Matuschak (BBO #543873)
mark.matuschak@wilmerhale.com
Wendy Haller Verlander (BBO # 652943)
wendy.haller@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: 617-526-6000

S. Calvin Walden (admitted *pro hac vice*)
calvin.walden@wilmerhale.com
Alexandra McTague (admitted *pro hac vice*)
alexandra.mctague@wilmerhale.com
399 Park Avenue
New York, NY 10021
Telephone: 212-937-7200

Joseph R. Baldwin (admitted *pro hac vice*)
joseph.baldwin@wilmerhale.com
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: 202-663-6000
Attorneys for Defendant
TIR SYSTEMS LTD.

**LOCAL RULE 7.1 CERTIFICATION**

      I hereby certify that I have conferred with opposing counsel and have attempted in good faith, but without success, to resolve or narrow the issues presented in the motion.

Dated July 21, 2006                                          /s/ Alexandra McTague

**CERTIFICATE OF SERVICE**

I hereby certify that today I caused a true and correct copy of this motion and the attached Exhibits to be served, by CM/ECF, on the following counsel of record:

        Matthew B. Lowrie
        Aaron W. Moore
        Emily A. Berger
        Lowrie, Lando & Anastasi, LLP
        Riverfront Office Park
        One Main Street
        Cambridge, MA 02142

Dated July 21, 2006                                        /s/ Alexandra McTague