IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED,<br><br>                    Plaintiff<br><br>v.<br><br>TIR SYSTEMS LTD.,<br><br>                    Defendant. | Civil Action No.:  1:03-cv-12491 (MEL) |

**COLOR KINETICS' OPPOSITION TO TIR'S MOTION TO
MODIFY THE SCHEDULING ORDER AND INCREASE NUMBER OF DEPOSITIONS**

Plaintiff Color Kinetics Incorporated ("Color Kinetics") hereby opposes the motion of TIR Systems Ltd. ("TIR") to Modify the Scheduling Order and Increase the Number of Depositions (Docket No. 74).

## ARGUMENT

The motion to extend the discovery period for two <u>more</u> months should be denied because TIR has <u>already</u> requested and received an extension of the discovery period in connection with the "new" patents and claims, as part of the filing of the Second Amended Complaint.  TIR provides no legitimate explanation for its failure to take its discovery in the many months since the Second Amended Complaint was filed in February of 2006, at which point the parties agreed on the current schedule.

TIR's motion to <u>dramatically</u> increase the number of depositions allowed a party, from ten to twenty, also finds no support, as TIR has only taken one deposition to date, does not even try to identify twenty potential deposition witnesses, and its asserted need to depose the witnesses is does identify is suspect.

**I.      TIR HAS SQUANDERED THE DISCOVERY PERIOD**

TIR has had ample opportunity to complete discovery within the time period established in the Court's February 22, 2006 Scheduling Order, and there is still time remaining. Its failure to take the discovery it now seeks is its own fault and does not justify a further extension.

      **A.      The Discovery Period Has Already Been Extended to Account
            for the New Claims in the Second Amended Complaint**

Prior to filing the motion for leave to file the Second Amended Complaint, the parties consulted on the addition of the patents and other claims, and TIR assented to the filing of the complaint, <u>on the condition that the close of fact discovery in this case be extended from April 14, 2006 to September 1, 2006</u>. The current schedule, therefore, <u>already</u> reflects an agreed-upon extension of the discovery period associated with the patents and other claims added in the Second Amended Complaint. Notably, the Second Amended Complaint did not add any accused products to this case.

TIR is exaggerating when it complains about "recently-amended" claims, and "newly-asserted conterclaims and defenses"; these claims and counterclaims were added to the case as part of the February 2006 amendment to the complaint. They are neither recent nor new.

      **B.      TIR <u>Has</u> Had "Time" and "Opportunity" to Take Discovery**

TIR's assertions that it has not had the "time" or "opportuntity" to conduct discovery are simply untrue.

With respect to party discovery, had TIR not repeatedly resisted the production of documents (Color Kinetics having had to resort to motion practice to get documents on <u>every</u> accused product other than the Destiny CW), the party depositions would have begun long ago.

TIR's complaints about not being able to take depositions of Color Kinetics fail to convey the entire story. The <u>first</u> deposition noticed in this case was a 30(b)(6) deposition of

TIR.  For months, Color Kinetics has sought the completion of TIR's document production (excluding e-mails) so that the TIR 30(b)(6) deposition could take place.  TIR, however, has dragged its feet on the document production, and tried to quash subpoenas issued to third parties, effectively preventing the TIR deposition from going forward for a lack of key documents.

At time same time, however, TIR has, on a couple of occasions, asked for Color Kinetics to make its witnesses available.  Color Kinetics has refused to allow TIR to change the order of the depositions, maintaining, for months, its position that its first-noticed 30(b)(6) deposition should be the first party deposition in this case.  Each time this position was stated, TIR backed off its request.  If TIR truly had a problem with Color Kinetics' position on the appropriate order for the depositions, it should have raised it long ago.

The only reason, therefore, that the Color Kinetics depositions have not proceeded is that TIR has effectively refused to produce its own witnesses, by refusing and failing to produce its documents.

With respect to non-party discovery (e.g., the other ten depositions that TIR now claims to need), there has been <u>nothing at all</u> preventing TIR from moving forward.

### C.     TIR Has Delayed the E-Mail Production

TIR's complaints regarding the e-mail discovery are similarly unfounded.   It was Color Kinetics that first raised the issue of e-mail discovery, in January of 2006.  (<u>See</u> Exhibit 1.)  TIR's response was that e-mail discovery should be very limited because it was burdensome.  In response to that, Color Kinetics suggested that the parties identify particular individuals whose e-mail accounts would be searched.  When TIR subsequently refused to provide a list of the people who worked on the accused products, Color Kinetics rejected the idea of accommodating TIR by limiting the e-mail production to specific people.  (<u>See</u> Exhibit 2.)  At that point (March 16th),

with TIR unwilling to cooperate even to aid its own desire for limited e-mail discovery, Color Kinetics demanded that the e-mail discovery proceed without limitations. (Id.) TIR refused to do this and wrote again on March 24th, promising to "again evaluat[e] the issue of electronic production. (See Exhibit 3.)

Nearly a month later, TIR wrote again, explaining that it "ha[d] decided to opt for the first proposal of producing no electronic documents"—a "proposal" that had never been made. (See Exhibit 4.) Color Kinetics immediately responded that producing no electronic documents was not an option. (See Exhibit 5). When Color Kinetics threatened to bring the issue of the electronic production to the Court, TIR relented and, on May 3rd, outlined an elaborate scheme for the collection of e-mail documents, including the exchange of search terms. On May 12th, Color Kinetics agreed to the concept of search terms, but rejected the elaborate procedures proposed by TIR. The parties exchanged search terms on May 19th. TIR did not agree to Color Kinetics' proposed terms (after some editing) until June 6th. The parties are currently in the process of reviewing and producing e-mail documents to each other and both expect to have the process completed within a week or so.

