Exhibit 5



Aaron W. Moore
amoore@LL-A.com
direct dial (617) 395-7016

April 21, 2006

**BY E-MAIL ONLY**

S. Calvin Walden, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, New York 10022

    Re:    Color Kinetics, Inc. v. TIR Systems Ltd.
           D. Mass. Civil Action No.: 03-12491-MEL
           Our File No.: C1104-6002

Dear Calvin:

    This letter is intended to address a number of discovery-related issues that are outstanding in this case. For the items that appear to be ripe for a meet-and-confer (noted below), please let me know your availability for a telephone call next week.

    **Claim Charts:** TIR long ago promised non-infringement claim charts for the products that were added to the case after the Vancouver deposition. I believe that the most recent of many requested extensions expires today. We plan to file a motion to compel on this next Friday if we don't have the charts by then. Please let me know if you think that more in the way of a meet-and-confer is required.

    **30(b)(6) Deposition:** We would like TIR to propose some dates on which to conduct the 30(b)(6) deposition that was originally noticed last fall. Given the amount of document production that still needs to take place, we would like to schedule that for early to mid-June. Please provide me with a proposal on dates by the end of next week.

    **Opinion Documents:** TIR long ago promised to produce additional documents relating to the November 2005 invalidity opinion and any other opinion rendered to TIR by non-litigation counsel concerning the validity of the Color Kinetics patents. This is another issue on which we plan to move to compel unless it is resolved by next Friday. We were also promised an explanation of TIR's position on this issue in general, including whether TIR should be required to produce documents relating to invalidity that passed between TIR and litigation counsel. In addition, we ask that TIR produce any opinion(s) and related documents concerning the Color Kinetics patents that were added to this suit in the Second Amended Complaint.



S. Calvin Walden, Esq.
April 21, 2006
Page 2

**Electronic Discovery:** Joe Baldwin's letter of April 19, 2006 seems to indicate that Color Kinetics made some proposal that would relieve TIR of the burden of producing relevant documents simply because they are in electronic format. No such offer was ever made. We were willing to stipulate to an arrangement in which the parties would agree in advance on specific limits to e-mail discovery, but that offer was rejected, and, in a March 16th e-mail, I made it clear that we expected electronic discovery to proceed without restrictions. We do not believe that TIR is entitled to shield otherwise responsive documents simply because they are in electronic format. This is another issue that appears to be ripe for a decision by the Court. Please let me know if you believe that additional discussion on this is necessary.

**Documents in the Hands of Other Parties:** Joe Baldwin asked me whether we would be willing to try to collect and produce documents in the hands of a Canadian company that worked on early Color Kinetics circuit boards. I said that we would be willing to do that, provided that TIR would be willing to produce documents in the hands of foreign third parties over which it exercised a similar degree of control. I am waiting for confirmation that we have an agreement on that issue.

**Inadvertently Produced Documents:** We plan to file a motion to compel the production of the "inadvertently produced" documents that we returned at TIR's request. We do not see any colorable basis for the claim of privilege. Please let me know if you believe we need to have any additional discussion on that issue to satisfy our obligation to meet-and-confer.

**Destiny Production:** The document production that we received for the Destiny products added to the case following the Vancouver deposition is very incomplete, as evidenced by a comparison to the production made for the Destiny CW product. The cover letter to the production on the other Destiny products indicated that it constituted documents "sufficient to show the operation of" those products. This is inadequate; we demand a full and complete production of documents concerning these accused products. This should include complete and legible sets of circuit level schematics for each product. It should also include documents relating to all sales of these products in the United States.

**LEXEL(NY):** The production of documents concerning the LEXEL device used at the New York trade show is incomplete, most clearly because it does not include circuit level schematics for the unit or any other documents sufficient to determine how it actually works. We believe that we are entitled to all design and development documents concerning this device. We also ask that TIR make the particular unit used in New York available for inspection sometime before the end of May.

**Other LEXEL:** We ask that TIR produce copies of documents concerning any use, sale, or offer to sell the LEXEL product in the United States other than at the New York show and in connection with LSI. These documents would be responsive to numerous requests made in our first and second requests for production.



S. Calvin Walden, Esq.
April 21, 2006
Page 3

**Prior Art:** Please confirm that TIR has produced all documents of which it is aware concerning prior art to the patents-in-suit and all documents that it will use to support its invalidity or unenforceability claims.

**Communications with Third Parties:** The TIR production appears to lack documents constituting or concerning communications with third parties (other than a few customers for the Destiny CW product). Please produce documents relating to correspondence with others concerning the accused products, the patents-in-suit, and this case.

**Marketing:** The TIR production does not seem to include a complete set of marketing materials for the accused product. For example, packaging, manuals, and numerous presentations appear to be missing. These would be responsive to, at least, Request Nos. 8, 9, and 25. The objection as to time is unwarranted, as the products have not existed for more than a few years. Please produce responsive documents dating back to the inception of the products.

**Protoypes:** Please make available for our inspection any and all prototypes or earlier-than-current versions of the accused products. See Request No. 2.

**OEM Agreement:** Please produce all documents concerning the CK-TIR OEM agreement. These are called for by, at least, Request No. 3.

**Laches/Estoppel:** Please produce any documents on which TIR will attempt to rely to support any laches or estoppel claim. See Request No. 12.

**Willfulness:** Please confirm that TIR has produced all documents on which it will rely to show a lack of willfulness of its infringement. See Request No. 15.

**Financials:** The TIR production is deficient with respect to financial documents, lacking a complete set of documents concerning actual and projected figures for sales, revenues, and costs for the various accused products. See Request Nos. 23 and 24. Please supplement.

**Sales Materials:** Please produce all documents used to educate or train salespeople to sell the accused products, as well as all sales collateral. See Request No. 24.

**Document Retention:** We have not seen any documents concerning any TIR document control or retention policies. See Request Nos. 28 and 29. Please produce any such documents or confirm that none exist.

**First Awareness:** Please produce all documents concerning TIR's first awareness of the patents-in-suit. See Request No. 36.



S. Calvin Walden, Esq.
April 21, 2006
Page 4

**Patents or Applications:** Please produce copies of any patent(s) or patent application(s) alleged to cover any accused product, including the LEXEL product. See Request No. 36.

**Comparisons:** Please produce any and all documents concerning products competitive with any accused product or comparisons of any accused product to any other product or device. See Request No. 39.

**Agreements:** It does not appear that the TIR production includes license and other agreements concerning the accused products. Please supplement.

For the items above that ask for confirmation that documents have been produced, we would like a response by next Friday, the 28th. For the items that ask for supplementation, we ask that it be completed by May 19th.

Thank you.

Sincerely,

LOWRIE, LANDO & ANASTASI, LLP

Aaron W. Moore

AWM/sg