UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TIR SYSTEMS LTD, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:03-cv-12491-MEL |

**TIR'S REPLY MEMORANDUM IN SUPPORT ITS MOTION TO MODIFY
THE SCHEDULING ORDER AND INCREASE NUMBER OF DEPOSITIONS**

TIR Systems Ltd. ("TIR") submits this reply in support of its Motion to Modify the Scheduling Order and Increase the Number of Depositions. It is believed that this short reply will aid the Court in its resolution of the issues raised in the motion.

TIR explained in its opening brief why its request for two additional months of fact discovery is warranted – namely that CK has asserted numerous additional patents, and CK has delayed producing documents, especially electronic documents, for months. In response, CK argues that it added four patents to the case several months ago, and that TIR has had sufficient time and opportunity to take discovery. CK blames TIR in its Opposition brief for CK's own failure to produce e-mail discovery, and claims that "[i]t was CK that first raised the issue of e-mail discovery, in January of 2006." (CK Opposition Br., p. 3). CK further represents in its Opposition that it expects to have the electronic production process "completed within a week or so." (*Id.*).

CK's opposition contains both factual inaccuracies and an incomplete recitation of the events leading up to TIR's motion, necessitating the three points TIR raises in this reply. First,

CK was *not* the first to raise the issue of electronic discovery in January of this year (even if it had, CK does not address why it would first raise an essential discovery issue more than *two years* after bringing suit). This issue was first addressed *by TIR* last fall – for example, an October 14, 2005 e-mail from counsel for TIR to counsel for CK asks "when can I expect a response to my enquiry regarding CK's lack of production of electronic documents and e-mail." (Exhibit A attached hereto). CK's return e-mail acknowledged that CK had "not done broad, system-wide keyword searching, but we are willing to do so if TIR does as well." (*Id.*). It took *many* months of additional negotiations, but TIR did finally convince CK that it must produce e-mails and other electronic documents. For CK to come now and assert that it was CK that initiated discussions on electronic discovery is demonstrably false.

Second, CK asserts that TIR will have sufficient time to complete discovery by the end of this month because CK will complete its electronic production "within a week or so." (CK Opposition Br., at p. 3). However, CK does not let the Court know that its production was supposed to be *completed already*, but that CK's "electronic discovery consultant" had "made a substantial error….that will delay" CK's production. (See 7/26/06 E-Mail from Aaron Moore to Alexandra McTague, Exhibit B attached hereto). CK has not indicated how large its electronic production will be, but if it is anything like the production already made by TIR, it will constitute well over 100,000 pages. An extension of the fact discovery deadline is necessary for TIR to sort through this newly-produced (indeed, mostly not yet produced) mass of documents in order to prepare for and take depositions.

On a final point, TIR notes that CK opposes TIR's motion to extend the deadline for fact discovery, but further states that "Color Kinetics would be willing to conduct a few depositions in September, after the formal close of discovery, if necessary." (CK Opposition Br., at p. 5).

As such, CK is apparently willing to have the Court enter a modification of its Scheduling Order to extend the fact discovery deadline, but is being vague about how long the extension should be for. TIR submits that CK has not identified *any* prejudice that would be suffered by CK if the deadline for fact discovery, and the remaining deadlines in the Scheduling Order, be extended for two months as requested in this Motion.

Wherefore, TIR hereby requests modification of the Scheduling Order and leave of Court to depose up to twenty witnesses.

Dated: August 2, 2005

        Respectfully submitted,

        WILMER CUTLER PICKERING
          HALE AND DORR LLP

        /s/ Wendy Haller
        Mark G. Matuschak (BBO #543873)
        mark.matuschak@wilmerhale.com
        Wendy Haller (BBO # 652943)
        wendy.haller@wilmerhale.com
        60 State Street
        Boston, MA 02109
        Telephone: 617-526-6000

        S. Calvin Walden (admitted pro hac vice)
        calvin.walden@wilmerhale.com
        399 Park Avenue
        New York, NY 10021
        Telephone: 212-937-7200

        Attorneys for Defendant
        TIR SYSTEMS LTD.

## CERTIFICATE OF SERVICE

    I hereby certify that today I caused a true and correct copy of this motion and the attached Exhibits to be served, by CM/ECF, on the following counsel of record:

Matthew B. Lowrie<br>
Aaron Moore<br>
Lowrie, Lando & Anastasi, LLP<br>
Riverfront Office Park<br>
One Main Street – 11th Floor<br>
Cambridge, MA 02142

Dated: August 2, 2005                                          /s/ S. Calvin Walden  
                                                                          S. Calvin Walden