# Exhibit 1

LEXSTAT 37 CFR 1.56

LEXISNEXIS' CODE OF FEDERAL REGULATIONS
Copyright (c) 2006, by Matthew Bender & Company, a member
of the LexisNexis Group. All rights reserved.

*** THIS SECTION IS CURRENT THROUGH THE JULY 18, 2006 ISSUE OF ***
*** THE FEDERAL REGISTER ***

TITLE 37 -- PATENTS, TRADEMARKS, AND COPYRIGHTS
CHAPTER I -- UNITED STATES PATENT AND TRADEMARK OFFICE, DEPARTMENT OF COMMERCE
SUBCHAPTER A -- GENERAL
PART 1 -- RULES OF PRACTICE IN PATENT CASES
SUBPART B -- NATIONAL PROCESSING PROVISIONS
PATENTS
THE APPLICATION

**Go to the CFR Archive Directory**

*37 CFR 1.56*

§ 1.56 Duty to disclose information material to patentability.

(a) A patent by its very nature is affected with a public interest. The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section. The duty to disclose information exists with respect to each pending claim until the claim is cancelled or withdrawn from consideration, or the application becomes abandoned. Information material to the patentability of a claim that is cancelled or withdrawn from consideration need not be submitted if the information is not material to the patentability of any claim remaining under consideration in the application. There is no duty to submit information which is not material to the patentability of any existing claim. The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by § § 1.97(b)-(d) and 1.98. However, no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct. The Office encourages applicants to carefully examine:

(1) prior art cited in search reports of a foreign patent office in a counterpart application, and

(2) the closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office.

(b) Under this section, information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and

(1) It establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or

(2) It refutes, or is inconsistent with, a position the applicant takes in:

(i) Opposing an argument of unpatentability relied on by the Office, or

(ii) Asserting an argument of patentability.

A prima facie case of unpatentability is established when the information compels a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.

(c) Individuals associated with the filing or prosecution of a patent application within the meaning of this section are:

(1) Each inventor named in the application;

(2) Each attorney or agent who prepares or prosecutes the application; and

(3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application.

(d) Individuals other than the attorney, agent or inventor may comply with this section by disclosing information to the attorney, agent, or inventor.

(e) In any continuation-in-part application, the duty under this section includes the duty to disclose to the Office all information known to the person to be material to patentability, as defined in paragraph (b) of this section, which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application.

**HISTORY:** *[57 FR 2034,* Jan. 17, 1992; *65 FR 54604, 54666,* Sept. 8, 2000]

**AUTHORITY:** AUTHORITY NOTE APPLICABLE TO ENTIRE PART:
*35 U.S.C. 2*(b)(2).

**NOTES:** [EFFECTIVE DATE NOTE: *65 FR 54604, 54666,* Sept. 8, 2000, added paragraph (e), effective Nov. 7, 2000.]


NOTES APPLICABLE TO ENTIRE CHAPTER:
EDITORIAL NOTE: Chapter I -- Patent and Trademark Office, Department of Commerce, Subchapter A -- General, contains patent and trademark regulations. Subchapter A has been restructured to allow parts pertaining to patent regulations and trademark regulations to be grouped separately.


NOTES APPLICABLE TO ENTIRE SUBCHAPTER:
[PUBLISHER'S NOTE: "The parts in chapter I, subchapter A are regrouped according to subject matter. All parts pertaining to patents--parts 1 and 5--appear sequentially. All parts pertaining to trademarks--parts 2 and 6--follow, also in sequence. Part 3 which pertains to both patents and trademarks follows part 1."]


NOTES APPLICABLE TO ENTIRE PART:
EDITORIAL NOTE: In Patent and Trademark Office publications and usage the part number is omitted from the numbers of § § 1.1 to 1.352 and the numbers to the right of the decimal point correspond with the respective rule numbers.
[PUBLISHER'S NOTE: Nomenclature changes affecting Part 1 appear at *68 FR 14332, 14335,* Mar. 25, 2003.]
[PUBLISHER'S NOTE: For Federal Register citations concerning Part 1 Interpretations, see: *69 FR 34283,* June 21, 2004.]


671 words

LEXSTAT MPEP 609.02

Manual of Patent Examining Procedures
LESTER HORWITZ, B.A., LL.B., PhD.
Copyright 2001 by United States Patent and Trademark Office Edition 8, Revision 1, February 2003

MANUAL OF PATENT EXAMINING PROCEDURE Original Eighth Edition, August 2001 Latest Revision October 2005

Chapter 600 Parts, Form, and Content of Application

*MPEP Manual of Patent Examining Procedures § 609.02*

### § 609.02 Information Disclosure Statements in Continued Examinations or Continuing Applications

<

#### *IDS IN CONTINUED EXAMINATIONS OR CONTINUING APPLICATIONS

##### A. IDS That Has Been Considered (1) in the Parent Application, or (2) Prior to the Filing of a Request for Continued Examination (RCE)

###### 1. Continued Prosecution Applications (CPAs) Filed Under *37 CFR 1.53(d)* **

Information which has been considered by the Office in the parent application of a continued prosecution application (CPA) filed under *37 CFR 1.53(d)* ** will be part of the file before the examiner and need not be resubmitted in the continuing application to have the information considered and listed on the patent.

