IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COLOR KINETICS INCORPORATED,

        Plaintiff

v.

TIR SYSTEMS LTD.,

        Defendant.

Civil Action No.: 03-cv-12491 (MEL)

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF
COLOR KINETICS' MOTION FOR SUMMARY JUDGMENT
ON THE ISSUE OF INEQUITABLE CONDUCT**

Pursuant to Local Rule 56.1, Plaintiff Color Kinetics Incorporated ("Color Kinetics") submits the following numbered paragraphs containing undisputed facts in support of its Motion for Summary Judgment on the Issue of Inequitable Conduct.

Where applicable, pages references to affidavits, deposition testimony, and/or other documentation are provided. References to "Exhibits" refer to the numbered exhibits to the Second Amended Complaint (Docket No. 57).

Color Kinetics states as follows:

1.      Plaintiff Color Kinetics Incorporated (hereinafter "Color Kinetics"), is a Delaware corporation located and doing business at 10 Milk Street, Boston, MA. (Second Amended Complaint, at ¶ 1.)

2.      Defendant TIR Systems, Ltd. ("TIR") is a Canadian corporation located and doing business at 7700 Riverfront Gate, Burnaby, British Columbia, Canada. (Amended Answer, at 2.)

3. Venue is proper in this Court and this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and §1338(a) because this action is for patent infringement.

4. U.S. Patent No. 6,016,038 to Mueller et al. (the "'038 patent") was filed on August 26, 1997 and issued on January 18, 2000. (Exhibit E to Color Kinetics' Second Amended Complaint.)

5. U.S. Patent No. 6,150,774 to Mueller et al. (the "'774 patent") was filed on October 22, 1990 and issued on November 21, 2000. (Exhibit F to Color Kinetics' Second Amended Complaint.)

6. U.S. Patent No. 6,211,626 to Lys et al. (the "'626 patent") was filed on December 17, 1998 and issued on April 3, 2001. (Exhibit B to Color Kinetics' Second Amended Complaint.)

7. U.S. Patent No. 6,340,868 to Lys et al. (the "'868 patent") was filed on July 27, 2000 and issued on January 22, 2002. (Exhibit A to Color Kinetics' Second Amended Complaint.)

8. U.S. Patent No.6,806,659 to Mueller et al. (the "'659 patent") was filed on September 25, 2000 and issued on October 191, 2004. (Exhibit G to Color Kinetics' Second Amended Complaint.)

9. U.S. Patent No.6,788,011 to Mueller et al. (the "'011 patent") was filed on October 4, 2001 and issued on September 7, 2004. (Exhibit D to Color Kinetics' Second Amended Complaint.)

**The '038 and '774 Patents**

10.     The application for the '038 patent was filed on August 26, 1997, and the '038 patent issued on January 18, 2000. (Amended Answer, at 63.)

11.     In office actions dated October 28, 1998, and May 12, 1999, claims in the application for the '774 patent were rejected over U.S. Patent No. 5,420,482 to Phares, U.S. Patent No. 5,350,977 to Hamamoto, and U.S. Patent No. 5,406,176 to Sugden. (Amended Answer, at 66 and 68.)

12.     The application for the '774 patent was filed on October 22, 1999, and the '774 patent issued on November 21, 2000. (Amended Answer, at 64.)

13.     The application for the '774 patent was filed as a continuation of the application for the '038 patent. (Amended Answer, at 64.)

14.     The application for the '774 patent was initially filed with all of the claims of the application for the '038 patent; all claims that had been allowed in the '038 patent were cancelled from the application for the '774 patent. (Amended Answer, at 69.)

15.     The Phares and Hamamoto references were cited by the applicants, during the prosecution of the application for the '774 patent, on an Information Disclosure Statement dated March 28, 2000. (Amended Answer, at 70.)

16.     In an Office Action dated April 6, 2000, claims 1, 4, 23, 24, 26, 27 and 34 of the application for the '774 patent were rejected on the basis of the judicially created doctrine of double patenting over claims of the '038 patent. (Amended Answer, at 71.)

17.     Applicants submitted a terminal disclaimer on May 23, 2000 to obviate the April 6, 2000 rejection. The terminal disclaimer specifically referenced the '038 patent. (Amended Answer, at 72 and Exhibit A (the terminal disclaimer).)

