IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COLOR KINETICS INCORPORATED,

                Plaintiff

    v.                                                    Civil Action No.:  1:03-cv-12491 (MEL)

TIR SYSTEMS LTD.,

                Defendant.

**COLOR KINETICS' MOTION FOR A PROTECTIVE ORDER
TO PRECLUDE THE DEPOSITIONS OF
SIX ATTORNEYS AND QUASH EIGHT SUBPOENAS**

Plaintiff Color Kinetics Incorporated ("Color Kinetics") hereby moves for a Protective

Order barring depositions noticed by defendant TIR Systems, Ltd. ("TIR") of six Color Kinetics

patent prosecution attorneys, David Lane, Richard Giunta, Joseph Teja, Charles Cella, Robert

Mazzarese, and David Halstead.

Color Kinetics further seeks an Order quashing subpoenas issued to the above individuals

and two law firms, Wolf, Greenfield & Sacks and Lowrie, Lando & Anastasi, LLP, on the

grounds that they are improper and unnecessary under Rule 45 and/or that any discoverable

information sought is either cumulative or not relevant to the claim or defense of any party.

In the event that the depositions and subpoenas are not quashed outright at this time,

Color Kinetics alternatively requests that they be stayed pending the Court's resolution of Color

Kinetics' Motion for Summary Judgment on the Issue of Inequitable Conduct (Docket No. 79),

and that they be barred should summary judgment be granted to Color Kinetics.

Copies of the Deposition Notices and Subpoenas issued by TIR to the six individuals and

two firms are attached hereto as Exhibits A-H.

## ARGUMENT

The <u>eight</u> subpoenas issued by TIR to the Color Kinetics' patent attorneys and firms should be quashed, and a protective order should issue precluding any depositions or document production or inspection.[1] This is an effort to harass Color Kinetics and its patent counsel, including a number of individual attorneys who have no current relationship with Color Kinetics.

These subpoenas seek discovery concerning TIR's inequitable conduct claims. As explained in the pending motion for summary judgment (Docket No. 79), however, these claims are fatally defective and, therefore, cannot justify depositions of six patent attorneys and subpoenas to two law firms.

In addition, even if the inequitable conduct claims were not entirely futile, the nature of the claims themselves does not give rise to any need for this discovery because, under the theories pled by TIR, there are no relevant, discoverable facts that could be elicited at these depositions or by the document subpoenas that are not cumulative to information already in TIR's possession.

In fact, TIR has stated its intention to file its own motion for summary judgment on the issue of inequitable conduct and the parties have agreed to a schedule for briefing that motion. (<u>See</u> Docket No. 84.) TIR's intention to file a motion for summary judgment makes it perfectly clear that it does not require any additional discovery on this issue. How can TIR need <u>six</u> depositions on an issue for which it claims there is no genuinely disputed material fact issue?

There also is no justification for <u>six</u> depositions. TIR's pleadings assert only that certain material was withheld during the prosecution of <u>two</u> Color Kinetics patents. Of the six

---

[1] Color Kinetics has standing to challenge these subpoenas at least because the information sought is confidential to Color Kinetics. <u>See, e.g.</u>, <u>Minnesota School Boards Ass'n Ins. Trust v. Employers Ins. Co. of Wausau</u>, 183 F.R.D. 627 (E.D. Ill. 1999) (quashing subpoena seeking documents provided by defendant to its reinsurer, a third-party, regarding the litigation).

depositions noticed, however, only three are directed to attorneys who participated in the prosecution of these applications at all. There clearly is no reason, therefore, for depositions of David Lane, Richard Giunta, and Joseph Teja, none of whom were involved in the applications that are being attacked.

Color Kinetics has offered, as a compromise, to agree to a deposition of one of the attorneys who was involved in the prosecutions of the two applications during which TIR claims inequitable conduct was committed, on the inequitable conduct claims as pled. This offer was rejected, with TIR insisting that it needs to depose that attorney, two other attorneys who were also involved in those applications, and the three attorneys who had nothing to do with the applications that are the source of the claimed inequitable conduct. This is unreasonable.

