**EXHIBIT E**

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED,<br><br>              Plaintiff,<br><br>    v.<br><br>TIR SYSTEMS LTD.,<br><br>              Defendant. | Civil Action No. 1:03-cv-12491-MEL |

**SUBPOENA AND NOTICE OF SERVICE OF SUBPOENA
ON ROBERT MAZZARESE**

TIR Systems, Ltd. ("TIR"), through its undersigned counsel, hereby gives notice that a subpoena requesting testimony and the production of documents and things in accordance with Schedule A thereof will be served upon Robert Mazzarese. A copy of the subpoena and the schedule are attached to this notice.

                                              WILMER CUTLER PICKERING
                                              HALE AND DORR LLP

Dated: August 1, 2006

                                              Mark G. Matuschak (BBO #543873)
                                              mark.matuschak@wilmerhale.com
                                              Wendy Haller Verlander (BBO # 652943)
                                              wendy.verlander@wilmerhale.com
                                              60 State Street
                                              Boston, MA 02109

## **SCHEDULE A**

### **Instructions**

1.  The document requests herein shall be deemed to include any and all documents and things within Your actual or constructive possession, custody or control.

2.  The following requests are continuing and You are reminded of Your obligation for their timely supplementation pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

3.  If the production of any documents responsive to these requests is objected to on the ground of privilege or work product, or for any other reason, with respect to each such document state:

    (a) the date appearing on such document, or if no date appears, the date on which such document was prepared;

    (b) the name of each person to whom such document was addressed;

    (c) the name of each person, other than the addressee(s) identified in subparagraph (b) above, to whom such document or copy thereof was sent, or with whom such document was discussed;

    (d) the name of each person who signed such document or, if not signed, the name of each person who prepared it;

    (e) the name of each person making any contribution to the authorship of such document;

(f) the job title or position of each person identified in subparagraph (b), (c), (d), and (e) above;

(g) the date such document was received or discussed by each person identified in subparagraphs (b) or (c) above;

(h) the general nature or description of such document, and its number of pages;

(i) the name of each person who currently has custody of such document; and

(j) the specific ground(s) upon which the privilege or work product rests.

4. If You object or otherwise refuse to respond or produce documents in response to any portion of a document request, You shall (1) state the objection or reason for such refusal, and (2) provide all documents and information called for by that portion of the request for production that You do not object to and/or which You do not refuse to respond as follows:

(a) If You object to a document request on the ground that it is too broad (i.e., if You believe it calls for information, documents or things that are both (i) relevant to the claim or defense of any party and/or reasonably calculated to lead to the discovery of admissible evidence and (ii) not relevant to the claim or defense of any party and/or otherwise not reasonably calculated to lead to the discovery of admissible evidence), You shall produce documents and things in response to that request by producing all documents and things that are relevant and/or reasonably

calculated to the discovery of admissible evidence and identify all categories of documents being withheld on the ground of relevance;

(b)     If You object to a document request on the ground that to produce documents and things would constitute an undue burden, then You shall produce as many of the requested documents and things as can be provided without undertaking an undue burden;

(c)     If You object to any portion of a document request on the ground that it is vague or indefinite, then You shall set forth Your understanding of the allegedly vague or indefinite term and shall then produce documents and things based upon that stated understanding.

5.      In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

6.      If any of the documents requested herein are no longer in Your possession, custody or control, You are requested to identify each such requested document by date, type of document, person(s) from whom sent, person(s) to whom sent, and person(s) receiving copies, and to provide a summary of its pertinent contents. Please also identify the Person or Entity in whose possession, custody, or control the document was last known to reside.

7.      If any document responsive to these requests has been destroyed, describe the content of such document, the location of any copies of such document, the date of such destruction and the name of the person who ordered or authorized such destruction.

8. The documents produced in response to these Requests shall be organized and designated to correspond to the categories in these Requests or, if not, produced as they are maintained in the normal course of business, and in either case:

(a) all associated file labels, file headings, and file folders shall be produced together with the responsive documents from each file and each file shall be identified as to its owner or custodian;

(b) all documents that cannot be legibly copied shall be produced in their original form; otherwise, you may produce photocopies;

(c) all photocopies shall be stapled or clipped as the originals; and

(d) each page shall be given a discrete production number.

9. Produce documents responsive to individual specifications as soon as possible and without waiting to produce documents responsive to other specifications whenever possible.

