UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| TIR SYSTEMS LTD. | ) ) ) |
| Defendant. | ) ) ) |

Civil Action No. 1:03-cv-12491 (MEL)

**TIR SYSTEMS LTD.'S MOTION FOR LEAVE TO AMEND ITS SECOND AMENDED ANSWER AND COUNTERCLAIMS AND SUPPORTING MEMORANDUM**

Defendant TIR Systems, Ltd., ("TIR"), hereby moves the Court to amend its Answer and Counterclaims to allege that the inequitable conduct committed by Plaintiff Color Kinetics ("CK") during prosecution of one or more patents-in-suit infects all of the remaining patents-in-suit, rendering them unenforceable. TIR seeks to amend its Answer and Counterclaims to extend its already existing claim of infectious inequitable conduct to all of the patents-in-suit, as a result of further investigation of the claims of the patents-in-suit.[1] TIR's infection claim is sufficient as a matter of law and amendment of the Answer at this stage of the case is in no way prejudicial to CK. Although counsel for CK initially stated that such a motion would not be opposed, CK has since reversed its stance, indicating that it will oppose this motion. As grounds for this motion, TIR submits the following memorandum of law:[2]

---

[1] A copy of TIR's proposed amended complaint is attached hereto as Exhibit A. A black-lined version of the amended paragraphs is attached as Exhibit B.

[2] The factual statements in this brief are made on representation of the undersigned counsel. In the event that CK disputes the asserted facts or objects to their submission without an affidavit, TIR will request leave to submit an affidavit from counsel supporting the factual statements contained herein.

US1DOCS 5810002v1

I. ARGUMENT

    A. **The Federal Rule of Civil Procedure Require That Leave To Amend Shall Be Freely Given.**

Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[A]s the United States Supreme Court has stated, the liberal amendment policy of Rule 15(a) is a mandate to be heeded." *Espinosa v. Sisters of Providence Health Sys.*, 227 F.R.D. 24, 25-26 (D.Mass. 2005). Accordingly, "[i]f the underlying facts or circumstances relied upon by [a] plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962).

A district court should evaluate several factors in determining whether justice requires granting leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182. However, the key consideration is whether the defendants will be prejudiced if the motion to amend is allowed. See *MacNeill Eng'g Co. v. Trisport, Ltd.*, 59 F. Supp. 2d 199, 201 (D. Mass. 1999) (noting that a request to add a non-futile claim should be denied only "if the amendment would be overly prejudicial").

    B. **TIR's Amendment Is Not Futile.**

In deciding whether to allow a motion for leave to amend a complaint, "the trial court must first consider whether the proposed new claims are futile." *MacNeill Eng'g Co.,* 59 F. Supp. 2d at 201. A proposed amendment is futile if it serves no legitimate purpose or is without legal merit. *Resnick v. Copyright Clearance Center*, Inc., 422 F.Supp.2d 252, 256 (D.Mass. 2006). TIR's proposed amendment is not futile and is supported by the facts and the law.

Inequitable conduct requires a showing that material information was withheld from the USPTO with an intent to deceive. *Baxter Int'l, Inc. v. McGaw, Inc.*, 149 F.3d 1321, 1327 (Fed. Cir. 1998). TIR has pled with particularity facts supporting its allegations of inequitable conduct. (D.I. 67, ¶¶ 62-101). Under Federal Circuit case law, inequitable conduct in one patent application can "infect" related applications with similar claims. *See Agfa Corp. v. Creo Prods. Inc.,* 451 F.3d 1366, 1379 (Fed. Cir. 2006). Here, all of the patents-in-suit are related as they all claim priority to the '038 patent, and all have substantially similar claims directed to "smart" LEDs that are controlled using a microprocessor. On these facts, TIR's amendment is not futile as a matter of law.

### C. The Proposed Amendment Will Not Prejudice CK In Any Way.

CK has not and cannot demonstrate that it will be prejudiced by TIR's proposed amendment because, quite simply, none exists. Prejudice exists when allowing a proposed amendment would unduly increase discovery or delay the trial, or surprise the opponent. *See* Wright, Miller & Kane, Federal Practice & Procedure, §1487, at 630-32 (1990). None of those prejudice factors exist here.

#### 1. TIR's Amendment Is Made In Good Faith

TIR's proposed amendment is not made with bad faith or dilatory motive. CK has amended is complaint twice to assert additional patents and numerous claims against TIR. In total, CK has asserted 8 patents and nearly 100 claims against TIR. Since answering CK's second amended complaint in late April, TIR has continued its investigation and analysis of CK's asserted patents. After further investigation of the numerous claims of the patents-in-suit

3

and their relationship to each other, TIR has concluded that all of the patents-in-suit are infected.[3]  As such, TIR has now proposed this amendment to its Answers and Counterclaims.

