**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| COLOR KINETICS INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03cv12491 (MEL) |
| | ) | |
| TIR SYSTEMS LTD, | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] DEFENDANT'S THIRD AMENDED ANSWER, AFFIRMATIVE
DEFENSES, AND AMENDED COUNTERCLAIMS**

Defendant TIR Systems Ltd. ("TIR") responds to the Second Amended

Complaint of the plaintiff, Color Kinetics Incorporated, as follows:

1.      Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 1.

2.      Defendant admits that TIR Systems Ltd. is a Canadian corporation, but states that

the correct address of its principal place of business is 7700 Riverfront Gate, Burnaby, British

Columbia, Canada.  Defendant denies any remaining allegations in paragraph 2.

3.      Defendant admits plaintiff's Second Amended Complaint purports to allege an

action arising under the patent laws of the United States, Title 35 of the United States Code.

Defendant denies any remaining allegations in paragraph 3.

4.      The allegations in paragraph 4 state conclusions of law to which no response is

required.  To the extent a response is required, the allegations in paragraph 4 are denied.

5.      The allegations in the first sentence of paragraph 5 state conclusions of law to

which no response is required.  To the extent a response is required, those allegations are denied.

Defendant denies the remaining allegations in paragraph 5.

## Count I (Patent Infringement)

6.    Defendant repeats and incorporates herein by reference its answers to paragraphs 1-5 above.

7.    Defendant admits that the '868 patent issued January 22, 2002 and that a copy thereof is attached to the Second Amended Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

8.    Defendant denies each and every allegation contained in paragraph 8 of the Second Amended Complaint.

9.    Defendant denies each and every allegation contained in paragraph 9 of the Second Amended Complaint.

10.    Defendant denies each and every allegation contained in paragraph 10 of the Second Amended Complaint.

11.    Defendant denies each and every allegation contained in paragraph 11 of the Second Amended Complaint.

## Count II (Patent Infringement)

12.    Defendant repeats and incorporates herein by reference its answers to paragraphs 1-11 above.

13.    Defendant admits that the '626 patent issued April 3, 2001, and that a copy thereof is attached to the Second Amended Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.

14.    Defendant denies each and every allegation contained in paragraph 14 of the Second Amended Complaint.

15.     Defendant denies each and every allegation contained in paragraph 15 of the Second Amended Complaint.

16.     Defendant denies each and every allegation contained in paragraph 16 of the Second Amended Complaint.

17.     Defendant denies each and every allegation contained in paragraph 17 of the Second Amended Complaint.

## Count III (Patent Infringement)

18.     Defendant repeats and incorporates herein by reference its answers to paragraphs 1-17 above.

19.     Defendant admits that the '919 patent issued October 1, 2002 and that a copy thereof is attached to the Second Amended Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19.

20.     Defendant denies each and every allegation contained in paragraph 20 of the Second Amended Complaint.

21.     Defendant denies each and every allegation contained in paragraph 21 of the Second Amended Complaint.

22.     Defendant denies each and every allegation contained in paragraph 22 of the Second Amended Complaint.

23.     Defendant denies each and every allegation contained in paragraph 23 of the Second Amended Complaint.

## Count IV (Patent Infringement)

24.     Defendant repeats and incorporates herein by reference its answers to paragraphs 1-23 above.

25.     Defendant admits that the '011 patent issued September 7, 2004 and that a copy thereof is attached to the Second Amended Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25.

26.     Defendant denies each and every allegation contained in paragraph 26 of the Second Amended Complaint.

27.     Defendant denies each and every allegation contained in paragraph 27 of the Second Amended Complaint.

28.     Defendant denies each and every allegation contained in paragraph 28 of the Second Amended Complaint.

29.     Defendant denies each and every allegation contained in paragraph 29 of the Second Amended Complaint.

## Count V (Patent Infringement)

30.     Defendant repeats and incorporates herein by reference its answers to paragraphs 1-29 above.

31.     Defendant admits that the '038 Patent issued January 18, 2000 and that a copy thereof is attached to the Second Amended Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31.

