UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| COLOR KINETICS INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:03-cv-12491-MEL |
| | ) | |
| TIR SYSTEMS LTD, | ) | |
| | ) | |
| Defendant. | ) | |

## TIR'S MOTION IN THE ALTERNATIVE TO
## BIFURCATE ISSUES OF INEQUITABLE CONDUCT

Pursuant to Federal Rule of Civil Procedure 42(b), TIR Systems, Ltd., ("TIR") moves this Court to bifurcate claims and issues related to the plaintiff Color Kinetics, Inc.'s ("CK") inequitable conduct during prosecution of the patents-in-suit, and to have a separate and initial trial on CK's inequitable conduct prior to proceeding to expert discovery and trial on patent validity, infringement, and damages.

TIR has moved for summary judgment of unenforceability of the patents-in-suit due to CK's inequitable conduct. If the Court denies some or all portion of TIR's motion for summary judgment of unenforceability, the Court should grant TIR's Motion to Bifurcate on the following grounds:

1.   TIR's inequitable conduct claims and defenses present discrete issues of materiality and intent, and the legal issue of whether patents and their claims are related for infection purposes. These issues can be quickly and easily tried to the Court. By contrast, the issues of patent infringement, validity and damages in this

1

case will require a lengthy jury trial involving eight separate patents and almost 100 patent claims.

2.  If TIR prevails on its claims and defenses of inequitable conduct and the patents-in-suit are found unenforceable, all other claims in this action related to the patents-in-suit will be moot.  It would be inefficient and a waste of judicial resources to conduct a lengthy, expensive and complex patent jury trial if some or all of the asserted patents are unenforceable due to inequitable conduct. Therefore, TIR's inequitable conduct claims should be tried to the Court prior to the more complicated, expensive and time-consuming trial on validity, infringement and damages.

For the reasons stated herein, and more fully set forth in the accompanying memorandum of law and supporting declarations, TIR respectfully requests that the Court enter an order:

1.  Granting TIR's Cross-Motion for Summary Judgment of Unenforceability;

2.  Denying CK's Motion for Summary Judgment of No Inequitable Conduct; or in the alternative,

3.  Granting TIR's Motion to Bifurcate and try the remaining issues related to inequitable conduct before expert discovery and trial on the issues of patent validity and infringement; and

4.  Granting such other and further relief as the Court deems just and appropriate.

## **REQUEST FOR ORAL ARGUMENT**

TIR respectfully requests an expedited hearing on the earliest possible date consistent with the Court's calendar.

Dated: September 1, 2006                    Respectfully submitted,

WILMER CUTLER PICKERING
    HALE AND DORR LLP


/s/  Calvin Walden
Mark G. Matuschak (BBO #543873)
mark.matuschak@wilmerhale.com
Wendy Haller Verlander (BBO #652943)
wendy.verlander@wilmerhale.com
Christopher R. Noyes (BBO #654324)
christopher.noyes@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: 617-526-6000

S. Calvin Walden (admitted pro hac vice)
calvin.walden@wilmerhale.com
Alexandra McTague (admitted pro hac vice)
alexandra.mctague@wilmerhale.com
399 Park Avenue
New York, NY 10021
Telephone: 212-937-7200

Attorneys for Defendant
TIR SYSTEMS LTD.

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that I have conferred with opposing counsel and have attempted in good faith, but without success, to resolve or narrow the issues presented in the motion.

Dated: September 1, 2006                    ____/s/ Alexandra McTague_____

## CERTIFICATE OF SERVICE

I hereby certify that today I caused a true and correct copy of this motion to be served, by CM/ECF, on the following counsel of record:

Matthew B. Lowrie
Aaron W. Moore
Emily A. Berger
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street
Cambridge, MA 02142

Dated: September 1, 2006                    ____/s/ Alexandra McTague____