# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| COLOR KINETICS INCORPORATED ) | ) | |
| Plaintiff, ) | ) | |
| v. ) | ) | Civil Action No. 1:03-cv-12491-MEL |
| TIR SYSTEMS LTD, ) | ) | |
| Defendant. ) | ) | |

### RULE 56(F) DECLARATION OF ALEXANDER MCTAGUE IN OPPOSITION TO CK'S MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT

I, Alexandra McTague, hereby declare:

1. I am an associate in the New York office of Wilmer Cutler Pickering Hale and Dorr LLP. I am an attorney in good standing admitted to the bar of New York. I have been admitted to this court, *pro hac vice*, for the purposes of the above-captioned action.

2. I am one of the attorneys representing TIR Systems, Ltd., ("TIR") in this matter. I make this declaration in support of TIR's opposition to Color Kinetics, Inc.'s ("CK") motion for summary judgment of no inequitable conduct, and in support of TIR's request under Rule 56(f) to permit TIR to conduct discovery to develop facts relevant to its defenses to CK's motion.

3. CK initially filed a complaint against TIR on December 11, 2003, alleging infringement of three patents. Almost one year later, on September 24, 2004, CK filed a First Amended Complaint, which asserted infringement of a fourth patent. After another year passed, on

February 23, 2006, CK amended its complaint for the second time, asserting infringement of four additional patents (for a total of eight) and adding a claim for breach of contract by TIR.

4. On April 7, 2006, TIR answered the Second Amended Complaint. In its Answer, TIR asserted thirteen affirmative defenses and several counterclaims, including, among other things, that the asserted patents are invalid under the provisions of 35 U.S.C. § 101, *et seq.*, and also unenforceability due to inequitable conduct before the U.S.P.T.O.

5. On April 27, 2006, CK answered TIR's amended counterclaims. Since April 27, the parties have conducted fact discovery in the form of electronic and hard-copy document production. Although TIR has noticed more than 10 depositions since CK served its answer, TIR has not yet been allowed to take any depositions related to its claims and defenses of patent invalidity and unenforceability. To date, CK has refused to make any of those noticed witnesses noticed available for deposition.

6. On August 4, 2006, despite the absence of discovery on TIR's claims and defenses of patent invalidity and unenforceability, and over two months before fact discovery is scheduled to close, CK moved for summary judgment of no inequitable conduct. In addition, on August 22, 2006, CK moved for a protective order to prevent TIR from deposing or obtaining documents from any of the attorneys who prosecuted the patents-in-suit.

7. Given CK's refusal to make witnesses available for deposition, its premature filing of a motion for summary judgment, and its motion for a protective order, TIR has not had any realistic opportunity to pursue discovery related to its claims and defenses of patent invalidity and unenforceability.

8. In particular, CK has not had the opportunity to explore additional affirmative evidence relating its allegation that CK committed inequitable conduct during the prosecution of the

2

'774 patent by concealing material information about the claim rejections in the '038 prosecution, and materially misrepresenting to the Patent Office that its previously rejected claims were patentable.

9.  TIR has explained in the papers supporting its own motion for summary judgment of inequitable conduct why the undisputed evidence supports a finding that CK's named inventors and prosecuting attorneys acted with intent when concealing material information and making material misrepresentations to the USPTO.  However, to the extent the Court finds that the present evidence of intent is not sufficient, especially on the issue concerning whether CK's representatives have a good-faith explanation of their misconduct, TIR believes that further discovery will allow inquiry into the mental impressions of CK's prosecuting attorney's during pre-application due diligence and prosecution the '774 patent, which is likely to yield additional evidence that CK intentionally deceived or misled the U.S.P.T.O during prosecution of the '774 patent.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 1, 2006.

                                                      _____/s/ Alexandra McTague_____
                                                          Alexandra McTague

## CERTIFICATE OF SERVICE

I hereby certify that today I caused a true and correct copy of this Rule 56(f) Declaration of Alexandra McTague in Opposition to CK's Motion for Summary Judgment on Inequitable Conduct Issues to be served, by CM/ECF, on the following counsel of record:

>Matthew B. Lowrie
>Aaron W. Moore
>Emily A. Berger
>Lowrie, Lando & Anastasi, LLP
>Riverfront Office Park
>One Main Street
>Cambridge, MA 02142

Dated: September 1, 2006                                  ____/s/ Alexandra McTague___