UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| COLOR KINETICS INCORPORATED,           )<br>                                                                )<br>                    Plaintiff,                              )<br>                                                                )<br>v.                                                              )      Civil Action No. 1:03-cv-12491-MEL<br>                                                                )<br>TIR SYSTEMS LTD,                                )<br>                                                                )<br>                    Defendant.                          )<br> | |

**DEFENDANT TIR SYSTEMS LTD.'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS CROSS MOTION FOR SUMMARY JUDGMENT OF <u>INEQUITABLE CONDUCT AND BIFURCATION</u>**

1. Plaintiff CK is asserting eight patents against defendant TIR, (D.I. 57, Second Amended Complaint, ¶¶ 6-53), U.S. Patent Nos. 6,340,868; 6,211,626; 6,459,919; 6,788,011; 6,016,038; 6,150,774; 6,806,659; 6,975,079 (collectively "the patents-in-suit").

2. All eight patents are part of the same family and claim priority to application Serial No. 08/920,156 ("the '038 patent application"), which was filed on August 26, 1997, and issued on January 18, 2000 as U.S. Patent No. 6,016,038. (McTague Decl. Ex. M;[1] D.I. 57, Second Amended Complaint, Ex. A-H ).

---

[1] "McTague Decl. Ex. ___" refers to the exhibits attached to the Declaration of Alexandra McTague in Opposition to CK's Motion for Summary Judgment on Inequitable Conduct Issues and in Support of TIR's Cross Motion for Summary Judgment of Inequitable Conduct, or in the alternative, for Bifurcation.

1

2

3.     CK is asserting a total of almost 100 claims against defendant TIR, including claims 1 and 4 of the '774 patent. CK has asserted that 7 TIR products infringe one or more claims of one or more of the patents-in-suit.

4.     The claims of the eight asserted patents generally relate to multi-colored LED devices that controlled by microprocessors and method of illumination using such LEDs. (*See* D.I. 57, Second Amended Complaint, Ex. A-H). All of the patents-in-suit have claims with the limitations of LEDs, and controllers to regulate the intensity of the LEDs. (*Id.*)

5.     The '038, '774, '659, '079, and '011 patents each have one or more claims with the limitation of the use of pulse width modulation to regulate the intensity of illumination. (D.I. 57, Second Amended Complaint, Ex. D-H). The '038, '774, '659, '079, and '011 patents also each have one or more claims with the limitation of the use of a user or network interface. (*Id.*)

6.     The '038, '774, and '659 patents each have one or more claims with the limitation of using power terminals to provide a power connection to the LEDs. (D.I. 57, Second Amended Complaint, Ex. E-G). The '038, '774, and '659 patents each have one or more claims with the limitation of using switches to perform pulse width modulation. (*Id.*)

7.     The '038 patent application, entitled "Multicolored LED Lighting Method and Apparatus," was filed on August 26, 1997, naming George Mueller and Ihor Lys as Inventors. (Ex. A at 18-54). The Application was assigned to Color Kinetics, Inc. (D.I. 57, Second Amended Complaint Ex. D).

8.     The '038 patent application was filed with 35 claims, including independent claims 1, 5, 15, 22, 23, 32 and 34. (Ex. A at 18-26). It was assigned to Examiner Wilson Lee. (*Id.* at 66).

9. Both Mr. Mueller and Mr. Lys signed declarations affirming that they understood their duty of candor in prosecuting applications before the USPTO under 37 C.F.R. § 1.56. (*Id.* at 62-63).

10. An office action was mailed October 28, 1998, in which Examiner Lee rejected 26 of the claims pending in the '038 patent application, and objected to the remaining 9 claims. (*Id.* at 66-75). Claims 5-22, 27, 34 and 35 were rejected under 35 U.S.C. § 112. (*Id.* at 68-69). Claim 1 was rejected under 35 U.S.C. § 102(b) as being anticipated by U.S. Patent No. 5,420,482 ("Phares"). (*Id.* at 70). Claims 23, 25 and 32 were rejected under 35 U.S.C. § 102(b) as anticipated by U.S. Patent No. 5,350,977 ("Hamamoto"). (*Id.* at 70-71). Claims 22 and 26 were rejected under 35 U.S.C. § 103 as obvious over Hamamoto when combined with the knowledge of one of ordinary skill in the art. (*Id.* at 72-73).

