UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| COLOR KINETICS INCORPORATED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| TIR SYSTEMS LTD, | ) ) ) |
| Defendant. | ) ) |

Civil Action No. 1:03-cv-12491-MEL

**DEFENDANT TIR'S RESPONSE TO COLOR KINETICS'
STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT ON THE ISSUE OF INEQUITABLE CONDUCT**

Pursuant to Local Rule 56.1, TIR Systems Ltd. ("TIR") submits this statement in response to Color Kinetics' Statement of Undisputed Facts, presenting disputed facts that preclude granting of Color Kinetics' motion.

1. Plaintiff Color Kinetics Incorporated (hereinafter "Color Kinetics"), is a Delaware corporation located and doing business at 10 Milk Street, Boston, MA. (Second Amended Complaint, at ¶1.)

    **Response:** Undisputed.

2. Defendant TIR Systems, Ltd. ("TIR") is a Canadian corporation located and doing business at 7700 Riverfront Gate, Burnaby, British Columbia, Canada (Amended Answer, at 2.)

    **Response:** Undisputed.

3. Venue is proper in this Court and this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and § 1338(a) because this action is for patent infringement.

    **Response:** Disputed. Venue for Color Kinetics' breach of contract claim does not arise under 28 U.S.C. § 1331 or § 1338(a).

4. U.S. Patent No. 6,016,038 to Muller et al. (the "'038 patent") was filed on August 26, 1997 and issued on January 18, 2000 (Exhibit E to Color Kinetics' Second Amended Complaint.)

>**Response:** Disputed. Patent applications are filed with the United States Patent and Trademark Office ("USPTO"), not patents. Application Serial No. 08/920,156 was filed on August 26, 1997, and issued as U.S. Patent No. 6,016,038 on January 18, 2000.

5.  U.S. Patent No. 6,150,774 to Mueller et al. (the "'774 patent" was filed on October 22, 1990 and issued on November 21, 2000. (Exhibit F to Color Kinetics' Second Amended Complaint.)

>**Response:** Disputed. Patent applications are filed with the USPTO, not patents. Application Serial No. 09/425,770 was filed on October 22, 1999, and issued as U.S. Patent No. 6,016,038 on November 21, 2000. No patent asserted in this litigation is entitled to a filing date as early as 1990.

6.  U.S. Patent No. 6,211,626 to Lys et al. (the "'626 patent") was filed on December 17, 1998 and issued on April 3, 2001. (Exhibit B to Color Kinetics' Second Amended Complaint.)

>**Response:** Disputed. Patent applications are filed with the USPTO, not patents. Application Serial No. 09/213,659 was filed on December 17, 1998 and issued as U.S. Patent No. 6,211,626 on April 3, 2001.

7.  U.S. Patent No. 6,340,868 to Lys et al. (the "'868 patent") was filed on July 27, 2000 and issued on January 22, 2002. (exhibit A to Color Kinetics' Second Amended Complaint.)

>**Response:** Disputed. Patent applications are filed with the USPTO, not patents. Application Serial No. 09/626,905 was filed on July 27, 2000 and issued as U.S. Patent No. 6,340,868 on January 22, 2002.

8.  U.S. Patent No. 6,806,659 to Mueller et al. (the "'659 patent") was filed on September 25, 2000 and issued on October 191, 2004. (Exhibit G to Color Kinetics' Second Amended Complaint.)

>**Response:** Disputed. Patent applications are filed with the USPTO, not patents. Application Serial No. 09/669,121 was filed on September 25, 2000 and issued as U.S. Patent No. 6,806,659 on October 19, 2004, not October 191, 2004.

9.  U.S. Patent No. 6,788,011 to Mueller et al. (the "'011 patent") was filed on October 4, 2001 and issued on September 7, 2004. (Exhibit D to Color Kinetics' Second Amended Complaint.)

>**Response:** Disputed. Patent applications are filed with the USPTO, not patents. Application Serial No. 09/669,121 was filed on September 25, 2000 and issued as U.S. Patent No. 6,806,659 on October 19, 2004, not October 191, 2004.

