# Exhibit C

cate as to the subject matter of the identified claim or claims forming the basis for the claim of priority.

(c) Unless such claim is accepted in accordance with the provisions of this paragraph, any claim for priority under 35 U.S.C. 119(a)-(d) or 365(a) not presented within the time period provided by paragraph (a) of this section is considered to have been waived. If a claim for priority under 35 U.S.C. 119(a)-(d) or 365(a) is presented after the time period provided by paragraph (a) of this section, the claim may be accepted if the claim identifying the prior foreign application by specifying its application number, country (or intellectual property authority), and the day, month, and year of its filing was unintentionally delayed. A petition to accept a delayed claim for priority under 35 U.S.C. 119(a)-(d) or 365(a) must be accompanied by:

(1) The claim under 35 U.S.C. 119(a)-(d) or 365(a) and this section to the prior foreign application, unless previously submitted;

(2) The surcharge set forth in § 1.17(t); and

(3) A statement that the entire delay between the date the claim was due under paragraph (a)(1) of this section and the date the claim was filed was unintentional. The Director may require additional information where there is a question whether the delay was unintentional.

[para. (b), 48 FR 41275, Sept. 17, 1982, effective Oct. 1 1982; 48 FR 2710, Jan. 20, 1983, effective Feb. 27, 1983; para. (b), 49 FR 554, Jan. 4, 1984, effective Apr. 1, 1984; para. (a), 49 FR 48416, Dec. 12, 1984, effective Feb. 11, 1985; para. (a), 54 FR 6893, Feb. 15, 1989, effective Apr. 17, 1989; para. (a) revised, 54 FR 9432, March 7, 1989, effective Apr. 17, 1989; para. (a), 54 FR 47518, Nov. 15, 1989, effective Jan. 16, 1990; para. (a) revised, 58 FR 54504, Oct. 22, 1993, effective Jan. 3, 1994; revised, 60 FR 20195, Apr.25, 1995, effective June 8, 1995; para. (a) revised, 62 FR 53131, Oct. 10, 1997, effective Dec. 1, 1997; para. (a) revised, 65 FR 54604, Sept. 8, 2000, effective Nov. 7, 2000; para. (a) revised and para. (c) added, 65 FR 57024, Sept. 20, 2000, effective Nov. 29, 2000; paras. (a) and (c) corrected, 65 FR 66502, Nov. 6, 2000, effective Nov. 29, 2000; paras.(a)(1) and (c) revised, 66 FR 67087, Dec. 28, 2001, effective Dec. 28, 2001; para. (c)(3) revised, 68 FR 14332, Mar. 25, 2003, effective May 1, 2003; paras. (a)(3) and (a)(4) revised, 69 FR 49959, Aug. 12, 2004, effective Sept. 13, 2004]

### § 1.56   Duty to disclose information material to patentability.

(a) A patent by its very nature is affected with a public interest. The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section. The duty to disclose information exists with respect to each pending claim until the claim is cancelled or withdrawn from consideration, or the application becomes abandoned. Information material to the patentability of a claim that is cancelled or withdrawn from consideration need not be submitted if the information is not material to the patentability of any claim remaining under consideration in the application. There is no duty to submit information which is not material to the patentability of any existing claim. The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§ 1.97(b)-(d) and 1.98. However, no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct. The Office encourages applicants to carefully examine:

(1) Prior art cited in search reports of a foreign patent office in a counterpart application, and

(2) The closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office.

(b) Under this section, information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and

(1) It establishes, by itself or in combination with other information, a *prima facie* case of unpatentability of a claim; or

(2) It refutes, or is inconsistent with, a position the applicant takes in:

(i) Opposing an argument of unpatentability relied on by the Office, or

(ii) Asserting an argument of patentability.

A *prima facie* case of unpatentability is established when the information compels a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.

(c) Individuals associated with the filing or prosecution of a patent application within the meaning of this section are:

(1) Each inventor named in the application;

(2) Each attorney or agent who prepares or prosecutes the application; and

(3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application.

(d) Individuals other than the attorney, agent or inventor may comply with this section by disclosing information to the attorney, agent, or inventor.

(e) In any continuation-in-part application, the duty under this section includes the duty to disclose to the Office all information known to the person to be material to patentability, as defined in paragraph (b) of this section, which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application.

[42 FR 5593, Jan. 28, 1977; paras. (d) & (e) - (i), 47 FR 21751, May 19, 1982, effective July 1, 1982; para. (c), 48 FR 2710, Jan. 20, 1983, effective Feb. 27, 1983; paras. (b) and (j), 49 FR 554, Jan. 4, 1984, effective Apr. 1, 1984; paras. (d) and (h), 50 FR 5171, Feb. 6, 1985, effective Mar. 8, 1985; para. (e), 53 FR 47808, Nov. 28, 1988, effective Jan. 1, 1989; 57 FR 2021, Jan. 17, 1992, effective Mar. 16, 1992; para. (e) added, 65 FR 54604, Sept. 8, 2000, effective Nov. 7, 2000]

### § 1.57 Incorporation by reference.

(a) Subject to the conditions and requirements of this paragraph, if all or a portion of the specification or drawing(s) is inadvertently omitted from an application, but the application contains a claim under § 1.55 for priority of a prior-filed foreign application, or a claim under § 1.78 for the benefit of a prior-filed provisional, nonprovisional, or international application, that was present on the filing date of the application, and the inadvertently omitted portion of the specification or drawing(s) is completely contained in the prior-filed application, the claim under § 1.55 or § 1.78 shall also be considered an incorporation by reference of the prior-filed application as to the inadvertently omitted portion of the specification or drawing(s).

(1) The application must be amended to include the inadvertently omitted portion of the specification or drawing(s) within any time period set by the Office, but in no case later than the close of prosecution as defined by § 1.114(b), or abandonment of the application, whichever occurs earlier. The applicant is also required to:

(i) Supply a copy of the prior-filed application, except where the prior-filed application is an application filed under 35 U.S.C. 111;

(ii) Supply an English language translation of any prior-filed application that is in a language other than English; and

(iii) Identify where the inadvertently omitted portion of the specification or drawings can be found in the prior-filed application.

(2) Any amendment to an international application pursuant to this paragraph shall be effective only as to the United States, and shall have no effect on the international filing date of the application. In addition, no request to add the inadvertently omitted portion of the specification or drawings in an international application designating the United States will be acted upon by the Office prior to the entry and commencement of the national stage (§ 1.491) or the filing of an application under 35 U.S.C. 111 (a) which claims benefit of the international application.

(3) If an application is not otherwise entitled to a filing date under § 1.53(b), the amendment must be by way of a petition pursuant to this paragraph accompanied by the fee set forth in § 1.17(f).