# Exhibit E

The cost of printing long computer programs in patent documents is also very expensive to the Patent and Trademark Office.

In the past, all disclosures forming part of a patent application were presented on paper with the exception of microorganisms. Under 37 CFR 1.96, several different methods for submitting computer program listings, including the use of microfiche, are set forth.

Relatively short computer program listings (10 pages or less) must be submitted on paper and will be printed as part of the patent. If the computer program listing is 11 or more pages in length, it may be submitted on either paper or microfiche, although microfiche is preferred.

Copies of publicly available computer program listings are available from the Patent and Trademark Office on paper and on microfiche at the cost set forth in 37 CFR 1.19(a)(5) and (6).

OTHER INFORMATION

The micrographic standards referred to in 37 CFR 1.96(b)(2) may be obtained from either the National Micrographic Association, 8719 Colesville Road, Silver Spring, Maryland, 20910 or the American National Standards Institute, 1430 Broadway, New York, New York 10018.

The effect of 37 CFR 1.96 is that if a computer program listing (printout) is 11 or more pages long, the applicant may submit such listing in the form of microfiche. Relatively short computer program listings (10 pages or fewer) must be submitted on paper and will be printed as part of the patent, as in the past. When the computer program listing is 11 or more pages in length, it may be submitted on either paper or microfiche, although microfiche is preferred. A microfiche filed with a patent application will be referred to as a "Microfiche Appendix," and will be identified as such on the front page of the patent but will not be part of the printed patent. "Microfiche Appendix," denotes the total microfiche, whether only one or two or more. One microfiche is equivalent to a maximum of either 63 (9x7) or 98 (14x7) frames (pages), or less.

The face of the file jacket will bear a label to denote that a Microfiche Appendix is included in the application. A statement must be included in the specification to the effect that a microfiche appendix is included in the application. The specification entry must appear at the beginning of the specification immediately following any cross-reference to related applications, 37 CFR 1.77(c)(2). The patent front page and the *Official Gazette* entry will both contain information as to the number of microfiche and frames of computer program listings appearing in the microfiche appendix.

When an application containing microfiche is received in the Correspondence and Mail Division, a special pocket will be affixed to the center section of the inside of the file wrapper underneath all papers, and the microfiche inserted therein. The application file will then proceed on its normal course, and when it reaches the Application Branch, a label which sticks up above the file wrapper will be placed at the center section of the face of the wrapper. When the application file reaches the Micrographics Division, the Microfiche Appendix label will be placed on the face of the file wrapper. When the Allowed Files and Assembly Branch of the Office of Publications receives the application file, the person placing the patent number on the face of the file, upon seeing the Microfiche Appendix label, will give the file to the Supervisor who will call Micrographics Division and give the serial number and patent number, and request copies of the microfiche. Micrographics Division personnel will then put the patent number on the microfiche(s), making certain each microfiche is the most recent, and numbering each correctly; e.g., 1 of 1, 1 of 2, etc. Upon completion, two copies will be produced and provided to Allowed and Assembly Branch Files — one for the grant head and one for the file wrapper.

At the time of assembly, the Microfiche Appendix will be placed inside the grant head behind the patent grant for eyeletting, ribboning, and mailing to the patentee/attorney. During the signing of the grant heads by the Attesting Officer, the patent will be checked to assure proper assembly prior to mailing.

## 609 Information Disclosure Statement [R-2]

*37 CFR 1.97. Filing of information disclosure statement.*

(a) In order to have information considered by the Office during the pendency of a patent application, an information disclosure statement in compliance with § 1.98 should be filed in accordance with this section.

(b) An information disclosure statement shall be considered by the Office if filed:

(1) Within three months of the filing date of a national application;

(2) Within three months of the date of entry of the national stage as set forth in § 1.491 in an international application; or

(3) Before the mailing date of a first Office action on the merits, whichever event occurs last.

(c) An information disclosure statement shall be considered by the Office if filed after the period specified in paragraph (b) of this section, but before the mailing date of either:

(1) A final action under § 1.113 or
(2) A notice of allowance under §1.311,

whichever occurs first, provided the statement is accompanied by either a certification as specified in paragraph (e) of this section or the fee set forth in § 1.17(p).

(d) An information disclosure statement shall be considered by the Office if filed after the mailing date of either:

(1) A final action under § 1.113 or
(2) A notice of allowance under § 1.311,

whichever occurs first, but before payment of the issue fee, provided the statement is accompanied by:

(i) A certification as specified in paragraph (e) of this section,
(ii) A petition requesting consideration of the information disclosure statement, and
(iii) The petition fee set forth in § 1.17(i)(1).

(e) A certification under this section must state either:

(1) That each item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the statement, or

(2) That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application or, to the knowledge of the person signing the certification after making reasonable inquiry, was known to any individual designated in § 1.56(c) more than three months prior to the filing of the statement.

(f) No extensions of time for filing an information disclosure statement are permitted under § 1.136. If a bona fide attempt is made to comply with §1.98, but part of the required content is inadvertently omitted, additional time may be given to enable full compliance.

(g) An information disclosure statement filed in accordance with this section shall not be construed as a representation that a search has been made.

(h) The filing of an information disclosure statement shall not be construed to be an admission that the information cited in the statement is, or is considered to be, material to patentability as defined in § 1.56(b).

