# Exhibit F

## 707.01    Primary Examiner Indicates Action for New Assistant [R-2]

After the search has been completed, action is taken in the light of the references found. Where the assistant examiner has been in the Office but a short time, it is the duty of the primary examiner to review the application thoroughly. The usual procedure is for the assistant examiner to explain the invention and discuss the references which he or she regards as most pertinent. The primary examiner may indicate the action to be taken, whether restriction or election of species is to be required, or whether the claims are to be considered on their merits. If action on the merits is to be given, the >primary< examiner may indicate how the references are to be applied in cases where the claim is to be rejected, or authorize allowance if it is not met in the references and no further field of search is known.

## 707.02    Applications Up for Third Action and 5-Year Applications [R-2]

The supervisory patent examiners should impress their assistants with the fact that the shortest path to the final disposition of an application is by finding the best references on the first search and carefully applying them.

The supervisory patent examiners are expected to personally check on the pendency of every application which is up for the third or subsequent *>Office< action with a view to finally concluding its prosecution.

Any application that has been pending five years should be carefully studied by the supervisory patent examiner and every effort >should be< made to terminate its prosecution. In order to accomplish this result, the application is to be considered "special" by the examiner.

## 707.05    Citation of References [R-3]

*37 CFR 1.104.  Nature of examination.*

*****

(d) *Citation of references.*

(1) If domestic patents are cited by the examiner, their numbers and dates, and the names of the patentees will be stated. If domestic patent application publications are cited by the examiner, their publication number, publication date, and the names of the applicants will be stated. If foreign published applications or patents are cited, their nationality or country, numbers and dates, and the names of the patentees will be stated, and such other data will be furnished as may be necessary to enable the applicant, or in the case of a reexamination proceeding, the patent owner, to identify the published applications or patents cited. In citing foreign published applications or patents, in case only a part of the document is involved, the particular pages and sheets containing the parts relied upon will be identified. If printed publications are cited, the author (if any), title, date, pages or plates, and place of publication, or place where a copy can be found, will be given.

(2) When a rejection in an application is based on facts within the personal knowledge of an employee of the Office, the data shall be as specific as possible, and the reference must be supported, when called for by the applicant, by the affidavit of such employee, and such affidavit shall be subject to contradiction or explanation by the affidavits of the applicant and other persons.

*****

During the examination of an application or reexamination of a patent, the examiner should cite appropriate prior art which is nearest to the subject matter defined in the claims. When such prior art is cited, its pertinence should be explained.

The examiner must consider all the prior art references (alone and in combination) cited in the application or reexamination, including those cited by the applicant in a properly submitted Information Disclosure Statement. See MPEP § 609.

Form paragraph 7.96 may be used as an introductory sentence.

¶ *7.96 Citation of Relevant Prior Art*
    The prior art made of record and not relied upon is considered pertinent to applicant's disclosure. **[1]**

**Examiner Note:**
    When such prior art is cited, its relevance should be explained in bracket 1 in accordance with MPEP § 707.05.

Effective June 8, 1995, Public Law 103-465 amended 35 U.S.C. 154 to change the term of a patent to 20 years measured from the filing date of the earliest U.S. application for which benefit under 35 U.S.C. 120, 121 or 365(c) is claimed. The 20-year patent term applies to all utility and plant patents issued on applications filed on or after June 8, 1995. As a result of the 20-year patent term, it is expected, in certain circumstances, that applicants may cancel their claim to priority by amending the specification to delete any references to prior applications. Therefore, examiners should search all applications based on the actual U.S. filing date of the application rather

than on the filing date of any parent U.S. application for which priority is claimed. Examiners should cite of interest all material prior art having an effective filing date after the filing date of the U.S. parent application but before the actual filing date of the application being examined.

Allowed applications should generally contain a citation of pertinent prior art for printing in the patent, even if no claim presented during the prosecution was considered unpatentable over such prior art. Only in those instances where a proper search has not revealed any prior art relevant to the claimed invention is it appropriate to send an application to issue with no art cited. In the case where no prior art is cited, the examiner must write "None" on a form PTO-892 and insert it in the file wrapper. For Image File Wrapper (IFW) processing, see IFW Manual section 3.7. Where references have been cited during the prosecution of parent applications and a continuing application, having no newly cited references, is ready for allowance, the cited references of the parent applications should be listed on a form PTO-892. The form should then be placed in the file of the continuing application. For Image File Wrapper (IFW) processing, see IFW Manual section 3.7. See MPEP § 1302.12. In a continued prosecution application filed under 37 CFR 1.53(d), it is not necessary to prepare a new form PTO-892 since the form from the parent application is in the same file wrapper and will be used by the printer.

In all continuation and continuation-in-part applications, the parent applications should be reviewed for pertinent prior art.

Applicants and/or applicants' *>attorneys< in PCT related national applications may wish to cite the material citations from the PCT International Search Report by an information disclosure statement under 37 CFR 1.97 and 1.98 in order to ensure consideration by the examiner.

In those instances where no information disclosure statement has been filed by the applicant and where documents are cited in the International Search Report but neither a copy of the documents nor an English translation (or English family member) is provided, the examiner may exercise discretion in deciding whether to take necessary steps to obtain the copy and/or translation.

Copies of documents cited will be provided as set forth in MPEP § 707.05(a). That is, copies of documents cited by the examiner will be provided to applicant *except* where the documents:

(A) are cited by applicant in accordance with MPEP § 609, § 707.05(b), and § 708.02;

(B) have been referred to in applicant's disclosure statement;

(C) are cited and have been provided in a parent application;

(D) are cited by a third party in a submission under 37 CFR 1.99 (MPEP § 1134.01); or

(E) are U.S. Patents or U.S. application publications **.

See MPEP § 707.05(e) regarding data used in citing references.

## 707.05(a) Copies of Cited References [R-3]

Copies of cited >foreign patent documents and nonpatent literature< references (except as noted below) are automatically furnished without charge to applicant together with the Office action in which they are cited. Copies of the cited references are also placed in the application file for use by the examiner during the prosecution.>Copies of U.S. patents and U.S. patent application publications are not provided in paper to applicants and are not placed in the application file.<

Copies of references cited by applicant in accordance with MPEP § 609, § 707.05(b) and § 708.02 are *not* furnished to applicant with the Office action. Additionally, copies of references cited in continuation applications if they had been previously cited in the parent application are not furnished. The examiner should check the left hand column of form PTO-892 if a copy of the reference is not to be furnished to the applicant.

Copies of foreign patent documents and nonpatent literature (NPL) which are cited by the examiner at the time of allowance will be furnished to applicant with the Office action, and copies of the same will also be retained in the file. For Image File Wrapper (IFW) processing, see IFW Manual section 3.7. This will apply to all allowance actions, including first action allowances and *Ex Parte Quayle* actions.

In the rare instance where no art is cited in a continuing application, all the references cited during the prosecution of the parent application will be listed at allowance for printing in the patent.