# Exhibit G

¶ 7.41.02    *Transitional After Final Practice, Second Submission (37 CFR 1.129(a))*

Since the fee set forth in 37 CFR 1.17(r) for a first submission subsequent to a final rejection has been previously paid, applicant, under 37 CFR 1.129(a), is entitled to have a second submission entered and considered on the merits if, prior to abandonment, the second submission and the fee set forth in 37 CFR 1.17(r) are filed prior to the filing of an appeal brief under 37 CFR 1.192. Upon the timely filing of a second submission and the appropriate fee of $[1] for a [2] >entity< under 37 CFR 1.17(r), the finality of the previous Office action will be withdrawn. If a Notice of Appeal and the appeal fee set forth in 37 CFR 1.17(e) were filed prior to the payment of the fee set forth in 37 CFR 1.17(r), the payment of the fee set forth in 37 CFR 1.17(r) by applicant will be construed as a request to dismiss the appeal and to continue prosecution under 37 CFR 1.129(a). In view of 35 U.S.C. 132, no amendment considered as a result of payment of the fee set forth in 37 CFR 1.17(r) may introduce new matter into the disclosure of the application.

**Examiner Note:**

1. This form paragraph is to follow any of form paragraphs 7.39 – 7.41 in any application filed prior to June 9, 1995, which has been pending for at least two years as of June 8, 1995, taking into account any reference under 35 U.S.C. 120, 121 or 365(c) to a previously filed application and a first submission fee has been previously paid under 37 CFR 1.17(r).

2. This form paragraph should NOT be used in a design or reissue application or in a reexamination proceeding.

3. In bracket 1, insert the current fee for a large or small entity, as appropriate.

4. In bracket 2, insert "small" or "large," depending on the current status of the application.

5. If the fee set forth in 37 CFR 1.17(r) has been twice paid, the provisions of 37 CFR 1.129(a) are no longer available.

Any submission filed after a final rejection made in the application subsequent to the fee set forth in 37 CFR 1.17(r) having been twice paid will be treated in accordance with the current after–final practice set forth in 37 CFR 1.116.

## 707    Examiner's Letter or Action [R-2]

*37 CFR 1.104. Nature of examination; examiner's action*

(a) On taking up an application for examination or a patent in a reexamination proceeding, the examiner shall make a thorough study thereof and shall make a thorough investigation of the available prior art relating to the subject matter of the claimed invention. The examination shall be complete with respect both to compliance of the application or patent under reexamination with the applicable statutes and rules and to the patentability of the invention as claimed, as well as with respect to matters of form, unless otherwise indicated.

(b) The applicant, or in the case of a reexamination proceeding, both the patent owner and the requester, will be notified of the examiner's action. The reasons for any adverse action or any objection or requirement will be stated and such information or references will be given as may be useful in aiding the applicant or in the case of a reexamination proceeding the patent owner, to judge the propriety of continuing the prosecution.

(c) An international–type search will be made in all national applications filed on and after June 1, 1978.

(d) Any national application may also have an international–type search report prepared thereon at the time of the national examination on the merits, upon specific written request therefor and payment of the international–type search report fee. See § 1.21 (e) for amount of fee for preparation of international–type search report.

NOTE. — The Patent and Trademark Office does not require that a formal report of an international–type search be prepared in order to obtain a search fee refund in a later filed international application.

(e) Co–pending applications will be considered by the examiner to be owned by, or subject to an obligation of assignment to, the same person if: (1) the application files refer to assignments recorded in the Patent and Trademark Office in accordance with Part 3 of this chapter which convey the entire rights in the applications to the same person or organization; or (2) copies of unrecorded assignments which convey the entire rights in the applications to the same person or organization are filed in each of the applications; or (3) an affidavit or declaration by the common owner is filed which states that there is common ownership and states facts which explain why the affiant or declarant believes there is common ownership; or (4) other evidence is submitted which establishes common ownership of the applications. In circumstances where the common owner is a corporation or other organization, an affidavit or declaration may be signed by an official of the corporation or organization empowered to act on behalf of the corporation or organization.

For Office actions in reexamination proceedings, see MPEP § 2260.

Under the current first action procedure, the examiner signifies on the action form PTOL–326 certain information including the period set for response, any attachments, and a "summary of action," the position taken on all claims.

