# Exhibit H

## 2001.06   Sources of Information   [R-2]

All individuals covered by 37 CFR 1.56 (reproduced in MPEP § 2001.01) have a duty to disclose to the U.S. Patent and Trademark Office all material information they are *aware* of regardless of the source of or how they become aware of the information. >See *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1383, 60 USPQ2d 1482, 1490 (Fed. Cir. 2001) ("Once an attorney, or an applicant has notice that information exists that appears material and questionable, that person cannot ignore that notice in an effort to avoid his or her duty to disclose.").< Materiality controls whether information must be disclosed to the Office, not the circumstances under which or the source from which the information is obtained. If material, the information must be disclosed to the Office. The duty to disclose material information extends to information such individuals are aware of prior to or at the time of filing the application or become aware of during the prosecution thereof.

Such individuals may be or become aware of material information from various sources such as, for example, co-workers, trade shows, communications from or with competitors, potential infringers, or other third parties, related foreign applications (see MPEP § 2001.06(a)), prior or copending United States patent applications (see MPEP § 2001.06(b)), related litigation (see MPEP § 2001.06(c)) and preliminary examination searches.

## 2001.06(a)  Prior Art Cited in Related Foreign Applications  [R-2]

Applicants and other individuals, as set forth in 37 CFR 1.56, have a duty to bring to the attention of the Office any material prior art or other information cited or brought to their attention in any related foreign application. The inference that such prior art or other information is material is especially strong ** where it has been used in rejecting the same or similar claims in the foreign application >or where it has been identified in some manner as particularly relevant<. See *Gemveto Jewelry Co. v. Lambert Bros., Inc.*, 542 F. Supp. 933, 216 USPQ 976 (S.D. N.Y. 1982) wherein a patent was held invalid or unenforceable because patentee's foreign counsel did not disclose to patentee's United States counsel or to the Office prior

art cited by the Dutch Patent Office in connection with the patentee's corresponding Dutch application. The court stated, 542 F. Supp. at 943, 216 USPQ at 985:

> Foreign patent attorneys representing applicants for U.S. patents through local correspondent firms surely must be held to the same standards of conduct which apply to their American counterparts; a double standard of accountability would allow foreign attorneys and their clients to escape responsibility for fraud or inequitable conduct merely by withholding from the local correspondent information unfavorable to patentability and claiming ignorance of United States disclosure requirements.

## 2001.06(b) Information  Relating  to  or From Copending United States Patent Applications  [R-2]

The individuals covered by 37 CFR 1.56 have a duty to bring to the attention of the examiner, or other Office official involved with the examination of a particular application, information within their knowledge as to other copending United States applications which are "material to patentability" of the application in question. As set forth by the court in *Armour & Co. v. Swift & Co.*, 466 F.2d 767, 779, 175 USPQ 70, 79 (7th Cir. 1972):

> [W]e think that it is unfair to the busy examiner, no matter how diligent and well informed he may be, to assume that he retains details of every pending file in his mind when he is reviewing a particular application . . . [T]he applicant has the burden of presenting the examiner with a complete and accurate record to support the allowance of letters patent.

See also MPEP § 2004, paragraph 9.

Accordingly, the individuals covered by 37 CFR 1.56 cannot assume that the examiner of a particular application is necessarily aware of other applications which are "material to patentability" of the application in question, but must instead bring such other applications to the attention of the examiner. >See *Dayco Prod., Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1365-69, 66 USPQ2d 1801, 1806-08 (Fed. Cir. 2003).< For example, if a particular inventor has different applications pending in which similar subject matter but patentably indistinct claims are present that fact must be disclosed to the examiner of each of the involved applications. Similarly, the prior art references from one application must be made of record in

another subsequent application if such prior art references are "material to patentability" of the subsequent application.>See *Dayco Prod.,* 329 F.3d at 1369, 66 USPQ2d at 1808.<

\*\*>If< the application under examination is identified as a continuation>, divisional,< or continuation-in-part of an earlier application, the examiner will consider the prior art cited in the earlier application.>See MPEP § 609.< The examiner must indicate in the first Office action whether the prior art in a related earlier application has been reviewed. Accordingly, no separate citation of the same prior art need be made in the later application.

## 2001.06(c) Information From Related Litigation [R-2]

Where the subject matter for which a patent is being sought is or has been involved in litigation, the existence of such litigation and any other material information arising therefrom must be brought to the attention of the U.S. Patent and Trademark Office. Examples of such material information include evidence of possible prior public use or sales, questions of inventorship, prior art, allegations of "fraud," "inequitable conduct," and "violation of duty of disclosure." Another example of such material information is any assertion that is made during litigation which is contradictory to assertions made to the examiner. *Environ Prods., Inc. v. Total Containment, Inc.*, 43 USPQ2d 1288, 1291 (E.D. Pa. 1997). Such information might arise during litigation in, for example, pleadings, admissions, discovery including interrogatories, depositions, and other documents and testimony.

Where a patent for which reissue is being sought is, or has been, involved in litigation which raised a question material to examination of the reissue application, such as the validity of the patent, or any allegation of "fraud," "inequitable conduct," or "violation of duty of disclosure," the existence of such litigation must be brought to the attention of the Office by the applicant at the time of, or shortly after, filing the application, either in the reissue oath or declaration, or in a separate paper, preferably accompanying the application, as filed. Litigation begun after filing of the reissue application should be promptly brought to the attention of the Office. The details and documents

from the litigation, insofar as they are "material to patentability" of the reissue application as defined in 37 CFR 1.56, should accompany the application as filed, or be submitted as promptly thereafter as possible. See *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 120 F.3d 1253, 1258, 1259, 43 USPQ2d 1666, 1670-71 (Fed. Cir. 1997) (patent held unenforceable due to inequitable conduct based on patentee's failure to disclose a relevant reference and for failing to disclose ongoing litigation).

For example, the defenses raised against validity of the patent, or charges of "fraud" or "inequitable conduct" in the litigation, would normally be "material to the examination" of the reissue application. It would, in most situations, be appropriate to bring such defenses to the attention of the Office by filing in the reissue application a copy of the court papers raising such defenses. At a minimum, the applicant should call the attention of the Office to the litigation, the existence and the nature of any allegations relating to validity and/or "fraud," or "inequitable conduct" relating to the original patent, and the nature of litigation materials relating to these issues. Enough information should be submitted to clearly inform the Office of the nature of these issues so that the Office can intelligently evaluate the need for asking for further materials in the litigation. See MPEP § 1442.04.

>If litigation papers of a live litigation relating to a pending reissue application are filed with the Office, the litigation papers along with the reissue application file should be forwarded to the Solicitor's Office for processing. If the litigation is not live, the litigation papers are processed by the Technology Center assigned the reissue application.<

## 2001.06(d) Information Relating to Claims Copied From a Patent [R-2]

Where claims are copied or substantially copied from a patent, 37 CFR 1.607(c) requires applicant shall, at the time he or she presents the claim(s), identify the patent and the numbers of the patent claims. \*\*Clearly, the information required by 37 CFR 1.607(c) as to the source of copied claims is material information under 37 CFR 1.56 and failure to inform the USPTO of such information may violate the duty of disclosure.