# Exhibit I

DUTY OF DISCLOSURE

2001.06(b)

## 2001.06(b)  Information Relating to or From Copending United States Patent Applications

The individuals covered by 37 CFR 1.56 have a duty to bring to the attention of the examiner, or other Office official involved with the examination of a particular application, information within their knowledge as to other copending United States applications which are "material to patentability" of the application in question. As set forth by the Court in *Armour & Co.* v. *Swift & Co.*, 175 USPQ 70, 79 (7th Cir. 1972);

> "we think that it is unfair to the busy examiner, no matter how diligent and well informed he may be, to assume that he retains details of every pending file in his mind when he is reviewing a particular application ... [T]he applicant has the burden of presenting the examiner with a complete and accurate record to support the allowance of letters patent."

See, also MPEP § 2004 at No. 9.

Accordingly, the individuals covered by 37 CFR 1.56 cannot assume that the examiner of a particular application is necessarily aware of other applications "material to patentability" of the application in question, but must instead bring such other applications to the attention of the examiner. For example, if a particular inventor has different applications pending in which similar subject matter but patentably indistinct claims are present that fact must be disclosed to the examiner of each of the involved applications. Similarly, the prior art references from one application must be made of record in another subsequent application if such prior art references are "material to patentability" of the subsequent application.

Normally, if the application under examination is identified as a continuation or continuation-in-part of an earlier application, the examiner will consider the prior art cited in the earlier application. The examiner must indicate in the first Office action whether the prior art in a related earlier application has been reviewed. Accordingly, no separate citation of the same prior art need be made in the later application.

## 2001.06(c)  Information From Related Litigation

Where the subject matter for which a patent is being sought is or has been involved in litigation, the existence of such litigation and any other material information arising therefrom must be brought to the attention of the Patent and Trademark Office; such as, for example, evidence of possible prior public use or sales, questions of inventorship, prior art, allegations of "fraud," "inequitable conduct," or violation of duty of disclosure. Such information might arise during litigation in, for example, pleadings, admissions, discovery including interrogatories, depositions, and other documents, and testimony.

Where a patent for which reissue is being sought is, or has been, involved in litigation which raised a question material to examination of the reissue application, such as the validity of the patent, or any allegation of "fraud," "inequitable conduct," or "violation of duty of disclosure," the existence of such litigation must be brought to the attention of the Office by the applicant at the time of, or shortly after, filing the application, either in the reissue oath or declaration, or in a separate paper, preferably accompanying the application, as filed. Litigation begun after filing of the reissue application should be promptly brought to the attention of the Office. The details and documents from the litigation, insofar as they are "material to patentability" of the reissue application as defined in 37 CFR 1.56, should accompany the application as filed, or be submitted as promptly thereafter as possible.

For example, the defenses raised against validity of the patent, or charges of "fraud" or "inequitable conduct" in the litigation, would normally be "material to the examination" of the reissue application. It would, in most situations be appropriate to bring such defenses to the attention of the Office by filing in the reissue application a copy of the court papers raising such defenses. As a minimum, the applicant should call the attention of the Office to the litigation, the existence and the nature of any allegations relating to validity and/or "fraud," or "inequitable conduct" relating to the original patent, and the nature of litigation materials relating to these issues. Enough information should be submitted to clearly inform the Office of the nature of these issues so that the Office can intelligently evaluate the need for asking for further materials in the litigation. See MPEP § 1442.04.

## 2001.06(d)  Information Relating to Claims Copied From a Patent

Where claims are copied or substantially copied from a patent, 37 CFR 1.607(c) requires applicant shall, at the time he or she presents the claim(s), identify the