# Exhibit J

Case 1:03-cv-12491-MEL     Document 93-19     Filed 09/01/2006     Page 1 of 4

desires to have the U.S. Patent and Trademark Office consider after a patent has issued, such person may file a request for >*ex parte*< reexamination of the patent (see 37 CFR 1.510 and MPEP § 2209 through § 2220). >For a request for *inter partes* reexamination, see 37 CFR 1.913 and MPEP § 2609 through § 2620.<

## 2004   Aids to Compliance With Duty of Disclosure [R-2]

While it is not appropriate to attempt to set forth procedures by which attorneys, agents, and other individuals may ensure compliance with the duty of disclosure, the items listed below are offered as examples of possible procedures which could help avoid problems with the duty of disclosure. Though compliance with these procedures may not be required, they are presented as helpful suggestions for avoiding duty of disclosure problems.

1. Many attorneys, both corporate and private, are using letters and questionnaires for applicants and others involved with the filing and prosecution of the application and checklists for themselves and applicants to ensure compliance with the duty of disclosure. The letter generally explains the duty of disclosure and what it means to the inventor and assignee. The questionnaire asks the inventor and assignee questions about

— the origin of the invention and its point of departure from what was previously known and in the prior art,

— possible public uses and sales,

— prior publication, knowledge, patents, foreign patents, etc.

The checklist is used by the attorney to ensure that the applicant has been informed of the duty of disclosure and that the attorney has inquired of and cited material prior art.

The use of these types of aids would appear to be most helpful, though not required, in identifying prior art and may well help the attorney and the client avoid or more easily explain a potentially embarrassing and harmful "fraud" allegation.

2. It is desirable to ask questions about inventorship. Who is the proper inventor? Are there disputes or possible disputes about inventorship? If there are questions, call them to the attention of the U.S. Patent and Trademark Office.

3. It is desirable to ask questions of the inventor about the disclosure of the best mode. Make sure that the best mode is described. See MPEP § 2165 - § 2165.04.

4. It is desirable for an attorney or agent to make certain that the inventor, especially a foreign inventor, recognizes his or her responsibilities in signing the oath or declaration. See 37 CFR 1.69(a).

*37 CFR 1.69. Foreign language oaths and declarations.*

(a) Whenever an individual making an oath or declaration cannot understand English, the oath or declaration must be in a language that such individual can understand and shall state that such individual understands the content of any documents to which the oath or declaration relates.

*****

Note MPEP § 602.06 for a more detailed discussion.

5. It is desirable for an attorney or agent to carefully evaluate and explain to the applicant and others involved the scope of the claims, particularly the broadest claims. Ask specific questions about possible prior art which might be material in reference to the broadest claim or claims. There is some tendency to mistakenly evaluate prior art in the light of the gist of what is regarded as the invention or narrower interpretations of the claims, rather than measuring the art against the broadest claim with all of its reasonable interpretations. It is desirable to pick out the broadest claim or claims and measure the materiality of prior art against a reasonably broad interpretation of these claims.

6. It may be useful to evaluate the materiality of prior art or other information from the viewpoint of whether it is the closest prior art or other information. This will tend to put the prior art or other information in better perspective. See *Semiconductor Energy Laboratory Co. v. Samsung Electronics Co.*, 204 F.3d 1368, 1374, 54 USPQ2d 1001, 1005 (Fed. Cir. 2000) ("A withheld reference may be highly material when it discloses a more complete combination of relevant features, even if those features are before the patent examiner in other references." (citations omitted)). However, 37 CFR 1.56 may still require the submission of prior art or other information which is not as close as that of record.

