UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 1:03-cv-12491 (MEL) |
| | ) |
| TIR SYSTEMS LTD. | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**TIR SYSTEMS LTD.'S OPPOSITION
TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE THE
DEPOSITIONS OF SIX ATTORNEYS AND QUASH EIGHT SUBPOENAS**

## TABLE OF CONTENTS

I.    INTRODUCTION..................................................................................................1

II.   BACKGROUND..................................................................................................1

III.  ARGUMENT.......................................................................................................2

    A.  **CK DID NOT AND CANNOT DEMONSTRATE "EXTRAORDINARY" CIRCUMSTANCES NECESSARY TO PREVENT THE NOTICED DEPOSITIONS** ............................................................................................2

    B.  **THE DISCOVERY SOUGHT IS RELEVANT TO TIR'S CLAIMS AND DEFENSES OF PATENT INVALIDITY AND UNENFORCEABILITY**...................4

       1.  *TIR Seeks Documents and Depositions from CK's Patent Prosecution Attorneys to Support TIR's Invalidity Allegations*..................................................................4

       2.  *TIR Seeks Documents and Depositions from CK's Patent Prosecution Attorneys to Support TIR's Inequitable Conduct Allegations* .............................................5

          a.  TIR's Inequitable Conduct Claims are Not Futile......................................6

          b.  Mental Impressions of Patent Prosecution Counsel are Crucial to Any Claim of Inequitable Conduct. .....................................................................6

          c.  Patent Prosecution Attorneys are Not Exempt from Deposition. .............7

          d.  The Information TIR Seeks is Not Protected by the Attorney-Client Privilege or Work Product Doctrine. .............................................................8

    C.  **TIR'S DOCUMENT SUBPOENAS POSE NO UNDUE BURDEN** ............................9

    D.  **STAYING DISCOVERY PENDING APPEAL WOULD PRECLUDE TIR FROM CONDUCTING FACT DISCOVERY TO WHICH IT IS ENTITLED**...................10

IV.   **CONCLUSION** ...............................................................................................11

US1DOCS 5825542v1

TABLE OF AUTHORITIES

Federal Cases

*Alcon Labs., Inc. v. Pharmacia Corp.*,
    225 F.Supp.2d 340 (S.D.N.Y. 2002) ..............................................................5, 7, 8

*Amicus Comms. v. Hewlett-Packard Co., Inc.*,
    No. 99-0284, 1999 WL 33117227 (D.D.C. 1999) ...................................................7

*Anderson v. Cryovac, Inc.*,
    805 F.2d 1 (1st Cir. 1986)...............................................................................3, 10

*Arkwright Mut. Ins. Co., v. Nat'l Union Fire Ins. Co.*,
    No. 90 Civ. 7811, 1993 WL 34678 (S.D.N.Y. Feb. 4, 1993) ....................................3

*CBS, Inc. v. Ahern*,
    102 F.R.D. 820 (S.D.N.Y.1984) ............................................................................2

*Dayco Prods. Inc. v. Total Containment, Inc.*, (Fed. Cir. 2003)
    329 F. 3d 1358 ....................................................................................................6

*Environ Prods. Inc. v. Total Containment Inc.*,
    41 U.S.P.Q.2d 1302 (E.D.Pa. 1996) ...................................................................7, 8

*Flanagan v. Wyndham Int'l Inc.*,
    231 F.R.D. 98 (D.D.C. 2005) ................................................................................9

*Genal Strap, Inc. v. Dar*,
    No. CV2004-1691, 2006 WL 525794 (E.D.N.Y. Mar. 3, 2006) ........................5, 8, 9

*Gulf Oil Co. v. Bernard*,
    452 U.S 89 (1981)................................................................................................3

*Heat & Control, Inc. v. Hester Indus., Inc.*,
    785 F.2d 1017 (Fed.Cir.1986) .............................................................................10

*Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*,
    333 F.3d 38 (1st Cir. 2003)...................................................................................9

*In re Minebea Co., Ltd.*,
    143 F.R.D. 494 (S.D.N.Y.1992) ............................................................................8

*In re Public Offering PLE Antitrust Lit.*,
    233 F.R.D. 70 (D.Mass. 2006)...............................................................................5

