IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED,<br><br>    Plaintiff<br><br>v.<br><br>TIR SYSTEMS LTD.,<br><br>    Defendant. | Civil Action No.:  03-cv-12491 (MEL) |

**COLOR KINETICS' OPPOSITION TO TIR SYSTEMS LTD.'S
MOTION FOR LEAVE TO AMEND
<u>ITS AMENDED ANSWER AND COUNTERCLAIMS</u>**

  Plaintiff Color Kinetics Incorporated ("Color Kinetics") hereby opposes the motion of Defendant TIR Systems, Ltd. ("TIR") for leave to amend its Amended Answer and Counterclaims (Docket No. 87).

  TIR's motion seeks permission to allege that more of the patents-in-suit are unenforceable, based solely on their being "related" to the patents that TIR has already alleged to be unenforceable.  The amendment should not be allowed because it would be futile.  In particular:  (1) the current allegations cannot not, as a matter of law, constitute inequitable conduct, (2) the new allegations are not pled with the particularity required when pleading fraud, and (3) at least one of the patents that TIR seeks add to cannot be unenforceable by reason of infection because it is the <u>parent</u> of the application in which the alleged misconduct occurred.

  Color Kinetics further requests that this issue, which is intimately connected to the pending cross-motions for summary judgment, be taken up with those motions.

## ARGUMENT

The "key" consideration in considering an amendment to the pleadings is not whether the opponent will be prejudiced by allowance of the motion to amend.  Instead, the threshold question is whether the proposed amendment is futile.  See, e.g., Smith v. Mitre Corp., 949 F. Supp. 943, 945 (D. Mass. 1997) (explaining that "in considering a motion for leave to amend . . . the trial court must first consider whether the proposed new claims are futile, that is, whether they would be subject to dismissal for failure to state a claim").  The issue of prejudice is not reached where the proposed amendment does not present a proper subject for relief.  See, e.g., MacNeill Engineering Co. v. Trisport, Ltd., 59 F. Supp. 2d 199, 200-201 (D. Mass. 1999) (denying motion for leave to amend complaint as futile because the proposed claim would not survive a motion to dismiss for failure to state a claim).

The standard for determining whether a proposed amendment is non-futile differs depending on the posture of the case.  See, e.g., Hatch v. Dep't for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001) (applying more rigorous standard in determining whether proposed amendment would be non-futile where no factual dispute existed); Resnick v. Copyright Clearance Ctr., Inc., 422 F. Supp. 2d 252, 256 (D. Mass. 2006).  In particular, substantial scrutiny is applied where (as here) a summary judgment motion has been filed on the issue that is the subject of the proposed amendment.  See, e.g., Hatch, 274 F.3d at 19.

In addition, "[d]espite the liberal notice pleading standards embodied in the Federal Rules of Civil Procedure, a plaintiff 'is nonetheless required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'"  MacNeill Eng'g, 59 F. Supp. 2d at 201 (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

I.  **THE PROPOSED AMENDMENT WOULD BE FUTILE BECAUSE NO INEQUITABLE CONDUCT OCCURRED DURING PROSECUTION OF THE UNDERLYING PATENTS**

TIR's inequitable conduct allegations are pled in its Amended Answer and Counterclaims (Docket No. 67).  These allegations concern the purported failure of Color Kinetics to identify to the Patent and Trademark Office, in the applications that resulted in the '774 and '868 patents, substantially similar claims in the parent patent applications, rejections of substantially similar claims in the parent applications, and/or prior art identified in the parent applications.  TIR further alleged that Color Kinetics' '659 and '011 patents were also unenforceable, solely by virtue of their being "related" to the '774 patent.  TIR appears now to have abandoned the arguments based on the alleged failure to disclose the prior art references.  See TIR's Opposition to CK[I]'s Motion for Summary Judgment Of No Inequitable Conduct (Docket No. 90) at page 10 ("Here, of course, the issue is not references." (emphasis original))

TIR's motion seeks to amend its Amended Answer and Counterclaims to sweep the remaining patents-in-suit into the inequitable conduct charge, solely by virtue of the patents being related to one another.  Such an amendment would be futile, because the underlying charges against the '774 and '868 patents are legally deficient.

