IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED,<br><br>       Plaintiff<br><br>v.<br><br>TIR SYSTEMS LTD.,<br><br>       Defendant. | Civil Action No.: 03-cv-12491 (MEL) |

**COLOR KINETICS' OPPOSITION TO TIR'S MOTION
IN THE ALTERNATIVE TO BIFURCATE ISSUES OF INEQUITABLE CONDUCT**

Color Kinetics has moved for summary judgment on the issue of inequitable conduct. TIR has filed a cross-motion for summary judgment on the same issue, and has moved in the alternative for bifurcation of the inequitable conduct issue. As this issue must be decided in Color Kinetics' favor on summary judgment, this motion to bifurcate should be denied as moot.

Should the Court find factual issues that preclude summary judgment on the inequitable conduct claims, Color Kinetics opposes TIR's motion to bifurcate this issue and try it first. TIR will have had an opportunity to pursue an early disposition of its inequitable conduct claims already, by way of its Motion for Summary Judgment on this issue. TIR's motion to bifurcate is an effort to delay trial of the infringement charges against it by putting a separate trial of an issue that will already have been addressed in detail once before the main trial in this case.

Bifurcation would prejudice Color Kinetics by unnecessarily deferring resolution of the claims against TIR for some period of time, and at significant additional expense, while offering no chance of resolving all of the issues before the court.

794301.2

**I.    TIR'S MOTION FOR BIFURCATION SHOULD BE DENIED AS MOOT**

Color Kinetics has filed a motion for summary judgment on the issue of inequitable conduct. The supporting memoranda show that this issue should be resolved on summary judgment in Color Kinetics' favor, because Color Kinetics unquestionably disclosed all allegedly withheld information to the Patent Office, and, as separate and equally valid grounds for summary judgment, because TIR has failed to allege any facts upon which an intent to deceive the Patent Office could possibly be found.

As summary judgment on the issue of inequitable conduct should be granted to Color Kinetics, TIR's motion for bifurcation should be denied as moot.

**II.   SHOULD SUMMARY JUDGMENT BE DENIED COLOR KINETICS, TIR'S MOTION TO BIFURCATE SHOULD BE DENIED**

Bifurcation is ordinarily the exception and not the rule. Hewlett-Packard Co. v. GenRad, Inc., 882 F. Supp. 1141, 1158 (D. Mass. 1995); see also Laitram Corp. v. Hewlett-Packard Co., 791 F. Supp. 113, 114-115 (D. La. 1992) (explaining that, in patent cases, as in others, separate trials should be the exception, not the rule.).

Even if bifurcation might somehow promote judicial economy, courts should not order separate trials when bifurcation would result in unnecessary delay, additional expense, or some other form of prejudice. Id.; see also H.B. Fuller Co. v. National Starch & Chemical Corp., 595 F. Supp. 622, 625 (D. Del. 1984). The movant bears the burden of establishing the necessity for separate trials. Hewlett-Packard, 882 F. Supp. at 1157 (citing Moore's Federal Practice § 42.03[1] (1994) (collecting cases at footnote five)).

**A.    A Separate And Initial Trial On Inequitable Conduct Is Unlikely To Result In A Just Final Disposition Of This Litigation**

In making a determination of whether to bifurcate, "the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation." Hewlett-

Packard, 882 F. Supp. at 1157; see also Re Innotron Diagnostics, 800 F.2d 1077, 1084 (Fed.Cir. 1986). In this case, bifurcation is unlikely to result in a final disposition of the litigation, for a number of reasons, thus favoring a single trial of all issues.

### 1. TIR Is Unlikely To Prevail On its Inequitable Conduct Charges

If trial is reached in this case, TIR will already have failed to achieve summary judgment on this issue. If the issue is not resolved in TIR's favor on summary judgment, it appears unlikely that it will win on this issue at trial. Of course, no final disposition of the case will result from Color Kinetics prevailing at an early trial on this issue, as the infringement and validity portions of the case would then still remain proceed.

For these reasons, it appears that there would be no benefit to be reaped from an early trial on willfulness.

