UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED, )<br><br>Plaintiff, )<br><br>v. )<br><br>TIR SYSTEMS LTD. )<br><br>Defendant. ) | Civil Action No. 1:03-cv-12491 (MEL) |

**TIR SYSTEMS LTD.'S EMERGENCY MOTION TO COMPEL
THE DEPOSITION OF COLOR KINETICS' EXPERT,
FOR AN EXTENSION OF TIME TO FILE ITS REPLY, AND TO
<u>CONTINUE THE SCHEDULED MOTION HEARING DATE</u>**

## I.     INTRODUCTION

Defendant TIR Systems Ltd. ("TIR") brings this motion (i) to compel the deposition of Color Kinetics Incorporated's ("Color Kinetics") expert, Charles Van Horn; (ii) to extend the time by which TIR has to file its Reply Memorandum on the parties' respective Inequitable Conduct Summary Judgment Motions until after TIR has had the chance to depose Mr. Van Horn; and (iii) the continue the hearing date currently scheduled by this Court for October 26 until November 14, 2006 (or a convenient date after TIR has submitted its Reply brief). TIR brings this motion on an emergency basis because of the approaching dates for both TIR's Reply and the hearing.

While CK did not file any expert declarations with its initial summary judgment motion of no inequitable conduct, it did file an Expert Report from Mr. Van Horn in opposition to TIR's cross-motion for summary judgment of inequitable conduct. After receiving CK's Opposition and Mr. Van Horn's Report, TIR requested a deposition from Mr. Van Horn before TIR submitted its Reply brief in order to explore the theories and opinions he presented in his report. CK's counsel initially agreed to the deposition of Mr. Van Horn, stating that Mr. Van Horn was only available on October 23 or 24, and to an extension of the date for TIR's Reply brief and the Court's hearing if necessary. CK also requested the deposition of TIR's expert, Professor Lisa Dolak, which TIR agreed to.

CK subsequently reneged on its agreement, ultimately agreeing only to an extension for the Reply date of one week. Further, despite the properly noticed deposition of Mr. Van Horn, CK has refused to produce him for deposition on October 23, the date that CK confirmed he was available, or on any other date. Having chosen to submit an expert report from Mr. Van Horn in opposition to TIR's summary judgment motion, CK should not be permitted to try to insulate its

expert from deposition, and from allowing this Court a full record upon which to review the

pending summary judgment motions of both sides. *See* Fed. R. Civ. P. 26(b)(4). Further, there

is no legal basis for CK's unilateral decision to refuse to produce a witness properly noticed for

deposition. *Cf.* Fed. R. Civ. P. 37(d) (sanctions for failure to attend deposition properly noticed

include dismissal of action). TIR requests that the Court order that CK produce its expert, Mr.

Van Horn, for deposition on or before November 3, 2006. TIR further requests that it be given

the opportunity to submit its Reply Brief one week after Mr. Van Horn's deposition in order to

incorporate his testimony. Finally, TIR requests that the Court continue the currently scheduled

Hearing until November 14, 2006, or another date convenient for the Court.

## II.    FACTS[1]

Color Kinetics filed a motion for summary judgment of no inequitable conduct on August

4, 2006, in the middle of fact discovery and before most depositions had been taken. In

response, TIR cross-moved for summary judgment that CK's patents-in-suit are unenforceable as

a result of the inequitable conduct committed by Color Kinetics during prosecution of at least

one of those patents. TIR's motion was supported by an eight page declaration from its expert,

Professor Lisa A. Dolak, regarding the content of certain provisions of the Manual of Patent

Examining Procedure (MPEP)[2] at the time the patents were filed.

---

[1]The factual statements in this brief are made on representation of the undersigned counsel. In the event that CK disputes the asserted facts or objects to their submission without an affidavit, TIR will request leave to submit an affidavit from counsel supporting the factual statements contained in this motion.

