# EXHIBIT 1

Capital Reporting Company

Page 1

```
 1            IN THE UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
 2
     ---------------------------------------:
 3   COLOR KINETICS, INC.,                  :
                                            :
 4              Plaintiff,                  :
                                            :
 5         vs.                              : C.A. No.:
                                            : 03-CV-12491
 6   TIR SYSTEMS, LIMITED,                  : (MEL)
                                            :
 7              Defendant.                  :
     ---------------------------------------:
 8                                          Washington, D.C.

 9                               Tuesday, October 24, 2006

10   Videotaped Deposition of:

11               CHARLES E. VAN HORN

12   called for oral examination by counsel for

13   Defendant, pursuant to notice, at WilmerHale,

14   1875 Pennsylvania Avenue, Northwest, Washington,

15   D.C., before Shari R. Broussard, of Capital

16   Reporting Company, a Notary Public in and for the

17   District of Columbia, beginning at 1:01 p.m., when

18   were present on behalf of the respective parties:

19

20

21

22
```

Page 58

1  that?
2   A   I don't recall it, but I couldn't say      13:52:29
3  that they have not been.
4   Q   All right. But there was no explanation   13:52:34
5  to the examiner in the '774 that there had been
6  rejections under 102, 103 or 112 in the '038,
7  right?
8       MR. MOORE: Objection.                     13:52:49
9       THE WITNESS: Not to my recollection.      13:52:49
10 You mean a paper filed in the '774 prosecution
11 history alerting the examiner to those rejections?
12 BY MR. WALDEN:                                  13:52:56
13  Q   In any way, shape or form.                 13:52:57
14  A   Well, again, in terms of, I think, what a  13:53:00
15 patent examiner would typically do when examining a
16 continuation application, they would consider the
17 prosecution history of the parent case and so that
18 information, if there are any rejections made over
19 any claims in the prosecution history, the examiner
20 would normally consider that.
21  Q   All right. But your -- your opinion is    13:53:23
22 that the information that TIR claims was not

Page 59

1  disclosed by the applicants was cumulative to
2  information already before the examiner, right?
3   A   Because the information would be          13:53:34
4  considered by an examiner in the examination of a
5  continuation application without the applicant
6  doing anything.
7   Q   All right.                                13:53:45
8   A   So -- so to provide that information, as  13:53:45
9  I think I mentioned, would subject not only the
10 applicant but the PTO to really senseless and
11 needless additional paperwork.
12  Q   All right. Now, but -- but -- but your    13:53:57
13 opinion is not that the information was disclosed,
14 your opinion is that the information that wasn't
15 disclosed is cumulative to other information; isn't
16 that right?
17      MR. MOORE: Objection. I don't -- I        13:54:08
18 don't see the distinction.
19 BY MR. WALDEN:                                  13:54:11
20  Q   You tell me.                              13:54:12
21  A   Well, I -- I think that one would expect  13:54:13
22 certainly a patent examiner in my experience does

Page 60

1  consider the prosecution history of a parent
2  application when considering a continuation
3  application, and so one expects that information is
4  already before the examiner.
5   Q   Okay.                                     13:54:32
6   A   And so there's no real need and, again, a 13:54:33
7  senseless waste of both time, effort and paper to
8  submit that information again to the Patent and
9  Trademark Office.
10  Q   Right. Now, how would one do that if one  13:54:44
11 wanted to tell the examiner of the '774 that there
12 had been prior rejections of these claims in the
13 '038?
14  A   How one would do that? Well, there's a    13:54:56
15 number of -- of ways. I think, for example, the
16 Dayco case. This is -- doesn't address a situation
17 like we have here, but where examiners are not
18 aware of the existence of another application or
19 the existence of prior art that's being applied to
20 a similar claim or that a similar claim has been
21 rejected. It is certainly a relatively common
22 practice to provide, you know, copies of that

