# EXHIBIT 6



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/684,048 | 10/10/2003 | Archibald I. J. Brain | 108.195.123CN1 | 3251 |

| 23483 | 7590 | 05/04/2004 |
|---|---|---|

HALE AND DORR, LLP
60 STATE STREET
BOSTON, MA  02109

| EXAMINER |
|---|
| MITCHELL, TEENA KAY |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3743 | |

DATE MAILED: 05/04/2004

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094118

| Application No. | Applicant(s) |
|---|---|
| 10/684,048 | BRAIN, ARCHIBALD I. J. |
| Examiner | Art Unit |
| Teena Mitchell | 3743 |

**Office Action Summary**

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>10 October 2003</u>.
2a) ☐ This action is FINAL.     2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte* Quayle, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1</u> is/are pending in the application.
　4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>1</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☒ The specification is objected to by the Examiner.
10) ☒ The drawing(s) filed on <u>10 October 2003</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
　Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
　Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
　a) ☐ All   b) ☐ Some *   c) ☐ None of:
　　1. ☐ Certified copies of the priority documents have been received.
　　2. ☐ Certified copies of the priority documents have been received in Application No. _____.
　　3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08) Paper No(s)/Mail Date _____
4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY              CKI0094119

Application/Control Number: 10/684,048 Page 2
Art Unit: 3743

## DETAILED ACTION

### *Priority*

If applicant desires priority under 35 U.S.C. 120 based upon a previously filed application, specific reference to the earlier filed application must be made in the instant application. For benefit claims under 35 U.S.C. 120, 121 or 365(c), the reference must include the relationship (i.e., continuation, divisional, or continuation-in-part) of the applications. This should appear as the first sentence of the specification following the title, preferably as a separate paragraph unless it appears in an application data sheet. The status of nonprovisional parent application(s) (whether patented or abandoned) should also be included. If a parent application has become a patent, the expression "now Patent No. _____" should follow the filing date of the parent application. If a parent application has become abandoned, the expression "now abandoned" should follow the filing date of the parent application.

If the application is a utility or plant application filed under 35 U.S.C. 111(a) on or after November 29, 2000, the specific reference must be submitted during the pendency of the application and within the later of four months from the actual filing date of the application or sixteen months from the filing date of the prior application. If the application is a utility or plant application which entered the national stage from an international application filed on or after November 29, 2000, after compliance with 35 U.S.C. 371, the specific reference must be submitted during the pendency of the application and within the later of four months from the date on which the national stage commenced under 35 U.S.C. 371(b) or (f) or sixteen months from the filing date of the

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094120

prior application. See 37 CFR 1.78(a)(2)(ii) and (a)(5)(ii). This time period is not extendable and a failure to submit the reference required by 35 U.S.C. 119(e) and/or 120, where applicable, within this time period is considered a waiver of any benefit of such prior application(s) under 35 U.S.C. 119(e), 120, 121 and 365(c). A priority claim filed after the required time period may be accepted if it is accompanied by a grantable petition to accept an unintentionally delayed claim for priority under 35 U.S.C. 119(e), 120, 121 and 365(c). The petition must be accompanied by (1) the reference required by 35 U.S.C. 120 or 119(e) and 37 CFR 1.78(a)(2) or (a)(5) to the prior application (unless previously submitted), (2) a surcharge under 37 CFR 1.17(t), and (3) a statement that the entire delay between the date the claim was due under 37 CFR 1.78(a)(2) or (a)(5) and the date the claim was filed was unintentional. The Director may require additional information where there is a question whether the delay was unintentional. The petition should be addressed to: Mail Stop Petition, Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

### *Information Disclosure Statement*

The listing of references in the specification is not a proper information disclosure statement. 37 CFR 1.98(b) requires a list of all patents, publications, or other information submitted for consideration by the Office, and MPEP § 609 A(1) states, "the list may not be incorporated into the specification but must be submitted in a separate paper." Therefore, unless the references have been cited by the examiner on form PTO-892, they have not been considered.

**HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY**

CKI0094121

The examiner has reviewed all references listed in application 09/413,970 U.S. Patent 6,631,720, however if applicant wants any of the listed references printed on any Patent that may issue from the instant application, applicant must file the appropriate 1449 (note MPEP 609).

### Specification

The abstract of the disclosure is objected to because the abstract is more than 150 words (note CFR 1.72). Correction is required. See MPEP § 608.01(b).

### Double Patenting

**The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).**
**A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application. See 37 CFR 1.130(b).**
**Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).**

Claim 1 is rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claim 1 of U.S. Patent No. 6,631,720 in view of Pagan (6,021,779). The limitation of claim 1 of the instant application can be found in claim 1 of patent '720 except for the limitation of "at least partially filled with a cellular material".

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094122

Pagan in a laryngeal mask teaches an expandable mask filled with a foam providing a means to make the mask self-inflating (Col. 3, lines 22-24).

It would have been obvious to one of ordinary skill in the art at the time the invention was made to modify the mask of patent '720 to employ any well known cellular material doing so would have provided a mask which was self-inflating including the foam material taught by Pagan. Based on standard dictionary definition of foam ("a rigid or spongy cellular mass") the foam taught by Pagan is a cellular material.

### Conclusion

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure. The balance of art is cited to show laryngeal masks 5,988,167; Re. 35,531; 5,623,921; 5,584,290; 5,282,464.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Teena Mitchell whose telephone number is (703) 308-4016. The examiner can normally be reached on Monday-Friday during normal business hours.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Henry Bennett can be reached on (703) 308-0101. The fax phone number for the organization where this application or proceeding is assigned is 703-872-9306.

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094123

Application/Control Number: 10/684,048	Page 6
Art Unit: 3743

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

*Teena Mitchell* (signature)
Teena Mitchell
Examiner
Art Unit 3743
May 1, 2004

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094124

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| **Notice of References Cited** | | 10/684,048 | BRAIN, ARCHIBALD I. J. |
| | | Examiner | Art Unit | |
| | | Teena Mitchell | 3743 | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-6,631,720 | 10-2003 | Brain, Archibald I. J. | 128/207.14 |
| | B | US-6,021,779 | 02-2000 | Pagan, Eric | 128/207.15 |
| | C | US-5,988,167 | 11-1999 | Kamen, Jack M. | 128/207.15 |
| | D | US-re.35,531 | 06-1997 | Callaghan et.al. | 128/207.15 |
| | E | US-5,623,921 | 04-1997 | Kinsinger et al. | 128/200.26 |
| | F | US-5,584,290 | 12-1996 | Brain, Archibald I. J. | 128/207.15 |
| | G | US-5,282,464 | 02-1994 | Brain, Archibald I. J. | 128/207.15 |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

### FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)    Notice of References Cited    Part of Paper No. 05012004

**HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY**    CKI0094125