**EXHIBIT 8**



UNITED STATES DEPARTMENT OF COMMERCE
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/413,970 | 10/07/99 | JEREMY BRAIN | A | 106195.117 |

QM22/0328

JAMES B LAMPERT ESQ
HALE AND DORR LLP
60 STATE STREET
BOSTON MA 02109

EXAMINER
MITCHELL, T.

| ART UNIT | PAPER NUMBER |
|---|---|
| 3761 | 4 |

DATE MAILED: 03/28/01

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)
*U.S. GPO: 2000-473-000/44602

1- File Copy

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094873

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 09/413,970 | JEREMY BRAIN, ARCHIBALD IAN |
| | Examiner | Art Unit |
| | Teena K Mitchell | 3761 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136 (a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>07 October 1999</u>.
2a) ☐ This action is **FINAL**.  2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-41</u> is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>1-41</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claims _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☒ The specification is objected to by the Examiner.
10) ☒ The drawing(s) filed on <u>07 October 1999</u> is/are objected to by the Examiner.
11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved  b) ☐ disapproved.
12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a) ☐ All  b) ☐ Some *  c) ☐ None of:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
   * See the attached detailed Office action for a list of the certified copies not received.
14) ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

15) ☒ Notice of References Cited (PTO-892)
16) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
17) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____.
18) ☐ Interview Summary (PTO-413) Paper No(s). _____.
19) ☐ Notice of Informal Patent Application (PTO-152)
20) ☐ Other: _____.

U.S. Patent and Trademark Office
PTO-326 (Rev. 01-01)    Office Action Summary    Part of Paper No. 4

**HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY**    CKI0094874

Application/Control Number: 09/413,970 Page 2
Art Unit: 3761

## DETAILED ACTION

### *Information Disclosure Statement*

The listing of references in the specification is not a proper information disclosure statement. 37 CFR 1.98(b) requires a list of all patents, publications, or other information submitted for consideration by the Office, and MPEP § 609 A(1) states, "the list may not be incorporated into the specification but must be submitted in a separate paper." Therefore, unless the references have been cited by the examiner on form PTO-892, they have not been considered.

### *Drawings*

The drawings are objected to because In Fig. 1, "...hypopharynx 32..." the numerals are shown but the area is not clearly defined, an arrow pointing to the area of the hypopharynx would illustrate the hypopharynx to a specific area.

On page 12, line 22, "...proximal regions 30, 28..." reference numeral 30 was previously disclosed as pharynx 30 as depicted in Fig. 1, also there is no reference numeral 28 depicted in any of the drawingsIn Figs. 10 and 11, "...gastro tube 75a..." and "...first plane 70a..." are not depicted.

The drawings are objected to under 37 CFR 1.83(a). The drawings must show every feature of the invention specified in the claims. Therefore, the collapsible tube being a distal portion of said gastro-tube must be shown or the feature(s) canceled from the claim(s). No new matter should be entered.

Correction is required.

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094875

Application/Control Number: 09/413,970                                      Page 4
Art Unit: 3761

In claim 24, line 2, "...sufficient sufficient flexibility..." one of the sufficient should be deleted from the claim.

In claim 39, line 6, "...said mask ane extending..." should be amended to read -- said mask and extending--. Appropriate correction is required.

### Claim Rejections - 35 USC § 112

The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

Claims 1-41 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

In claim 1, there is an inconsistency between the preamble and certain portion or portions of the body of the claim, thereby making the scope of the claim unclear.

Applicant is required to clarify what the claim is intended to be drawn to, either a laryngeal-mask airway system alone or the combination of a laryngeal-mask airway system and a patient, an oesophagus and a trachea having a laryngeal inlet. Applicant is required to make the language of the claim consistent with his intent. An example of acceptable language, which positively recites the combination, would be --A laryngeal-mask airway system adapted for insertion into a patient having an anatomical airway branching into an oesophagus and a trachea, the inlet to the trachea having a laryngeal inlet--. If applicant wishes to claim the laryngeal-mask airway system alone, then positive recitations which refer back to "...the patient..." as recited in line 8, "...the

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY                              CKI0094877

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

Application/Control Number: 09/413,970  Page 5
Art Unit: 3761

laryngeal inlet..." as recited in lines 8, 9, and 11, "...the oesophagus..." as recited in line 11 and "...the oesophagus and trachea..." as recited in line 15 should be amended to read --a patient--, --a laryngeal inlet--, --a oesophagus-- and --a oesophagus and trachea--.

