# EXHIBIT 11



**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/315,012 | 05/20/99 | STEBBINGS | 104706.121 |

024395                       TM02/0920
HALE & DORR LLP
THE WILLARD OFFICE BUILDING
1455 PENNSYLVANIA AVE, NW
WASHINGTON DC 20004

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2161 | |

DATE MAILED:    09/20/01

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev.11/00)                                                                 1- File Copy

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY                                  CKI0095201

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 09/315,012 | STEBBINGS, DAVID W. |
| | Examiner | Art Unit |
| | Jalatee Worjloh | 2161 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☐ Responsive to communication(s) filed on _____.
2a) ☐ This action is **FINAL**.   2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-13</u> is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>1-13</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☒ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on <u>20 May 1999</u> is/are: a) ☐ accepted or b) ☒ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved by the Examiner.
    If approved, corrected drawings are required in reply to this Office action.
12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All  b) ☐ Some * c) ☐ None of:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.
14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
    a) ☐ The translation of the foreign language provisional application has been received.
15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☒ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s) <u>4,5,8</u>.
4) ☐ Interview Summary (PTO-413) Paper No(s). _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other:

U.S. Patent and Trademark Office
PTO-326 (Rev. 04-01)   Office Action Summary   Part of Paper No. 10

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY    CKI0095202

Application/Control Number: 09/315,012                                                          Page 2
Art Unit: 2161

### DETAILED ACTION

1.  Claims 1-13 have been examined.

*Drawings*

2.  The drawings are objected to because "Figure 24 label" and "item number 63" are not visible. Correction is required.

3.  Applicant is required to submit a proposed drawing correction in reply to this Office action. However, formal correction of the noted defect can be deferred until the application is allowed by the examiner.

*Specification*

4.  Applicant is reminded of the proper language and format for an abstract of the disclosure.

The abstract should be in narrative form and generally limited to a single paragraph on a separate sheet within the range of 50 to 250 words. It is important that the abstract not exceed 250 words in length since the space provided for the abstract on the computer tape used by the printer is limited. The form and legal phraseology often used in patent claims, such as "means" and "said," should be avoided. The abstract should describe the disclosure sufficiently to assist readers in deciding whether there is a need for consulting the full patent text for details.

The language should be clear and concise and should not repeat information given in the title. It should avoid using phrases which can be implied, such as, "The disclosure concerns," "The disclosure defined by this invention," "The disclosure describes," etc.

5.  The specification is objected to because the word "or" on page 28, line 7 is misspelled. Correction is required.

*Claim Rejections - 35 USC § 112*

6.  The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

7.  Claims 11 and 13 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY                                            CKI0095203

Application/Control Number: 09/315,012      Page 3
Art Unit: 2161

8. The steps, which go to make up the method, must be clearly and positively specified. The steps must be organized and correlated in such a manner as to present a complete operative method.

*Claim Rejections - 35 USC § 103*

9. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

10. Claims 1,2,4-6,8-10,12 are rejected under 35 U.S.C. 103(a) as being unpatentable over U.S. Patent Number: 5572589 to Waters et al., and International Publication Number: WO98/08180 to Sollish et al. Waters et al. discloses reading the mixed data from said media (see col. 8, lines 13-14), detecting the predetermined errors from the mixed data (see col. 3, line 67, col. 4 lines 1-2 and col. 7, line 9), and authenticating the at least one of the media (see fig. 3, step 24). Waters does not expressly disclose comparing the predetermined errors to the at least one authentication key or component thereof, authenticating the data in the mixed data responsive o the comparing step, removing the predetermined errors form the mixed data via a decoding operation resulting in substantially the data, and outputting the data as a t least one of audio, video, audio data, video data and digital data substantially free of the predetermined errors. However, Sollish et al. discloses comparing the predetermined errors to the at least one authentication key or component thereof (see pg. 36, lines 24-25), authenticating the data in the mixed data responsive to the comparing step (see pg. 16, lines 12-13), removing the

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY      CKI0095204

Application/Control Number: 09/315,012 Page 4
Art Unit: 2161

predetermined errors from the mixed data via a decoding operation resulting in substantially the data (see pg. 16, lines 17-19), and outputting the data as at least one of audio, video, audio data, video data and digital data substantially free of the predetermined errors (see pg. 42, lines 14-15). At the time the invention was made, it would have been obvious to a person of ordinary skill in the art to develop a system that reads mixed data from a media, detect its predetermined errors, compare the predetermined errors to the authentication key or component, remove the predetermined errors, and output the data as either audio, video, audio data, video data, or digital data free of predetermined errors. One of ordinary skill in the art would have been motivated to do this because it prohibits unauthorized copying of media data (see Sollish, pg. 16, lines 21-22).

