**EXHIBIT 16**

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/849,273 | 05/07/2001 | Edward A. Belbruno | 110347-302US2 | 9761 |

24395    7590    03/27/2002
HALE & DORR LLP
THE WILLARD OFFICE BUILDING
1455 PENNSYLVANIA AVE, NW
WASHINGTON, DC 20004

| EXAMINER |
|---|
| GIBSON, ERIC M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3661 | |

DATE MAILED: 03/27/2002

#17

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094718

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 09/849,273 | BELBRUNO, EDWARD A. |
| | Examiner | Art Unit |
| | Eric M Gibson | 3661 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>18 June 2001</u>.
2a) ☐ This action is **FINAL**.  2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>31-46</u> is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>31-46</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☒ The specification is objected to by the Examiner.
10) ☒ The drawing(s) filed on <u>07 May 2001</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved by the Examiner.
    If approved, corrected drawings are required in reply to this Office action.
12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All  b) ☐ Some * c) ☐ None of:
       1. ☐ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____.
       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.
14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
    a) ☐ The translation of the foreign language provisional application has been received.
15) ☒ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s). <u>4</u>.
4) ☐ Interview Summary (PTO-413) Paper No(s). _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____.

U.S. Patent and Trademark Office
PTO-326 (Rev. 04-01)  Office Action Summary  Part of Paper No. 6

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY    CKI0094719

Application/Control Number: 09/849,273
Art Unit: 3661

Page 2

## DETAILED ACTION

### Information Disclosure Statement

1. Reference 5,067,672 (Bouzat) has been incorrectly listed on the IDS as 6,067,672. The Examiner has changed this to the correct number. The applicant is strongly urged to make this correction in any further applications to the office.

2. References 5,507,454 (Dulck) and 5,158,249 (Uphoff) have been included on sheet 1 and sheet 2 of the IDS. Therefore, the second iterations of these references on sheet 2 have been crossed off. References Belbruno et al., 1993 "Sun-Perturbed Earth to Moon Transfers with Ballistic Capture" and Belbruno, 1994 "Ballistic Lunar Capture Transfers Using the Fuzzy Boundary and Solar Perturbations: A Survey" have also been included on sheet 1 and sheet 3 of the IDS. The second iterations of the references on sheet 3 have been crossed off.

3. International Preliminary Examination Report of PCT/US98/08247 has been crossed off as it does not constitute a prior art document *per se*, but is used in determining the relevance of the documents listed therein.

### Specification

4. The abstract of the disclosure is objected to because it is greater than 25 lines in length and does not describe the particular embodiment of the invention. Correction is required. See MPEP § 608.01(b).

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094720

Application/Control Number: 09/849,273
Art Unit: 3661

Page 3

5. The disclosure is objected to because of the following informalities: On page 1 of the specification, please update U.S. Application No. 09/306,793 to indicate that it has issued as Patent No. 6,253,124.

6. The numbering of claims is not in accordance with 37 CFR 1.126 which requires the original numbering of the claims to be preserved throughout the prosecution. When claims are canceled, the remaining claims must not be renumbered. When new claims are presented, they must be numbered consecutively beginning with the number next following the highest numbered claims previously presented (whether entered or not).

    a. There are two distinct claims numbered 36. The second iteration of claim 36 has been changed to 37.

    b. Misnumbered claims 37-45 have been renumbered 38-46. Thus, claims 31-46 are now pending.

### *Claim Objections*

7. Claim 40 is objected to because of the following informalities: In line 2, --is-- needs to be put between "the at least one of the WSB or the WSB orbit" and "substantially" in order for proper grammar. Appropriate correction is required.

### *Claim Rejections - 35 USC § 112*

The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094721

Application/Control Number: 09/849,273   Page 4
Art Unit: 3661

8. Claim 32 is rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

   a. Claim 32 appears to leave out the first step, namely (a), and proceeds to list only (b) and (c). This puts the scope of the claim in doubt since it is not known what limitations may be covered in the apparently missing step. If there is no intention to include a step (a), then the Examiner suggests changing (b) and (c) to (a) and (b) in order to eliminate the confusion arising from the claim as it now appears.

### Claim Rejections - 35 USC § 103

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

9. Claims 31-34, 39-42, and 44-46 are rejected under 35 U.S.C. 103(a) as being unpatentable over Belbruno, 1994 "Ballistic Lunar Capture Transfers Using the Fuzzy Boundary and Solar Perturbations: A Survey", *J. Brit. Interplanetary Soc.*, Vol. 47 (2), pages 73-80 and the well-known, conventional method of Hohmann transfers.

   a. As per claims 31-34, and 44-46 the claimed method, system or computer program differs from the conventional method of capture using Hohmann transfers only in that the target is the WSB or WSB orbit rather than a moon or earth orbit. The method of using Hohmann transfers has been well known in the art since the 1920's. It involves

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094722

Application/Control Number: 09/849,273　　　　　　　　　　　　　　　　Page 5
Art Unit: 3661

a direct and quick flight from the gravitational influence of one body to the gravitational influence of another, i.e. the gravitational interaction is a two-body problem between the spacecraft and the body of influence. Using a Hohmann transfer is a well-known and often used method of orbital transfer to return the spacecraft from one orbit to another (see Belbruno, 1994 "Ballistic Lunar Capture Transfers Using the Fuzzy Boundary and Solar Perturbations: A Survey", *J. Brit. Interplanetary Soc.*, Vol. 47 (2), pages 73-80 and Belbruno, 1994 "The Dynamical Mechanism of Ballistic Lunar Capture Transfers In the Four-Body Problem From the Perspective of Invariant Manifolds and Hills Regions", *The Geometry Center, University of Minnesota.*, No. 270, pages 1-24 as exemplary for the knowledge of the conventional practice of Hohmann transfers). The existence of the WSB (or fuzzy boundary) was discovered by Belbruno in 1986. Targeting the spacecraft to the WSB or WSB orbit rather than a direct moon or earth orbit would have been obvious to one of ordinary skill in the art, at the time of invention, in order to take advantage of the smaller energies associated with escape and capture that exist at the WSB or WSB orbit. Typical Hohmann transfers use a large amount of propellant to slow the spacecraft down in order to reach the parking orbit. By targeting the WSB or WSB orbit rather than the direct parking orbit, the amount of propellant needed to slow the spacecraft down and allow it to then make a minimal change at the WSB or WSB orbit to enter capture or ejection, is significantly reduced, thereby saving money and extending mission life.