There are at least two things that can be taken from the above chronology.

The first is that TIR was apparently willing to forego e-mail discovery in this case altogether, a fact that completely undermines its current position that it needs every single e-mail in order to take a deposition.

The second is that Color Kinetics was willing to proceed with e-mail discovery without limitations as early as March 16, 2006. The delay that resulted from the subsequent, prolonged discussions and negotiations is entirely attributable to TIR's continuing efforts to limit discovery. It would be unfair to allow TIR to use the complications and delays that it introduced into the

process as a means to extend to discovery period, again.

### D. There Is No Need To Wait Until all Every E-Mail Is Produced To Take Depositions

TIR's position that no depositions can be taken until all e-mail and other documents have been produced is not reasonable. Unless a discovery schedule is set up initially for the completion of document discovery first (not done here), it is almost always the case that deposition and document discovery proceed <u>concurrently</u>. With the bulk of the documents having been produced already, or to be produced shortly, there is no reason to further delay the depositions, or to extend the discovery period any further.

Should a deposition take place prior to the production of a document relevant to that deposition, either party is free to seek an agreement, or leave, to continue the deposition. That would not be unusual. What is unusual, however, are TIR's efforts to delay an entire case on the basis of a purported problem that it created.

*          *          *

In order to accommodate scheduling issues and August vacations, Color Kinetics would be willing to conduct a few depositions in September, after the formal close of discovery, if necessary. This has been conveyed to TIR. Color Kinetics does not believe, however, that the entire discovery period should be extended, again, allowing TIR to further delay this case.

## II. **TIR DOES NOT NEED TWENTY (20) DEPOSITIONS**

In the September 21, 2004 Joint Statement, TIR requested that it be permitted to take twenty depositions in this case. That request was considered and denied at the September 28, 2004 hearing. Although the Court provided that the "limitation may be extended upon a party moving to show why further depositions are necessary," TIR has made no such showing.

- 5 -

Even assuming that TIR does need to depose all five inventors, it provides no explanation as to why it needs depositions of <u>six</u> prosecuting attorneys, and <u>nine</u> <u>unnamed</u> additional third party witnesses, <u>plus</u> 30(b)(6) and expert depositions.

With respect to the prosecuting attorneys, it does not appear that <u>any</u> depositions are warranted, as there has been no showing by TIR that such depositions are necessary, or that there is any possibility of eliciting relevant, non-privileged information.  <u>See</u> <u>West Peninsular Title Co. v. Palm Beach County</u>, 132 F.R.D. 301, 302 (S.D. Fla. 1990) (holding that party seeking an attorney's deposition bears the burden of demonstrating a compelling need and the propriety of the deposition); <u>Resqnet.com, Inc. v. Lansa, Inc</u>., No. 01-3578, 2004 U.S. Dist. LEXIS 13579, at *13-14 (S.D.N.Y. July 21, 2004) (prohibiting the deposition of the prosecuting attorney and noting that "the prosecution histories speak for themselves"); <u>see also</u> <u>In re Regents of the Univ. of California</u>, 101 F.3d 1386, 1390, 1391 (Fed. Cir. 1996) ("Consultation with counsel during patent prosecution meets the criteria of compliance with law and meeting legal requirements, thereby reducing or avoiding litigation, and is within the scope of subject matter that is subject to the attorney-client privilege.").

TIR has not even tried to establish that one, much less six, prosecuting attorney depositions are "either appropriate or necessary." <u>Resqnet.com, Inc</u>., at *13-14.

For the other <u>nine</u> depositions that TIR claims it "will likely" need (Moving Brief, at 4), it has not identified even a single witness by name.  These types of vague assertions cannot possibly meet TIR's burden of showing a need for these depositions.

As TIR cannot establish that it needs to depose even one of the six prosecuting attorneys, and as TIR has not identified even one of the other nine witnesses it claims to need to depose, it has not met its burden of proving that it needs additional depositions.

- 7 -

## **CONCLUSION**

For the reasons set forth above, plaintiff Color Kinetics respectfully requests that the Court deny TIR's Motion to Modify Scheduling Order and Increase Number of Depositions (Docket No. 74).

Respectfully submitted,

COLOR KINETICS INCORPORATED

Dated: July 28, 2006          by:     /s/ Emily A. Berger
                                      Matthew B. Lowrie, BBO No. 563,414
                                      Aaron W. Moore, BBO No. 638,076
                                      Emily A. Berger, BBO No. 650,841
                                      LOWRIE, LANDO & ANASTASI, LLP
                                      Riverfront Office Park
                                      One Main Street - 11th Floor
                                      Cambridge, MA 02142
                                      Tel : 617-395-7000
                                      Fax: 617-395-7070

- 8 -

## CERTIFICATE OF SERVICE

      I hereby certify that on this 28th day of July, 2006 a true copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants, including those persons listed below:

Mark G. Matuschak, Esq.
mark.matuschak@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109

          /s/ Emily A. Berger
          Emily A. Berger