###### 2. Continuation Applications *>,< Divisional Applications, ** or Continuation-In-Part Applications Filed Under *37 CFR 1.53(b)*

The examiner will consider information which has been considered by the Office in a parent application when examining (A) a continuation application filed under *37 CFR 1.53(b)* ** (B) a divisional application filed under *37 CFR 1.53(b)* ** or (C) a continuation-in-part application filed under *37 CFR 1.53(b)*. A listing of the information need not be resubmitted in the continuing application unless the applicant desires the information to be printed on the patent.

>

If resubmitting a listing of the information, applicant should submit a new listing that complies with the format requirements in *37 CFR 1.98(a)(1)*. Applicants are strongly discouraged from submitting a list that includes copies of PTO/SB/08 (PTO-1449) or PTO-892 forms from other applications. A completed PTO/SB/08 or PTO-1449 form from another application may already have initials of an examiner and the application number of another application. This information will likely confuse the record. Furthermore, when the spaces provided on the form have initials of an examiner, there are no spaces available next to the documents listed for the examiner of the subsequent application to provide his or her initials, and the previously relevant initials may be erroneously construed as being applied for the current application.<

###### 3. Requests for Continued Examination (RCE) Under *37 CFR 1.114*

Information which has been considered by the Office in the application before the filing of a RCE will be part of the file before the examiner and need not be resubmitted to have the information considered by the examiner and listed on the patent.

##### B. IDS That Has Not Been Considered (1) in the Parent Application, or (2) Prior to the Filing of a Request for Continued Examination

###### 1. Continued Prosecution Applications Filed Under *37 CFR 1.53(d)*

Information filed in the parent application that complies with the content requirements of *37 CFR 1.98* will be considered by the examiner in the CPA. No specific request from the applicant that the previously submitted information be considered by the examiner is required.

\*\*>

### 2. < Continuation Applications \*>,< Divisional Applications, \*\* or Continuation-In-Part Applications Filed Under *37 CFR 1.53(b)*

For these types of applications, in order to ensure consideration of information previously submitted, but not considered, in a parent application, applicant must resubmit the information in the continuing application in compliance with *37 CFR 1.97* and *37 CFR 1.98*. Pursuant to *37 CFR 1.98(d)*, if the IDS submitted in the parent application complies with *37 CFR 1.98(a)* to (c), copies of the patents, publications, pending U.S. applications, or other information submitted in the parent application need not be resubmitted in the continuing application.

>

When resubmitting a listing of the information, applicant should submit a new listing that complies with the format requirements in *37 CFR 1.98(a)(1)*. Applicants are strongly discouraged from submitting a list that includes copies of PTO/SB/08 (PTO-1449) or PTO-892 forms from other applications. A PTO/SB/08 or PTO-1449 form from another application may already have the application number of another application. This information will likely confuse the record.<

>

### 3. < Requests for Continued Examination Under *37 CFR 1.114*

Information filed in the application in compliance with the content requirements of *37 CFR 1.98* before the filing of a RCE will be considered by the examiner after the filing of the RCE. For example, an applicant filed an IDS in compliance with *37 CFR 1.98* after the mailing of a final Office action, but the IDS did not comply with the requirements of *37 CFR 1.97(d)(1)* and (d)(2) and therefore, the IDS was not considered by the examiner. After applicant files a RCE, the examiner will consider the IDS filed prior to the filing of the RCE. For more details on RCE, see MPEP § 706.07(h).

\*\*>

LEXSTAT MPEP 707.05

Manual of Patent Examining Procedures
LESTER HORWITZ, B.A., LL.B., PhD.
Copyright 2001 by United States Patent and Trademark Office Edition 8, Revision 1, February 2003

MANUAL OF PATENT EXAMINING PROCEDURE Original Eighth Edition, August 2001 Latest Revision October 2005

Chapter 700 Examination of Applications

*MPEP Manual of Patent Examining Procedures § 707.05*

## § 707.05 Citation of References

*37 CFR 1.104 Nature of examination.*

\* \* \* \* \*

(d) Citation of references.

(1) If domestic patents are cited by the examiner, their numbers and dates, and the names of the patentees will be stated. If domestic patent application publications are cited by the examiner, their publication number, publication date, and the names of the applicants will be stated. If foreign published applications or patents are cited, their nationality or country, numbers and dates, and the names of the patentees will be stated, and such other data will be furnished as may be necessary to enable the applicant, or in the case of a reexamination proceeding, the patent owner, to identify the published applications or patents cited. In citing foreign published applications or patents, in case only a part of the document is involved, the particular pages and sheets containing the parts relied upon will be identified. If printed publications are cited, the author (if any), title, date, pages or plates, and place of publication, or place where a copy can be found, will be given.

(2) When a rejection in an application is based on facts within the personal knowledge of an employee of the Office, the data shall be as specific as possible, and the reference must be supported, when called for by the applicant, by the affidavit of such employee, and such affidavit shall be subject to contradiction or explanation by the affidavits of the applicant and other persons.