18.     TIR cannot prove clearly and convincingly that Color Kinetics was aware of material, noncumulative prior art that was withheld during the prosecution of the '774 patent.

19.     TIR cannot prove clearly and convincingly that Color Kinetics withheld any prior art with a specific intent to deceive the Patent Office during the prosecution of the '774 patent.

**The '868 and '626 Patents**

20.     The application for the '626 patent was filed on December 17, 1998, and issued on April 3, 2001. (Amended Answer, at 84.)

21.     On April 26, 2000, claims of the application for the '626 patent were rejected over U.S. Patent No. 5,924,784 to Chliwnyj et al. These claims were cancelled by the applicant on July 31, 2000. (Amended Answer, at 86.)

22.     The application for the '868 patent was filed on July 27, 2000, and the '868 patent issued on January 22, 2002. (Amended Answer, at 85.)

23.     The application for the '868 patent was filed as a continuation of the application for the '626 patent. (Amended Answer, at 85.)

24.     In a preliminary amendment filed in the '868 prosecution and dated July 27, 2000, the rejection of the claims in the '626 application over Chliwnyj et al. was addressed by the applicants. (Amended Answer, at 87.)

25.     In an Office Action dated January 19, 2001, the examiner rejected claims in the '868 application over Chliwnyj et al. in view of U.S. Patent No. 6,0722,280 to Allen. (Amended Answer, at 89.)

26.     The applicants and the examiner reached an agreement as to distinguishing certain claims over Chliwnyj et al. This agreement is documented in an Interview Summary dated April 18, 2001. (Amended Answer, at 90.)

27.    In an amendment dated May 17, 2001, applicants cancelled all pending claims and filed new claims. Included among these new claims was a claim, claim 80, that applicants contended was distinguishable over the Chliwnyj and Allen references based on the interview summarized on April 18, 2001. (Amended Answer, at 92.)

28.    TIR has cannot prove clearly and convincingly that Color Kinetics was aware of material, nonc Based in the allegations in the Counterclaims, TIR cannot prove clearly and convincingly prosecution of the '868 patent.

29.    TIR has cannot prove clearly and convincingly that Color Kinetics withheld any prior art with Based in the allegations in the Counterclaims, TIR cannot prove clearly and convincingly ng the prosecution of the '868 patent.

**The '659 and '011 Patents**

30.    The '659 and '011 patents are related to the '774 patent. (Amended Answer, at 103.)

31.    The '659 patent is a continuation of the '774 patent. (Exhibit E)

32.    The '011 patent is a continuation of the '659 patent. (Exhibit F)

33.    TIR has cannot prove clearly and convincingly that Color Kinetics was aware of material, noncumulative prior art that was withheld during the prosecution of the '774 patent.

34.    TIR cannot prove clearly and convincingly that Color Kinetics withheld any prior art with a specific intent to deceive the Patent Office during the prosecution of the '774 patent.

35.    TIR has not alleged, and cannot prove by clear and convincing evidence, that any inequitable conduct occurred during the prosecution of the applications for the '659 and '011 patents.

36. TIR has not alleged, and cannot prove by clear and convincing evidence, that any of the claims of either the '659 or '011 patents have an immediate and necessary relationship to any inequitable conduct alleged by TIR to have taken place during prosecution of the '774 patent.

Respectfully submitted,

COLOR KINETICS INCORPORATED

Dated: August 4, 2006

/s/ Aaron W. Moore
Matthew B. Lowrie, BBO No. 563,414
Aaron W. Moore, BBO No. 638,076
Emily A. Berger, BBO No. 650,841
Thomas P. McNulty, BBO No. 654,564
Lowrie, Lando & Anastasi, LLP
One Main Street - 11th Floor
Cambridge, MA 02142
Tel: 617-395-7000
Fax: 617-395-7070

**CERTIFICATE OF SERVICE**

I hereby certify that today I caused a true and correct copy of the foregoing to be served, by CM/ECF, on the following counsel of record:

Mark G. Matuschak, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

Dated: August 4, 2006

/s/ Aaron W. Moore
Aaron W. Moore

791010.1-