The document requests contained in the subpoenas are grossly overbroad and burdensome. Not only do they seek information protected by the attorney-client privilege, but they seek information concerning what may be scores of Color Kinetics patents and applications that are not even part of this case. TIR is already in possession of the documents concerning the prosecution to which it is entitled—the public prosecution histories of the patents-in-suit. The remaining documents sought in the subpoenas are either privileged or not relevant.

## I.    THIS DISCOVERY WOULD BE UNNECESSARY AND ABUSIVE

In general, depositions of counsel are strongly discouraged, and for good reason. See United States v. Yonkers Bd. of Educ., 946 F.2d 180, 185 (2nd Cir. 1991) ("[D]epositions of opposing counsel are disfavored."); FTC v. U.S. Grant Res., L.L.C., 2004 U.S. Dist. LEXIS 11769 (E.D. La. 2004) ("While there is no 'blanket immunity' that exempts attorneys from being deposed, the aforesaid jurisprudence acknowledges that it presents a unique opportunity for harassment.").

Here, TIR cannot articulate any basis for questioning <u>six</u> Color Kinetics' patent prosecutors, as there is no relevant topic likely to include non-privileged information that TIR does not already have in its possession.

Furthermore, the document requests in the subpoenas are overly broad and seek the inspection or production of privileged and irrelevant materials.

**A.     The Inequitable Conduct Claims Cannot Stand**

TIR has pled that Color Kinetics' attorneys committed inequitable conduct by not disclosing what was, in fact, disclosed and of record under the Patent Office rules.

In particular, TIR claims that Color Kinetics failed to disclose in continuation applications (a) prior art that was disclosed to the Patent Office in parent patent applications, (b) the existence of similar or identical claims in the parent patent applications, and (c) claim rejections that were made in the parent patent applications.  (<u>See</u> Answer and Counterclaims, Docket No. 67, ¶¶ 62-105.)

As explained in Color Kinetics' memorandum in support of its motion for summary judgment (Docket No. 80), the fundamental problem with TIR's position is that <u>information in the parent application is automatically of record, and need not be cited, in a continuation application filed under 37 C.F.R. § 153(b)</u>.  <u>See</u> Manual of Patent Examining Procedure ("MPEP") § 609.02(A)(2) (stating that "[t]he examiner will consider information which has been considered by the Office in a parent application when examining (A) a continuation application filed under 37 C.F.R. § 153(b)"); <u>see also</u> MPEP § 707.05 (instructing examiners to review, when examining a continuation application, the parent application for pertinent prior art"); MPEP § 2001.06(b) (informing applicants that examiners will consider prior art cited in the earlier application when examining a continuation, and that "<u>no separate citation of the same prior art need be made in the later application</u>" (emphasis added)); <u>Nintendo of America, Inc. v.</u>

Magnavox Co., 707 F.Supp. 717 (S.D.N.Y. 1989) (noting that, even under the MPEP prior to the addition of § 609, it was the patent examiner's responsibility, pursuant to § 707.05, to review parent applications for pertinent prior art; finding no inequitable conduct for the applicants' failure to re-cite material of record in the parent case).

Because TIR's inequitable conduct claims must be dismissed, they cannot justify any attorney depositions, much less six of them.

**B.    Even If the Inequitable Conduct Claims Are Not Dismissed, These Attorney Depositions Are Not Justified**

In determining whether or not an attorney deposition is warranted, courts generally consider whether other means exists to obtain the desired information and whether the information sought is relevant and non-privileged.  See, e.g., Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986); Nationwide Mut. Ins. Co. v. Home Ins. Co., 278 F.3d 621, 628 (6th Cir. 2002) (affirming the district court decision to refuse the defendant's request for an attorney deposition); Theissen v. General Elec. Capital Corp., 267 F.3d 1095, 1112 (10th Cir. 2001) (holding that the district court properly denied the plaintiff's request to depose the defendant's corporate counsel); Dunkin' Donuts, Inc. v. Mandorico, Inc., 181 F.R.D. 208, 212 (D.P.R. 1998) (finding that the defendant had not met its burden because the information sought could be obtained by means other than deposing attorney plaintiff's attorney).