10. The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whichever makes the Request most broad.

11. As used herein, "any" and "all" shall each be construed to mean "any and all," so as to acquire the broadest meaning possible.

12. As used herein the present tense shall also include the past tense.

13. "And" and "or" when used herein shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

14.     "Each" shall be construed to include and encompass "all."

15.     As used herein, "including" means including without limitation.

16.     Any pronoun shall be construed to refer to the masculine, feminine or neutral gender, in singular or plural, as each case is most appropriate.

17.     Words and phrases are to be given their ordinary meaning consistent with Federal Rule of Civil Procedure 1 and shall not be unduly or restrictively construed so as to avoid responding to the fair scope of the interrogatories.

18.     None of the definitions or Requests set forth below shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definition or Request.

## Definitions

The following definitions apply to the requests set forth below and to the instructions provided heretofore.

1.     "Communication" means any transmission of information by any means, including without limitation telephone conversations, letters, telegrams, teletypes, telexes, telecopies, facsimiles, electronic mail, other computer linkups, written memoranda, and face-to-face conversations.

2.     "Concern" or "concerning" means relating to, referring to, regarding, mentioning, reflecting, pertaining to, evidencing, involving, describing, depicting, discussing,

commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or part), as the context makes appropriate.

3. "Document" and/or "thing" is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a) and shall be construed to mean, without limitation any written, printed, typed, stored, photostated, photographed, recorded or otherwise reproduced communication, compilation or reproduction including computer or electronically generated or stored information or data, whether assertedly privileged or not. "Document" specifically includes all forms of electronic data. A draft or nonidentical copy is a separate document within the meaning of this term. As used herein, "thing" also means any tangible item(s), other than a "document" as defined herein, which constitute or contain matters within the scope of Federal Rule of Civil Procedure 26(b).

4. "TIR" means TIR Systems Ltd. and/or all its past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on its or their behalf.

5. "Color Kinetics" means and refers to Plaintiff Color Kinetics Inc. and each of its parent, subsidiary, affiliated or controlled companies and joint ventures, their respective directors, officers, employees, agents, attorneys, accountants and any other person who acted or purported to act on their or any of their behalf.

6.  "Patents-in-Suit" refers separately and collectively to the patents alleged by Color Kinetics in its Amended Complaint to be infringed by TIR: United States Letters Patent Nos. 6,340,868; 6,211,626; 6,459,919; 6,788,011; 6,016,038; 6,150,774; 6,806,659; and 6,975,079.

7.  "CK Patent Family Tree" means any patent or application (including, but not limited to, provisional, continuation, continuation-in-part, divisional, reexamination, or reissue patents or applications) regardless of their status, *i.e.* including without limitation pending, published, issued and abandoned applications, whether domestic or foreign (and however denominated), that claim priority to any of the Patents-in-Suit or to which any of the Patents-in-Suit claim priority.

8.  "Prior Art" means all publications, patents, physical diaries, prototypes, uses, sales, offers for sale or other activity relating to the subject matter of the Patents-in-Suit and existing on, or occurring at, a date such as to be relevant under any subdivision of 35 U.S.C. §§ 102, 112 or 103.

9.  "You" or "Your" means Robert Mazzarese and all persons acting or purporting to act on his behalf.

## SCHEDULE A

## **REQUESTS FOR PRODUCTION**

**Request for Production No. 1:**

All documents and things, including but not limited to Your files, notes, memoranda, Prior Art searches, Prior Art, and communications concerning Your prosecution of any of the Patents-In-Suit or any patents or applications in the CK Patent Family Tree.

AO88 (Rev 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

COLOR KINETICS INCORPORATED,
        Plaintiff,

V.

TIR SYSTEMS LTD.,
        Defendants.

And related actions.

**SUBPOENA IN A CIVIL CASE**

Case Number: 1:03-cv-12491-MEL

Action pending in the U.S. District Court of Massachusetts under the above case number and title.

TO: Robert Mazzarese
Strategic Patents, P.C.
P.O. Box 920629
Needham, MA 02492

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109 | August 29, 2006<br>9:00AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109 | August 22, 2006, 9:00AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Alexandra McTague<br>Attorney for TIR Systems, Ltd.    *[signature]* | August 1, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Alexandra McTague
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022    (212) 295-6368

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
| --- | --- | --- |
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D :

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena, was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an uncertained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.