### 2. Color Kinetics Had Notice Of TIR's Infection Claim

Color Kinetics Amended its Complaint in February 2006 to add four additional patents-in-suit, (D.I. 57), an amendment which TIR did not oppose.  (D.I. 56).  TIR filed its Second Amended Answer and Counterclaims in response, including an allegation that the inequitable conduct committed during prosecution of one or more patents-in-suit "infected" a number of the other patents-in-suit.  (D.I. 67, ¶¶ 102-105).  Thus, CK was on notice that TIR believed CK's inequitable conduct rendered additional patents unenforceable through the doctrine of infection.

### 3. No Modification To The Discovery Schedule Is Necessary

Whether an application is infected by the inequitable conduct committed in a related application depends upon the relatedness of the claims.  *Agfa Corp.,* 451 F.3d at 1379.  Because claim construction is a matter of law, *Philips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005), whether additional patents are infected is also a matter of law to be decided by the trial court. *See Agfa Corp.,* 451 F.3d at 1375-76.  Thus, no additional fact discovery is necessary to prove an infection claim.  But, even if additional discovery were necessary, the majority of depositions in this case have not been taken and *fact discovery does not close for seven weeks* from the date of this motion -- there can be no prejudice to CK's ability to investigate TIR's infection claim.

### 4. Color Kinetics' Motion for Summary Judgment Is Unaffected

TIR's amendment will not prejudice Color Kinetics in its summary judgment briefing on inequitable conduct issues.  Color Kinetics addressed the issue of infection in its Motion for Summary Judgment of No Inequitable Conduct.  While TIR will be filing a cross motion for summary judgment of inequitable conduct and infection on September 1, 2006, Color Kinetics

---

[3] The Federal Circuit recently reaffirmed and clarified the law on infection.  *See Agfa Corp. v. Creo Prods. Inc.,* 451 F.3d 1366, 1379 (Fed. Cir. 2006).

US1DOCS 5810002v1

will have a month to oppose that motion and file a reply in support of its own summary judgment motion. (D.I. 85).

## II.    CONCLUSION

For the reasons set forth above, TIR respectfully requests that its Motion For Leave To Amend Its Second Amended Complaint and Counterclaims be granted.

### REQUEST FOR ORAL ARGUMENT

TIR respectfully requests an expedited hearing on the earliest possible date consistent with the Court's calendar.

                                      Respectfully Submitted,

Dated:  August 25, 2006

                                      WILMER CUTLER PICKERING
                                        HALE AND DORR LLP

                                      ___/s/ Calvin Walden_____
                                      Mark G. Matuschak (BBO #543873)
                                      mark.matuschak@wilmerhale.com
                                      Wendy Haller Verlander (BBO # 652943)
                                      wendy.verlander@wilmerhale.com
                                      Christopher R. Noyes (BBO #654324)
                                      christopher.noyes@wilmerhale.com
                                      60 State Street
                                      Boston, MA 02109
                                      Telephone: 617-526-6000

                                      S. Calvin Walden (*pro hac vice*)
                                      calvin.walden@wilmerhale.com
                                      Alexandra McTague (*pro hac vice*)
                                      alexandra.mctague@wilmerhale.com
                                      399 Park Avenue
                                      New York, NY 10021
                                      Telephone: 212-937-7200

                                      Joseph R. Baldwin (*pro hac vice*)
                                      joseph.baldwin@wilmerhale.com

               1875 Pennsylvania Avenue, NW
               Washington, D.C. 20006
               Telephone: 202-663-6000

               Attorneys for Defendant
               TIR SYSTEMS LTD.

**LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that I have conferred with opposing counsel and have attempted in good faith, but without success, to resolve or narrow the issues presented in the motion.

Dated: August 25, 2006                                                       ___/s/ Alexandra McTague____

**CERTIFICATE OF SERVICE**

I hereby certify that today I caused a true and correct copy of this motion and the attached Exhibits to be served, by CM/ECF, on the following counsel of record:

>Matthew B. Lowrie
>Aaron W. Moore
>Emily A. Berger
>Lowrie, Lando & Anastasi, LLP
>Riverfront Office Park
>One Main Street
>Cambridge, MA 02142

Dated: August 25, 2006                                                       ____/s/ Alexandra McTague___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| COLOR KINETICS INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>TIR SYSTEMS LTD.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:03-cv-12491 (MEL)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER GRANTING TIR SYSTEMS LTD.'S MOTION FOR LEAVE TO AMEND ITS SECOND AMENDED ANSWER AND COUNTERCLAIMS**

IT IS HEREBY ORDERED that:

Defendant TIR Systems, Ltd. is granted leave to amend its Second Amended Answer and Counterclaims.

**IT IS SO ORDERED.**

Dated:_____          _____
                                                                                            The Honorable Morris E. Lasker
                                                                                            United States District Court Judge

US1DOCS 5810002v1