32.     Defendant denies each and every allegation contained in paragraph 32 of the Second Amended Complaint.

33.     Defendant denies each and every allegation contained in paragraph 33 of the Second Amended Complaint.

34.    Defendant denies each and every allegation contained in paragraph 34 of the Second Amended Complaint.

35.    Defendant denies each and every allegation contained in paragraph 35 of the Second Amended Complaint.

## COUNT VI (Patent Infringement)

36.    Defendant repeats and incorporates herein by reference its answers to paragraphs 1-35 above.

37.    Defendant admits that the '774 Patent issued November 21, 2000 and that a copy thereof is attached to the Second Amended Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37.

38.    Defendant denies each and every allegation contained in paragraph 38 of the Second Amended Complaint.

39.    Defendant denies each and every allegation contained in paragraph 39 of the Second Amended Complaint.

40.    Defendant denies each and every allegation contained in paragraph 40 of the Second Amended Complaint.

41.    Defendant denies each and every allegation contained in paragraph 41 of the Second Amended Complaint.

## COUNT VII (Patent Infringement)

42.    Defendant repeats and incorporates herein by reference its answers to paragraphs 1-42 above.

43.     Defendant admits that the '659 patent issued October 19, 2004 and that a copy thereof is attached to the Second Amended Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43.

44.     Defendant denies each and every allegation contained in paragraph 44 of the Second Amended Complaint.

45.     Defendant denies each and every allegation contained in paragraph 45 of the Second Amended Complaint.

46.     Defendant denies each and every allegation contained in paragraph 46 of the Second Amended Complaint.

47.     Defendant denies each and every allegation contained in paragraph 47 of the Second Amended Complaint.

## COUNT VIII (Patent Infringement)

48.     Defendant repeats and incorporates herein by reference its answers to paragraphs 1-47 above.

49.     Defendant admits that the '079 patent issued December 13, 2005 and that a copy thereof is attached to the Second Amended Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49.

50.     Defendant denies each and every allegation contained in paragraph 50 of the Second Amended Complaint.

51.     Defendant denies each and every allegation contained in paragraph 51 of the

7

Second Amended Complaint.

52.     Defendant denies each and every allegation contained in paragraph 52 of the
Second Amended Complaint.

53.     Defendant denies each and every allegation contained in paragraph 53 of the
Second Amended Complaint.

### Count IX (Breach of Contract)

54.     Defendant repeats and incorporates herein by reference its answers to paragraphs
1-53 above.

55.     Defendant admits the allegations of paragraph 55 of the Second Amended
Complaint.

56.     Defendant denies each and every allegation contained in paragraph 56 of the
Second Amended Complaint.  Defendant further states that it has fully performed its obligations
under the contract.

57.     Defendant denies each and every allegation contained in paragraph 57 of the
Second Amended Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

58.     The Second Amended Complaint fails to state a claim upon which relief can be
granted.

### SECOND AFFIRMATIVE DEFENSE

59.     Defendant does not infringe and has not infringed the '868 Patent, the '626
Patent, the '919 Patent, the '011 Patent, the '038 Patent, the '774 Patent, the '659 Patent, and the
'079 Patent.

## THIRD AFFIRMATIVE DEFENSE

60.     The '868 Patent, the '626 Patent, the '919 Patent, the '011 Patent, the '038

Patent, the '774 Patent, the '659 Patent, and the '079 Patent are each invalid under the provisions

of 35 U.S.C. § 101, *et seq.*

## FOURTH AFFIRMATIVE DEFENSE

61.     Defendant has not willfully infringed and is not willfully infringing the '868

Patent, the '626 Patent, the '919 Patent, the '011 Patent, the '038 Patent, the '774 Patent, the

'659 Patent, or the '079 Patent.

## FIFTH AFFIRMATIVE DEFENSE

62.     The '774 Patent is unenforceable under 37 C.F.R. §1.56 due to inequitable

conduct before the Patent Office during the prosecution of application number 09/425,770 ("the

application for the '774 Patent").  Neither the inventors nor the attorneys prosecuting the

application for the '774 Patent informed the Patent Office that each of the claims in the

application for the '774 Patent had been rejected over prior art and then canceled in co-pending

application number 08/920,156 that ripened into the '038 Patent ("the '038 Patent application").