11. In the October 28, 1998 office action, Examiner Lee noted that Phares taught an LED system with control units, a transmitter as an addressable controller and a pulse generator. (*Id.* at 70).

12. In that same office action, Examiner Lee described Hamamoto as "an illumination apparatus comprising a plurality of light sources…of three different colors" as well as a power supply, dimmers, controllers for modulating the pulse of the electrical signal, and a programmable controller with memory for programming "duty cycles for each color." (*Id.* at 70-71).

13. In response to the October 28, 1998 office action, CK, through its patent attorney Charles Cella of the firm of Foley Hoag & Elliot, submitted an amendment to the Patent Office on January 15, 1999. *Id.* at 100-109. In that amendment, CK requested that claims 1, 22, 23, 25, 26 and 32 be cancelled, the claims that were rejected over prior art references Phares and

3

Hamamoto. (*Id.* at 101). CK presented no statements or arguments regarding the Examiner's characterization of Phares or Hamamoto, nor did it argue that the claims rejected over those references were indeed patentable. (*Id.* at 106-107).

14.     CK also rewrote claims 2-4, 24, 28-31 and 33 in independent form, and amended other claims to overcome the examiner's § 112 rejections. (*Id.* at 101-105).

15.     Examiner Lee issued a second office action on May 12, 1999, allowing pending claims 2-4 and 15-21, but rejecting claims 24, 25, 27, 33, and 34 over the prior art. (*Id.* at 111-120). Claims 24, 25 and 33 were rejected as anticipated by Hamamoto. (*Id.* at 115-116). Claim 27 was rejected as obvious over the combination of Hamamoto and U.S. Patent No. 5,545,950 ("Cho"). (*Id.* at 116). Claim 34 was rejected as obvious over U.S. Patent No. 5,406,176 ("Sugden") combined with the knowledge of one of ordinary skill in the art. (*Id.* at 117).

16.     CK submitted an amendment in response to the May 12, 1999, office action on June 7, 1999. (*Id.* at 123-132). In that response, CK cancelled claims 24, 25, 27, 33, and 34, the claims that had been rejected by the examiner over the prior art. (*Id.* at 124). CK neither disputed the Examiner's characterization of the prior art, nor that the prior art invalidated the rejected claims that it was canceling. (*Id.* at 129-130).

17.     Claims 2-21, 28-31 and 35 in the '038 patent application were allowed by Examiner Lee and issued as claims 1-25 of the '038 patent. (*Id.* at 144-147; 149; 18-26). The '038 patent issued on January 18, 2000. (D.I. 57, Second Amended Complaint, Ex. E.)

**Prosecution of the '774 Patent**

18.     CK filed continuation application Serial No. 09/425,770 on October 22, 1999 (the "'774 application"), in which CK chose to prosecute claims 1, 4, 22-27 and 32-34. (Ex. B at 17-

4

18). Claims 1, 22, 23, 25, 26, and 32 were previously cancelled in response to prior art rejections in the '038 patent application. (Ex. A at 101).

19. The '774 application was filed by David P. Halstead of the Foley, Hoag firm on behalf of CK, and was accompanied by unexecuted Declarations from Messrs. Mueller and Lys attesting to the purported patentability of the claims. (Ex. B at 17-46).

20. On December 30, 1999, Mr. Halstead submitted signed Declarations from Messrs. Mueller and Lys. (*Id.* at 59-60).

21. The '774 application was assigned to Examiner Haissa Philogene. (*Id.* at 66).

22. During prosecution of the '774 application, CK never informed Examiner Philogene about Examiner Lee's previous rejection of claims 1, 22, 23, 25, 26 and 32 which were now being pursued in its newly submitted continuation application. (*Id.* at passim).

23. On March 17, 2000, CK submitted an Information Disclosure Statement ("IDS"). (*Id.* at 64-65). The references listed on that IDS are all directed towards bacteria and infection control and other biological subjects. (*Id.* at 72-73). Examiner Philogene placed his initials by the references in this IDS indicating that he had reviewed them. (*Id.*) The references are included on the face of the '774 patent as "References Cited." (D.I. 57, Second Amended Complaint Ex. F).