10. The application for the '038 patent was filed on August 26, 1997, and the '038 patent issued on January 18, 2000. (Amended Answer, at 63.)

>**Response:** Undisputed.

11. In office actions dated October 28, 1998, and May 12, 1999, claims in the application for the '774 patent were rejected over U.S. Patent No. 5,420,482 to Phares, U.S. Patent No. 5,350,977 to Hamamoto, and U.S. Patent No. 5,406,176 to Sugden (Amended Answer, at 66 and 68.)

>**Response:** Disputed. Pending claim 1 in the '038 patent application was rejected in an October 28, 1998 office action over U.S. Patent No. 5,420,482 to Phares. Pending claims 22, 23, 25, 26, and 32 in the '038 application were rejected in the same office action over U.S. Patent No. 5,350,977 to Hamamoto. Pending claims 24, 25, 27 and 33 in the '038 application were rejected in a May 12, 1999, office action over U.S. Patent No. 5,350,977 to Hamamoto. In the same office action, pending claim 34 was rejected over U.S. Patent No. 5,406,176 to Sugden. No prior art rejections were made during prosecution of the application that issued as the '774 patent.

12. The application for the '774 patent was filed on October 22, 1999, and the '774 patent issued on November 21, 2000. (Amended Answer, at 64.)

>**Response:** Undisputed.

13. The application for the '774 patent was filed as a continuation of the application for the '038 patent. (Amended Answer, at 64.)

>**Response:** Undisputed.

14. The application for the '774 patent was initially filed with all of the claims of the application for the '038 patent; all claims that had been allowed in the '038 patent were cancelled from the application for the '774 patent. (Amended Answer, at 69.)

>**Response:** Disputed. All of the claims that were allowed in the '038 patent application were cancelled from the '774 patent application. The '038 patent had not yet issued at the time the '774 patent application was filed.

15. The Phares and Hamamoto references were cited by the applicants, during the prosecution of the application for the '774 patent, on an information Disclosure Statement dated March 28, 2000. (Amended Answer, at 70.)

>**Response:** Undisputed.

16. In an Office Action dated April 6, 2000, claims 1, 4, 23, 24, 26, 27 and 34 of the application for the '774 patent were rejected on the basis of the judicially created doctrine of double patenting over claims of the '038 patent. (Amended Answer, at 71.)

>**Response:** Undisputed.

17. Applicants submitted a terminal disclaimer on May 23, 2000 to obviate the April 6, 2000 rejection. The terminal disclaimer specifically referenced the '038 patent. (Amended Answer, at 72 and Exhibit A (the terminal disclaimer).)

    **Response**: Undisputed.

18. TIR cannot prove clearly and convincingly that Color Kinetics was aware of material, noncumulative prior art that was withheld during the prosecution of the '774 patent.

    **Response:** Disputed. Whether there is clear and convincing evidence that Color Kinetics was aware of material, noncumulative prior art that was withheld during the prosecution of the '774 patent is a legal conclusion. In addition, CK was aware of and withheld material prior art upon initial filing and during pendency of the '774 application.

19. TIR cannot prove clearly and convincingly that Color Kinetics withheld any prior art with a specific intent to deceive the Patent Office during prosecution of the '774 patent.

    **Response:** Disputed. Whether there is clear and convincing evidence that Color Kinetics withheld prior art with a specific intent to deceive the Patent Office during prosecution of the '774 patent is a legal conclusion. In addition, CK was aware of and withheld material prior art upon initial filing and during pendency of the '774 application.

20. The application for the '626 patent was filed on December 17, 1998, and issued on April 3, 2001. (Amended Answer, at 84.)

    **Response:** Disputed. The '626 patent issued on April 3, 2001, not the application for the '626 patent.

21. On April 26, 2000, claims of the application for the '626 patent were rejected over U.S. Patent No. 5,924,784 to Chliwnyj et al. These claims were cancelled by the applicant on July 31 2000. (Amended Answer, at 86.)