(i) Information disclosure statements, filed before the grant of a patent, which do not comply with this section and § 1.98 will be placed in the file, but will not be considered by the Office.

*37 CFR 1.98. Content of information disclosure statement.*

(a) Any information disclosure statement filed under § 1.97 shall include:

(1) A list of all patents, publications or other information submitted for consideration by the Office;
(2) A legible copy of:
(i) Each U.S. and foreign patent;
(ii) Each publication or that portion which caused it to be listed; and
(iii) All other information or that portion which caused it to be listed, except that no copy of a U.S. patent application need be included; and

(3) A concise explanation of the relevance, as it is presently understood by the individual designated in § 1.56(c) most knowledgeable about the content of the information, of each patent, publication, or other information listed that is not in the English language. The concise explanation may be either separate from the specification or incorporated therein.

(b) Each U.S. patent listed in an information disclosure statement shall be identified by patentee, patent number and issue date. Each foreign patent or published foreign patent application shall be identified by the country or patent office which issued the patent or published the application, an appropriate document number, and the publication date indicated on the patent or published application. Each publication shall be identified by author (if any), title, relevant pages of the publication, date and place of publication.

(c) When the disclosures of two or more patents or publications listed in an information disclosure statement are substantively cumulative, a copy of one of the patents or publications may be submitted without copies of the other patents or publications provided that a statement is made that these other patents or publications are cumulative. If a written English–language translation of a non–English language document, or portion thereof, is within the possession, custody or control of, or is readily available to any individual designated in § 1.56(c), a copy of the translation shall accompany the statement.

(d) A copy of any patent, publication or other information listed in an information disclosure statement is not required to be provided if it was previously cited by or submitted to the Office in a prior application, provided that the prior application is properly identified in the statement and relied upon for an earlier filing date under 35 U.S.C. 120.

Information Disclosure Statements are not permitted in provisional applications filed under 35 U.S.C. 111(b). Since no substantive examination is given in provisional applications, a disclosure of information is unnecessary. Any such statement filed in a provisional application will be returned or destroyed at the option of the Office. In applications filed under 35 U.S.C. 111(a), applicants and other individuals substantively involved with the preparation and/or prosecution of the application have a duty to submit to the Office information which is material to patentability as defined in 37 CFR 1.56. These individuals also may want the Office to consider information for a variety of other reasons; e.g., without first determining whether the information meets any particular standard of materiality, or because another patent office considered the information to be relevant in a counterpart or related patent application filed in another country, or to make sure that the examiner has an opportunity to consider the same information that was considered by the individuals that were substantively involved with the preparation or prosecution of a patent application.

An information disclosure statement filed in accordance with the provisions of 37 CFR 1.97 and 1.98 provides the procedure available to an applicant to submit information to the Office so that the information will be considered by the examiner assigned to the application.

PARTS, FORM, AND CONTENT OF APPLICATION

**609**

The requirements for the content of a statement have been simplified in the new rules which became effective on March 16, 1992, to encourage individuals associated in a substantive way with the filing and prosecution of a patent application to submit information to the Office so the examiner can determine its relevance to the claimed invention. The procedures for submitting an information disclosure statement under the new rules are designed to encourage individuals to submit information to the Office promptly.

In order to have information considered by the Office during the pendency of a patent application, an information disclosure statement in compliance with 37 CFR 1.98 as to content must be filed in accordance with the procedural requirements of 37 CFR 1.97. The requirements as to content are discussed in A below. The requirements based on the time of filing the statement are discussed in B below. Examiner handling of information disclosure statements is discussed in C below.

The Office has set forth the minimum requirements for information to be considered in 37 CFR 1.97 and 1.98. Once the minimum requirements are met, the examiner has an obligation to consider the information. These rules provide certainty for the public by defining the requirements for submitting information to the Office so that the Office will consider information before a patent is granted. Information submitted to the Office that does not comply with the requirements of 37 CFR 1.97 and 1.98 will not be considered by the Office but will be placed in the application file.

The filing of an information disclosure statement shall not be construed as a representation that a search has been made. 37 CFR 1.97(g). There is no requirement that an applicant for a patent make a patentability search. Further, the filing of an information disclosure statement shall not be construed to be an admission that the information cited in the statement is, or is considered to be, material to patentability as defined in 37 CFR 1.56(b). 37 CFR 1.97(h). See MPEP § * >2129< regarding admissions by applicant.

Multiple information disclosure statements may be filed in a single application, and they will be considered, provided each is in compliance with the appropriate requirements. Use of form PTO-1449, "Information Disclosure Citation," is encouraged as a means to provide the required list of information. See C(2) below.

Information which is cited or submitted to the Office in the parent application of a file wrapper continuing application under 37 CFR 1.62 will be part of the file before the examiner and need not be resubmitted in the continuing application to have the information considered and listed on the patent. Likewise, the examiner will consider information cited or submitted to the Office in a pa-rent application when examining a continuation or continuation-in-part application (See MPEP § 2001.06(b)) which is not a file wrapper continuing application, and a list of the information need not be submitted in the continuing application unless applicant desires the information to be printed on the patent.

The examiner will consider the documents cited in the international search report in a PCT national stage application, when the Form PCT/DO/EO/903 indicates that both the international search report and the copies of the documents are present in the national stage file. In such a case, the examiner should consider the documents from the international search report and indicate by a statement in the first Office action that the information has been considered. There is no requirement that the examiner list the documents on a PTO-892 form.