Current procedure also allows the examiner, in the exercise of his professional judgment to indicate that a discussion with applicant's or patent owner's representative may result in agreements whereby the application or patent under reexamination may be placed in condition for allowance and that the examiner will telephone the representative within about 2 weeks. Under this practice the applicant's or patent owner's representative can be adequately prepared to conduct such a discussion. Any resulting amendment may be made either by the applicant's or patent owner's attorney or agent or by the examiner in an examiner's amendment. It should be recognized that when extensive amendments are necessary it would be preferable if they were filed by the attorney or agent of record, thereby reducing the professional and clerical workload in the Office and also providing the file wrapper with a better record, including applicant's arguments for allowability as required by 37 CFR 1.111.

**707**

The list of references cited appears on a separate form, Notice of References Cited, PTO-892 (copy in MPEP § 707.05) attached to applicant's copies of the action. Where applicable, Notice of Informal Patent Drawings, PTO-948 and Notice of Informal Patent Application, PTO-152 are attached to the first action.

The attachments have the same paper number and are to be considered as part of the Office action.

Replies to Office actions should include the 4-digit art unit number and the examiner's name to expedite handling within the Office.

In accordance with the Patent Law, "Whenever, on examination, any claim for a patent is rejected >,< or any objection . . . made", notification of the reasons for rejection and/or objection together with such information and references as may be useful in judging the propriety of continuing the prosecution (35 U.S.C. 132) should be given.

When considered necessary for adequate information, the particular figure(s) of the drawing(s), and/or page(s) or paragraph(s) of the reference(s), and/or any relevant comments briefly stated should be included. For rejections under 35 U.S.C. 103, the way in which a reference is modified or plural references are combined should be set out.

In exceptional cases, as to satisfy the more stringent requirements under 37 CFR 1.106(b), and in pro se cases where the inventor is unfamiliar with the patent law and practice, a more complete explanation may be needed.

Objections to the disclosure, explanation of references cited but not applied, indication of allowable subject matter, requirements (including requirements for restriction if applicable) and any other pertinent comments may be included. Summary sheet PTOL-326, which serves as the first page of the Office action, is to be used with all first actions and will identify any allowed claims.

¶ *7.100*  *Name and Number of Examiner To Be Contacted*

An inquiry concerning this communication should be directed to [1] at telephone number (703) [2].

**Examiner Note:**
1. This paragraph or paragraph 7.101 should be used at the conclusion of all actions.
2. In bracket 1, insert the name of the examiner designated to be contacted first regarding inquiries about the Office action. This could be either the non-signatory examiner preparing the action or the signatory examiner.
3. In bracket 2, insert the individual phone number of the examiner.

¶ *7.101*  *Telephone Inquiry Contacts — Non 5/4/9 Schedule*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to [1] whose telephone number is (703) [2]. The examiner can normally be reached on [3] from [4] to [5].

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, [6], can be reached on (703) [7]. The fax phone number for this group is (703) [8].

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the group receptionist whose telephone number is (703) [9].

**Examiner Note:**
1. In bracket 1, insert your name.
2. In bracket 2, insert your individual phone number.
3. In bracket 3, insert the days that you work every week, e.g., "Monday-Thursday" for an examiner off every Friday.
4. In brackets 4 and 5, insert your normal duty hours. e.g., "6:30 AM - 5:00 PM." Do not insert the core hours**.
5. In bracket 6, insert your SPE's name.
6. In bracket 7, insert your SPE's phone number.
7. In bracket 8, insert the group fax number.
8. In bracket 9, insert the telephone number for your group receptionist.

¶ *>7.102<*  *Telephone Inquiry Contacts — 5/4/9 Schedule*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to [1] whose telephone number is (703) [2]. The examiner can normally be reached on [3] from [4] to [5]. The examiner can also be reached on alternate [6].

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, [7], can be reached on (703) [8]. The fax phone number for this group is (703) [9].

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the group receptionist whose telephone number is (703) [10].

**Examiner Note:**
1. In bracket 1, insert your name.
2. In bracket 2, insert your individual phone number.
3. In bracket 3, insert the days that you work every week, e.g., "Monday-Thursday" for an examiner off on alternate Fridays.
4. In brackets 4 and 5, insert your normal duty hours. e.g., "6:30 AM - 5:00 PM." Do not insert the core hours**.
5. In bracket 6, insert the day in each pay period that is your compressed day off, e.g., "Fridays" for an examiner on 5/4/9 with the first Friday off.
6. In bracket 7, insert your SPE's name.
7. In bracket 8, insert the group phone number.
8. In bracket 9, insert your group fax number.
9. In bracket 10, insert the telephone number for your group receptionist.

¶ *>7.103<*  *Statute Cited in Prior Action*

The text of those sections of Title 35, U.S. Code not included in this action can be found in a prior Office action.