7. Care should be taken to see that prior art or other information cited in a specification or in an information disclosure statement is properly described and that the information is not incorrectly or incompletely characterized. It is particularly important for an attorney or agent to review, before filing, an application which was prepared by someone else, e.g., a foreign application. It is also important that an attorney or agent make sure that foreign clients, including foreign applicants, attorneys, and agents understand the requirements of the duty of disclosure, and that the U.S. attorney or agent review any information disclosure statements or citations to ensure that compliance with 37 CFR 1.56 is present. See *Semiconductor Energy Laboratory Co. v. Samsung Electronics Co.*, 204 F.3d 1368, 54 USPQ2d 1001 (Fed. Cir. 2000). During prosecution patentee submitted an untranslated 29-page Japanese reference as well as a concise explanation of its relevance and an existing one-page partial English translation, both of which were directed to less material portions of the reference. The untranslated portions of the Japanese reference "contained a more complete combination of the elements claimed [in the patent] than anything else before the PTO." 204 F.3d at 1374, 54 USPQ2d at 1005. The patentee, whose native language was Japanese, was held to have understood the materiality of the reference. "The duty of candor does not require that the applicant translate every foreign reference, but only that the applicant refrain from submitting partial translations and concise explanations that it knows will misdirect the examiner's attention from the reference's relevant teaching." 204 F.3d at 1378, 54 USPQ2d at 1008. See also *Gemveto Jewelry Co. v. Lambert Bros., Inc.*, 542 F. Supp. 933, 216 USPQ 976 (S.D.N.Y. 1982) wherein a patent was held invalid or unenforceable because patentee's foreign counsel did not disclose to patentee's United States counsel or to the Office prior art cited by the Dutch Patent Office in connection with the patentee's corresponding Dutch application. The court stated, 542 F. Supp. at 943, 216 USPQ at 985:

> Foreign patent attorneys representing applicants for U.S. patents through local correspondent firms surely must be held to the same standards of conduct which apply to their American counterparts; a double standard of accountability would allow foreign attorneys and their clients to escape responsibility for fraud or inequitable conduct merely by withholding from the local correspondent information unfavorable to patentability and claiming ignorance of United States disclosure requirements.

8. Care should be taken to see that inaccurate statements or inaccurate experiments are not introduced into the specification, either inadvertently or intentionally. For example, stating that an experiment "was run" or "was conducted" when in fact the experiment was not run or conducted is a misrepresentation of the facts. No results should be represented as actual results unless they have actually been achieved. Paper >or prophetic< examples should not be described using the past tense. *>Hoffman-La Roche, Inc. v. Promega Corp.*, 323 F.3d 1354, 1367, 66 USPQ2d 1385, 1394 (Fed. Cir. 2003); see also< MPEP § 608.01(p) and § 707.07(l). Also, misrepresentations can occur when experiments which were run or conducted are inaccurately reported in the specification, e.g., an experiment is changed by leaving out one or more ingredients. See *Steierman v. Connelly*, 192 USPQ 433 (Bd. Pat. Int. 1975); 192 USPQ 446 (Bd. Pat. Int. 1976).

9. Do not rely on the examiner of a particular application to be aware of other applications belonging to the same applicant or assignee. It is desirable to call such applications to the attention of the examiner even if there is only a question that they might be "material to patentability" of the application the examiner is considering. >See *Dayco Prod., Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1365-69, 66 USPQ2d 1801, 1806-08 (Fed. Cir. 2003) (contrary decision of another examiner reviewing substantially similar claims is 'material'; copending application may be 'material' even though it cannot result in a shorter patent term, when it could affect the rights of the patentee to assign the issued patents).< It is desirable to be particularly careful that prior art or other information in one application is cited to the examiner in other applications to which it would be material. Do not assume that an examiner will necessarily remember, when examining a particular application, other applications which the examiner is examining, or has examined. **>A "lapse on the part of the examiner does not excuse the applicant."< *Kanga-ROOS U.S.A., Inc. v. Caldor, Inc.*, 778 F.2d 1571, 1576, 228 USPQ 32, 35 (Fed. Cir. 1985)**>; see also MPEP § 2001.06(b).<

10. When in doubt, it is desirable and safest to submit information. Even though the attorney, agent, or

applicant doesn't consider it necessarily material, someone else may see it differently and embarrassing questions can be avoided. The court in *U.S. Industries v. Norton Co.*, 210 USPQ 94, 107 (N.D. N.Y. 1980) stated "In short, the question of relevancy in close cases, should be left to the examiner and not the applicant." See also *LaBounty Mfg., Inc. v. U.S. Int'l Trade Comm'n*, 958 F.2d 1066, 22 USPQ2d 1025 (Fed. Cir. 1992).