*aaiPharma. Inc. v. Kremers Urban Dev. Co.*,
    361 F.Supp.2d 770 (N.D.Ill. 2005) ........................................................................7

iii

*Jennings v. Family Mgmt.*,
   201 F.R.D. 272 (D.D.C. 2001) ................................................................2

*Micro Motion, Inc. v. Kane Steel Co., Inc.*,
   894 F.2d 1318 (Fed. Cir. 1990) ...........................................................4

*Molins PLC v. Textron, Inc.*,
   48 F.3d 1172 (Fed. Cir. 1995) .............................................................7

*Morton Grove Pharms., Inc. v. Par Pharms. Co.*,
   No. 04-C-7007, 2006 WL 850873 (N.D.Ill. March 28, 2006) ..................6

*Mycogen Plant Sci. v. Monsanto Co.*,
   243 F.3d 1316 (Fed. Cir. 2001) ...........................................................4

*Novo Nordisk Pharm., Inc. v. Bio-Technology General Corp.*,
   424 F.3d 1347 (Fed. Cir. 2005) ...........................................................7

*Paragon Podiatry Lab. v. KLM Lab.*,
   984 F.2d 1182 (Fed. Cir. 1993) ...........................................................7

*Plymouth Indus. v. Sioux Steel Co.*,
   No. 8:05CV196, 2006 WL 695458 (D. Neb. Mar. 17, 2006)..............5, 7, 9

*Prozina Shipping Co., Ltd. v. Thirty-Four Automobiles*,
   179 F.R.D. 41 (D.Mass. 1998)............................................................2, 3

*United Phosphorus, Ltd. v. Midland Fumigant, Inc.*,
   164 F.R.D. 245 (D.Kan. 1995) ............................................................8

*Upjohn Co. v. United States*,
   449 U.S. 383 (1981)..............................................................................9

## Federal Statutes

35 U.S.C. § 101..........................................................................................1, 4

35 U.S.C. § 102..........................................................................................4

## Federal Rules

Fed.R.Civ.P. 26..........................................................................................2, 3

Fed.R.Civ.P. 45..........................................................................................9, 10

## Federal Regulations

37 C.F.R. § 1.56..........................................................................................7

I.     **INTRODUCTION**

It is axiomatic that a party is entitled to discover relevant, non-privileged information from any individual with access to such information.  Patent prosecution counsel are no exception to this rule, and depositions of such counsel, like those defendant TIR Systems, Inc. ("TIR") seeks to take, are common in patent infringement cases on, among other things, issues related to validity and inequitable conduct.

Color Kinetics ("CK") has no legitimate claim to prejudice by having these depositions go forward because **none** of the counsel that TIR seeks to depose (and collect documents from) are CK's trial counsel in this matter.  Indeed, CK has not and cannot demonstrate the extraordinary and rare circumstances that would justify prohibition of TIR's noticed discovery, and CK's efforts to unfairly restrict TIR's ability to discover relevant information by ignoring legal precedent and misconstruing the scope of TIR's claims are without merit.  Accordingly, TIR respectfully requests that the Court deny TIR's Motion for Protective Order in its entirety.

II.     **BACKGROUND**

This is an action for patent infringement.  CK, a direct competitor with TIR, alleges that TIR willfully infringes nearly one hundred claims of CK eight patents (the "asserted patents" or "patents-in-suit").  As a result of this alleged infringement, CK seeks damages and to permanently enjoin TIR from making and selling its competitive products.  TIR has denied this alleged infringement and has asserted numerous affirmative defenses and counterclaims, including, *inter alia*, that the asserted patents are invalid under the provisions of 35 U.S.C. § 101, *et seq.*, and that the patents are unenforceable due to inequitable conduct before the U.S.P.T.O. (See Docket No. 67-1, at 7-19.)

1

Five months ago, TIR detailed its inequitable conduct counterclaims in an Amended Answer.[1]  (Docket No. 67-1.)  Since that time, the parties have taken no depositions, in part because CK has refused to produce any witnesses.[2]  Now, CK moves this Court for total prohibition of the depositions of the attorneys who prosecuted the patents-in-suit.