Because both the '774 and '868 patents are continuations that claim priority to their parent applications, those earlier applications, along with the claims and art cited therein, are considered by the Examiner and are of record in the later application, both according to the rules of the Patent Office and as a matter of law.  See Manual of Patent Examining Procedure ("MPEP") § 609.02(A)(2) (stating that "[t]he examiner will consider information[1] which has

---

[1] Of note, the M.P.E.P., at § 609, specifically notes, in the context of discussing the information that must be disclosed to the Patent Office, that "[t]here is no requirement that the information must be prior art references in order to be considered by the Examiner."  Thus, the "information" referred to in this section is not limited to the prior art references found in the parent application.

been considered by the Office in a parent application when examining (A) a continuation application filed under 37 C.F.R. § 153(b)" (emphasis added)); MPEP § 707.05 (instructing examiners to review, when examining a continuation application, the parent application for "pertinent prior art"); MPEP § 2001.06(b) (informing applicants that examiners will consider prior art cited in the earlier application when examining a continuation, and that "no separate citation of the same prior art need be made in the later application" (emphasis added)); ATD Corp. v. Lydall, Inc., 159 F.3d 534, 537 (Fed. Cir. 1998) ("[i]n view of MPEP § 609, it cannot be inequitable conduct for an applicant not to resubmit, in the divisional application, the information that was cited or submitted in the parent application."); Transmatic, Inc. v. Gulton Industries, Inc., 849 F. Supp. 526 (E.D. Mich. 1994, aff'd in pertinent part, rev'd in part, 53 F.3d 1270 (Fed. Cir. 1995) (determining that a material reference that is already of record in parent application need not be resubmitted by the applicant in a continuing application).

    The Federal Circuit cases cited by TIR in its summary judgment brief are inapplicable because neither concerned applications with a parent-child relationship. Both the Dayco and Li cases involved a failure to disclose a rejection in a different application that was not a parent (or grandparent) of the application in which the material was withheld. See Dayco Products, Inc. v. Total Containment, Inc., 329 F.3d 1358, 1360-61 (Fed. Cir. 2003) (explaining that the application allegedly withheld was in a "separate family"); The Li Second Family Limited Partnership v. Toshiba Corp., 231 F.3d 1373, 1375-76 (Fed. Cir. 2000) (explaining that the subject applications were siblings).

    This distinction is critical because it means that the examiners in those applications were not obliged to review the application that contained the information that was not disclosed. Here, however, the Color Kinetics applications in which the information was allegedly withheld

were descendents of the applications containing the allegedly withheld information, meaning that the Patent Office rules would have required the examiner to review those applications for pertinent information. This case is nothing like <u>Dayco</u> or <u>The Li Second Family Limited Partnership</u>, and it is disingenuous for TIR to argue otherwise.

In short, when the correct legal standard is applied, TIR pleads that Color Kinetics committed inequitable conduct by not disclosing what was, in fact, disclosed and of record under the Patent Office rules. The defense cannot stand, as a matter of law. Color Kinetics has filed a Motion for Summary Judgment on the issue of Inequitable Conduct (Docket No. 79), which is currently pending before the Court. Color Kinetics refers the Court to its Memorandum in Support of Its Motion for Summary Judgment on the Issue of Inequitable Conduct (Docket No. 80), as well as the reply brief that will be filed on or before September 29, 2006, for a more detailed discussion of why TIR's allegations are legally insufficient.

Given that the pleadings cannot not support a claim or defense that inequitable conduct occurred during the prosecution of the '774 and '868 patents, an amendment extending those allegations would be futile.