### 2. TIR Has Not Alleged That Each Patent-In-Suit Is Unenforceable, Thus Making A Second Trial Necessary

As of the date of the filing of this opposition, TIR has not pled that each patent-in-suit is unenforceable due to inequitable conduct. TIR has filed a Motion for Leave to Amend its Second Amended Answer and Counterclaims (Docket No. 87), which Color Kinetics has opposed (Docket No. 96). Unless this motion is resolved in favor of TIR, none of the '038 patent, the '868 patent, the '626 patent, the '919 patent, or the '079 patent will be impacted in any way by a determination in favor of TIR in a bifurcated inequitable conduct trial, and a second trial would necessarily occur to resolve the infringement and validity issues with regard to these five patents, even were the early trial to find the other patents unenforceable.

### 3. TIR's "Infection" Allegations Are Insufficiently Pled And TIR Is Unlikely To Prevail Against The Allegedly "Infected" Patents

In its Second Amended Answer and Counterclaims (at ¶¶ 104-105), TIR fails to allege that the claims of the '011 and '659 patents have an immediate and necessary relationship to the

alleged inequitable conduct occurring during prosecution of the '774 patent such that the '011 or '659 patents should be held likewise unenforceable.[1]  Instead, TIR simply asserts that the latter patents should be unenforceable because "[t]he '659 patent and the '011 patent are related to the '774 patent."  As such, even if the '774 patent were found to be unenforceable at trial, TIR has not sufficiently alleged that the '659 and '011 patents would likewise be unenforceable.  As such, and again, a second trial on infringement and validity would be necessary even were TIR to prevail on the '774 patent in a first trial on inequitable conduct only.

Moreover, even in its proposed amendment to its Second Amended Answer and Counterclaims (Docket No. 87, Exhibit A), TIR again fails to plead with particularity how the alleged inequitable conduct during the prosecution of the '774 prosecution is related to the targeted claims of the allegedly related patents.  Instead, TIR again simply asserts that the subject patents "are each related with related claims" and therefore are unenforceable by infection.  Again, TIR fails to refer to a single claim of any of the additional patents, and fails to make even a cursory attempt to relate the alleged inequitable conduct (alleged failure to disclose the rejections of specific claims during prosecution of the '774 patent) to the asserted claims of the other five patents.  TIR's lack of specificity, particularly for a charge that requires a heightened level of detail in pleading, is indicative of the lack of merit of its argument with respect to the remaining patents.

---

[1] The inequitable conduct that occurred earlier in the family "must be related to the targeted claims of the ultimately-issued patent or patents sought to be enforced."  Semiconductor Energy Lab., Inc., v. Samsung Elecs. Co., 24 F. Supp. 2d 537, 543 (E.D. Va. 1998) (citing Baxter, 149 F.3d 1321, 1332 (Fed. Cir. 1998) and Consol. Aluminum Corp. v. Foseco Int'l Ltd., 910 F.2d 804, 809-11 (Fed. Cir. 1990)); see also Baxter, 149 F.3d at 1332 (Fed. Cir. 1998) (explaining that inequitable conduct with respect to one patent does not render unenforceable claims in related patents directed to different inventions); Truth Hardware Corp. v. Ashland Prods., Inc., No. Civ. A. 02-1541-GMS, 2003 WL 22005839, at * 1 (D. Del. Aug. 19, 2003) (quoting Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245-46 (1933)) (explaining that "a patentee's inequitable conduct renders unenforceable all patent claims having 'an immediate and necessary relation' to that conduct").

### 4. TIR Is Unlikely To Prevail Because The Claims Of The Allegedly "Infected" Patents Are Not Sufficiently Related To The Alleged Inequitable Conduct To Render Them Unenforceable

TIR's lack of specificity in its pleadings is likely due to the fact that there simply is not an immediate and necessary relationship" between the alleged inequitable conduct and the claims of the remaining patents that would infect the claims of the remaining patents. The inequitable conduct of which TIR complains involves an alleged failure on the part of Color Kinetics to inform the Patent Office that certain claims of the '774 patent were <u>identical</u> to claims previously presented to, and rejected by, the Patent Office. This allegation cannot logically apply to any of the <u>other</u> Color Kinetics patents, because they do not have identical claims to those presented during prosecution of the '774 patent. Thus, there is <u>no</u> possibility that TIR will be able to show the required relationship between the alleged inequitable conduct and the claims in the later applications.