[2]The MPEP (Manual for Patent Examining Procedure) is a reference that provides information and guidance on the practices and procedures relative to prosecution of patent applications before the USPTO, and is often relied upon by the courts as an interpretation of statutes and regulations. *Molins PLC v. Textron, Inc.,* 48 F.3d 1172, 1180n.10 (Fed. Cir. 1995).

On September 29, 2006, Color Kinetics filed its opposition to TIR's motion, including a 29 page expert report of Mr. Charles E. Van Horn, who opined on his recollection of patent office practice and procedure and the relevance of that recollection to the issues at hand. CK was not required to submit any such report as expert discovery had not yet commenced. Although CK had been on notice of TIR's inequitable conduct claims since April, CK did not submit an expert report addressing those claims in its opening brief.

Upon receiving Color Kinetics's opposition and expert report, counsel for TIR notified counsel for Color Kinetics that TIR wished to depose Mr. Van Horn prior to filing its reply, which is currently due this Friday, October 20, 2006.[3] Color Kinetics agreed, on the condition that it be allowed to depose Professor Dolak. TIR agreed to CK's request for her deposition. CK informed TIR that Mr. Van Horn was available for deposition on October 23 or 24, 2006, and TIR agreed to take the deposition on October 23. On October 4, 2006, the Court scheduled a hearing for all pending motions on October 26, 2006. The parties had already scheduled a fact deposition in Vancouver for that same date. In light of the scheduled fact deposition and the yet unscheduled expert depositions, counsel for TIR contacted counsel for Color Kinetics to move the hearing date to November 14th, a date then available on the Court's calendar. In a total reversal from its previous position, counsel for Color Kinetics refused to go forward with the agreed upon expert depositions and also refused to agree to move the hearing date. Counsel for TIR attempted in good faith on numerous occasions to resolve the dispute to no avail. Because TIR believes all involved would benefit from a complete record for summary judgment, TIR

---

[3] TIR's reply was originally due October 13, 2006, pursuant to the joint scheduling order submitted by the parties and entered by the Court. The parties reached an agreement in the midst of this dispute regarding Mr. Van Horn's deposition and the hearing date to extend the reply due date to October 20th.

now moves the Court to compel the deposition of Mr. Van Horn, to set the deadline for TIR's

reply to one week after that deposition, and to continue the hearing date until after all briefing on

the issue of inequitable conduct is completed.

## III.    ARGUMENT

### A.        TIR IS ENTITLED TO DEPOSE COLOR KINETICS' EXPERT WITNESS

Although not required to do so, Color Kinetics filed for summary judgment of no

inequitable conduct in the middle of fact discovery, and sought to capitalize on an undeveloped

factual record.[4] TIR explained in opposition and cross-motion why the CK prosecution histories

themselves demonstrate that CK concealed information from Patent Office Examiners during

prosecution of the patents-in-suit. Instead of any explanation offered from any fact witness, CK

has offered Mr. Van Horn, who has opined based on his *own* experience (not related to CK) that

what CK withheld was cumulative and that CK did not act with intent. TIR naturally wants to

take Mr. Van Horn's deposition, and it is no surprise that CK initially agreed.

The law is unequivocal that because Mr. Van Horn submitted an expert report in this

matter, TIR is entitled to depose him. *See* Fed. R. Civ. P. 26(b)(4) ("A party may depose any

person who has been identified as an expert whose opinions may be presented at trial. If a report

from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted

until after the report is provided."); *In Re Polymedica Corp. Securities Litigation*, 235 F.R.D. 28,

33 (D. Mass. 2006) (noting that Rule 26(b)(4) "requires discovery of expert witnesses in order to

allow the opposing party a fair opportunity to prepare to cross-examine the witness as to his or

---

[4] Indeed CK has actively sought to prevent discovery of the patent attorneys who prosecuted
CK's patents-in-suit and who might be able to shed light on the apparent misconduct that took
place during that prosecution. CK has agreed to the depositions of the named inventors of the
patents-in-suit, and their testimony will be addressed in TIR's Reply Brief.