Page 61

1  information to the examiner in the other
2  application.
3   Q   How?                                      13:55:37
4   A   Through an Information Disclosure         13:55:39
5  Statement.
6   Q   Any other ways?                           13:55:41
7   A   Well, I guess you could advise the -- the 13:55:46
8  examiner in -- in -- in remarks, although simply
9  telling the examiner about information without, you
10 know, sort of providing copies of that document
11 typically does not put the examiner under an
12 obligation to consider the information to which you
13 have directed his or her attention unless you
14 provide copies to the examiner.
15  Q   Okay. But you could tell the examiner     13:56:14
16 in, for example, an amendment, right?
17  A   That's what the remarks would be,         13:56:20
18 correct.
19  Q   Okay. You could tell the examiner in a    13:56:22
20 cover letter to another document, right?
21      MR. MOORE: Objection.                     13:56:26
22      THE WITNESS: You could, but, again,       13:56:27

16 (Pages 58 to 61)

Page 106

```
1   35 CFR 1.56?
2     A    Not in my opinion.                    14:51:16
3     Q    Why not?                              14:51:18
4     A    Because one expects an examiner to    14:51:18
5   consider that information.
6     Q    All right. Does one expect an examiner 14:51:23
7   not to comply with Rule 2001.06(b)?
8     A    I -- I would suspect if you ask the   14:51:29
9   average examiner, most of them would not be able to
10  tell you that they have that obligation.
11    Q    Right. Now, 2001.06(b) does apply to  14:51:36
12  parent and continuation applications, right?
13    A    Yes.                                  14:51:45
14    Q    Okay. And so as it applies to them, the 14:51:46
15  rule states that individuals covered by 37 CFR 1.56
16  have a duty to bring to the attention of the
17  examiner, or other office official involved with
18  the examination of a particular application,
19  information within their knowledge as to other
20  copending United States applications which are
21  material to patentability of the application in
22  question, correct?
```

Page 107

```
1     A    I think that's what it says.          14:52:10
2     Q    All right. So that -- that instruction 14:52:12
3   applies to parent and continuation, the duty that's
4   discussed there applies to parent and continuation,
5   correct?
6     A    Well, I think in -- in the -- in the  14:52:21
7   context of a parent and continuation the examiner
8   is already aware of other applications. I mean
9   they are aware of it because the benefit has been
10  claimed, it's in the first paragraph of the
11  specification.
12       We know in this case the examiner      14:52:35
13  acknowledged that claim was made, so we know that
14  they were aware of that parent application. We --
15  we know they're aware of the patent issued on that
16  parent application because my recollection was they
17  made a double patent rejection over that patent.
18  So there would be no reason to --
19    Q    You said --                           14:52:56
20    A    -- provide the examiner with that     14:52:56
21  information, they already have that information.
22    Q    Well, you said earlier, didn't you, that 14:53:00
```

Page 108

```
1   you don't know whether Examiner Philogene in the
2   '774 application knew about the rejection of those
3   claims in the '038 application, right?
4     A    That's correct.                       14:53:13
5     Q    Factually you don't know?             14:53:13
6     A    That's correct.                       14:53:13
7     Q    Right. So -- so you don't know anything, 14:53:13
8   as you're reading this, whether Examiner Philogene
9   was aware of what happened in the '038 file
10  history, right?
11    A    Your question was relative to this    14:53:23
12  statement in 2 -- 2001.06(b), which relates to the
13  bring such other applications to the attention of
14  the examiner.
15    Q    Right.                                14:53:36
16    A    The examiner is aware of this other   14:53:37
17  application.
18    Q    Right, right. This doesn't just apply 14:53:40
19  though to other applications, this is about you
20  have to bring information from other
21  applications --
22       MR. MOORE: Objection to the --         14:53:47
```

Page 109

```
1   BY MR. WALDEN:                               14:53:47
2     Q    -- to the examiner, right?            14:53:47
3       MR. MOORE: -- characterization.         14:53:48
4       THE WITNESS: Well, it talks about other 14:53:50
5   applications material to patentability. It's
6   application, it doesn't say information.
7   Application material to patentability.
8       What this addresses, quite frankly, is  14:54:00
9   the situation that was identified in the Dayco case
10  and, indeed, the facts in the Armour case, which is
11  cited there, where the examiner is not aware of
12  these other applications. That's not true in this
13  case. In this case we have a parent and a
14  continuation.
15  BY MR. WALDEN:                               14:54:16
16    Q    Right.                                14:54:17
17    A    The person examining the continuation 14:54:17
18  application is aware of the parent application, is
19  aware of the relationship of these two
20  applications. Not true in either --
21    Q    Now --                                14:54:28
22    A    Wait a minute.                        14:54:29
```