Inasmuch as claims 13, 18, 33, and 39 are equivalent in scope to claim 1 discussed above applicant is directed as to acceptable language.

In claim 3, line 2, "...said tube..." is indefinite, it is unclear as to what tube is being claimed (i.e. airway tubes or gastro-tube).

In claim 6, line 2, "...a distal portion..." is indefinite; it is unclear as to where this distal portion would be on said masking ring.

In claim 7, lines 1 and 2, "...a distal portion..." is indefinite, it is unclear as to what part of the gastro tube defines a distal portion (i.e. when inserted in a patient is the distal end the end nearer the outside or the end nearer to the inside of the body).

Claim 7 recites the limitation "...said masking..." in line 2. There is insufficient antecedent basis for this limitation in the claim.

In claim 7, line 2 and 3 "...said tube..." is indefinite, it is unclear as to which tube is being referenced (i.e. the collapsible tube or the gastro tube).

In claim 8, line 2, "...said distal portion..." is indefinite; it is unclear as to what portion of the masking ring is the distal portion.

In claim 9, line 3, "...said distal portion..." is indefinite; it is unclear as to what portion of the masking ring is the distal portion.

CKI0094878

Application/Control Number: 09/413,970  Page 6
Art Unit: 3761

Claim 11 recites the limitation "...said lateral hinges..." in lines 3 and 6. There is insufficient antecedent basis for this limitation in the claim.

In claim 13, line 7, "...smaller-diameter..." is indefinite, it is unclear as to what the two like airway tubes have a smaller-diameter than what (i.e. the gastro-tube).

In claim 13, line 9, "...within a masking region..." is indefinite, it is unclear as to what is meant by within a masking region.

In claim 13, line 11, "...said masking region..." is indefinite; it is unclear as to what area the masking region is.

In claim 13, line 14, "...said masking region..." is indefinite; it is unclear as to what area the masking region is.

Claim 13 recites the limitation "...the distal region of said masking ring..." in lines 16 and 17. There is insufficient antecedent basis for this limitation in the claim.

Claim 14 recites the limitation "...the open end within the masking region..." in line 2. There is insufficient antecedent basis for this limitation in the claim.

In claim 14, line 4, "...the distal direction throughout traverse of said inner space..." is indefinite; it is unclear as to what is meant by the distal direction throughout traverse of said inner space.

In claim 15, line 3, "...the location of sealed proximal entrance..." is indefinite; it is unclear as to what is being claimed.

Claim 15 recites the limitation "...the distal region of said masking ring..." in line 4. There is insufficient antecedent basis for this limitation in the claim.

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094879

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

Application/Control Number: 09/413,970  
Art Unit: 3761

Page 7

In claim 16, line 2, "...relatively great wall thickness..." is indefinite, it is unclear as to what is meant by relatively great wall thickness.

Claim 16 recites the limitation "...the proximal region of said masking ring..." in line 2. There is insufficient antecedent basis for this limitation in the claim.

Claim 16, line 3, "...of relatively thin wall thickness..." is indefinite, it is unclear as to what is meant by relatively thin wall.

Claim 16 recites the limitation "...the distal region of said inflatable/deflatable masking ring..." in lines 4 and 5. There is insufficient antecedent basis for this limitation in the claim.

Claim 16 recites the limitation "...said distal region..." in line 5. There is insufficient antecedent basis for this limitation in the claim.

Claim 17 recites the limitation "...the anterior side..." in line 3. There is insufficient antecedent basis for this limitation in the claim.

In claim 17, line 4, "...the anterior direction..." is indefinite, it is unclear as to what direction is meant by anterior direction (i.e. if the anterior is to the front, what is the front direction).

In claim 18, line 11, "...a distal region of said mask..." is indefinite; it is unclear as to what is the distal end of the mask.

In claim 19, lines 3 and 4, "...transversely spaced portions of the masking ring..." is indefinite; it is unclear as to how the masking ring can have transversely spaced portions.

CKI0094880

Application/Control Number: 09/413,970  Page 8
Art Unit: 3761

In claim 21, line 2, "...a distal portion of said masking ring..." is indefinite; it is unclear as to where this distal portion actually is located on the masking ring.