Referring to claims 2, Waters et al. discloses predetermined errors comprise of on-off binary codes representing ones and zeros to represent a predetermined pattern (see col. 3, lines 50-52 and 56-61) usable as the at least one authentication key or component thereof (col. 4, lines 42-46).

Referring to claim 4, Waters et al. discloses the step of embedding both predetermined errors and data onto a data disc on at least one of a per track basis and on an interval basis throughout the disc (see col. 1, lines 55-56). Also, Waters et al. reveals that authentication is performed at least for at least one of each track to be played, throughout playback and recording (see col. 3, lines 50-61,66 and col. 4, lines 1-2).

Referring to claim 5, Waters et al. discloses the step of authenticating using a different authentication key for each track (see col. 3, lines 50-52 and col. 4, lines 42).

Referring to claim 6, Sollish et al. discloses the step of a process defined in at least one of the configuring, intentionally embedding, introducing and outputting steps as performing a

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0095205

Application/Control Number: 09/315,012 Page 5
Art Unit: 2161

method using multi-level authentication system containing at least two different authentication keys, each of which successively must be authenticated before said corrected data is finally outputted (see pg. 42, line 11-15).

Referring to claims 8, Waters et al. discloses the step authenticating the at least one of the media and the data, wherein the media is at least one of read from and recorded to at least one of a disc player, a disc recorder, a computer, a work station and a network of computers (see fig. 3, step 24).

Referring to claim 9, Sollish et al. discloses the step of decoding or decrypting the mixed data from said media (see pg. 42, line 12).

11. Claim 3 is rejected under 35 U.S.C. 103(a) as being unpatentable over Sollish et al. and Waters et al. as applied to claim1 above, and further in view of U.S. Patent Number 5832438 to Bauer. Sollish et al. discloses the predetermined errors used as the at least one authentication key or component thereof (see pg. 31, lines 20-22). Sollish et al. does not expressly disclose the method converting the data to a stereo analog signal. However, Bauer discloses the method of converting the data to a stereo analog signal (see col. 4, lines 23-25). At the time the invention was made, it would have been obvious to a person of ordinary skill in the art to develop a system that converts the data to a stereo analog signal, and to use the predetermined errors as the at least one authentication key or component thereof. One of ordinary skill in the art would have been motivated to do this because a digital-to-analog converter reads the encrypted data from the recording medium and transforms it into audio signals that can be used by the amplifier of a conventional stereo sound system.

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0095206

Application/Control Number: 09/315,012                                    Page 6
Art Unit: 2161

12. Claim 7 is rejected under 35 U.S.C. 103(a) as being unpatentable over Waters et al., and Sollish et al. as applied to claim1 above, and further in view of U.S. Patent Number 6047103 to Yamauchi et al. Yamauchi et al. discloses the step of at least one of performing said method over at least one of a plurality of inter-connected computer networks comprising at least one of a local network, a global network, and the Internet (see col.41, lines 16-26). At the time the invention was made, it would have been obvious to a person of ordinary skill in the art to develop a system utilizes the method indicated by Yamauchi et al., i.e. performing the above steps indicated in claim 1 over a plurality of inter-connected computer networks. One of ordinary skill in the art would have been motivated to do this because local network, global network and the Internet are very prevalent in the art.

*Conclusion*

13. The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.
U.S. Patent Number 5659613 to Copeland et al.
U.S. Patent number 6081897 to Bersson

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Jalatee Worjloh whose telephone number is 703-305-0057. The examiner can normally be reached on Mondays-Thursdays 8:30 - 7:00.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, James Trammell can be reached on 703-305-9768. The fax phone numbers for the

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY                                    CKI0095207

Application/Control Number: 09/315,012 Page 7
Art Unit: 2161

organization where this application or proceeding is assigned are 703-746-7239 for regular communications and 703-746-7238 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is 703-305-3900.

\*\*\*
September 10, 2001

JAMES P. TRAMMELL
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2100

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0095208