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY　　　　　　　　　　　CKI0094723

Application/Control Number: 09/849,273  
Art Unit: 3661

Page 6

  b. As per claim 39, the properties of the WSB are that it is nonlinear and at the boundary between escape and capture, wherein a negligible maneuver can lead to either escape or capture. Therefore this limitation is satisfied by definition.

  c. As per claim 40, the properties of the WSB define it as the boundary between capture and escape wherein a particle feels the gravitational attraction of the central body and the other perturbations in a nearly equal fashion and the particle can be pulled away from the central body by the other perturbations due to the nonlinear dynamics in the WSB region. In the Earth-Moon system, the sun is a known source for other gravitational perturbations.

  d. As per claim 41, this limitation is satisfied by definition of the WSB region.

  e. As per claim 42, an orbit (by mathematical definition) is inherently either elliptic or parabolic.

10. Claims 35-37 are rejected under 35 U.S.C. 103(a) as being unpatentable over Belbruno as applied to claim 34 above, and further in view of Krish et al.; "An Investigation into Critical Aspects of a New Form of Low Energy Lunar Transfer, the Belbruno-Miller Trajectories", AIAA-92-4581-CP, 1992 AIAA Astrodynamics Conference, 10-12 August 1992, pages 435-444.

  a. As per claims 35 and 36, Belbruno teaches the invention as explained in the rejection of claim 34. Belbruno does not specify a negligible maneuver of between 2-20 m/s. Krish teaches using small trajectory correction maneuvers of ~10 m/s in WSB or WSB orbits in order to stabilize the orbit or to accommodate return (p. 436).

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094724

Application/Control Number: 09/849,273  
Art Unit: 3661

Page 7

    b.    As per claim 37, Belbruno teaches the invention as explained in the rejection of claim 34. Belbruno does not teach specifying a predetermined velocity in order to define a predetermined eccentricity. Krish teaches the background for the target procedures in WSB or WSB orbit, wherein an initially determined eccentricity is realizable through controlling the injection velocity (p. 440).

11.    Claims 38 and 43 are rejected under 35 U.S.C. 103(a) as being unpatentable over Belbruno as applied to claim 34 above, and further in view of Belbruno E.A., Miller J.K.; "Sun-Perturbed Earth-to-Moon Transfers with Ballistic Capture", *Journal of Guidance Control and Dynamics*, August 1993 (1993-08), Vol. 16 (4), pages 770-775.

    a.    As per claim 38, Belbruno teaches the invention as explained in the rejection of claim 34. Belbruno does not specify that the method takes anywhere from 6 to 88 days. The conventional practice of Hohmann transfer has a three day flight time for lunar insertion and correspondingly another three days for return. As shown by Belbruno and Miller on page 775, implementing a BCT from the earth to the WSB is on the order of 3-5 months. So, if in the quickest possible scenario, two Hohmann transfers were implemented, then the method would perform the steps in 6 days. A combination of a Hohmann transfer with a BCT would accordingly take place in more time than just a Hohmann transfer and in less time than a BCT alone. It would have been obvious to one of ordinary skill in the art, at the time of invention, to perform the method in 6 – 88 days, as 6 days is the quickest possible implementation, accomplished by two Hohmann transfers, and a combination of Hohmann transfer and BCT would necessarily fall above this minimum, but under the time for a BCT alone.

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094725

Application/Control Number: 09/849,273                                Page 8
Art Unit: 3661

    b.    As per claim 43, Belbruno teaches the invention as explained in the rejection of claim 34. Belbruno does not state that the Kepler energy of the object is slightly negative. Belbruno and Miller teach on page 773 that the Keplarian energy of the object is negative.

*Conclusion*

12.    The prior art made of record and not relied upon is considered pertinent to applicant's disclosure. Koppel et al. (US006059233A) was cited in parent case 09/306,793, now US006253124B1, and was not included on the IDS filed 5/7/2001. Therefore, it has now been added to the file as a prior art document (a copy will not be included with this action, since it has already been provided with an Office Action in the parent case).

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Eric M Gibson whose telephone number is (703) 306-4545. The examiner can normally be reached on M-F.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, William Cuchlinski can be reached on (703) 308-3873. The fax phone numbers for the organization where this application or proceeding is assigned are (703) 305-7687 for regular communications and (703) 305-7687 for After Final communications.

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094726

Application/Control Number: 09/849,273    Page 9
Art Unit: 3661

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 308-1113.

EMG
March 21, 2002

WILLIAM A. CUCHLINSKI, JR.
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3600

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY                                    CKI0094727

| | Notice of References Cited | | Application/Control No. 09/849,273 | Applicant(s)/Patent Under Reexamination BELBRUNO, EDWARD A. | |
|---|---|---|---|---|---|
| | | | Examiner Eric M Gibson | Art Unit 3661 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-6,059,233 | 05-2000 | Koppel et al. | 244/158R |
| | B | US- | | | |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)              Notice of References Cited              Part of Paper No. 6

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY

CKI0094728