\* \* \* \* \*

During the examination of an application or reexamination of a patent, the examiner should cite appropriate prior art which is nearest to the subject matter defined in the claims. When such prior art is cited, its pertinence should be explained.

The examiner must consider all the prior art references (alone and in combination) cited in the application or reexamination, including those cited by the applicant in a properly submitted Information Disclosure Statement. See MPEP § 609.

Form paragraph 7.96 may be used as an introductory sentence.

**P 7.96 Citation of Relevant Prior Art**

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure. [1]

**Examiner Note**

When such prior art is cited, its relevance should be explained in bracket 1 in accordance with MPEP § 707.05.

Effective June 8, 1995, Public Law 103-465 amended *35 U.S.C. 154* to change the term of a patent to 20 years measured from the filing date of the earliest U.S. application for which benefit under *35 U.S.C. 120,* 121 or 365(c) is claimed. The 20-year patent term applies to all utility and plant patents issued on applications filed on or after June 8, 1995. As a result of the 20-year patent term, it is expected, in certain circumstances, that applicants may cancel their claim to priority by amending the specification to delete any references to prior applications. Therefore, examiners should search all applications based on the actual U.S. filing date of the application rather than on the filing date of any parent U.S. application for which priority is claimed. Examiners should cite of interest all material prior art having an effective filing date after the filing date of the U.S. parent application but before the actual filing date of the application being examined.

Allowed applications should generally contain a citation of pertinent prior art for printing in the patent, even if no claim presented during the prosecution was considered unpatentable over such prior art. Only in those instances where a proper search has not revealed any prior art relevant to the claimed invention is it appropriate to send an application to issue with no art cited. In the case where no prior art is cited, the examiner must write "None" on a form PTO-892 and insert it in the file wrapper. For Image File Wrapper (IFW) processing, see IFW Manual section 3.7. Where references have been cited during the prosecution of parent applications and a continuing application, having no newly cited references, is ready for allowance, the cited references of the parent applications should be listed on a form PTO-892. The form should then be placed in the file of the continuing application. For Image File Wrapper (IFW) processing, see IFW Manual section 3.7. See MPEP § 1302.12. In a continued prosecution application filed under *37 CFR 1.53(d)*, it is not necessary to prepare a new form PTO-892 since the form from the parent application is in the same file wrapper and will be used by the printer.

In all continuation and continuation-in-part applications, the parent applications should be reviewed for pertinent prior art.

Applicants and/or applicants' *>attorneys< in PCT related national applications may wish to cite the material citations from the PCT International Search Report by an information disclosure statement under *37 CFR 1.97* and *1.98* in order to ensure consideration by the examiner.

In those instances where no information disclosure statement has been filed by the applicant and where documents are cited in the International Search Report but neither a copy of the documents nor an English translation (or English family member) is provided, the examiner may exercise discretion in deciding whether to take necessary steps to obtain the copy and/or translation.

Copies of documents cited will be provided as set forth in MPEP § 707.05(a). That is, copies of documents cited by the examiner will be provided to applicant *except* where the documents:

(A) are cited by applicant in accordance with MPEP § 609, § 707.05(b), and § 708.02;

(B) have been referred to in applicant's disclosure statement;

(C) are cited and have been provided in a parent application;

(D) are cited by a third party in a submission under *37 CFR 1.99* (MPEP § 1134.01); or

(E) are U.S. Patents or U.S. application publications **. See MPEP § 707.05(e) regarding data used in citing references.

LEXSTAT MPEP 2001.06

Manual of Patent Examining Procedures
LESTER HORWITZ, B.A., LL.B., PhD.
Copyright 2001 by United States Patent and Trademark Office Edition 8, Revision 1, February 2003

MANUAL OF PATENT EXAMINING PROCEDURE Original Eighth Edition, August 2001 Latest Revision October 2005

Chapter 2000 Duty of Disclosure

*MPEP Manual of Patent Examining Procedures § 2001.06*

### § 2001.06 Sources of Information

All individuals covered by *37 CFR 1.56* (reproduced in MPEP § 2001.01) have a duty to disclose to the U.S. Patent and Trademark Office all material information they are *aware* of regardless of the source of or how they become aware of the information. >See *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp., 267 F.3d 1370, 1383, 60 USPQ2d 1482, 1490 (Fed. Cir. 2001)* ("Once an attorney, or an applicant has notice that information exists that appears material and questionable, that person cannot ignore that notice in an effort to avoid his or her duty to disclose.").< Materiality controls whether information must be disclosed to the Office, not the circumstances under which or the source from which the information is obtained. If material, the information must be disclosed to the Office. The duty to disclose material information extends to information such individuals are aware of prior to or at the time of filing the application or become aware of during the prosecution thereof.

Such individuals may be or become aware of material information from various sources such as, for example, co-workers, trade shows, communications from or with competitors, potential infringers, or other third parties, related foreign applications (see MPEP § 2001.06(a)), prior or copending United States patent applications (see MPEP § 2001.06(b)), related litigation (see MPEP § 2001.06(c)) and preliminary examination searches.