**1.    TIR Already Has Any Discoverable Information**

In this case, TIR already has the relevant, non-privileged information relating to the prosecution of the patents-in-suit.  These prosecution histories have been produced by Color Kinetics and are also available to the public directly from the U.S. Patent and Trademark Office and a number of third-party vendors.  In fact, TIR's counterclaims, which describe portions of the relevant patent prosecutions in great detail, make clear that this information is already in

TIR's possession.  Given that TIR already has the non-privileged information to which it is entitled, there is no reasonable basis for seeking the depositions of the prosecuting attorneys. See Resqnet.com, Inc. v. Lansa, Inc., No. 01-3578, 2004 U.S. Dist. LEXIS 13579, at *13-14 (S.D.N.Y. July 21, 2004) (prohibiting the deposition of the prosecuting attorney, noting that "the prosecution histories speak for themselves").

As to facts beyond the public file histories, TIR is not entitled to privileged communications between the attorneys and their client, or to the attorneys' notes, drafts, or mental impressions made during prosecution.  See, e.g., In re Regents of the Univ. of California, 101 F.3d 1386, 1391 (Fed. Cir. 1996) ("Consultation with counsel during patent prosecution meets the criteria of compliance with law and meeting legal requirements, thereby reducing or avoiding litigation, and is within the scope of subject matter that is subject to the attorney-client privilege."); In re Spalding Sports Worldwide, 203 F.3d 800, 804 (Fed. Cir. 2000) (holding that an invention record is protected by the attorney-client privilege); In re Rivastigmine Patent Litig., No. 05-1661, 2006 U.S. Dist. LEXIS 54945, at *56 (S.D.N.Y. August 8, 2006) (explaining that "[t]he attorney-client privilege . . . generally applies to draft patent applications, amendments, and supporting affidavits"); Conner Peripherals, Inc. v. Western Digital Corp., 1993 U.S. Dist. LEXIS 20149 (N.D. Cal. 1993) (holding draft applications, opinion letters, and attorney's notes to be privileged because "[t]hey discuss possible approaches by the attorney or inventor to prosecute a patent, and the legal effect of the patent application."); Rohn & Haas Co. v. Brotech Corp., No. 90-109, 1993 U.S. Dist. LEXIS 3418, at *10-11 (D. Del. Mar. 15, 1993).

As there is no discoverable information that TIR does not already have, these depositions are unnecessary and would be waste of time.

### 2.    The Claims as Pled Do Not Require This Discovery

TIR's allegations are that certain categories of already-identified information were not

disclosed to the Patent Office. Color Kinetics' position is that the material was disclosed in the parent applications under the applicable Patent Office rules.

This is not a situation in which there is a dispute about whether the applicant was aware of a certain piece of prior art, or when that prior art became known to the applicant. Under the facts pled by TIR, there is no non-privileged information that could be elicited from any prosecuting attorney that would have any bearing on these claims. It is undisputed that the information was known to Color Kinetics and that it was in front of the Patent Office in the parent patent applications, before the continuation applications were even filed.

As there are no other discoverable facts that are pertinent to the inequitable conduct claims as pled, TIR cannot show a legitimate need for any of these depositions. See Resqnet.com, 2004 U.S. Dist. LEXIS 13579, at *14 (barring the deposition of the attorney who prosecuted the patent-in-suit, noting that the defendant "has had access to the file wrapper since the beginning of this matter . . . and has identified no specific topic or new information as to which [the attorney's] testimony would be necessary").