63.     The application for the '038 Patent was filed on August 26, 1997.  Attorneys from

the firm of Niro, Scavone, Haller & Niro filed the application for the '038 Patent.  Beginning in

August, 1998, however, attorneys and patent agents from the firm of Foley, Hoag & Eliot LLP

represented the applicants in prosecuting the application for the '038 Patent.  The Primary

Examiner and Assistant Examiner of the application for the '038 Patent were Don Wong and

Wilson Lee, respectively.  The '038 Patent issued on January 18, 2000.

64.     The application for the '774 Patent was filed on October 22, 1999 as a

9

continuation of the application for the '038 Patent.  Attorneys and patent agents from the firm of

Foley, Hoag & Eliot LLP represented the applicants in prosecuting the application for the '774

Patent.  The Primary Examiner of the application for the '774 Patent was Haissa Philogene; there

was no Assistant Examiner.  The '774 Patent issued on November 21, 2000.

65.     The similarity between claims of the application for the '038 Patent and the

application for the '774 Patent is shown through few examples.  Claims 1 and 23 of the

application for the '038 Patent are, as shown in the chart below, identical to issued claims 1 and

4 of the '774 Patent.  Claim 34 of the application for the '038 Patent (as modified to avoid an

indefiniteness rejection) is identical to issued claim 11 of the '774 Patent.

| Text of claims rejected by examiner in the application for the '038 Patent and canceled by the applicants. | Text of corresponding claims from the '774 Patent. |
|---|---|
| 1. Light apparatus comprising:<br><br>a power terminal;<br><br>at least one LED coupled to the power terminal;<br><br>a current sink coupled to the at least one LED, the current sink comprising an input responsive to an activation signal that enables flow of current through the current sink;<br><br>an addressable controller having an alterable address, the controller coupled to the input and having timing means for generating the activation signal for a predefined portion of a timing cycle;<br><br>the addressable controller further comprising means for receiving data corresponding to the alterable address and indicative of the predefined portion of the timing cycle. | 1.  Light apparatus comprising:<br><br>a power terminal;<br><br>at least one LED coupled to the power terminal;<br><br>a current sink coupled to the at least one LED, the current sink comprising an input responsive to an activation signal that enables flow of current through the current sink;<br><br>an addressable controller having an alterable address, the controller coupled to the input and having timing means for generating the activation signal for a predefined portion of a timing cycle;<br><br>the addressable controller further comprising means for receiving data corresponding to the alterable address and indicative of the predefined portion of the timing cycle. |

| | |
|---|---|
| 23. An illumination apparatus comprising: | 4. An illumination apparatus comprising: |
| a plurality of LEDs of at least two different colors adapted to be coupled to a power source and to a common potential reference; | a plurality of LEDs of at least two different colors adapted to be coupled to a power source and to a common potential reference; |
| a current sink interposed between the plurality of LEDs and the common potential reference, the current sink comprising at least two switches corresponding to respective current paths of the at least two different color LEDs; | a current sink interposed between the plurality of LEDs and the common potential reference, the current sink comprising at least two switches corresponding to respective current paths of the at least two different color LEDs; |
| control means for periodically and independently opening and closing the at least two switches at high frequency and for generating a duty cycle thereby; | control means for periodically and independently opening and closing the at least two switches at high frequency and for generating a duty cycle thereby; |
| a programming means coupled to the control means for programming respective duty cycles for each color of the at least two different color LEDs. | a programming means coupled to the control means for programming respective duty cycles for each color of the at least two different color LEDs. |
| 34.  A method for controlling current through an LED assembly comprising the steps of: | 11.  A method for controlling current through an LED assembly comprising the steps of: |
| providing a memory location; | providing a memory location; |
| placing a numerical value in the memory location indicative of the durty cycle of a pulse width modulated waveform; | placing a numerical value in the memory location indicative of the durty cycle of a pulse width modulated waveform; |
| closing an LED circuit between supply and ground when the waveform is in one state, and opening the LED circuit when the waveform is in another state; | closing an LED circuit between supply and ground when the waveform is in one state, and opening the LED circuit when the waveform is in another state; |
| changing the numerical value in the memory location upon receipt of a new numerical value over a computer network. | changing the numerical value in the memory location upon receipt of a new numerical value over a computer network. |