24. A single office action was issued in the '774 application. (Ex. B at 67-71). That office action was mailed on April 6, 2000, after the '038 patent had issued (on January 18, 2000). *Id.* That action allowed claims 22, and 32, even though those identical claims had been rejected by Examiner Lee over Hamamoto. *Id* at 67. The remaining pending claims were rejected under non statutory double patenting in view of the '038 parent patent. *Id* at 68-69. No prior art rejection was made by Examiner Philogene. *Id* at 67-71.

US1DOCS 5814872v1

25. In making the double patenting rejection, Examiner Philogene stated that there was "no apparent reason why applicant was prevented from presenting claims corresponding to those of the instant application during prosecution of the application which matured into a patent," (i.e. the parent '038 patent application). *Id* at 69.

26. In response to the office action, Robert Mazzarese of the Foley, Hoag firm submitted on behalf of CK a "terminal disclaimer" to overcome the double patenting rejection. (*Id.* at 77-82)

27. The remarks in response to the office action stated (*Id.* at 78):

> Claims 1, 4, 23, 24, 26, 27 and 34 are rejected under the judicially created doctrine of double patenting over claims 1, 3, 21, and 25 of U.S. Patent No. 6,016,038. Applicants submit herewith a terminal disclaimer to obviate this rejection.
> Applicants believe that the above amendments and remarks place the present application in condition for allowance and request early notification to this effect.

28. CK made no mention of the fact that the allowed claims had been previously rejected over the prior art by another Examiner. (*Id.*)

29. Examiner Philogene mailed a Notice of Allowability on June 16, 2000, allowing all pending claims. (*Id.* at 83-86). Six of the allowed claims had been rejected by Examiner Lee over the prior art in the '038 application. (Ex. A at 66-75).

30. On June 15, 2000, Examiner Philogene placed his initials by the references contained in an additional IDS which had been submitted by CK just prior to the first office action. (*Id.* at 87-88).

31. The IDS disclosed all references of record in the '038 patent except the Sugden reference. (Compare *Id. with* D.I. 57, Second Amended Complaint, Ex. E).

32. CK provided no explanation with the second IDS regarding the materiality of the cited references, nor did it make any mention of the fact that another examiner had relied on

6

selected ones of those very same references in rejecting the claims presented in the '774 patent application. (*Id. passim*).

33. After allowance of the claims, CK submitted an amendment in which claims 22 and 34 were revised to respond to a § 112 rejection of those claims that had been made by Examiner Lee in the '038 patent application. (*Id.* at 90-92); (Ex. A. at 68-69; 101-105).

34. CK provided no explanation for its decision to amend after allowance, nor did it mention the prior § 112 rejection made in the '038 application. (Ex. B. at 90-92).

35. The '774 patent issued on November 21, 2000, containing 11 claims. (D.I. 57, Second Amended Complaint, Ex. F).

36. All of the patents-in-suit were pending at the time of, or after, the filing of the '774 patent application. (*See,* D.I. 57, Second Amended Complaint, Ex. A-H; McTague Decl. Ex. M).

Dated: September 1, 2006                                  Respectfully submitted,

                                                WILMER CUTLER PICKERING
                                                  HALE AND DORR LLP

                                                /s/ Calvin Walden
                                                Mark G. Matuschak (BBO #543873)
                                                mark.matuschak@wilmerhale.com
                                                Wendy Haller Verlander (BBO #652943)
                                                wendy.verlander@wilmerhale.com
                                                Christopher R. Noyes (BBO #654324)
                                                christopher.noyes@wilmerhale.com
                                                60 State Street
                                                Boston, MA 02109
                                                Telephone: 617-526-6000

                                                S. Calvin Walden (admitted pro hac vice)
                                                calvin.walden@wilmerhale.com
                                                Alexandra McTague (admitted pro hac vice)

>alexandra.mctague@wilmerhale.com
>399 Park Avenue
>New York, NY 10021
>Telephone: 212-937-7200
>
>Attorneys for Defendant
>TIR SYSTEMS LTD.

## CERTIFICATE OF SERVICE

I hereby certify that today I caused a true and correct copy of this Statement of Material Facts to be served, by CM/ECF, on the following counsel of record:

>Matthew B. Lowrie
>Aaron W. Moore
>Emily A. Berger
>Lowrie, Lando & Anastasi, LLP
>Riverfront Office Park
>One Main Street
>Cambridge, MA 02142

Dated: September 1, 2006                                          ____/s/ Alexandra McTague___

US1DOCS 5814872v1