    **Response:** Undisputed.

22. The application for the '868 patent was filed on July 27, 2000, and the '868 patent issued on January 22, 2002. (Amended Answer, at 85.)

    **Response:** Undisputed.

23. The application for the '868 patent was filed as a continuation of the application for the '626 patent. (Amended Answer, at 85.)

    **Response:** Undisputed.

24. In a preliminary amendment filed in the '868 prosecution and dated July 27, 2000, the rejection of the claims in the '626 application over Chliwnyj et al. was addressed by the applicants. (Amended Answer, at 87.)

    **Response:** Undisputed.

25. In an Office Action dated January 19, 2001, the examiner rejected claims in the '868 application over Chliwnyj et al. in view of U.S. Patent No. 6,0722,280 to Allen. (Amended Answer, at 89.)

    **Response:** Disputed. The claims were rejected under 35 U.S.C. § 103(a) over Chliwnyj, in view of U.S. Patent No. 6,072,280 to Allen.

26. The applicants and the examiner reached an agreement as to distinguishing certain claims over Chliwnyj et al. This agreement is documented in an Interview Summary dated April 18, 2001. (Amended Answer, at 90.)

    **Response:** Undisputed

27. In an amendment dated May 17, 2001, applicants cancelled all pending claims and filed new claims. Included among these new claims was a claim, claim 80, that applicants contended was distinguishable over the Chliwnyj and Allen references based on the interview summarized on April 18, 2001. (Amended Answer, at 92.)

    **Response:** Disputed. Applicants contended claim 80 was distinguishable over the Chliwnyj and Allen references based on the interview of April 18, 2001, not on the interview summary.

28. TIR has cannot prove clearly and convincingly that Color Kinetics was aware of material, nonc Based in the allegations in the Counterclaims, TIR cannot prove clearly and convincingly prosecution of the '868 patent.

    **Response:** Disputed. TIR does not understand what is meant by "material, nonc" and thus cannot state whether it can prove clearly and convincingly whether Color Kinetics was aware of it. To the extent paragraph 28 can be discerned, it would appear to be a conclusion of law, not a statement of fact. In addition, TIR can prove clearly and convincingly the prosecution of the '868 patent based on the allegations in the Counterclaims, as such prosecution is a matter of public record.

29. TIR has cannot prove clearly and convincingly that Color Kinetics withheld any prior art with Based in the allegations in the counterclaims, TIR cannot prove clearly and convincingly ng the prosecution of the '868 patent. [seems garbled, so does 28]

    **Response:** Disputed. Paragraph 29 alleges assertions of law, not an undisputed statement of fact. In addition, TIR withheld material prior art upon filing and during

prosecution of, the '868 application.

In addition, the claims of the '868 patent are infected by inequitable conduct committed during, among others prosecution of the '774 and '626 patents. Regarding the '626 patent, during the prosecution of the application for the '626 patent, application claims 18 and 19 were rejected in an Office Action dated April 26, 2000 under 35 U.S.C. § 102 (e) as anticipated by U.S. Patent No. 5,924,784 to Chliwnyj et al. ("the Chliwnyj reference"). (McTague Decl. Ex. N). In an Amendment received by the Patent Office on July 31, 2000, application claims 1-79 were canceled without prejudice by the applicant. (McTague Decl. Ex. O). A Preliminary Amendment dated July 27, 2000 was filed in the prosecution of the application for the '868 Patent to address the April 26, 2000 Office Action rejections in the co-pending application for the '626 Patent. (Exhibit D). The Preliminary Amendment was specifically addressed to the rejections based on the Chliwnyj reference in the application for the '626 patent. (*Id.*) Application claim 18 of the application for the '868 patent was amended as shown below to distinguish the claim from the Chliwnyj reference (*Id.*):

>18. (Amended) A modular LED unit comprising:
>
>a plurality of lights emitting diodes (LEDs) of at least two colors for generating a range of colors within a color spectrum;
>
>a processor for controlling the amount of electrical current supplied to the [plurality of light emitting diodes] plurality of LEDs, so that a particular amount of current supplied thereto generates a corresponding color within the color spectrum; and
>
>a power module for providing electrical current from the power source to the light module, wherein the color spectrum includes a color selected from green blue and violet.