A. CONTENT

An information disclosure statement must comply with the provisions of 37 CFR 1.98 as to content in order to be considered by the Office. Each information disclosure statement must comply with the applicable provisions of A(1), A(2), and A(3) below.

**A (1)** Each information disclosure statement must include a list of all patents, publications, or other information submitted for consideration by the Office.

37 CFR 1.98(b) requires that each U.S. patent listed in an information disclosure statement be identified by patentee, patent number, and issue date. Each foreign patent or published foreign patent application must be identified by the country or patent office which issued the patent or published the application, an appropriate document number, and the publication date indicated on the patent or published application. Each publication must be identified by author (if any), title, relevant pages of the publication, date and place of publication. The date of publication supplied must include at least the month and year of publication, except that the year of publication (without the month) will be accepted if the

**609**

applicant points out in the information disclosure statement that the year of publication is sufficiently earlier than the effective U.S. filing date and any foreign priority date so that the particular month of publication is not in issue. The place of publication refers to the name of the journal, magazine, or other publication in which the information being submitted was published.

To comply with this requirement, the list may not be incorporated into the specification but must be submitted in a separate paper. A separate list is required so that it is easy to confirm that applicant intends to submit an information disclosure statement and because it provides a readily available checklist for the examiner to indicate which identified documents have been considered. A copy of a separate list will also provide a simple means of communication to applicant to indicate the listed documents that have been considered and those listed documents that have not been considered. Use of form PTO–1449, Information Disclosure Citation, is encouraged. See C(2) below.

**A (2)** In addition to the list, each information disclosure statement must also include a legible copy of:

(i) Each U.S. and foreign patent;

(ii) Each publication or that portion which caused it to be listed; and

(iii) All other information or that portion which caused it to be listed, except that no copy of a U.S. patent application need be included.

There are exceptions to this general rule that a copy must be provided. First, 37 CFR 1.98(d) states that a copy of any patent, publication, or other information listed in an information disclosure statement is not required to be provided if it was previously cited by or submitted to the Office in a prior application, provided that the prior application is properly identified in the statement and relied on for an earlier filing date under 35 U.S.C. 120. The examiner will consider information cited or submitted to the Office in a prior application relied on under 35 U.S.C. 120. This exception to the requirement for copies of information does not apply to information which was cited in an international application under the Patent Cooperation Treaty. If the information cited or submitted in the prior application was not in English, a concise explanation of the relevance of the information to the new application is not required unless the relevance of the information differs from its relevance as explained in the prior application. See A(3) below.

Second, 37 CFR 1.98(c) states that when the disclosures of two or more patents or publications listed in an information disclosure statement are substantively cumulative, a copy of one of the patents or publications may be submitted without copies of the other patents or publications provided that a statement is made that these other patents or publications are cumulative. The examiner will then consider only the patent or publication of which a copy is submitted and will so indicate on the list or form PTO–1449 submitted; e.g., by crossing out the listing of the cumulative information.

37 CFR 1.98(c) further states that if a written English language translation of a non–English language document, or thereof, is within the possession, custody or control of, or is readily available to any individual designated in 37 CFR 1.56(c), a copy of the translation shall accompany the statement. Translations are not required to be filed unless they have been reduced to writing and are actually translations of what is contained in the non–English language information. If no translation is submitted, the examiner will consider the information in view of the concise explanation and insofar as it is understood on its face; e.g., drawings, chemical formulas, English language abstracts, in the same manner that non–English language information in Office search files is considered by examiners in conducting searches.

**A (3)** Each information disclosure statement must further include a concise explanation of the relevance, as it is presently understood by the individual designated in 37 CFR 1.56(c) most knowledgeable about the content of the information of each patent, publication, or other information listed that is <u>not in the English language</u>. The concise explanation may be either separate from the specification or incorporated therein.

The requirement for a concise explanation of relevance is limited to information that is not in the English language. The explanation required is limited to the relevance as understood by the individual designated in 37 CFR 1.56(c) most knowledgeable about the content of the information at the time the information is submitted to the Office. If a translation of the information into English is submitted with the foreign language information, no concise explanation is required. An English–language equivalent application may be submitted to fulfill this requirement if it is, in fact, a translation of a for-

eign language application being listed in an information disclosure statement. There is no requirement for the translation to be verified. Submission of an English language abstract of a reference which does not deal with its relevance to the invention will not fulfill the requirement for a concise explanation. Where the information listed is not in the English language, but was cited in a search report or other action by a foreign patent office in a counterpart foreign application, the requirement for a concise explanation of relevance can be satisfied by submitting an English-language version of the search report or action which indicates the degree of relevance found by the foreign office. This may be an explanation of which portion of the reference is particularly relevant, to which claims it applies, or merely an "X", "Y", or "A" indication on a search report. The requirement for a concise explanation of non-English language information would not be satisfied by a statement that a reference was cited in the prosecution of a United States application which is not relied on under 35 U.S.C. 120.

If information cited or submitted in a prior application relied on under 35 U.S.C. 120 was not in English, a concise explanation of the relevance of the information to the new application is not required unless the relevance of the information differs from its relevance as explained in the prior application.