## EXAMINATION OF APPLICATIONS

707



UNITED STATES DEPARTMENT OF COMMERCE
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, DC 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/000,000 | 01/01/87 | John E. Doe | DOC-2345 |

**Davis & Brown**
**Suite 263**
**324 Elm Street**
**Boston, Mass. 11111**

| EXAMINER |
|---|
| Thesz |

| ART UNIT | PAPER NUMBER |
|---|---|
| 233 | 2 |

DATE MAILED:

This is a communication from the examiner in charge of your application
COMMISSIONER OF PATENTS AND TRADEMARKS

[X] This application has been examined    [ ] Responsive to communication filed on _____    [ ] This action is made final.

A shortened statutory period for response to this action is set to expire ___3___ month(s), ___ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. [X] Notice of References Cited by Examiner, PTO-892.    2. [ ] Notice re Patent Drawing, PTO-948.
3. [ ] Notice of Art Cited by Applicant, PTO-1449.         4. [ ] Notice of informal Patent Application, Form PTO-152
5. [ ] Information on How to Effect Drawing Changes, PTO-1474    6. [ ] _____

**Part II   SUMMARY OF ACTION**

1. [X] Claims __1-11__ are pending in the application.
   Of the above, claims _____ are withdrawn from consideration.
2. [ ] Claims _____ have been cancelled.
3. [ ] Claims _____ are allowed.
4. [X] Claims __1-8__ are rejected.
5. [X] Claims __9-11__ are objected to.
6. [ ] Claims _____ are subject to restriction or election requirement.
7. [ ] This application has been filed with informal drawings which are acceptable for examination purposes unitl such time as allowable subject matter is indicated.
8. [ ] Allowable subject matter having been indicated, formal drawings are required in response to this Office action.
9. [ ] The corrected or substitute drawings have been received on _____. These drawings are [ ] acceptable; [ ] not acceptable (see explanation).
10. [ ] The [ ] proposed drawing correction and/or the [ ] proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been [ ] approved by the examiner. [ ] disapproved by the examiner (see explanation).
11. [X] The proposed drawing correction, filed __6-1-87__, has been [X] approved. [ ] disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWINGS CHANGES", PTO-1474.
12. [X] Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [ ] been received [X] not been received [ ] been filed in parent application, serial no. _____; filed on _____.
13. [ ] Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.
14. [ ] Other

PTOL-326 (Rev. 7.82)                                                    EXAMINER'S ACTION

**707.01**

### 707.01 Primary Examiner Indicates Action for New Assistant [R-1]

>After the search has been completed, action is taken in the light of the references found. Where the assistant examiner has been in the Office but a short time, it is the duty of the primary examiner to go into the case thoroughly. The usual procedure is for the assistant examiner to explain the invention and discuss the references which he or she regards as most pertinent. The primary examiner may indicate the action to be taken, whether restriction or election of species is to be required, or whether the claims are to be considered on their merits. If action on the merits is to be given, the examiner may indicate how the references are to be applied in cases where the claim is to be rejected, or authorize allowance if it is not met in the references and no further field of search is known.<

### 707.02(a) Cases Up for Third Action and 5-Year Cases [R-1]

>The supervisory primary examiners should impress their assistants with the fact that the shortest path to the final disposition of an application is by finding the best references on the first search and carefully applying them.

The supervisory primary examiners are expected to personally check on the pendency of every application which is up for the third or subsequent official action with a view to finally concluding its prosecution.

Any case that has been pending five years should be carefully studied by the supervisory primary examiner and every effort made to terminate its prosecution. In order to accomplish this result, the case is to be considered "special" by the examiner.<

\*\*

### 707.05 Citation of References [R-2]

During the examination of an application or reexamination of a patent, the examiner should cite appropriate prior art which is nearest to the subject matter defined in the claims. When such prior art is cited, its pertinence should be explained.

Form Paragraph 7.96 may be used as an introductory sentence.

¶ 7.96 *Citation of Pertinent Prior Art*
    The prior art made of record and not relied upon is considered pertinent to applicant's disclosure. [1]

**Examiner Note:**
    When such prior art is cited, its pertinence should be explained in accordance with MPEP § 707.05.

Effective June 8, 1995, Public Law 103-465 amended 35 U.S.C. 154 to change the term of a patent to 20 years measured from the filing date of the earliest U.S. application for which benefit under 35 U.S.C. 120, 121 or 365(c) is claimed. The 20-year patent term applies to all utility and plant patents issued on applications filed on or after June 8, 1995. As a result of the 20-year patent term, it is expected, in certain circumstances, that applicants may cancel their claim to priority by amending the specification to delete any references to prior applications. Therefore, examiners should search all applications based on the actual U.S. filing date of the application rather than on the filing date of any parent U.S. application for which priority is claimed. Examiners should cite of interest all material prior art having an effective filing date after the filing date of the U.S. parent application but before the actual filing date of the application being examined.