11. It may be desirable to submit information about prior uses and sales even if it appears that they may have been experimental, not involve the specifically claimed invention, or not encompass a completed invention. See *Hycor Corp. v. The Schlueter Co.,* 740 F.2d 1529, 1534-37, 222 USPQ 553, 557-559 (Fed. Cir. 1984). See also *LaBounty Mfg., Inc. v. U.S. Int'l Trade Comm'n*, 958 F.2d 1066, 22 USPQ2d 1025 (Fed. Cir. 1992).

12. Submit information promptly. An applicant, attorney, or agent who is aware of prior art or other information and its significance should submit same early in prosecution, e.g., before the first action by the examiner, and not wait until after allowance. Potentially material information discovered late in the prosecution should be immediately submitted. That the issue fee has been paid is no reason or excuse for failing to submit information. See *Elmwood Liquid Products, Inc. v. Singleton Packing Corp.*, 328 F. Supp. 974, 170 USPQ 398 (M.D. Fla. 1971).

13. It is desirable to avoid the submission of long lists of documents if it can be avoided. Eliminate clearly irrelevant and marginally pertinent cumulative information. If a long list is submitted, highlight those documents which have been specifically brought to applicant's attention and/or are known to be of most significance. See *Penn Yan Boats, Inc. v. Sea Lark Boats, Inc*., 359 F. Supp. 948, 175 USPQ 260 (S.D. Fla. 1972), *aff'd,* 479 F.2d 1338, 178 USPQ 577 (5th Cir. 1973), *cert. denied,* 414 U.S. 874 (1974). But cf. *Molins PLC v. Textron Inc.*, 48 F.3d 1172, 33 USPQ2d 1823 (Fed. Cir. 1995).

14. Watch out for continuation-in-part applications where intervening material information or documents may exist; particularly watch out for foreign patents and publications related to the parent application and dated more than 1 year before the filing date of the CIP. These and other intervening documents may be material information. See *In re Ruscetta*, 255 F.2d 687, 690-91, 118 USPQ 101, 104 (CCPA 1958); *In re van \*>Langenhoven<*, 458 F.2d 132, 173 USPQ 426 (CCPA 1972); *Chromalloy American Corp. v. Alloy Surfaces Co.*, 339 F. Supp. 859, 173 USPQ 295 (D. Del. 1972).

15. Watch out for information that might be deemed to be prior art under 35 U.S.C. 102(f) and (g).

Prior art under 35 U.S.C. 102(f) may be available under 35 U.S.C. 103. See *OddzOn Products, Inc. v. Just Toys*, *Inc.,* 122 F.3d 1396, 1401, 43 USPQ2d 1641, 1644 (Fed. Cir. 1997)(35 U.S.C. "102(f) is a prior art provision for purposes of § 103"); *Dale Electronics v. R.C.L. Electronics*, 488 F.2d 382, 386, 180 USPQ 225, 227 (1st. Cir. 1973); and *Ex parte Andresen*, 212 USPQ 100, 102 (Bd. App. 1981).

Note also that evidence of prior invention under 35 U.S.C. 102(g) may be available under 35 U.S.C. 103, such as in *In re Bass*, 474 F.2d 1276, 177 USPQ 178 (CCPA 1973).

Note 35 U.S.C. 103(c) disqualifies 35 U.S.C. 102(f)/103 or 102(g)/103 prior art which was, at the time the second invention was made, owned by or subject to an obligation of assignment to, the person who owned the first invention. Further note that 35 U.S.C. 103(c) disqualifies 35 U.S.C. 102(e)/103 prior art for applications filed on or after November 29, 1999. See MPEP § 706.02(l) - § 706.02(l)(2).

16. Watch out for information picked up by the inventors and others at conventions, plant visits, in-house reviews, etc. See, for example, *Dale Electronics v. R.C.L. Electronics*, 488 F.2d 382, 386-87, 180 USPQ 225, 228 (1st Cir. 1973).

17. Make sure that all of the individuals who are subject to the duty of disclosure, such as spelled out in 37 CFR 1.56, are informed of and fulfill their duty.

18. Finally, if information was specifically considered and discarded as not material, this fact might be recorded in an attorney's file or applicant's file, including the reason for discarding it. If judgment might have been bad or something might have been overlooked inadvertently, a note made at the time of evaluation might be an invaluable aid in explaining that the mistake was honest and excusable. Though such records are not required, they could be helpful in recalling and explaining actions in the event of a question of "fraud" or "inequitable conduct" raised at a later time.