III.    **ARGUMENT**

    A.    **CK DID NOT AND CANNOT DEMONSTRATE "EXTRAORDINARY" CIRCUMSTANCES NECESSARY TO PREVENT THE NOTICED DEPOSITIONS**

Pursuant to Federal Rule of Civil Procedure 26(b)(1), TIR "may obtain discovery *regarding any matter,* not privileged, *that is relevant to the claim or defense of any party....* Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  (emphasis added).  Relevant evidence is defined in Federal Rule of Evidence 401 as "evidence having *any tendency* to make the existence of any fact that is *of consequence* to the determination of the action more probable or less probable than it would be without the evidence."  (emphasis added).  Consequently, "[a] party is entitled to depose a witness on all relevant issues as to which the witness has knowledge."  CBS, Inc. v. Ahern, 102 F.R.D. 820, 822 (S.D.N.Y.1984).

It is well recognized that "[p]rohibiting the taking of depositions is an ***extraordinary*** measure."  Prozina Shipping Co., Ltd. v. Thirty-Four Automobiles, 179 F.R.D. 41, 48 (D.Mass. 1998) (collecting cases) (emphasis added).  "[T]he complete prohibition of a deposition . . . should be resorted to only in ***rare*** occasions."  Jennings v. Family Mgmt., 201 F.R.D. 272, 275

---

[1]  On August 25, 2006, TIR moved to amend its Answer and Counterclaims  to add allegations that all eight of the patents-in-suit are unenforceable due to inequitable conduct.  (See Docket No. 87.)

(D.D.C. 2001) (citations omitted) (emphasis added).  As such, to obtain a protective order

prohibiting deposition testimony, CK has the "heavy burden of showing 'extraordinary

circumstances' based on 'specific facts.'" Prozina Shipping, 179 F.R.D. at 48 (citations

omitted); see also Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986) (A party seeking a

protective order must demonstrate particular and specific facts to establish "good cause" for the

order).[3]

     CK has not met (because it cannot) its heavy burden of demonstrating extraordinary and

rare circumstances necessary to obtain the protective order it seeks.[4]  Having failed to provide

this Court with the requisite "specific facts," CK instead attempts to manufacture "extraordinary

circumstances" through incorrect and conclusory attorney argument, including by making the

bald assertion that TIR's requested discovery "is an effort to harass Color Kinetics and its patent

counsel."  (CK Mot. at 2.)  Such rhetoric, however, is insufficient to justify CK's motion for a

protective order.  "To establish good cause for a protective order…the courts have insisted on a

particular and specific demonstration of fact, as distinguished from stereotyped and conclusory

statements."  See e.g., Gulf Oil Co. v. Bernard, 452 U.S 89, 102 n.16 (1981) (citations omitted);

Anderson, 805 F.2d at 7 ("A finding of good cause must be based on a particular factual

demonstration of potential harm, not on conclusory statements.").  CK's motion fails to

---

[2]  In its Motion, CK asserts that it offered TIR the deposition of one of its patent prosecution attorneys as a "compromise." (CK Mot. at 3.)  CK's alleged "comprise" was anything but – CK offered to let TIR depose only one of six attorneys who acted as patent prosecution counsel for the asserted patents, despite the fact that, as explained more fully below, all six attorneys noticed for deposition are likely to have relevant information related to TIR's claims and defenses of patent invalidity and unenforceability.  Even CK acknowledges that TIR's inequitable conduct allegations concern more than just the single attorney that CK offered. (CK Mot. at 9.)  CK's unilateral attempt to narrow the scope of discovery is contrary to the Federal Rules.  See Fed.R.Civ.Pro 26(b)(1).
[3]  To the extent CK's Motion suggests that the party seeking to take a deposition has the burden of showing why it is necessary to do so, the Federal Rules simply do not support that position.  "The burden is exactly the reverse." Prozina Shipping Co., Ltd., 179 F.R.D. at 48 n. 7; see also Fed.R.Civ.P. 26(c), 30.
[4]  Tellingly, CK failed to provide this Court with any affidavit or other supporting declaration from the proposed deponents demonstrating the rare circumstances justifying the extraordinary relief CK seeks.  This failure alone justifies denial of CK's motion.  See e.g., Arkwright Mut. Ins. Co., v. Nat'l Union Fire Ins. Co., No. 90 Civ. 7811, 1993 WL 34678, at *2 (S.D.N.Y. Feb. 4, 1993) (denying protective order precluding deposition and, in doing so, citing deponent's failure to offer an affidavit in support of motion).