## II.   TIR'S PROPOSED AMENDMENT WOULD ALSO BE FUTILE BECAUSE IT IS NOT PLED WITH SUFFICIENT PARTICULARITY TO WITHSTAND A MOTION TO DISMISS

Inequitable conduct claims (which are a form of fraud) must be plead with the same level of specificity required to plead fraud under Rule 9(b). <u>See, e.g.</u>, <u>Systemation, Inc. v. Engel Industries, Inc.</u>, 183 F.R.D. 49, 51 (D. Mass. 1998) ("[T]he Court agrees with the clear majority on this issue and holds that Fed. R. Civ. P. 9(b) applies to [the defendant's] claim of inequitable conduct."). "The requirements of Rule 9(b) are applied strictly; at a minimum, [one alleging

inequitable conduct] is required to state the time, place and content of the alleged inequitable conduct." Id. at 51 (quoting Ahmed v. Rosenblatt, 118 F.3d 886, 889 (1st Cir. 1997)).

Importantly, inequitable conduct in one patent application does not automatically render unenforceable all of the claims of all later issued patents in the same family.  Instead, the inequitable conduct that occurred earlier in the family "must be related to the targeted claims of the ultimately-issued patent or patents sought to be enforced."  Semiconductor Energy Lab., Inc., v. Samsung Elecs. Co., 24 F. Supp. 2d 537, 543 (E.D. Va. 1998) (citing Baxter, 149 F.3d 1321, 1332 (Fed. Cir. 1998) and Consol. Aluminum Corp. v. Foseco Int'l Ltd., 910 F.2d 804, 809-11 (Fed. Cir. 1990)); see also Baxter, 149 F.3d at 1332 (Fed. Cir. 1998) (explaining that inequitable conduct with respect to one patent does not render unenforceable claims in related patents directed to different inventions); Truth Hardware Corp. v. Ashland Prods., Inc., No. Civ. A. 02-1541-GMS, 2003 WL 22005839, at * 1 (D. Del. Aug. 19, 2003) (quoting Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245-46 (1933)) (explaining that "a patentee's inequitable conduct renders unenforceable all patent claims having 'an immediate and necessary relation' to that conduct").

In the Amended Answer and Counterclaims, TIR alleged that the '011 and '659 patents are unenforceable only because they "are related to the '774 patent."  (Amended Answer and Counterclaims, at ¶¶ 104-105.)  In its Memorandum in Support of Its Motion for Summary Judgment on the Issue of Inequitable Conduct, Color Kinetics explained that, even were the '774 patent held to be unenforceable, TIR had failed to allege that the claims of the '011 and '659 patents have an "immediate and necessary relationship" to that inequitable conduct, such that the '011 or '659 patents should be held likewise unenforceable.

TIR now seeks to expand this deficient allegation to assert, in the same unspecific way, that the '038 patent, the '868 patent, the '626 patent, the '919 patent, and the '079 patent are all also unenforceable, solely due to their being related to the '774 patent. TIR offers no explanation as to why these claims were not raised in the prior amendment to its Answer and Counterclaims, other than to state that the proposed amendment is being made "in good faith" following "further investigation of the numerous claims of the patents-in-suit and their relationship to each other." (TIR's Motion For Leave To Amend, at pp. 3-4.)

Even with the benefit of this "further investigation," however, and even despite having notice by way of the summary judgment memorandum of the deficiencies in its pleadings with respect to the allegedly "infected" related patents, TIR <u>still</u> fails to plead with particularity how the alleged inequitable conduct during the prosecution of the '774 patent is related to the targeted claims of the other patents. Instead, TIR again simply asserts that the new patents are unenforceable by infection only because they "are each related with related claims."

In fact, TIR fails to refer to a single claim of any of one the additional patents, and fails to make even a cursory attempt to relate the alleged inequitable conduct that has been pled (alleged failure to disclose the rejections of specific claims of in the '038 application during prosecution of the '774 patent) to any claim of any of the other five patents.