Because even a finding in favor of TIR with respect to the '774 patent at an inequitable conduct trial will not result in the remainder of the patents-in-suit being deemed unenforceable, bifurcation will not result in a final disposition of the litigation, and TIR's motion to bifurcate should be denied.

### 5. TIR Cannot Prove That The '038 Patent Is Unenforceable Because It Is Not A Continuation of The '774 Patent

TIR asserts that the '038 patent should be held unenforceable because it is "related" to the '774 patent and has "related claims." The '038 patent, however, is the <u>parent</u> of the '774 patent. TIR has cited no law to support the proposition that inequitable conduct in a later <u>child</u> application can infect and render unenforceable the earlier <u>parent</u> patent. TIR's only legal citation regarding infection is to <u>Agfa Corp. v. Creo Products</u>, a case that involved inequitable conduct that occurred in a prior application that had never issued into a separate patent. <u>See</u>

Agfa Corp. v. Creo Prods., 451 F.3d 1366, 1379 (Fed. Cir. 2006) (holding that a patent was unenforceable due to inequitable conduct that occurred during prosecution of a predecessor application, of which the patent was a continuation).

The reason for a dearth of authority on this point is that it would be unusual (to say the least) to hold the '038 patent unenforceable due to an alleged failure <u>at some point down the road</u> to disclose <u>rejections made by the examiner of the '038 patent</u>. TIR's effort to sweep the '038 patent in with the rest of its claims of unenforceability reflects the gross imprecision in its approach to this issue in general.

As there can be no legal basis for holding a parent unenforceable solely based on inequitable conduct committed during prosecution of a child (and in particular by infection for failure to disclose in the child information about the prosecution of the very parent sought to be included by infection), resolution of the remaining inequitable conduct issues in TIR's favor will still not result in final disposition of the litigation. In order words, there is no possibility that the claims concerning the '038 patent could be resolved in an early trial on inequitable conduct only.

As TIR cannot show that bifurcation is likely to result in a final resolution of this litigation, TIR's motion to bifurcate should be denied.

### B.  Bifurcation Should Be Denied Without Regard To Judicial Economy

"Even if bifurcation might somehow promote judicial economy, courts should not order separate trials when 'bifurcation would result in unnecessary delay, additional expense, or some other form of prejudice.'" Laitram Corp. v. Hewlett-Packard Co., 791 F. Supp. 113, 115 (D. La. 1992) (quoting Apollo Computer, 707 F. Supp. at 1433; see also Apollo Computer, 707 F. Supp. at 1433; H.B. Fuller Co. v. National Starch & Chemical Corp., 595 F. Supp. 622, 625 (D. Del.

1984).  Essentially, then, courts must balance the equities in ruling on a motion to bifurcate. Laitram Corp., 791 F. Supp. a 115.

In the present case, the equities weigh in favor of a single trial.  TIR is <u>already</u> engaged in an effort, however futile, to obtain an early decision on the inequitable conduct issue.  It should not be granted a <u>second</u> opportunity before a trial on the other issues, especially where that second opportunity would carry the substantial added expense of entirely separate proceeding, with <u>no</u> likelihood of resolving the entire case (as explained above).

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Color Kinetics' Memorandum In Support Of Its Motion for Summary Judgment on the Issue of Inequitable Conduct, Color Kinetics respectfully requests that the Court deny TIR's motion to bifurcate.

Respectfully submitted,

COLOR KINETICS INCORPORATED

Dated:  September 29, 2006

/s/ Aaron W. Moore
Matthew B. Lowrie, BBO No. 563,414
Aaron W. Moore, BBO No. 638,076
Emily A. Berger, BBO No. 650,841
Thomas P. McNulty, BBO No. 654,564
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street - 11th Floor
Cambridge, MA 02142
Tel: 617-395-7000
Fax: 617-395-7070

## **CERTIFICATE OF SERVICE**

      I hereby certify that today I caused a true and correct copy of the foregoing to be served, by CM/ECF, on the following counsel of record:

Mark G. Matuschak  
Wilmer Cutler Pickering Hale and Dorr LLP  
60 State Street  
Boston, MA  02109

Dated:  September 29, 2006                    /s/ Aaron W. Moore                    
                                                           Aaron W. Moore