her expert opinion."); *Larmere v. New York State Office for the Aging*, 223 F.R.D. 85, 92 (N.D.N.Y. 2004) (noting that subsection (A) gives a party "the right to depose an expert" whose opinions will be presented at trial); *Suskind v. Home Depot Corp.,* No. CIV. A. 99-10575-NG, 2001 WL 92183, at *2 (D. Mass Jan. 2, 2001) (noting that Rule 26(b)(4) permits discovery of a testifying expert in the form of a deposition).

Color Kinetics relies on Mr. Van Horn's report as evidence of patent office procedure and practice, in rebuttal to TIR's argument that Color Kinetics intentionally violated the duty of candor during prosecution of the '774 patent, and in doing so rendered unenforceable all of the patents-in-suit. Consistent with TIR's right to the requested discovery under the Federal Rules, that discovery is critical to evaluating the bases, weight and credibility of Mr. Van Horn's opinion.

**B.     DUE TO A SCHEDULING CONFLICT, A CONTINUANCE OF THE HEARING DATE IS NEEDED IN ANY CASE**

The hearing date for all outstanding motions in this case is currently set for October 26, 2006. The parties have already scheduled the deposition of a TIR fact witness for that day in Vancouver. That deposition was rescheduled once already to accommodate the immovable schedule of one of CK's inventors, and would be difficult to move again. Given the fact that discovery closed on October 13th, it is in both parties' best interest to proceed with this deposition as scheduled. Thus, independent of whether the Court grants TIR's motion to compel and motion for an extension of time to file a reply, TIR respectfully requests that the Court grant a continuance of the hearing until November 14, 2006 (or a convenient date after TIR has submitted its Reply brief).

## IV.    CONCLUSION AND REQUEST FOR EXPEDITED ORAL ARGUMENT

TIR seeks only to complete the record before the court decides the parties' pending motions for summary judgment.  For reasons set forth above, TIR respectfully requests that the Court to compel the deposition of Mr. Van Horn on or before November 3, 2006, set the deadline for TIR's reply to one week after that deposition, and continue the October 26th hearing until after briefing on the issue of inequitable conduct is completed.

TIR respectfully requests an expedited hearing on this Emergency Motion on the earliest possible date consistent with the Court's calendar.  In light of the approaching October 20th due date for TIR's reply brief and the October 26th hearing, TIR also respectfully requests the Court set an expedited briefing schedule for CK's opposition of October 19th at 9:30 am and/or that the Court convene a telephone conference to address this matter.


Dated:  October 17, 2006

<div style="margin-left:40%">

WILMER CUTLER PICKERING
HALE AND DORR LLP

/s/ Alexandra McTague

Mark G. Matuschak (BBO #543873)
mark.matuschak@wilmerhale.com
Wendy Haller Verlander (BBO # 652943)
wendy.verlander@wilmerhale.com
Christopher R. Noyes (BBO #654324)
christopher.noyes@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: 617-526-6000

S. Calvin Walden (*pro hac vice*)
calvin.walden@wilmerhale.com
Alexandra McTague (*pro hac vice*)
alexandra.mctague@wilmerhale.com
399 Park Avenue
New York, NY 10021
Telephone: 212-937-7200

</div>

Joseph R. Baldwin (*pro hac vice*)
joseph.baldwin@wilmerhale.com
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: 202-663-6000
Attorneys for Defendant
TIR SYSTEMS LTD.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of this document was served on the 17th day of October, 2006 by CM/ECF to the following counsel of record:

> Matthew B. Lowrie, Esq.
> Aaron W. Moore, Esq.
> Lowrie, Lando and Anastasi, LLP
> Riverfront Office Park
> One Main Street
> Cambridge, MA 02142

/s/S. Calvin Walden