28 (Pages 106 to 109)

Page 166

1   A   No.                                   16:00:12
2   Q   All right. All right. Turn to page 23   16:00:15
3   of your report, please, and paragraph 58, and the
4   second sentence, it's the second of the two, "For
5   the reasons described below," you state, "the
6   record I have reviewed cannot possibly support such
7   a conclusion because I consider such information to
8   be cumulative to information already before the
9   examiner and there is no evidence, much less clear
10  and convincing evidence, of an intent to deceive."
11      All right. Now, the -- you say that the   16:01:02
12  information that was not -- that -- that TIR says
13  should have been disclosed was cumulative to
14  information already before the examiner.
15      What was the information that was already   16:01:10
16  before the examiner you're discussing in that
17  paragraph?
18  A   Well, basically the information in the   16:01:16
19  prosecution history, specifically the fact that
20  certain claims, and indeed what those claims were,
21  you know, were rejected over some piece of prior
22  art and the examiner articulated his or her reasons

Page 167

1   for making that rejection.
2   Q   Where is that information in the '774   16:01:34
3   file history that you just described?
4   A   As I think I've been trying to convey,   16:01:45
5   when an examiner examines that continuation
6   application, the information in the prosecution
7   history of the parent application of this
8   continuation application would be a part of that
9   examination process, part of the information the
10  examiner would consider.
11  Q   So there's really -- so there's no -- so   16:02:05
12  there's no section -- is there a section of the
13  '774 file history that you can point to, to show me
14  this is the information that was before the
15  examiner that makes the information that TIR says
16  should have been disclosed cumulative?
17  A   No, just -- just my understanding of the   16:02:23
18  prosecution process and what examiners do when they
19  examine a continuation application.
20  Q   Right. So like, for example, if -- if --   16:02:30
21  if I had said -- strike that.
22      If TIR had said CK should have disclosed   16:02:35

Page 168

1   a piece of prior art and the argument was well, no,
2   that piece of art is cumulative to another piece of
3   prior art that was before the examiner.
4   A   Uh-huh.                              16:02:46
5   Q   Right? In the continuation application   16:02:46
6   or wherever, in the application, it's then -- you
7   could point to that piece of prior art in the
8   application and say look, here it's in an IDS or in
9   the specification or wherever, right?
10      Where in the '774 application can you   16:02:57
11  point to the information that was before the
12  examiner that makes the information cumulative --
13  the information that TIR says should have been
14  disclosed cumulative?
15      MR. MOORE: Objection.              16:03:10
16      THE WITNESS: Well, you would not    16:03:10
17  necessarily have that information in any case
18  because as the court and indeed the office points
19  out in 609, that the examiner's expected to
20  consider the information cited in the parent
21  application whether or not there is any citation of
22  that information in the continuation application.

Page 169

1   So there -- there would not be any necessary
2   indication in the continuation application that
3   information that was in the prosecution history of
4   the parent case, you know, had been considered.
5   BY MR. WALDEN:                          16:03:52
6   Q   All right. So you have before you the   16:04:02
7   '774 application. There's not a page on that
8   application that you can point to me to say this is
9   the information that makes cumulative the
10  information that TIR says should have been
11  disclosed about the rejections of the previously --
12  of the previous -- of the claims in the previous
13  application?
14      MR. MOORE: Objection.               16:04:29
15      THE WITNESS: It's right here on the face   16:04:30
16  of the patent application, CKI210. And, as is
17  typical in a continuation application, it says on
18  the front of that application this application is a
19  continuation of this parent application, and when I
20  see that, I know that an examiner is going to
21  consider the prosecution history of that
22  application.

43 (Pages 166 to 169)