Claim 21 recites the limitation "...the exterior surface..." in line 3. There is insufficient antecedent basis for this limitation in the claim.

Claim 21 recites the limitation "...said lip portion..." in line 5. There is insufficient antecedent basis for this limitation in the claim.

In claim 25, line 2, "...opposite sides of a geometric plane of lateral symmetry..." is indefinite, it is unclear as to what is being claimed.

Claim 26 recites the limitation "...the distally facing outer surface..." in line 2. There is insufficient antecedent basis for this limitation in the claim.

Claim 27 recites the limitation "...the adjoining outer surface..." in line 2. There is insufficient antecedent basis for this limitation in the claim.

In claim 27, line 3, "...a distal region..." is indefinite, it is unclear as to where the distal region is located on the inflatable/deflatable masking ring.

Claim 29 recites the limitation "...said lateral hinges..." in line 3. There is insufficient antecedent basis for this limitation in the claim.

Claim 29 recites the limitation "...the exterior surface..." in line 4. There is insufficient antecedent basis for this limitation in the claim.

Claim 29 recites the limitation "...the interior surface..." in line 5. There is insufficient antecedent basis for this limitation in the claim.

Claim 29 recites the limitation "...the base..." in line 5. There is insufficient antecedent basis for this limitation in the claim.

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094881

Application/Control Number: 09/413,970 Page 9
Art Unit: 3761

Claim 29 recites the limitation "...said lateral hinges..." in line 6. There is insufficient antecedent basis for this limitation in the claim.

In claim 33, line 5, "...when to obstruct..." is indefinite, it is unclear as to what is actually being claimed.

Claim 33 recites the limitation "...the distal region..." in line 13. There is insufficient antecedent basis for this limitation in the claim.

Claim 35 recites the limitation "...the proximal region..." in lines 2 and 3. There is insufficient antecedent basis for this limitation in the claim.

Claim 35 recites the limitation "...the included inner space..." in line 4. There is insufficient antecedent basis for this limitation in the claim.

Claim 35 recites the limitation "...said inner space..." in line 5. There is insufficient antecedent basis for this limitation in the claim.

Claim 38 recites the limitation "...the proximal portions..." in line 1. There is insufficient antecedent basis for this limitation in the claim.

Claim 38 recites the limitation "...the proximal portions..." in line 3. There is insufficient antecedent basis for this limitation in the claim.

Claim 38 recites the limitation "...the proximal end..." in line 4. There is insufficient antecedent basis for this limitation in the claim.

Claim 38 recites the limitation "...said proximal portions..." in line 5. There is insufficient antecedent basis for this limitation in the claim.

Claim 39 recites the limitation "...the proximal side..." in lines 13-15. There is insufficient antecedent basis for this limitation in the claim.

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094882

Application/Control Number: 09/413,970                                                      Page 10
Art Unit: 3761

Claim 40 recites the limitation "...said portion..." in line 1. There is insufficient antecedent basis for this limitation in the claim.

In claim 40, line 2, "...closed at its posterior side ..." is indefinite; it is unclear as to what is closed at its posterior side (i.e. the gastro-tube).

Claim 41 recites the limitation "...said portion..." in line 1. There is insufficient antecedent basis for this limitation in the claim.

Claim 41 recites the limitation "...the distal end..." in line 2. There is insufficient antecedent basis for this limitation in the claim.

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless --

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

Claims 1-5, 13-20, and 39-41 are rejected under 35 U.S.C. 102(b) as being anticipated by Brain (5,241,956).

Brain in a laryngeal-mask airway system (the claim as best understood by the examiner) discloses an expandable mask (Figs. 1-7, #10, 30, 43) including a generally elliptical inflatable/deflatable masking ring (Figs. 1-7, #18, 33, 44) for sealingly surrounding a laryngeal inlet when expanded to obstruct communication between a laryngeal inlet and oesophagus (Col. 5, lines 1-10); one or more airway tubes (Figs. 1-9, #11, 31, 40, 41) connected to said mask to provide a fluid flow-path from the exterior of a patient to a portion of said mask arranged to communicate with a laryngeal inlet when

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094883

Application/Control Number: 09/413,970    Page 11
Art Unit: 3761

said mask sealingly surrounds a laryngeal inlet (Fig. 1, #11, 10); and a gastro-tube (Figs. 1-9, 23, 35, 36, 46) connected to said mask to provide a fluid flow-path to a portion of said mask facing a oesophagus when said mask sealingly surrounds a laryngeal inlet (Fig. 1, #10, 23) said gastro-tube (Figs. 1-9, #23, 35, 36, 46) and said one or more airway tube (Figs. 1-9, #11, 31, 40, 41) being hermetically sealed in side-by-side abutting adjacency to one another and to said mask so as to define an inner space (Fig. 8, illustrated below) between transversely spaced walls of said masking ring and said gastro-tube and airway tube and to obstruct fluid flow between a oesophagus and trachea (Figs. 1-9, #10, 30, 43, 23, 35, 36, 46, 11, 31, 40, 41).