### 3.      TIR Cannot Use the Attorney Depositions to Try to Uncover New Claims

It is settled that inequitable conduct cannot be pled generally, with the hope of obtaining the necessary specificity through attorney depositions or other discovery. See, e.g., Goss Int'l Ams., Inc. v. MAN Roland, Inc., 2006 U.S. Dist. LEXIS 36386 at *16-17 (D.N.H. 2006) ("While discovery responses may be used to add details to an otherwise sufficient pleading, they may not be used to cure deficient pleadings or to add new claims entirely."). The claim of inequitable conduct, which is a form of fraud, must be made with particularity. See Fed. R. Civ. P. 9(b); Systemation, Inc. v. Engel Industries, Inc., 183 F.R.D. 49, 51 (D. Mass. 1998) ("[T]he Court agrees with the clear majority on this issue and holds that Fed. R. Civ. P. 9(b) applies to

[the defendant's] claim of inequitable conduct.").

Accordingly, it would be improper for TIR to use depositions of patent prosecutors to try to uncover additional theories.  See Resqnet.com, 2004 U.S. Dist. LEXIS 13579, at *3-5 (quashing subpoena served on patent prosecution counsel because no defense of inequitable conduct was asserted); Allergan Inc. v. Pharmacia Corp., No. 01-141, 2002 U.S. Dist. LEXIS 19811, at *3-4 (D. Del. 2003) (granting motion for protective order precluding deposition of counsel and noting that "absent a prima facie showing of fraud, an allegation of  inequitable conduct, in and of itself, does not vitiate the attorney-client privilege or the protections of the attorney work product doctrine") (citing In re Spalding Sports Worldwide, 203 F.3d at 806-07).

TIR cannot justify these depositions on any grounds other that those related to the specific theories identified in its pleadings.

### 4.    TIR's Forthcoming Summary Judgment Motion Undermines Its Claim of a Need for This Discovery

TIR has stated its intention to file its own motion for summary judgment on the issue of inequitable conduct.  By so doing, however, TIR will seriously undercut any claim that it needs further discovery on this issue and, in particular, that it needs six attorney depositions.

In Filiatrault v. Comverse Tech., Inc., 275 F.3d 131 (1st Cir. 2001), the First Circuit rejected the plaintiff's effort to obtain time for additional discovery after it had filed a motion for summary judgment, explaining that

> [t]he filing of the [summary judgment] motion constituted an acknowledgment by the plaintiff that he had sufficient knowledge of the situation, then and there, to justify asking the court to enter summary judgment in his favor. As we have said before, the making of such a motion almost invariably indicates that the moving party was not prejudiced by a lack of discovery.

Id. at 138.

By filing its own summary judgment motion, TIR will effectively surrender any

argument that it needs additional discovery on this issue.  See Rodriguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15, 23 (1st Cir. 1999) ("Ordinarily, a party may not attempt to meet a summary judgment challenge head-on but fall back on Rule 56(f) if its first effort is unsuccessful."); C.B. Trucking, Inc. v. Waste Mgmt., Inc., 137 F.3d 41, 44 (1st Cir. 1998) (same); Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996).

> **C.     Six Attorney Depositions Are Certainly Not Warranted**

There is virtually no question that there is no compelling need for the depositions of six Color Kinetics patent attorneys.  In the experience of Color Kinetics' counsel, that number of patent attorney depositions in a single case would be unprecedented.

TIR's claims are that certain information was withheld during the prosecution of Color Kinetics' '774 and '868 patents.  Of the six depositions noticed, however, only three are directed to attorneys who participated in the prosecution of these applications.  Given the limited allegations contained in its own pleading, TIR cannot possibly justify depositions of the three other attorneys, David Lane, Richard Giunta, and Joseph Teja.

In addition, as noted above, Color Kinetics offered to make available for a deposition one of the three attorneys who worked on both of the applications that TIR is attacking.  That offer was rejected.  The idea that TIR needs to depose three attorneys who worked on the same patent applications is also unsupportable and unjustifiable.