*The application for the '038 Patent.*

66.    Claim 1 of the application for the '038 Patent was rejected under § 102(b) as

anticipated by U.S. Patent No. 5,420,482 to Phares ("the Phares reference") in the Office Action

dated October 28, 1998.  In the same Office Action, application claims 23, 25, and 32 were

rejected under § 102 as being anticipated by U.S. Patent No. 5,350,977 to Hamamoto ("the

Hamamoto reference").  Application claims 22 and 26 were rejected under § 103 as obvious over

the Hamamoto reference.  In the subsequent Amendment dated January 15, 1999, the applicants

canceled all claims (1, 22, 23, 25, 26 and 32) rejected in the October 28, 1998 Office Action.

67.     Claims 27 and 34 of the application for the '038 Patent were rejected under 35

U.S.C. § 112, 2nd paragraph in the Office Action dated October 28, 1998.  In the January 15,

1999 Amendment, claims 27 and 34 were amended in response to the Examiner's § 112

rejection.

68.     In an Office Action dated May 12, 1999, claims 27 and 34 were rejected under 35

U.S.C. § 103(a) as being unpatentable over the Hamamoto reference and U.S. Patent No.

5,406,176 to Sugden ("the Sugden reference"), respectively.  In the same Office Action, claims

24, 25, and 33 were rejected under § 102 over the Hamamoto reference.  In the subsequent

Amendment dated June 7, 1999, claims 24, 25, 27, 33 and 34 were canceled.

*The application for the '774 Patent*

69.     On October 22, 1999, the applicants filed a continuation of the '038 Patent

application and canceled the claims allowed in the application for the '038 Patent, leaving only

the claims that had been rejected and then canceled from the application for the 038 patent.

70.     With respect to the application for the '774 Patent, the applicants submitted an

Information Disclosure Statement on March 28, 2000 that listed, among others, the Phares and

Hamamoto references.  The Sugden reference was not listed.

71.     In an Office Action dated April 6, 2000, claims 1, 4, 23, 24, 26, 27 and 34 of the

application for the '774 Patent were rejected on the basis of the judicially created doctrine of

double patenting.  In the same Office Action, the Examiner allowed claims 22, 32, and 33, claims identical to the ones rejected then canceled in the application of the '038 Patent.

72.     Concurrent with an Amendment dated May 23, 2000, the applicants submitted a terminal disclaimer to obviate the double patenting rejection. (Exhibit A.)  The applicants made no mention of the rejection of any of the pending claims in a co-pending application.

73.     The Examiner issued a Notice of Allowability dated June 16, 2000 allowing claims 1, 4, 22-27 and 32-34 of the application for the '774 Patent and renumbering them to claims 1-11. (Exhibit B.)

74.     On August 11, 2000, the applicants submitted another Amendment but made no mention of prior rejection of any of the allowed claims in a co-pending application. (Exhibit C.)

75.     The Patent Office was never informed that the allowed claims of the '774 Patent had been rejected by the Examiner of the application for the '038 Patent as anticipated or obvious over the Phares, Hamamoto, and Sugden references.

76.     The Sugden reference was never submitted to the Patent Office during the prosecution of the '774 Patent.

77.     The rejection, in a prior examination, of claims identical to those that issued in the '774 Patent was material to the prosecution of those claims.

78.     The bases for the rejection, in a prior examination, of claims identical to the issued claims of the '774 Patent were material to the prosecution of those claims.

79.     The Sugden reference that served as the basis for the rejection, in a prior examination, of a claim identical to claim 11 of the '774 Patent was material to the prosecution of that claim.