Application claim 19 was amended to the extent that application claim 18 was amended, from which it depended. (*Id.*) The Preliminary Amendment dated July 27, 2000 was submitted by Foley, Hoag, & Eliot patent agent David Halstead. (*Id.*)

In addition, an Office Action dated January 19, 2001, the Examiner of the application for the '868 patent rejected amended claims 18 and 19 under 35 U.S.C. § 103 (a) as being unpatentable over the Chliwnyj reference in view of U.S. Patent No. 6,072,280 to Allen ("the Allen reference"). (D.I. 67, Second Amended Answer Exhibit E.) Allen taught an LED string that included a color selected from red, green, blue and orange. *Id*. An Interview Summary dated April 18, 2001 records an agreement between the Examiners and the applicants that adding a limitation emphasizing the "removability and replacibly [sic] of the LED module from the power module" would distinguish independent claims 6 and 18 over the Chliwnyj reference. (D.I. 67, Second Amended Answer Exhibit F.) There is no record that pending application claim 19 was discussed during

the interview. *Id.*    Foley, Hoag, & Eliot attorneys David Lane and Kirk Damman participated in the April 18, 2001 Interview with the examiners. *Id.*

In an Amendment dated May 17, 2001, the applicants canceled all pending application claims, including claims 18 (as amended) and 19 and submitted new claims. (D.I. 67, Second Amended Answer Exhibit G). Among the new claims submitted was claim 80. *Id.* The applicants contended that claim 80 was distinguishable from the Chliwnyj and Allen references based on the Interview of April 18, 2001. *Id.* Provided below are the text of the claims submitted in the applicant's first Amendment alongside "new" claim 80 submitted in the second Amendment. New application claim 80 did not include the limitation added to claim 18 in the first Amendment to distinguish Chliwnyj ("wherein the color spectrum . . . includes green, blue, and violet"). *Id.* The same omitted limitation had also been the basis for distinguishing claim 19 (which depended from claim 18) over Chliwnyj. *Id.* New application claim 80 did, however, include a limitation – "removably and replacably connecting" - substantially similar to the limitation added by original application claim 19 – "removably connecting." *Id.*

New application claim 80 was substantially similar to claim 19. Claim 19 had been rejected in the '659 prosecution over the Chliwnyj reference because, according to the examiner, "Chliwnyj et al disclose …an electrical connector for removably couping the light module to the power module." (McTague Decl Ex. N). Foley, Hoag, & Eliot attorney David Lane submitted the Amendment dated May 17, 2001. (D.I. 67, Second Amended Answer Exhibit G). There is no record that the Examiners of the application for the '868 patent were informed that claim 80 was substantially similar to rejected claim 19 of the application for the '626 patent. *Id.*

The Interview Summary in the '868 patent application indicates that the Examiner's attention was drawn solely to pending independent claims 6 and 18 (as then amended). A Notice of Allowability was issued on July 31, 2001. (McTague Decl. Exh. P). In the Notice, the Examiner explained that claim 80 (now renumbered to claim 82) was allowed because neither the Chliwnyj nor the Allen reference (among others) disclosed a "connector for removably and replacably connecting the power module to the light module." *Id.*

On September 6, 2001, the applicants submitted a Comment on Statement of Reasons for Allowability through their attorney Richard Giunta of the Wolf, Greenfield and Sacks firm. (Exhibit H.) The submission noted that the applicants agreed that the prior art references cited by the Examiner lacked "a connector for removably and replacably connecting," but made no mention of claim 19 from the application for the '626 patent and the prior rejection of that claim. *Id.* Failure to apprise the Examiners of the substantial similarity between rejected claim 19 of the application for the '626 patent and new application claim 80 of the application for the '868 patent was an omission of material information under 37 C.F.R. §1.56(b). Color Kinetics withheld information of the prior rejection of claim 19 from the examiner with the intent to deceive the examiner.