The concise explanation may indicate that a particular figure or paragraph of the patent or publication is relevant to the claimed invention. It might be a simple statement pointing to similarities between the item of information and the claimed invention. It is permissible but not necessary to discuss differences between the cited information and the claims.

Applicants may, if they wish, provide a concise explanation of why English-language information is being submitted and how it is understood to be relevant. Concise explanations are helpful to the Office, particularly where documents are lengthy and complex and applicant is aware of a section that is highly relevant to patentability or where a large number of documents are submitted and applicant is aware that one or more are highly relevant to patentability.

### B. TIME FOR FILING

The procedure and requirements for submitting an information disclosure statement are linked to four stages in the processing of a patent application: (1) within 3 months of filing, or before first Office action, whichever is later; (2) after the period in (1), but before final Office action or a Notice of Allowance, whichever is earlier; (3) after the period in (2) but on or before the date the issue fee is paid; and (4) after the period in (3) and up to the time the patent application can be effectively withdrawn from issue. The procedures and requirements apply to applications filed under 35 U.S.C. 111 (utility), 161 (plants), 171 (designs), and 251 (reissue), as well as international applications entering the national stage under 35 U.S.C. 371.

The requirements based on the time when the information disclosure statement is filed are summarized as follows.

| Time when IDS is filed | 37 CFR 1.97 Requirements |
|---|---|
| (1) Within 3 months of filing or before first Office action on the merits, whichever is later. | None (always considered). |
| (2) After (1) but before final action or notice of allowance. | Certification or 1.17(p) fee. |
| (3) After final action or notice of allowance and before payment of issue fee | Certification, petition, and petition fee. |

**B (1)** Statement filed <u>BEFORE</u> first action on the merits or within three (3) months of actual filing date (37 CFR 1.97(b)).

An information disclosure statement will be considered by the examiner if filed:

(i) within 3 months of the filing date of a national application;
(ii) within 3 months of the date of entry of the national stage as set forth in 37 CFR 1.491 in an international application; or
(iii) before the mailing date of a first Office action on the merits,

whichever event occurs last. A statement filed within this period requires neither a fee nor a certification of prompt filing.

The term "national application" includes continuing applications (continuations, divisions, continuations-in-part) so 3 months will be measured from the actual

filing date of an application as opposed to the effective filing date of a continuing application.

All information disclosure statements that comply with the content requirements of 37 CFR 1.98 and are filed within three months of the filing date will be considered by the examiner, regardless of whatever else has occurred in the examination process up to that point in time. Thus, in the rare instance that a final Office action or a notice of allowance is prepared and mailed prior to a date which is 3 months from the filing date, any information contained in a complete information disclosure statement filed within that 3-month window will be considered by the examiner.

Likewise, an information disclosure statement will be considered if it is filed later than 3 months after the filing date but before the mailing date of a first Office action on the merits. An action on the merits means an action which treats the patentability of the claims in an application, as opposed to only formal or procedural requirements. An action on the merits would, for example, contain a rejection or indication of allowability of a claim or claims rather than just a restriction requirement (37 CFR 1.142) or just a requirement for additional fees to have a claim considered (37 CFR 1.16(d)). Thus, if an application was filed on January 1 and the first Office action on the merits was not mailed until 6 months later on July 1, the examiner would be required to consider any proper information disclosure statement filed prior to July 1.

An information disclosure statement will be considered to have been filed on the day it was received in the Office, or on an earlier date of mailing if accompanied by a properly executed certificate of mailing or facsimile transmission under 37 CFR 1.8, or Express Mail certificate under 37 CFR 1.10. An Office action is mailed on the date indicated in the Office action.

**B (2)** Statement filed after B(1), but <u>BEFORE</u> mailing of final action or notice of allowance (37 CFR 1.97(c)).

An information disclosure statement will be considered by the examiner if filed after the period specified in B(1) above, but before (not on the same day as) the mailing date of either

    a final action under 37 CFR 1.113; e.g., final rejection or notice of allowability, or
    a notice of allowance under 37 CFR 1.311,

whichever occurs first, provided: (1) the statement is accompanied by either a certification as specified in 37 CFR 1.97(e) or (2) the fee set forth in 37 CFR 1.17(p). If a final action or notice of allowance is mailed in an application and later withdrawn, the application will be considered as not having had a final action or notice of allowance mailed for purposes of considering an information disclosure statement.

An *Ex parte Quayle* action is not a final action under 37 CFR 1.113 as referred to in 37 CFR 1.97. Therefore, an information disclosure statement filed after an *Ex parte Quayle* action, but before mailing of a notice of allowance, must comply with the provisions of 37 CFR 1.97(c) rather than those of 37 CFR 1.97 (d). However, where an *Ex parte Quayle* action is issued after a final rejection which has not been withdrawn, any information disclosure statement filed after the *Ex parte Quayle* action must comply with the provisions of 37 CFR 1.97(d).