Allowed applications should generally contain a citation of pertinent prior art for printing in the patent, even if no claim presented during the prosecution was considered unpatentable over such prior art. Only in those instances where a proper search has not revealed any prior art relevant to the claimed invention is it appropriate to send a case to issue with no art cited. In the case where no prior art is cited, the examiner must write "None" on a form PTO-892 and insert it in the file wrapper. Where references have been cited during the prosecution of parent applications and a continuing application, having no newly cited references, is ready for allowance, the cited references of the parent applications should be listed on a form PTO-892. The form should then be placed in the file of the continuing application. See MPEP § 1302.12. In a file wrapper continuing application under 37 CFR 1.62, it is not necessary to prepare a new form PTO-892 since the form from the parent application is in the same file wrapper and will be used by the printer.

In all continuation and continuation-in-part applications, the parent applications should be reviewed for pertinent prior art.

Applicants and/or *>applicants'< attorney in PCT related national applications may wish to cite the material citations from the PCT International Search Report by an information disclosure statement under 37 CFR 1.97 and 1.98 in order to ensure consideration by the examiner.

In those instances where no information disclosure statement has been filed by the applicant and where documents are cited in the International Search Report but neither a copy of the documents nor an English translation (or English family member) is provided, the examiner may exercise discretion in deciding whether to take necessary steps to obtain the copy and/or translation.

Copies of documents cited will be provided as set forth in MPEP § 707.05(a). That is, copies of documents cited by the examiner will be provided to applicant *except* where the documents

A. are cited by applicant in accordance with MPEP § 609, § 707.05(b), and § 708.02,

B. have been referred to in applicant's disclosure statement,

C. are cited and have been provided in a parent application, and

D. are U. S. Patents which are cited at allowance (MPEP § 1302.04).

*37 CFR 1.107. Citation of references.*

(a) If domestic patents are cited by the examiner, their numbers and dates, and the names of the patentees, and the classes of inventions must be stated. If foreign published applications or patents are cited, their nationality or country, numbers and dates, and the names of the patentees must be stated, and such other data must be furnished as may be necessary to enable the applicant, or in the case of a reexamination proceeding, the patent owner, to identify the published applications or patents cited. In citing foreign published applications or patents, in case only a part of the document is involved, the particular pages and sheets containing the parts relied upon must be identified. If printed publications are cited, the author (if any), title, date, pages or plates, and place of publication, or place where a copy can be found, shall be given.

(b) When a rejection in an application is based on facts within the personal knowledge of an employee of the Office, the data shall be as specific as possible, and the reference must be supported, when called for by the applicant, by the affidavit of such employee, and such affidavit shall be subject to contradiction or explanation by the affidavits of the applicant and other persons.

## 707.05(a) Copies of Cited References [R-1]

>Copies of cited references (except as noted below) are automatically furnished without charge to applicant together with the Office action in which they are cited. Copies of the cited references are also placed in the application file for use by the examiner during the prosecution.

Copies of references cited by applicant in accordance with MPEP § 609, § 707.05(b) and § 708.02 are *not* furnished to applicant with the Office action. Additionally, copies of references cited in continuation applications if they had been previously cited in the parent application are not furnished. The examiner should check the left hand column of form PTO-892 if a copy of the reference is not to be furnished to the applicant.

Copies of foreign patent documents and nonpatent literature (NPL) which are cited by the examiner at the time of allowance will be furnished to applicant with the Office action, and copies of the same will also be retained in the file. This will apply to all allowance actions, including first action allowances and *Ex Parte Quayle* actions.

In the rare instance where no art is cited in a continuation application, all the references cited during the prosecution of the parent application will be listed at allowance for printing in the patent.

To assist in providing copies of references, the examiner should:

(a) Write the citation of the references on form PTO-892, "Notice of References Cited".

(b) Place the form PTO-892 in the front of the file wrapper.

(c) Include in the application file wrapper all of the references cited by the examiner which are to be furnished to the applicant and which have been obtained from the classified search file.

(d) Make two copies of each reference which is to be supplied and which has been located in a place other than the classified search file (i.e. textbooks, bound magazines, personal search material, etc.). Using red ink identify one copy as the "File Copy" and the other copy as the "Applicant's Copy". Both copies should be placed in the application file wrapper.

(e) Turn the application in to the Docket Clerk for counting. Any application which is handed in without all of the required references will be returned to the examiner. The missing reference(s) should be obtained and the file returned to the Docket Clerk as quickly as possible.