demonstrate any specific facts that would justify prohibition of the depositions TIR seeks, and therefore should be denied.[5]

**B.    THE DISCOVERY SOUGHT IS RELEVANT TO TIR'S CLAIMS AND DEFENSES OF PATENT INVALIDITY AND UNENFORCEABILITY**

1.    *TIR Seeks Documents and Depositions from CK's Patent Prosecution Attorneys to Support TIR's Invalidity Allegations*

CK incorrectly asserts that TIR's subpoenas only "seek discovery concerning TIR's inequitable conduct claims." (CK Mot. at 2.) To be sure, TIR does seek documents and depositions related to its inequitable conduct claims, and justifiably so. (See infra at 5-9.) However, TIR also has asserted claims and defenses pursuant to 35 U.S.C. 101, *et seq.*, which entitle TIR to discover information regarding the validity of CK's asserted patents. (See Docket No. 67-1, at 7-19.) Regarding invalidity, TIR seeks to depose six patent prosecution attorneys to discover information concerning the facts and circumstances of their pre-filing due diligence into the patentability of the asserted patents, as well as the filing and prosecution of the eight patents CK now asserts against TIR.[6]

The invalidity discovery TIR seeks from prosecution counsel goes to the heart of this action for patent infringement—the viability of the patents-in-suit—and is reasonably calculated to lead

---

[5] In addition, CK's motion is premature. CK makes various complaints about TIR's requested discovery, including that "there are no relevant, discoverable facts that could be elicited at these depositions." (See CK Mot. at 2.) CK's complaints, however, do not support a Rule 26(c) motion made *before* the noticed depositions have occurred. See Micro Motion, Inc. v. Kane Steel Co., Inc., 894 F.2d 1318, 1328 (Fed. Cir. 1990); 9 James Wm. Moore et al., Moore's Federal Practice, § 45.04[3][a] (3d ed. 2005) ("[U]ntil the witness is asked specific questions, usually there is nothing on which to base a motion to quash."). Accordingly, "the general rule is that a properly served person *must appear* in accordance with a deposition notice or subpoena." Mirco Motion, 894 F.2d at 1328 (emphasis added).

[6] In particular, TIR's claims and defenses entitle it to discover information regarding prior publication or sale of the claimed invention, the inventor of the claimed invention, and the conception and reduction to practice of the claimed invention. See 35 U.S.C. § 102(b) ("A person shall be entitled to a patent unless…the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States."); 35 U.S.C. § 102(f) ("A person shall be entitled to a patent unless ... he did not himself invent the subject matter sought to be patented."); Mycogen Plant Sci. v. Monsanto Co., 243 F.3d 1316, 1332 (Fed. Cir. 2001) (A determination that a patent is invalid for prior invention under 35 U.S.C. § 102(g) requires a showing of either prior reduction to practice or prior conception coupled with reasonable diligence in reducing the invention to practice).

4

to the discovery of admissible evidence. CK's patent prosecution counsel, now unaffiliated with

CK, is the most significant (and perhaps only) source of this information as it was known and

understood at the time the patent applications were investigated, prepared and filed.

Accordingly, this Court should deny CK's motion for a protective order, and order that the

depositions proceed forthwith. See Plymouth Indus. v. Sioux Steel Co., No. 8:05CV196, 2006

WL 695458, at *5 (D. Neb. Mar. 17, 2006) (granting motion to compel deposition of patent

prosecution counsel regarding mental impressions during prosecution of the asserted patent);

Genal Strap, Inc. v. Dar, No. CV2004-1691, 2006 WL 525794, at *2 (E.D.N.Y. Mar. 3, 2006)

(prosecution counsel "is the only source of information concerning his knowledge of other

inventors and his mental impressions concerning inventorship of the patents"); Alcon Labs., Inc.

v. Pharmacia Corp., 225 F.Supp.2d 340, 343 (S.D.N.Y. 2002) ("best source" of "information

concerning the prosecution history and inventorship" of patent-in-suit is the attorney who

prosecuted the asserted patent); see also In re Public Offering PLE Antitrust Lit., 233 F.R.D. 70,

78 (D.Mass. 2006) (a party is entitled to discover any information "tending to prove the

existence of" of a party's claims).