It may be that the reason TIR made no attempt to specify how the later claims could have an "immediate and necessary relationship" to the alleged inequitable conduct is that there simply is no such case that can be made here. In an ordinary inequitable conduct situation, the allegation is that prior art that was withheld in the one application would also bear on the patentabilty of claims in the later applications. Here, however, the allegation is that the thing not disclosed was the very presentation and rejection claims in the parent that were identical to

790457.3                                      6

claims in the child application, not the underlying prior art itself.  This allegation cannot logically apply to any of the other Color Kinetics applications because they do not have the identical claims.  Thus, there is <u>no</u> possibility that TIR will be able to show the required relationship between the alleged inequitable conduct and the claims in the later applications.  (Of course, this infirmity also applies to the allegations that are already pled.)

Because TIR's proposed amendment is fatally vague, and therefore would not withstand a motion to dismiss, the motion for leave to further amend the Amended Answer and Counterclaims should be denied as futile.

### III.  TIR'S PROPOSED AMENDMENT WOULD BE FUTILE WITH RESPECT TO THE '038 PATENT BECAUSE IT IS NOT A CONTINUATION OF THE '774 PATENT

In its proposed Second Amended Answer and Counterclaims, TIR asserts that the '038 patent should be held unenforceable because it is "related" to the '774 patent and has "related claims."  The '038 patent, however, is the <u>parent</u> of the '774 patent.

TIR has cited no authority to support the proposition that inequitable conduct in a later <u>child</u> application can infect and render unenforceable the earlier <u>parent</u> patent.  TIR's only citation regarding infection is to <u>Agfa Corp. v. Creo Products</u>, a case that involved inequitable conduct that occurred in an earlier application that had never issued into a separate patent.  <u>See Agfa Corp. v. Creo Prods.</u>, 451 F.3d 1366, 1379 (Fed. Cir. 2006) (holding that a patent was unenforceable due to inequitable conduct that occurred during prosecution of a predecessor application, of which the subject patent was a continuation).

The reason for the dearth of authority on this point is that it would be odd (to say the least) to hold the '038 patent unenforceable due to an alleged failure at some point down the road to disclose art <u>that was cited during prosecution of the '038 patent itself </u>or rejections <u>that were</u>

made by the examiner during the prosecution of the '038 patent. TIR's effort to sweep the '038 patent in with the rest of its claims of unenforceability reflects the gross imprecision and lack of care of its approach to this issue in general.

As there can be no legal basis for holding a parent unenforceable solely based on inequitable conduct committed during prosecution of a child (and in particular by infection for failure to disclose in a later application information about the prosecution of the very patent sought to be included by infection), the proposed amendment is futile with regard to the '038 patent, and TIR's motion should be denied at least as to the '038 patent.

## CONCLUSION

For the foregoing reasons, Color Kinetics respectfully requests that the Court deny TIR's for leave to amend their second amended answer and counterclaims.

Respectfully submitted,

COLOR KINETICS INCORPORATED

Dated: September 11, 2006

/s/ Aaron W. Moore
Matthew B. Lowrie, BBO No. 563,414
Aaron W. Moore, BBO No. 638,076
Emily A. Berger, BBO No. 650,841
Thomas P. McNulty, BBO No. 654,564
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street - 11th Floor
Cambridge, MA 02142
Tel: 617-395-7000
Fax: 617-395-7070

**CERTIFICATE OF SERVICE**

     I hereby certify that today I caused a true and correct copy of the foregoing to be served, by CM/ECF, on the following counsel of record:

Mark G. Matuschak<br>
Wilmer Cutler Pickering Hale and Dorr LLP<br>
60 State Street<br>
Boston, MA  02109

Dated:  September 11, 2006        /s/ Aaron W. Moore
                                                              Aaron W. Moore