With respect to claim 2, Brain discloses wherein said airway tube comprises a pair of airway tubes (Figs. 8, 9, #40, 41) laterally disposed on opposite sides of said gastro-tube (Figs. 8, 9, #46).

With respect to claim 3 (As best understood by the examiner), Brain discloses wherein each of said one or more airway tubes (Fig. 8, #40, 41) has a distal end (Fig. 8, illustrated below thereof truncated at an angle to the longitudinal axis of the tube to define an elongated opening facing towards said inner space, the portions of the said one or more airway tubes (Fig. 8, #40, 41) adjacent the said opening thereof being sealed to said masking ring (Fig. 8, #44) and to said gastro-tube (Fig. 8, #46).

With respect to claim 4, the gastro tube of Brain is fully capable of the cross-sectional area of said gastro-tube being greater that that of one or more airway tubes based on Brain disclosing that all three tubes may be of the same internal diameter, or

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094884

Application/Control Number: 09/413,970  
Art Unit: 3761

Page 12

of such relative proportions as to serve particular special-purpose applications (Col. 6, lines 65-68 and Col. 7, lines 1-4).

Claim 5 is equivalent in scope to claim 4 discussed above and is included in Brain.

Claims 13-20, and 39 (as best understood by the examiner) are equivalent in scope to claims 1-4 discussed above and are included in Brain.

With respect to claim 40 (as best understood by the examiner), Brain discloses wherein a portion of said gastro tube provides a curvilinear gutter (Fig. 9, illustrated below).

With respect to claim 41 (as best understood by the examiner), Brain discloses wherein said air tube provides elongated opening extending proximally from a distal end of said air tube (Fig. 8, at #47).

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094885

Application/Control Number: 09/413,970     Page 13
Art Unit: 3761



### Claim Rejections - 35 USC § 103

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094886

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

Application/Control Number: 09/413,970    Page 14
Art Unit: 3761

**Claims 6, 7, and 21-23 are rejected under 35 U.S.C. 103(a) as being unpatentable over Brain ('956) in view of Hakki et.al (5,569,219).**

The difference between Brain and claim 6 is wherein a collapsible tube extends through a distal portion of said mask ring.

Hakki et.al in a collapsible catheter teaches a collapsible naso-gastric tube (Figs. 7-9, #50) providing a tube and which can be at least partially stiffened or flaccid when desired, thus minimizing the incidence of infection and reducing the pain or discomfort a patient experiences during use (Col. 4, lines 64-67 and Col. 5, lines 1 and 2).

It would have been obvious to modify the tube of Brain to employ any well known collapsible tube because it would have provided a tube which could be at least partially stiffened or flaccid when desired, thus minimizing the incidence of infection and reducing the pain or discomfort a patient experiences during use.

With respect to claim 7, Hakki et.al teaches a distal portion of a gastro-tube (Figs. 7-9, #50).

Claims 21-23 are equivalent in scope to claims 1, 4 and 6 discussed above and are included in Brain '956 modified by Hakki et.al.

**Claims 33-38 are rejected under 35 U.S.C. 103(a) as being unpatentable over Brain ('956) as applied to claims 1-4 above, and further in view of Brain (5,355,879).**

The difference between Brain '956 and claim 33 is an inflatable cover positioned on the posterior side of said airway tube and said gastro-tube.

CKI0094887

Application/Control Number: 09/413,970 Page 15
Art Unit: 3761

Brain '879 teaches an inflatable cover (Fig. 2-5, #33, 34, 40, 50) providing an improved laryngeal-inlet sealing at reduced inflation pressure, and in general to avoid or materially reduce any chance of patient trauma by reason of installation or use of a laryngeal mask (Col. 1, lines 64-68 and Col. 2, lines 1 and 2).