## II.     THE DOCUMENTS SOUGHT ARE IRRELEVANT AND/OR PRIVILEGED

The party issuing a subpoena bears the burden of show discoverability.  See, e.g., Mannington Mills, Inc. v. Armstrong World Industries, Inc., 206 F.R.D. 525, 528 (D. Del. 2002) (granting non-party's motion to quash subpoena).  While the discovery standards are generally quite liberal, "[d]iscovery may not be had regarding a matter which is not 'relevant to the subject matter involved in the pending action.'"  See, e.g., Micro Motion, Inc. v. Kane Steel Co., Inc.,

894 F.2d 1318, 1322 (Fed. Cir. 1990).  Moreover, "[e]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information."  Id.

Here, the subpoenas seek documents in categories of great breadth and with no identified relevance to the issues in this case.  In particular, TIR seeks documents related to prosecution of documents in the "CK Patent Family Tree," which is defined as any patent claiming priority to any of the patent-in-suit or to which the patents-in-suit claim priority.  (See Exhibits A-H.)  This could involve scores of patents and applications that have nothing to do with any claim that has been made in this case.  Information other than that relating to the specific claims of inequitable conduct that have been pled (e.g., information concerning any applications other than the four specifically alleged to be unenforceable) would be irrelevant.  Again, TIR is not permitted to use generalized allegations of inequitable conduct to support fishing expeditions.

In addition, any information beyond what is contained in the public file histories of the patents in which inequitable conduct was pled would be un-discoverable as attorney-client communications and/or work product.  See, e.g., In re Spalding Sports Worldwide, 203 F.3d at 804; In re Rivastigmine Patent Litig., No. 05-1661, 2006 U.S. Dist. LEXIS 54945, at *56; Conner Peripherals, Inc. v. Western Digital Corp., 1993 U.S. Dist. LEXIS 20149 (N.D. Cal. 1993) Rohn & Haas Co. v. Brotech Corp., No. 90-109, 1993 U.S. Dist. LEXIS 3418, at *10-11.

For these reasons, the subpoenas should be quashed as overly broad and seeking only information that is irrelevant, cumulative, or privileged.

III.    **AT A MINIMUM, THE ATTORNEY DEPOSITIONS AND**
       **DOCUMENT PRODUCTION SHOULD BE DELAYED**

Should the Court grant Color Kinetics' motion for summary judgment on the issue of inequitable conduct, there will be absolutely no need to depose any prosecuting attorney.  For this reason, should the Court not be inclined to bar the depositions and quash the subpoenas at this time, Color Kinetics requests that the issue be put off until after resolution after the inequitable conduct summary judgment motion has been decided, at which point all of these issues may be rendered moot.

<u>**CONCLUSION**</u>

For the reasons set forth above, Color Kinetics respectfully requests that the Court grant its motion for a Protective Order.

A Proposed Order is attached hereto as Exhibit I.


Respectfully submitted,

COLOR KINETICS INCORPORATED


Dated:  August 22, 2006              by:      /s/ Emily A. Berger
                                              Matthew B. Lowrie, BBO No. 563,414
                                              Aaron W. Moore, BBO No. 638,076
                                              Emily A. Berger, BBO No. 650,841
                                              LOWRIE, LANDO & ANASTASI, LLP
                                              Riverfront Office Park
                                              One Main Street - 11th Floor
                                              Cambridge, MA 02142
                                              Tel : 617-395-7000
                                              Fax: 617-395-7070

## <u>LOCAL RULE 7.1(A)(2) CERTIFICATION</u>

Counsel for Color Kinetics hereby certify that we have conferred with opposing counsel and have attempted in good faith, but without success, to resolve or narrow the issues presented in this motion.

Dated:  August 22, 2006                                  /s/ Emily A. Berger

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing document was filed through the ECF system today and should be sent electronically to the registered participants, including those persons listed below.

Mark G. Matuschak, Esq.
mark.matuschak@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109

Dated:  August 22, 2006                                  /s/ Emily A. Berger