80.     Upon information and belief and in view of the facts and circumstances of the

application for the '774 Patent, the applicants and the attorneys prosecuting the application for

the '774 Patent intentionally withheld the knowledge that the issued claims of the '774 Patent

were identical to claims that had been rejected by the Examiners in a previous application.

81.    Upon information and belief and in view of the facts and circumstances of the

application for the '774 Patent, the applicants and the attorney prosecuting the application for the

'774 Patent intentionally withheld the knowledge that the Phares, Hamamoto, and Sugden

references had served as the basis for rejection of these same claims.

82.    Upon information and belief and in view of the facts and circumstances of the

application for the '774 Patent, the applicants and the attorneys prosecuting the application for

the '774 Patent intentionally withheld the Sugden reference as prior art to pending claims in the

application for the '774 Patent.

*The Applications for the '626 and '868 patents.*

83.    Furthermore, a pattern of behavior exists of failing to inform an Examiner of the

significance of prior rejections of similar claims.

84.    The '626 Patent issued on April 3, 2001 from application number 09/213,659

filed on December 17, 1998 ("the application for the '626 patent").  The Primary Examiner and

Assistant Examiner of the application for the '626 patent were Don Wong and Chuc Tran D,

respectively.  The attorneys and agents that prosecuted the application for the '626 patent were

from the firm of Foley, Hoag, & Eliot, LLP.

85.    The '868 Patent issued on January 22, 2002 from application number 09/626,905

("the application for the '868 patent") filed on July 27, 2000 as a continuation of the application

for the '626 patent.  The Primary Examiner and Assistant Examiner of the application for the

'868 patent were Don Wong and Chuc Tran D, respectively.  The attorneys and agents that

14

prosecuted the application for the '868 patent at the times applicable to the facts below were from the firms of Foley, Hoag, & Eliot, LLP and Wolf, Greenfield and Sacks, P.C.

86.    During the prosecution of the application for the '626 patent, application claims 18 and 19 (among many others) were rejected in an Office Action dated April 26, 2000 under 35 U.S.C. § 102 (e) as anticipated by U.S. Patent No. 5,924,784 to Chliwnyj et al. ("the Chliwnyj reference").  In an Amendment received by the Patent Office on July 31, 2000, application claims 1-79 were canceled without prejudice by the applicant.

87.    A Preliminary Amendment dated July 27, 2000 was filed in the prosecution of the application for the '868 Patent to address the April 26, 2000 Office Action rejections in the co-pending application for the '626 Patent. (Exhibit D.)  The Preliminary Amendment was specifically addressed to the rejections based on the Chliwnyj reference in the application for the '626 patent.  Application claim 18 of the application for the '868 patent was amended as shown in the chart below to distinguish the claim from the Chliwnyj reference; application claim 19, also shown below, was amended to the extent that application claim 18 was amended, from which it depended.

18. (Amended) A modular LED unit comprising:

a plurality of lights emitting diodes (LEDs) of at least two colors for generating a range of colors within a color spectrum;

a processor for controlling the amount of electrical current supplied to the [plurality of light emitting diodes] plurality of LEDs, so that a particular amount of current supplied thereto generates a corresponding color within the color spectrum; and

a power module for providing electrical current from the power source to the light module, wherein the color spectrum includes a color selected from green blue and violet.

19.  A modular LED unit set forth in claim 18 further including an electrical

connector for removably connecting the light module to the power module.

88.     The Preliminary Amendment dated July 27, 2000 was submitted by Foley, Hoag, & Eliot patent agent David Halstead.

89.     In an Office Action dated January 19, 2001, the Examiner of the application for the '868 patent rejected amended claims 18 and 19 under 35 U.S.C. § 103 (a) as being unpatentable over the Chliwnyj reference in view of U.S. Patent No. 6,072,280 to Allen ("the Allen reference"). (Exhibit E.)  Allen taught an LED string that included a color selected from red, green, blue and orange.

90.     An Interview Summary dated April 18, 2001 records an agreement between the Examiners and the applicants that adding a limitation emphasizing the "removability and replacibly [sic] of the LED module from the power module" would distinguish independent claims 6 and 18 over the Chliwnyj reference.  (Exhibit F.)  There is no record that pending application claim 19 was discussed during the interview.