30. The '659 and '011 patents are related to the '774 patent. (Amended Answer, at 103.)

    **Response:** Undisputed.

31. The '659 patent is a continuation of the '774 patent. (Exhibit E)

    **Response:** Undisputed.

32. The '011 patent is a continuation of the '659 patent. (Exhibit F)

    **Response:** Undisputed.

33. TIR has cannot prove clearly and convincingly that Color Kinetics was aware of material, noncumulative prior art that was withheld during the prosecution of the '774 patent.

    **Response:** Disputed. Whether there is clear and convincing evidence that Color Kinetics was aware of material, noncumulative prior art that was withheld during the prosecution of the '774 patent is a legal conclusion. In addition, CK was aware of and failed to disclose material noncumulative prior art upon filing, and during prosecution of, the '774 application.

34. TIR cannot prove clearly and convincingly that Color Kinetics withheld any prior art with a specific intent to deceive the Patent Office during the prosecution of the '774 patent.

    **Response:** Disputed. Whether there is clear and convincing evidence that Color Kinetics withheld prior art with a specific intent to deceive the Patent Office during prosecution of the '774 patent is a legal conclusion. In addition, CK was aware of and failed to disclose material noncumulative prior art upon filing, and during prosecution of, the '774 application.

35. TIR has not alleged, and cannot prove by clear and convincing evidence, that any inequitable conduct occurred during the prosecution of the applications for the '659 and '011 patents.

    **Response:** Disputed. Whether TIR can prove by clear and convincing evidence that any inequitable conduct occurred during the prosecution of the applications for the '659 and '011 patents is a legal conclusion. The inequitable conduct committed by CK during prosecution of the patents-in-suit renders related patents, including the '659 and '011 patents, unenforceable.

36. TIR has not alleged, and cannot prove by clear and convincing evidence, that any of the claims of either the '659 or '011 patents have an immediate and necessary relationship to any inequitable conduct alleged by TIR to have taken place during prosecution of the '774 patent.

**Response:**  Disputed.  Whether there is clear and convincing evidence that any of the claims of either the '659 or '011 patents have an immediate and necessary relationship to any inequitable conduct alleged by TIR to have taken place during prosecution of the '774 patent is a legal conclusion.  TIR has alleged in its August 26, 2006, Motion to Amend and the Amended Answer submitted therewith, as well as in its Motion for Summary Judgment of Inequitable Conduct, that the claims of the '659 and '011 patents are related to the inequitable conduct committed during prosecution of the '774 patent.


Dated:  September 1, 2006                                  Respectfully submitted,


                                                                 WILMER CUTLER PICKERING
                                                                   HALE AND DORR LLP


/s/  Calvin Walden
Mark G. Matuschak (BBO #543873)
mark.matuschak@wilmerhale.com
Wendy Haller Verlander (BBO #652943)
wendy.verlander@wilmerhale.com
Christopher R. Noyes (BBO #654324)
christopher.noyes@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: 617-526-6000

S. Calvin Walden (admitted pro hac vice)
calvin.walden@wilmerhale.com
Alexandra McTague (admitted pro hac vice)
alexandra.mctague@wilmerhale.com
399 Park Avenue
New York, NY 10021
Telephone: 212-937-7200

Attorneys for Defendant
TIR SYSTEMS LTD.

## CERTIFICATE OF SERVICE

      I hereby certify that today I caused a true and correct copy of TIR's Response to CK's Statement of Undisputed Facts to be served, by CM/ECF, on the following counsel of record:

         Matthew B. Lowrie
         Aaron W. Moore
         Emily A. Berger
         Lowrie, Lando & Anastasi, LLP
         Riverfront Office Park
         One Main Street
         Cambridge, MA 02142

Dated: September 1, 2006                                                       /s/ Alexandra McTague