(i) If information submitted during the period set forth in 37 CFR 1.97(c) with a certification is used in a new ground of rejection on unamended claims, the next Office action will not be made final since in this situation it is clear that applicant has submitted the information to the Office promptly after it has become known and the information is being submitted prior to a final determination on patentability by the Office. The information submitted with a certification can be used in a new ground of rejection and the next Office action made final, however, if the new ground of rejection was necessitated by amendment of the application by applicant. Where the information is submitted during this period with a fee, the examiner may use the information submitted; e.g., printed publication or evidence of public use, and make the next Office action final whether or not the claims have been amended, provided that no other new ground of rejection which was not necessitated by amendment to the claims is introduced by the examiner. See MPEP § 706.07(a). If a new ground of rejection is introduced that is neither necessitated by an amendment to the claims nor based on the information submitted with the fee set forth in 37 CFR 1.17(p), the Office action shall not be made final.

(ii) A certification under 37 CFR 1.97(e) must state either

    (a) that each item of information contained in the information disclosure statement was cited in a commu-

-nication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the statement, or

    (b) that no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application or, to the knowledge of the person signing the certification after making reasonable inquiry, was known to any individual designated in 37 CFR 1.56(c), more than three months prior to the filing of the statement.

A certification can contain either of two statements. One statement is that each item of information in an information disclosure statement was cited in a communication, such as a search report, from a patent office outside the U.S. in a counterpart foreign application not more than 3 months prior to the filing date of the statement. Under this certification, it does not matter whether any individual with a duty of disclosure actually knew about any of the information cited before receiving the search report. The date on the communication by the foreign patent office begins the 3−month period in the same manner as the mailing of an Office action starts a 3−month shortened statutory period for response. If the communication contains two dates, the mailing date of the communication is the one which begins the 3−month period. The date which begins the 3−month period is not the date the communication was received by a foreign associate or the date it was received by a U.S. registered practitioner. Likewise, the statement will be considered to have been filed on the date the statement was received in the Office, or on an earlier date of mailing or transmission if accompanied by a properly executed certificate of mailing or facsimile transmission under 37 CFR 1.8, or Express Mail certificate under 37 CFR 1.10.

The term counterpart foreign patent application means that a claim for priority has been made in either the U.S. application or a foreign application based on the other, or that the disclosures of the U.S. and foreign patent applications are substantively identical (e.g., an application filed in the European Patent Office claiming the same U.K. priority as claimed in the U.S. application).

Communications from foreign patent offices in foreign applications sometimes include a list of the family of patents corresponding to a particular patent being cited in the communication. The family of patents may include a United States patent or other patent in the English language. Some applicants submit information disclosure statements to the PTO which list and include copies of both the particular patent cited in the foreign patent office communication and the related United States or other English language patent from the family list. Since this is to be encouraged, the United States or other English language patent will be construed as being cited by the foreign patent office for purposes of a certification under 37 CFR 1.97(e)(1). The examiner should consider the United States or other English language patent if 37 CFR 1.97 and 1.98 are complied with.

If an information disclosure statement includes a copy of a dated communication from a foreign patent office which clearly shows that the statement is being submitted within 3 months of the date on the communication, the copy will be accepted as the required communication. It will be assumed, in the absence of evidence to the contrary, that the communication was for a counterpart foreign application.

In the alternative, a certification can be made if no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application and, to the knowledge of the person signing the certification after making reasonable inquiry, neither was it known to any individual having a duty to disclose more than 3−months prior to the filing of the statement.

The phrase "after making reasonable inquiry" makes it clear that the individual making the certification has a duty to make reasonable inquiry regarding the facts that are being certified. The certification can be made by a registered practitioner who represents a foreign client and who relies on statements made by the foreign client as to the date the information first became known. A registered practitioner who receives information from a client without being informed whether the information was known for more than 3 months, however, cannot make the certification without making reasonable inquiry. For example, if an inventor gave a publication to the attorney prosecuting an application with the intent that it be cited to the Office, the attorney should inquire as to when that inventor became aware of the publication and should not submit a certification under 37 CFR 1.97(e)(2) to the Office until a satisfactory response is received. The certification can be based on present, good faith knowledge

about when information became known without a search of files being made.

Certification need not be in the form of an oath or a declaration under 37 CFR 1.68. Certification by a registered practitioner or any other individual that the statement was filed within the 3-month period of either first citation by a foreign patent office or first discovery of the information will be accepted as dispositive of compliance with this provision in the absence of evidence to the contrary. For example, a certification could read as follows:

> "I hereby certify that each item of information contained in this Information Disclosure Statement was cited in a communication from a foreign patent office in a counterpart foreign application not more than 3 months prior to the filing of this statement.", or
>
> "I hereby certify that no item of information in the Information Disclosure Statement filed herewith was cited in a communication from a foreign patent office in a counterpart foreign application or, to my knowledge after making reasonable inquiry, was known to any individual designated in 37 CFR 1.56(c) more than 3 months prior to the filing of this Information Disclosure Statement."

An information disclosure statement may include two lists and two certifications, similar to the above examples, in situations where some of the information listed was cited in a communication from a foreign patent office not more than 3 months prior to filing the statement and some was not, but was not known more than 3 months prior to filing the statement.

A copy of the foreign search report need not be submitted with the certification, but an individual may wish to submit an English-language version of the search report to satisfy the requirement for a concise explanation where non-English language information is cited. The time at which information was known to any individual designated in 37 CFR 1.56(c) is the time when the information was discovered in association with the application even if awareness of the materiality came later. The Office wishes to encourage prompt evaluation of the relevance of information and to have a date certain for determining if a certification can properly be made. A statement on information and belief would not be sufficient. Examiners should not remind or otherwise make any comment about an individual's duty of candor and good faith, but questions about the adequacy of any certification received in writing by the Office should be directed to the Office of the Assistant Commissioner for Patents.