> 2.    *TIR Seeks Documents and Depositions from CK's Patent Prosecution Attorneys to Support TIR's Inequitable Conduct Allegations*

CK argues that TIR is not entitled to discover facts related to CK's inequitable conduct

because TIR's claims and defenses are purportedly either futile, or do not require additional

discovery beyond the prosecution histories of the asserted patents. TIR has explained above why

the depositions should go forward on issues wholly unrelated to inequitable conduct.

Nonetheless, TIR is entitled to discovery from prosecution counsel on inequitable conduct as

well.

a.    TIR's Inequitable Conduct Claims are Not Futile.

As an initial matter, TIR has explained the basis of its inequitable conduct allegations in its Opposition to CK's Motion for Summary Judgment of No Inequitable Conduct and Cross-Motion for Summary Judgment and Bifurcation.  (See Docket No. 90, at 7-15.)  TIR's allegations are *not* futile, and are *not* based on the assertion that CK failed to cite prior art in applications that had already been cited in parent applications.  Instead, the central allegation concerning TIR's cross-motion for summary judgment is that CK (including 3 of the 6 prosecuting attorneys at issue in this motion) failed to inform an examiner in the application leading to CK's U.S. Patent No. 6,150,774, that *identical* claims in that application had been *rejected* by a different examiner.  See, e.g., Dayco Prods. Inc. v. Total Containment, Inc., 329 F. 3d 1358, 1361-62 (Fed. Cir. 2003) (patentee's failure to disclose that pending claims were previously rejected in a related application met the threshold level of materiality and could support inequitable conduct charge); Morton Grove Pharms., Inc. v. Par Pharms. Co., No. 04-C-7007, 2006 WL 850873, at *7, 22 (N.D.Ill. Mar. 28, 2006) (defendant stated claim for inequitable conduct when it asserted that patentee "failed to disclose to a new examiner the rejections [of substantially similar claims] made by the examiner in the parent case.").  In addition, TIR asserts that in connection with the application of U.S. Patent No. 6,340,868, CK dropped material claim limitations from allowed claims without informing the Examiner.  (See Docket No. 67-1, at 17.)  These are viable charges of inequitable conduct, and depositions are warranted concerning them.

b.    Mental Impressions of Patent Prosecution Counsel are Crucial to Any Claim of Inequitable Conduct.

CK's contention that TIR's inequitable conduct claims do not require discovery beyond the prosecution histories also lacks merit.  In determining inequitable conduct, "the involved

conduct, viewed in light of all the evidence, including evidence of good faith, must indicate sufficient culpability to require a finding of intent to deceive." Paragon Podiatry Lab. v. KLM Lab., 984 F.2d 1182, 1189 (Fed. Cir. 1993). In addition, the knowledge and actions of a patent applicant's attorney are chargeable to the applicant. See Novo Nordisk Pharm., Inc. v. Bio-Technology General Corp., 424 F.3d 1347, 1361 (Fed. Cir. 2005); Molins PLC v. Textron, Inc., 48 F.3d 1172, 1178 (Fed. Cir. 1995); 37 C.F.R. § 1.56 (duty to disclose material information extends to attorney who prepares or prosecutes application).

As a result, testimony from prosecuting attorneys may be "crucial to *any* claim of inequitable conduct in a patent infringement action." Alcon Labs., 225 F.Supp.2d at 344 (emphasis added); aaiPharma. Inc. v. Kremers Urban Dev. Co., 361 F.Supp.2d 770, 774 n.3 (N.D.Ill. 2005) (discovery from attorneys involved in prosecution of patents in suit is directly relevant to inequitable conduct); see also Environ Prods. Inc. v. Total Containment Inc., 41 U.S.P.Q.2d 1302, 1306 (E.D.Pa. 1996) ("The affirmative defense of inequitable conduct makes [the attorney's] mental impressions during the reexamination proceedings an issue in this litigation").

c.   Patent Prosecution Attorneys are Not Exempt from Deposition.