It would have been obvious to modify the mask of Brain '956 to employ any well known inflatable cover because it would have provided a mask with an improved laryngeal-inlet sealing at reduced inflation pressure, and reduce any chance of patient trauma when inserting and use of the mask including the cover taught by Brain '879.

With respect to claim 34, Brain '879 teaches two inflation tubes (Fig. 2A, #19, 19') extending exterior of a patient (Fig. 1, #19) and connecting to a inflatable mask and said flexible cover for providing air flow to and from said mask and cover for inflating and deflating the same (Col. 3, lines 38-47)

Claim 35 is equivalent in scope to claims 1-4 discussed above and are included in Brain '956 modified by Brain '879.

With respect to claim 36 Brain '879 teaches wherein said cover is elastomeric (Col. 3, lines 28-37, Col. 4, lines 4-7 and lines 20-25).

With respect to claim 37 (as best understood by the examiner), Brain '879 teaches wherein said cover is sized so that when said mask is deflated, said cover lies in juxtaposition with underlying portions of said masking ring, said airway tube and said gastro-tube without folding portions of said cover (Figs. 2A-5, #33, 34, 50).

With respect to claim 38 (as best understood by the examiner), Brain '879 teaches wherein proximal portions of said cover (Fig. 2A-5, #33, 34, 40, 50) are bonded

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094888

Application/Control Number: 09/413,970                                                    Page 16
Art Unit: 3761

to said masking ring (Fig. 1-2A, #18) in regions closely adjacent proximal portion of said airway tube (Fig.1-2A, 4 and 5 #11) and gastro-tube (Fig. 5, #51) and extending distally of a proximal end of said masking ring (Figs. 1-2A, 3, 5, #18) to prevent ballooning os said proximal portions of said cover when the cover is inflated (Col. 4, lines 50-64).

### *Conclusion*

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure. The balance of art is cited to show laryngeal-mask airway systems and collapsible tubes Brain 5,682,880, Callaghan et.al Re. 35,531, Kinsinger et.al 5,623,921, Brain 5,632,271, Brain 5,282,464, Brain 4,995,388, Brain 5,584,290, Vaillancourt 4,798,597, Watson et.al 4,446,864, and Brain 5,305,743.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Teena K Mitchell whose telephone number is (703) 308-4016. The examiner can normally be reached on Monday-Thursday 6:30 AM to 5:00 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, John Weiss can be reached on (703) 308-2702. The fax phone numbers for the organization where this application or proceeding is assigned are (703) 305-3590 for regular communications and (703) 305-3590 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Patent Analyst, Sharon Thornton whose telephone number is (703) 305-3001.

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY                                        CKI0094889

Application/Control Number: 09/413,970  
Art Unit: 3761

Page 17

TKM  
March 26, 2001

*[signature]*  
John G. Weiss  
Supervisory Patent Examiner  
Group 3700

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094890

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| **Notice of References Cited** | | 09/413,970 | JEREMY BRAIN, ARCHIBALD I |
| | | Examiner | Art Unit | |
| | | Teena K Mitchell | 3761 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification | |
|---|---|---|---|---|---|---|
| | A | US-5,682,880- | 11-1997 | Brain | 128 | 207.15 |
| | B | US-Re.35,531- | 06-1997 | Callaghan et.al | 128 | 207.15 |
| | C | US-5,623,921- | 04-1997 | Kinsinger et.al | 128 | 200.26 |
| | D | US-5,632,271- | 05-1997 | Brain | 128 | 207.15 |
| | E | US-5,569,219- | 10-1996 | Hakki et.al | 604 | 282 |
| | F | US-5,241,956- | 09-1993 | Brain | 128 | 207.15 |
| | G | US-5,355,879- | 10-1994 | Brain | 128 | 207.15 |
| | H | US-5,305,743- | 04-1994 | Brain | 128 | 207.15 |
| | I | US-5,282,464- | 02-1994 | Brain | 128 | 207.15 |
| | J | US-4,995,388- | 02-1991 | Brain | 128 | 207.15 |
| | K | US-5,584,290- | 12-1996 | Brain | 128 | 207.15 |
| | L | US-4,798,597- | 01-1989 | Vaillancourt | 604 | 270 |
| | M | US-4,446,864- | 05-1984 | Watson et.al | 128 | 207.15 |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)       Notice of References Cited       Part of Paper No. 4

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094891