91.     Foley, Hoag, & Eliot attorneys David Lane and Kirk Damman participated in the April 18, 2001 Interview with the examiners.

92.     In an Amendment dated May 17, 2001, the applicants canceled all pending application claims, including claims 18 (as amended) and 19. (Exhibit G.) Among the new claims submitted was claim 80.  The applicants contended that claim 80 was distinguishable from the Chliwnyj and Allen references based on the Interview of April 18, 2001.  Provided below are the text of the claims submitted in the applicant's first Amendment alongside "new" claim 80 submitted in the second Amendment.

18. (Amended) A modular LED unit comprising:

a plurality of lights emitting diodes (LEDs) of at least two colors for generating a range of colors within a color spectrum;

a processor for controlling the amount of electrical current supplied to the [plurality of light emitting diodes] plurality of LEDs, so that a particular amount of current supplied thereto generates a corresponding color within the color spectrum; and

a power module for providing electrical current from the power source to the light module, wherein the color spectrum includes a color selected from green, blue, and violet.

19. A modular LED unit set forth in claim 18 further including an electrical connector for removably connecting the light module to the power module.

80. (New) An illumination unit comprising:

a light module having a plurality of light emitting diodes for generating light of a range of colors within a color spectrum,

a processor for controlling the amount of electrical current supplied to each light emitting diode such that a particular amount of current supplied to the light module generates a corresponding color within the color spectrum, and

a power module for providing electrical current from a power source to the light module, the power module including a connector for removably and replacably connecting the power module to the light module.

93.    New application claim 80 did not include the limitation added to claim 18 in the first Amendment to distinguish Chliwnyj ("wherein the color spectrum . . . includes green, blue, and violet"). The same omitted limitation had also been the basis for distinguishing claim 19 (which depended from claim 18) over Chliwnyj.

94.    New application claim 80 did, however, include a limitation – "removably and replacably connecting" - substantially similar to the limitation added by original application claim 19 – "removably connecting."

95.    New application claim 80 was substantially similar to claim 19. Claim 19 had

been rejected in the '659 prosecution over the Chliwnyj reference.

96.     Foley, Hoag, & Eliot attorney David Lane submitted the Amendment dated May 17, 2001.

97.     There is no record that the Examiners of the application for the '868 patent were informed that claim 80 was substantially similar to rejected claim 19 of the application for the '626 patent.  Instead, the Interview Summary records that the Examiner's attention was drawn solely to pending independent claims 6 and 18 (as then amended).

98.     A Notice of Allowability was issued on July 31, 2001.  In the Notice, the Examiner explained that claim 80 (now renumbered to claim 82) was allowed because neither the Chliwnyj nor the Allen reference (among others) disclosed a "connector for removably and replacably connecting the power module to the light module."

99.     On September 6, 2001, the applicants submitted a Comment on Statement of Reasons for Allowability through their attorney Richard Giunta of the Wolf, Greenfield and Sacks firm.  (Exhibit H.)  The submission noted that the applicants agreed that the prior art references cited by the Examiner lacked "a connector for removably and replacably connecting," but made no mention of claim 19 from the application for the '626 patent.

100.    Failure to apprise the Examiners of the substantial similarity between rejected claim 19 of the application for the '626 patent and new application claim 80 of the application for the '868 patent was an omission of material information under 37 C.F.R. §1.56(b).

101.    Upon information and belief and in view of the facts and circumstances of the application for the '868 patent, information regarding the similarity between application claim 80 and application claim 19 from the application for the '626 patent was intentionally withheld from the Examiners of the application for the '868 patent.

**Sixth Affirmative Defense**

102.    Paragraphs 62 through 101 are hereby incorporated by reference as if fully set forth herein.

103.    The '038 Patent, the '774 Patent, the '659 Patent, the '011 Patent, the '868 Patent, the '626 Patent, the '919 Patent, and the '079 Patent are each related with related claims.