**B(3)** Statement Filed After B(2), but Prior to Payment of Issue Fee (37 CFR 1.97(d)).

An information disclosure statement will be considered by the examiner if filed on or after the mailing date of either a final action under 37 CFR 1.113 or a notice of allowance under 37 CFR 1.311, whichever occurs first, but before or simultaneous with payment of the issue fee, provided the statement is accompanied by:

(i) a certification as specified in 37 CFR 1.97(e) (see the discussion in B(2)(ii) above),

(ii) a petition requesting consideration of the information disclosure statement, and

(iii) the petition fee set forth in 37 CFR 1.17(i)(1).

These requirements are appropriate in view of the late stage of prosecution when the information is being submitted; i.e., after the examiner has reached a final determination on the patentability of the claims presented for examination. The petition should be directed to the Group Director of the examining group handling the application. The petition need do nothing more than request consideration of the information being submitted. Payment of the petition fee (37 CFR 1.17(i)(1)) and submission of the appropriate certification 37 CFR 1.97(e)) are the essential elements for having information considered at this advanced stage of prosecution, assuming the content requirements of 37 CFR 1.98 are satisfied.

The requirements of 37 CFR 1.97 provide for consideration by the Office of information which is submitted within a reasonable time; i.e., within 3 months after an individual designated in 37 CFR 1.56(c) becomes aware of the information or within 3 months of the information being cited in a communication from a foreign patent office in a counterpart foreign application. This undertaking by the Office to consider information would be available throughout the pendency of the application until the point where the patent issue fee was paid. If an applicant chose not to comply, or could not comply, with the requirements of 37 CFR 1.97(d), a continuing application could be filed to have the information considered by the examiner. The parent application could be permitted

to become abandoned by not paying the issue fee required in the Notice of Allowance, for example, or by the filing of a file wrapper continuing application under 37 CFR 1.62. It would not be proper to make final a first Office action in the continuing application if the information submitted is used in a new ground of rejection.

**B(4)** Statement Filed After Payment of Issue Fee.

After the issue fee has been paid on an application, it is impractical for the Office to attempt to consider newly submitted information. Information disclosure statements filed after payment of the issue fee in an application will not be considered but will merely be placed in the application file. See C below. The application may be withdrawn from issue at this point, however, pursuant to 37 CFR 1.313(b)(5) so that the information can be considered in a continuing application. In this situation, a file wrapper continuing application under 37 CFR 1.62 could be filed even though the issue fee had already been paid. The Office will consider the filing of a petition under 37 CFR 1.313(b)(5) as sufficient grounds to waive the requirement that an application under 37 CFR 1.62 be filed before payment of the issue fee. Alternatively, for example, a petition pursuant to 37 CFR 1.313(b)(3) could be filed if applicant states that one or more claims are unpatentable. This statement that one or more claims are unpatentable over the information must be unequivocal. A statement that a serious question as to patentability of a claim has been raised, for example, would not be acceptable to withdraw an application from issue under 37 CFR 1.313(b)(3). >Form Paragraph 13.09 may be used.

¶ 13.09 *Information Disclosure Statement, Issue Fee Paid*

Applicant's Information Disclosure Statement of [1] was filed after the issue fee was paid. Information Disclosure Statements filed after payment of the issue fee will not be considered, but will be placed in the file. However, the application may be withdrawn from issue in order to file a File Wrapper Continuing application upon the grant of a petition filed under the provisions of 37 CFR 1.313(b)(5). Alternatively, the other provisions of 37 CFR 1.313 may apply, e.g., a petition to withdraw the application from issue under the provisions of 37 CFR 1.313(b)(3) may be filed together with an unequivocal statement by the applicant that one or more claims are unpatentable over the information contained in the Statement. The Information Disclosure Statement would then be considered upon withdrawal of the application from issue under 37 CFR 1.313(b)(3).

**Examiner Note:**
1. For Information Disclosure (Prior Art) Statements submitted after the issue fee has been paid, use this paragraph on form PTOL-90.
2. In bracket 1, insert the filing date of the IDS.<

If an application has been withdrawn from issue under one of the provisions of 37 CFR 1.313(b)(1)–(4), it will be treated as though no notice of allowance had been mailed and the issue fee had not yet been paid with regard to the time for filing information disclosure statements. Petitions under 37 CFR 1.313(b) should be directed to the Office of Petitions in the Office of the Assistant Commissioner for Patents.

**B(5)** Extensions of Time (37 CFR 1.97(f))

No extensions of time for filing an information disclosure statement are permitted under 37 CFR 1.136(a) or (b). If a bona fide attempt is made to comply with the content requirements of 37 CFR 1.98, but part of the required content is inadvertently omitted, additional time may be given to enable full compliance.

### C. EXAMINER HANDLING OF INFORMATION DISCLOSURE STATEMENTS

Information disclosure statements will be reviewed for compliance with the requirements of 37 CFR 1.97 and 1.98 as discussed in A and B above. Applicant will be notified of compliance and noncompliance with the rules as discussed below.