Relying on inapposite caselaw regarding depositions of litigation counsel, CK's motion suggests that TIR should be prohibited from deposing CK's *former* patent prosecution counsel simply because they are attorneys. But TIR does *not* seek to take the depositions of litigation counsel. Further, given the import of patent prosecution counsel's mental impressions to "any claim of inequitable conduct in a patent infringement action." Alcon Labs., 225 F.Supp.2d at 344, courts routinely permit the deposition of patent prosecution counsel, even those currently serving as trial counsel. See Plymouth Indus., 2006 WL 695459 at *5; aaiPharma., 361 F.Supp.2d at 770; Alcon Labs., 225 F.Supp.2d at 340; Amicus Comms. v. Hewlett-Packard Co.,

7

Inc., No. 99-0284, 1999 WL 33117227, at *2 (D.D.C. 1999); Environ Prods., 41 U.S.P.Q.2d at

1306; United Phosphorus, Ltd. v. Midland Fumigant, Inc., 164 F.R.D. 245, 249 (D.Kan. 1995).

<blockquote>
d.      The Information TIR Seeks is Not Protected by the Attorney-Client Privilege or Work Product Doctrine.
</blockquote>

CK further contends that this Court should prohibit TIR's noticed depositions because

"facts beyond the public file histories" in the possession of their prosecuting attorneys are

privileged, and therefore, the noticed "depositions are unnecessary and a waste of time."  (CK

Mot. at 6.)  Once again, CK misconstrues the applicable law.

First, CK's patent prosecution counsel cannot avoid deposition on the basis that the

questions posed may seek privileged information.  "[A]n attorney cannot avoid a deposition by

asserting that he or she has no relevant, nonprivileged information, ... at a minimum, the attorney

must submit to a deposition so that his lack of knowledge may be tested on any claimed privilege

placed on the record." Genal Strap, Inc. v. Dar, 2006 WL 525794 at * 3 (E.D.N.Y. Mar. 3, 2006)

(quoting Alcon Labs., 225 F.Supp.2d at 344).

Second, work generated by CK's patent prosecution counsel during preparation and

prosecution of the asserted patents is not work product.  "[W]ork performed by an attorney to

prepare and prosecute a patent application does not fall within the parameters of the work-

product protection because it is not created in anticipation of litigation." Id. (quoting In re

Minebea Co., Ltd., 143 F.R.D. 494, 499 (S.D.N.Y.1992)).

Finally, the information TIR seeks regarding patent prosecution counsels' due diligence into

the patentability of the asserted patents is not privileged.  "Communications of 'technical

information' between client and attorney for the purpose of submission to the Patent Office are

not privileged." Genal Strap, 2006 WL 525794 at *3; In re Minebea, 143 F.R.D. at 502.

Further, underlying facts do not become privileged simply because they were transmitted from

client to attorney.  See Upjohn Co. v. United States, 449 U.S. 383, 395-96. (1981).  Therefore,

any knowledge CK's patent prosecution counsel gained from reviewing technical information or

other documents underlying the patentability of the asserted patents is not privileged, even if

those documents were transmitted by CK.  See e.g., Genal Strap, 2006 WL 525794 at *3 (work

preformed during patent prosecution not work product and not privileged); Plymouth Indus.,

2006 WL 695459 at *4 (same).

    By this motion, CK invites the Court shield its prosecution attorneys from testifying about

matters that are not covered by the attorney-client or work product privilege.  This Court should

deny the invitation.

### C.    TIR'S DOCUMENT SUBPOENAS POSE NO UNDUE BURDEN

    CK also seeks to quash TIR's subpoenas *duces tecum* issued to CK's patent

prosecution counsel, and to the law firms Wolf, Greenfield & Sacks, PC and Lowrie,

Lando & Anastasi, LLP, both of which were involved in the prosecution of at least one of

the asserted patents.  Federal Rule of Civil Procedure 45 provides that a subpoena for

relevant information may be quashed or modified if it "subjects a person to undue

burden."  Fed.R.Civ.P. 45(c)(3)(A)(iv); Heidelberg Americas, Inc. v. Tokyo Kikai

Seisakusho, Ltd., 333 F.3d 38, 41 (1st Cir. 2003) (same).  As the party seeking to quash

TIR's subpoenas, CK "bears the burden of showing that it subjects [the recipient] to

undue burden."  Flanagan v. Wyndham Int'l Inc., 231 F.R.D. 98, 102 (D.D.C. 2005).  CK

has failed to make the requisite showing necessary to quash TIR's subpoenas.