104.    The inequitable conduct committed during prosecution of the '774 Patent renders unenforceable the '038, '659, '011, '868, '626, '919, and '079 Patents by infection.

105.    The inequitable conduct committed during prosecution of the patents-in-suit renders unenforceable each of the patents-in-suit by infection.

**Seventh Affirmative Defense**

106.    Plaintiff's alleged causes of action are barred by the doctrines of laches and/or estoppel.

**Eighth Affirmative Defense**

107.    Plaintiff's alleged breach of contract claim is barred by Plaintiff's own material breach of the contract.

**Ninth Affirmative Defense**

108.    Plaintiff's alleged breach of contract claim is barred by failure to provide the required notice under the contract of a purported breach.

**Tenth Affirmative Defense**

109.    Plaintiff's alleged breach of contract claim is barred because it has been brought in the improper venue under the contract.

**Eleventh Affirmative Defense**

110.    Plaintiff's alleged breach of contract claim is barred because Plaintiff has not pled that it was ready, willing, and able to perform under the contract at all relevant times.

**Twelfth Affirmative Defense**

111.    Plaintiff's alleged breach of contract claim is barred because Plaintiff has not pled that Defendant's alleged breach prevented Plaintiff's performance under the contract.

**Thirteenth Affirmative Defense**

112.    Plaintiff's alleged breach of contract is barred under the contractual avoidance doctrine because any purported breach was caused solely by Plaintiff's behavior.

**AMENDED COUNTERCLAIMS**

**Introduction**

TIR Systems Ltd., in its Amended Counterclaim against Color Kinetics, Inc., alleges as follows:

1.    These counterclaims seek a declaratory judgment of invalidity and non-infringement of United States Patent Nos. 6,340,868 (the '868 Patent), 6,211,626 (the '626 Patent), 6,459,919 (the '919 Patent), 6,788,011 (the '011 Patent), 6,016038 (the '038 Patent), 6,150,774 (the '794 Patent), 6,806,659 (the '659 Patent) and 6,975,079 (the '079 Patent).  These Counterclaims also seek a declaration of the unenforceability of the '774 Patent, the '659 Patent, and the '011 Patent.

2.    The Defendant and Counterclaim Plaintiff TIR Systems Ltd. ("TIR") is a corporation organized and existing under the laws of Canada and having its principal place of business at 7700 Riverfront Gate, Burnaby, British Columbia, Canada.

3.     TIR is, and at all relevant times has been, engaged in the business of providing energy efficient low maintenance lighting solutions to the Commercial and Industrial and Corporate Identity markets.

4.     The Plaintiff and Counterclaim Defendant, Color Kinetics Inc. ("Color Kinetics") is a corporation organized and existing under the laws of Delaware and having its principal place of business at 10 Milk Street, Suite 1100, Boston, Massachusetts, 02108.

## Jurisdiction and Venue

5.     Jurisdiction of the Counterclaims arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a).  There is a justiciable controversy between Counterclaim Plaintiff and Color Kinetics concerning the validity and infringement of Color Kinetics' '868, '626, '919, '011, '038, '774, '659, and '079 Patents and Counterclaim Plaintiff's liability for infringement thereof.

## First Counterclaim

6.     The '868 Patent is invalid because it fails to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101 *et seq.*, and, in particular, is anticipated, obvious, lacks an enabling disclosure, and/or does not meet the written description requirement.

7.     Counterclaim Plaintiff has not infringed and is not infringing the '868 Patent, neither directly, by inducing, nor contributing to infringement by others.

## Second Counterclaim

8.     The '626 Patent is invalid because it fails to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101 *et seq.*, and, in particular, is anticipated and/or obvious.

21

9.     Counterclaim Plaintiff has not infringed and is not infringing the '626 Patent, neither directly, by inducing, nor contributing to infringement by others.

### Third Counterclaim

10.     The '919 Patent is invalid because it fails to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101 *et seq*., and, in particular, is anticipated and/or obvious.

11.     Counterclaim Plaintiff has not infringed and is not infringing the '919 Patent, neither directly, by inducing, nor contributing to infringement by others.