**C(1)** Noncomplying Statements

Pursuant to 37 CFR 1.97(i), submitted information, filed before the grant of a patent, which does not comply with 37 CFR 1.97 and 1.98 will be placed in the file, but will not be considered by the Office. Information submitted after the grant of a patent must comply with 37 CFR 1.501.

(i) If an information disclosure statement does not comply with the requirements based on the time of filing the statement as discussed in B above, including the requirements for fees and/or certification, the statement will be placed in the application file, but none of the information will be considered by the examiner. The examiner may use Form Paragraph 6.49 which is reproduced below to inform applicant that the information has not been considered. Applicant may then file a new information disclosure statement or correct the deficiency in the previously filed statement, but the date that

**609**

the new statement or correction is filed will be the date of the statement for purposes of determining compliance with the requirements based on the time of filing the statement (37 CFR 1.97).

The examiner should write "not considered" on an information disclosure statement where none of the information listed complies with the requirements; e.g., no copies of listed items submitted. If none of the information listed on a PTO-1449 form is considered, a diagonal line should also be drawn in pencil across the form and the form placed on the right side of the application file to instruct the printer not to list the information on the face of the patent if the application goes to issue. The paper containing the disclosure statement or list will be placed in the record in the application file. The examiner will inform applicant that the information has not been considered and the reasons why by using form paragraph 6.49. If the improper citation appears as part of another paper; e.g., an amendment, which may be properly entered and considered, the portion of the paper which is proper for consideration will be considered.

¶ 6.49  *Information Disclosure Statement Not Considered*

The information disclosure statement filed [1] fails to comply with the provisions of MPEP § 609 because [2]. It has been placed in the application file, but the information referred to therein has not been considered as to the merits. >Applicant is advised that the date of any re-submission of any item of information contained in this information disclosure statement or the submission of any missing element(s) will be the date of submission for purposes of determining compliance with the requirements based on the time of filing the statement, including all certification requirements. See MPEP § 609 ¶C(1).<

**Examiner Note:**
See MPEP § 609 for situations where >the< use of this >form< paragraph would be appropriate.

(ii) If an information disclosure statement complies with the requirements based on the time of filing the statement as discussed in B above, including the requirements for fees/or certification, but part of the content requirements as discussed in A above has been inadvertently omitted, the examiner may set a one-month time period to correct the omission. Form paragraph 6.51 may be used for this purpose.

¶ 6.51  *Time Limit for Completing Information Disclosure Statement*

The information disclosure statement filed on [1] does not comply with the requirements of 37 CFR 1.98 because [2]. Since the submission appears to be *bona fide*, but through an apparent oversight or inadvertence failed to comply with the necessary requirements, applicant is required to complete the statement within a TIME LIMIT of ONE MONTH from the date of this letter. NO EXTENSION OF THIS TIME LIMIT MAY BE GRANTED UNDER EITHER 37 CFR 1.136(a) OR (b). Failure to comply with this notice will result in the information disclosure statement being placed in the application file with the non-complying information not being considered.

**Examiner Note:**
This practice does not apply where there has been a deliberate omission of some necessary part of an information disclosure statement or where the requirements based on the time of filing the statement as set forth in 37 CFR 1.97 have not been complied with.

If a statement fails to comply with requirements as discussed in this section for an item of information, that item of information in the statement will not be considered and a line should be drawn through the citation to show that it has not been considered. However, other items of information that do comply with all the requirements will be considered by the examiner.

If information is listed in the specification rather than in a separate paper, or if the other content requirements as discussed in A above are not complied with, the examiner will notify applicant in the next Office action that the information has not been considered. It should be noted, however, that no copy of a U.S. patent application is required to be submitted. See A(2)(iii) above. Where a U.S. patent application is properly cited on a separate list, the examiner should obtain access to that file within the Office.

**C (2)**  Complying Statements

The information contained in information disclosure statements which comply with both the content requirements as discussed in A above and the requirements based on the time of filing the statement as discussed in B above will be considered by the examiner.

Applicants, patent owners, reexamination requesters, protestors, and others are encouraged to use form PTO-1449), "Information Disclosure Citation," when preparing an information disclosure statement. A copy of this form is reproduced in this section to indicate how the form should be completed. This form will enable persons to comply with the requirement to list each item of information being submitted and to provide the Office with a uniform listing of citations and with a ready way to indicate that information has been considered. Examiners must consider all citations submitted in conformance with the rules and this section and their initials when placed adjacent to the considered citations on the list or

in the boxes provided on a form PTO−1449 provides a clear record of which citations have been considered by the Office. The examiner must also fill in his or her name and the date the information was considered in blocks at the bottom of the PTO−1449 form. If the citations are submitted on a list other than on a form PTO−1449, the examiner may write "all considered" and his or her initials to indicate that all citations have been considered. If any of the citations are considered, a copy of the submitted list or form PTO−1449, as reviewed by the examiner, will be returned to the applicant with the next communication. Those citations not considered by the examiner will have a line drawn through the citation and any citations considered will have the examiner's initials adjacent thereto. The original copy of the list or form PTO−1449 will be entered into the application file. The copy returned to applicant will serve both as acknowledgement of receipt of the information disclosure statement and as an indication as to which references were considered by the examiner. Forms PTO−326 and PTOL−37 include a box to indicate the attachment of form PTO−1449.