    As discussed above, TIR seeks documents and information relating to the pre-filing due

diligence and prosecution of the patents-in-suit.  This information is both relevant to TIR's

claims and defenses and is non-privileged.  See supra at 4-9.  Further, TIR's single request for

production contained in its subpoenas, which is clarified by nine definitions, is narrowly tailored

to obtain discovery relating the invalidity and unenforceability of the patents-in-suit. (*See* Docket No. 86, exs. G, H.) CK's complaint that TIR's subpoenas request discovery that "could involve scores of patents and applications that has nothing to do with any claim that has been made in this case," (*see* CK Mot. at 10,) is, in addition to being incorrect, too vague and conclusory to justify a motion to quash. See *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986) (party seeking a protective order must demonstrate particular and specific facts to establish "good cause" for the order). Therefore, CK's motion to quash the document subpoenas should be denied.[7]

### D.   STAYING DISCOVERY PENDING APPEAL WOULD PRECLUDE TIR FROM CONDUCTING FACT DISCOVERY TO WHICH IT IS ENTITLED

As a last resort, CK asks this Court to stay TIR's discovery requests until the parties' summary judgment motions are resolved. In view of the Scheduling Order in this case, and the modified summary judgment briefing schedule, CK's request is untenable, and if granted, would foreclose TIR's ability to conduct relevant discovery. Pursuant to the Court's August 11, 2006 Scheduling Order, fact discovery closes on October 13, 2006. (Docket No. 83.) Pursuant to the Court's August 17, 2006 Order extending the time for briefing the parties' summary judgment motions on inequitable conduct, TIR's reply brief is due on the same day fact discovery closes—October 13. (Docket No. 85). As such, staying TIR's noticed discovery under the current schedule would effectively preclude TIR from obtaining relevant information directly related to its claims and defenses of patent invalidity and unenforceability. See *supra* at 4-9. Consequently, the Court should deny CK's request to stay TIR's noticed discovery, and instead

---

[7] Assuming *arguendo* that the scope of TIR's single document request to CK's patent prosecution counsel and to Wolf, Greenfield & Sacks, PC and Lowrie, Lando & Anastasi, LLP is overly broad, it is inappropriate to quash TIR's subpoenas in their entirety. See *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed.Cir.1986) ("When a court is confronted with a motion to quash, its duty is not to deny discovery altogether, but to reduce the demand to a reasonable level, considering the parties concerns.").

order that the depositions of CK's patent prosecution counsel go forward before the close of fact discovery.

IV.    **<u>CONCLUSION</u>**

For all the foregoing reasons, TIR respectfully requests that the Court:

1. Deny CK's Motion for a Protective Order to Preclude the Depositions of Six Attorneys and Quash Eight Subpoenas;

2. Order that the noticed depositions of CK's patent prosecution counsel proceed forthwith;

3. Schedule a hearing; and

4. Grant any further relief the Court deems just.

## REQUEST FOR ORAL ARGUMENT

TIR respectfully requests an expedited hearing on the earliest possible date consistent with the Court's calendar.

Dated:  September 5, 2006

WILMER CUTLER PICKERING
   HALE AND DORR LLP

/s/ Christopher R. Noyes

Mark G. Matuschak (BBO #543873)
mark.matuschak@wilmerhale.com
Wendy Haller Verlander (BBO # 652943)
wendy.haller@wilmerhale.com
Christopher R. Noyes (BBO #654324)
christopher.noyes@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: 617-526-6000

S. Calvin Walden (*pro hac vice*)
calvin.walden@wilmerhale.com
Alexandra McTague (*pro hac vice*)
alexandra.mctague@wilmerhale.com
399 Park Avenue
New York, NY 10021
Telephone: 212-937-7200

Joseph R. Baldwin (*pro hac vice*)
joseph.baldwin@wilmerhale.com
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: 202-663-6000
Attorneys for Defendant
TIR SYSTEMS LTD.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of this document on the 5th day of September, 2006 to the attorney for Plaintiff as follows:

> **BY EMAIL AND UPS OVERNIGHT**
> **Aaron W. Moore, Esq.**
> Lowrie, Lando and Anastasi, LLP
> Riverfront Office Park
> One Main Street
> Cambridge, MA 02142

> /s/ Christopher R. Noyes
> Christopher R. Noyes