### Fourth Counterclaim

12.     The '011 Patent is invalid because it fails to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101 *et seq*., and, in particular, is anticipated and/or obvious.

13.     Counterclaim Plaintiff has not infringed and is not infringing the '011 Patent, neither directly, by inducing, nor contributing to infringement by others.

### Fifth Counterclaim

14.     The '038 Patent is invalid because it fails to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101 *et seq*., and, in particular, is anticipated and/or obvious.

15.     Counterclaim Plaintiff has not infringed and is not infringing the '038 Patent, neither directly, by inducing, nor contributing to infringement by others.

### Sixth Counterclaim

16.     The '774 Patent is invalid because it fails to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101 *et seq*., and, in particular, is anticipated and/or obvious.

17.     Counterclaim Plaintiff has not infringed and is not infringing the '074 Patent, neither directly, by inducing, nor contributing to infringement by others.

### Seventh Counterclaim

18.     The '659 Patent is invalid because it fails to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101 *et seq.*, and, in particular, is anticipated and/or obvious.

19.     Counterclaim Plaintiff has not infringed and is not infringing the '659 Patent, neither directly, by inducing, nor contributing to infringement by others.

### Eighth Counterclaim

20.     The '079 Patent is invalid because it fails to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101 *et seq.*, and, in particular, is anticipated and/or obvious.

21.     Counterclaim Plaintiff has not infringed and is not infringing the '079 Patent, neither directly, by inducing, nor contributing to infringement by others.

### Ninth Counterclaim

22.     Counterclaim Plaintiff hereby repeats and incorporates by reference paragraphs 62 through 105 of the Amended Answer and Affirmative Defenses above as though fully set forth herein.

23.     The '774 Patent, the '659 Patent, and the '011 Patent are invalid and unenforceable under 37 C.F.R. § 1.56 for inequitable conduct in the prosecution of at least the applications for the '774 and '868 Patents.

### RELIEF REQUESTED

WHEREFORE, TIR Systems Ltd. prays that judgment be entered:

(a)     Dismissing the Second Amended Complaint with prejudice;

(b)     Adjudging the '868 Patent to be invalid and not infringed by TIR Systems Ltd.;

(c)     Adjudging the '626 Patent to be invalid and not infringed by TIR Systems Ltd.;

(d)     Adjudging the '919 Patent to be invalid and not infringed by TIR Systems Ltd.;

(e)     Adjudging the '011 Patent to be invalid and not infringed by TIR Systems Ltd.;

(f)     Adjudging the '038 Patent to be invalid and not infringed by TIR Systems Ltd.;

(g)     Adjudging the '774 Patent to be invalid and not infringed by TIR Systems Ltd.;

(h)     Adjudging the '659 Patent to be invalid and not infringed by TIR Systems Ltd.;

(i)     Adjudging the '079 Patent to be invalid and not infringed by TIR Systems Ltd.;

(j)     Adjudging the '774 Patent, the '659 Patent and the '011 Patent to be invalid and unenforceable due to inequitable conduct before the Patent Office;

(k)     Awarding to TIR Systems Ltd. their costs and reasonable attorneys' fees;

(l)     Granting such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

Dated:  August 25, 2006

WILMER CUTLER PICKERING
   HALE AND DORR LLP


____/s/ Calvin Walden_____
Mark G. Matuschak (BBO #543873)
mark.matuschak@wilmerhale.com
Wendy Haller Verlander (BBO # 652943)
wendy.verlander@wilmerhale.com
Christopher R. Noyes (BBO #654324)
christopher.noyes@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: 617-526-6000

S. Calvin Walden (*pro hac vice*)
calvin.walden@wilmerhale.com
Alexandra McTague (*pro hac vice*)
alexandra.mctague@wilmerhale.com
399 Park Avenue
New York, NY 10021
Telephone: 212-937-7200

Joseph R. Baldwin (*pro hac vice*)
joseph.baldwin@wilmerhale.com
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: 202-663-6000

Attorneys for Defendant
TIR SYSTEMS LTD.