Information which complies with requirements as discussed in this section but which is in a non−English language will be considered in view of the concise explanation submitted (A(3) above) and insofar as it is understood on its face; e.g., drawings, chemical formulas, in the same manner that non−English language information in Office search files is considered by examiners in conducting searches. The examiner need not have the information translated unless it appears to be necessary to do so. The examiner will indicate that the non−English language information has been considered in the same manner as consideration is indicated for information submitted in English. The examiner should not require that a translation be filed by applicant. The examiner should not make any comment such as that the non−English language information has only been considered to the extent understood, since this fact is inherent.

Since information is required to be submitted in a separate paper listing the citations rather than in the specification, there is no need to mark "All checked" or "Checked" in the margin of a specification containing citations.

If a statement fails to comply with requirements as discussed in this section for an item of information, a line should be drawn through the citation to show that it has not been considered. The other items of information listed that do comply with the rules and this section will be considered by the examiner and will be appropriately initialed.

**C (3)** Documents Submitted As Part of Applicant's Response to Office Action

Occasionally, documents are submitted and relied on by an applicant when responding to an Office action. These documents may be relied on by an applicant, for example, to show that an element recited in the claim is operative or that a term used in the claim has a recognized meaning in the art. Documents may be in any form but are typically in the form of an affidavit, declaration, patent, or printed publication.

To the extent that a document is submitted as evidence directed to an issue of patentability raised in an Office action, and the evidence is timely presented, applicant need not satisfy the requirements of 37 CFR 1.97 and 1.98 in order to have the examiner consider the information contained in the document relied on by applicant. In other words, compliance with the information disclosure rules is not a threshold requirement to have information considered when submitted by applicant to support an argument being made in a response to an Office action.

At the same time, the document supplied and relied on by applicant as evidence need not be processed as an item of information that was cited in an information disclosure statement. The record should reflect whether the evidence was considered, but listing on a form (e.g., PTO−892 or PTO−1449) and appropriate marking of the form by the examiner is not required.

For example, if applicant submits and relies on three patents as evidence in response to the first Office action and also lists those patents on a PTO−1449 along with two journal articles, but does not file a certification or $200 fee, it would be appropriate for the examiner to indicate that the teachings relied on by applicant in the three patents have been considered, but to line through the citation of all five documents on the PTO−1449 and to inform applicant that the information disclosure statement did not comply with 37 CFR 1.97(c).

**D. INFORMATION PRINTED ON PATENT**

A citation listed on form PTO−1449 and considered by the examiner in accordance with this section will be printed on the patent. A citation listed in a separate pa-

**609**

per, equivalent to but not on form PTO-1449, and considered by the examiner in accordance with this section will be printed on the patent if the list is on a separate sheet which is clearly identified as an information disclosure statement and the list lends itself to easy capture of the necessary information by the Office printing contractor; i.e., each item of information is listed on a single line, the lines are at least double-spaced from each other, the information is uniform in format for each listed item, and the list includes a column for the examiner's initials to indicate that the information was considered. If a U.S. patent application serial number is listed on a PTO-1449 form or its equivalent and the examiner considers the information and initials the form, the serial number will be printed on the patent.

Applicants may wish to list U.S. patent application serial numbers on other than a form PTO-1449 format to avoid the serial numbers of pending applications being published on the patent. If a citation is not printed on the patent but has been considered by the examiner in accordance with this section, the patented file will reflect that fact as noted in C(2) above.

PARTS, FORM, AND CONTENT OF APPLICATION

609

PTO/SB/08 (2-92)
Sheet 1 of 4

| Form PTO-1449 | Docket Number (Optional) | Application Number |
|---|---|---|
| **INFORMATION DISCLOSURE CITATION IN AN APPLICATION** (Use several sheets if necessary) | 32210 | 07/123,456 |
| | Applicant C. Benson, et al | |
| | Filing Date 1-2-91 | Group Art Unit 3401 |

### U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| JD | 3 7 0 3 4 4 5 | 11-72 | Tew | 418 | 61 | |
| JD | 3 9 9 4 0 0 0 | 6-75 | Reitter | 418 | 61 | |
| JD | 3 6 9 4 5 0 9 | 1-71 | Sarich | 418 | 61 | |
| JD | 4 3 2 5 7 7 7 | 5-90 | Wolfe | 418 | 63 | |

### FOREIGN PATENT DOCUMENTS

| | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | Translation YES | NO |
|---|---|---|---|---|---|---|---|
| | ~~2 3 8 5 4 0~~ | ~~06-75~~ | ~~France~~ | | | | |
| JD | 1 1 3 7 7 2 9 | 06-65 | Federal Republic of Germany | 418 | 63 | X | |
| JD | 9 1 4 1 | 08-79 | European Patent Office | | | | |
| JD | WO80/0 1 8 7 1 | 09-80 | PCT International | | | | |
| JD | 5 0 . 3 1 0 6 | 11-79 | Japan | 260 | 424 | | X |

### OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| JD | Kovach, et al "Simple Precision RC Oscillator," IBM Tech. Disclosure Bulletin Vol. 16, No. 10. 3/74, p.p. 3174-3175 |
| | ~~Tiers, J. Am. Chem. Soc. 825513 (1960)~~ |
| | |

| EXAMINER | DATE CONSIDERED |
|---|---|
| J. Doe | Sept. 30, 1991 |

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP § 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to the applicant.

PTO/SB/08 (2-92)         Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE