```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS


_____
                               )
COLOR KINETICS INC.            )
    Plaintiff,                 )
                               )
        v.                     )     03-CV-12491-MEL
                               )
TIR SYSTEMS LTD.               )
    Defendant.                 )
                               )
_____)
```

MEMORANDUM AND ORDER

LASKER, D. J.

In this patent infringement case, plaintiff Color Kinetics Inc. ("CK") moves for summary judgment against defendant TIR Systems Ltd. ("TIR") on the issue of CK's alleged inequitable conduct. The case involves eight patents pertaining to LED lighting technology. All the patents-in-suit are members of the same family of patents stemming from Patent No. 6,016,038 ("'038 Patent"). The '038 Patent application was filed on August 26, 1997, but after many of the claims were rejected on October 28, 1998 in light of Patent No. 5,420,482 ("Phares") and Patent No. 5,350,977 ("Hamamoto"). On January 15, 1999, CK canceled all the rejected claims.

In October 1999, CK filed a continuation application which subsequently became Patent No. 6,150,774 ("'774 Patent"). A continuation application includes a priority claim to the parent

1

application.  This entitled the continuation application, the '774 Patent, to be treated as if it had been filed on the same date as the parent application, the '038 Patent.

TIR alleges that CK, in filing the '774 application, (1) failed to inform the Patent Office that the claims in the '774 application had previously been presented in the '038 application and (2) had been rejected in view of the Phares and Hamamoto prior art.  TIR claims that CK procured the patents by fraud on the Patent Office by intentionally not disclosing material information.

CK responds that the contested information was not material and thus not required to be disclosed separately.  According to 37 C.F.R. §1.56(b):

> information is material to patentability
> when it is not cumulative to information
> already of record or being made of record
> in the application.

CK argues that, because the '774 application was a continuation of the '038 application, the information which TIR claims was not properly disclosed in the '774 application was cumulative to information already of record and thus no further disclosure was necessary.

I.

Proof of inequitable conduct requires clear and convincing evidence that the defendant "must have intended to deceive the [Patent and Trademark Office] by failing to disclose material

information." Braun Inc. v. Dynamics Corp. of Am., 975 F.2d 815, 822 (Fed. Cir. 1992). See also Union Pacific Resources Co. v. Chesapeake Energy Corp., 236 F.3d 684, 693 (Fed. Cir. 2001)("The two essential elements of inequitable conduct...must both be proven by clear and convincing evidence.").

The controversy in this case relates to what constitutes "material" information in the circumstances. TIR argues that the information CK withheld concerning the rejected claims in the '038 application was material to the patentability of the '774 application. TIR asserts that, according to §2001.06(b) of the Manual of Patent Examining Procedure ("MPEP"), the burden of presenting the examiner with a complete and accurate record of the patent history is on the patentee. TIR contends that CK failed in its duty to disclose the allegedly material information relating to the earlier rejections.

CK responds that the information was not material because "information is material to patentability when it is not cumulative to information already of record or being made of record in the application." 37 C.F.R. §1.56. See also Elk Corp. of Dallas v. GAF Building Materials Corp. et al., 168 F.3d 28, 31 (Fed. Cir. 1999)("an otherwise material reference need not be disclosed if it is merely cumulative of or less material than other references already disclosed."). CK submits that, as a matter of law, the identification of a continuation application

3

as such puts the Patent Office on notice of the parent applications and all references that were of record in the parent application. See <u>ATD Corp. v. Lydall, Inc.</u>, 159 F.3d 534, 547 (Fed. Cir. 1998). CK asserts that it made the Patent Office aware of the '038 Patent claims, its history, and references and that the examiner's rejection in the '774 application for double patenting over claims of the '038 Patent reflects the fact that the examiner was aware of substantially similar claims in the '038 application.

CK also presents the expert report of Charles Van Horn, who spent 31 years in the Patent Office. During his time with the Patent Office, he served as Administrator for Legislative and International Affairs, Deputy Assistant Commissioner for Patent Policy, Deputy Solicitor, Group Director for Patent Examining Group 120, Petitions Examiner, and Supervisory Patent Examiner. He was also involved with the drafting of the revisions to 37 C.F.R. §1.56 and MPEP §609 and Ch. 2000. Van Horn opines without qualification that the withheld information was cumulative to information already before the examiner and thus was not material information which needed to be disclosed separately.

TIR responds with the declaration of Lisa Dolak, who is a Professor of Law at Syracuse University College of Law. She previously was a professional consultant in patent litigation

matters, a Law Clerk to the Honorable Paul Michel of the Federal Circuit, and an Associate with the Technology and Intellectual Property Practice Group with Nixon, Hargrave, Devans & Doyle. Dolak points out that the MPEP does not require the examiner of a continuing application to review the file history of the parent application for anything other than pertinent prior art.

The penetrating and detailed report provided by Van Horn, who has extensive experience in the practices of the Patent Office, offers strong support for a finding that information in the parent application in not material because it is cumulative to information in the child application. Additionally, the Federal Circuit in ATD Corp. v. Lydall, Inc., clearly states that "it cannot be inequitable conduct for an applicant not to resubmit, in the divisional application, the information that was cited or submitted in the parent application." 159 F.3d at 547. The presumption is that information in the parent application is cumulative to information which is of record for the child application. CK therefore did not shirk its duty to disclose because there was no requirement to present information which was already in the parent application was material information which required additional disclosure.

*          *          *

TIR's claim of inequitable conduct fails for a second reason. Even if TIR had shown that CK did not meet its burden to

disclose information that was material to patentability, TIR still fails to establish the second necessary element of an inequitable conduct claim, to wit, that CK intended by its conduct to mislead the Patent examiner.

TIR argues that CK knew it possessed material information which it did not disclose, and that CK has not provided a credible explanation for the withholding. See Ferring B.V. v. Barr Laboratories, 437 F.3d 1181, 1191 (Fed. Cir. 2006)(inferring intent to deceive from the lack of a credible explanation). CK responds that TIR has provided no evidence of CK's intent to deceive the Patent Office.

On this issue, Van Horn's report illuminates the practices of the Patent Office and substantially supports a finding that if CK failed to disclose material information (although I find above that it did not), it was the accepted practice. There is no evidence that CK believed the information to be material and necessary for disclosure. See Allied Colloids Inc. v. American Cyanamid Co., 64 F.3d 1570, 1578 (Fed. Cir. 1995)("It is not inequitable conduct to omit telling the patent examiner information that the applicant in good faith believes is not material to patentability.") Intent to deceive cannot be presumed and TIR has failed to establish that CK intended to mislead the Patent Office.

Accordingly, CK's motion for summary judgment on inequitable

conduct is GRANTED and TIR's cross-motion for summary judgment is DENIED.

## II.

In light of the disposition on CK's motion for summary judgment on inequitable conduct, several other pending motions are rendered irrelevant. TIR's motion for bifurcation as an alternative is DENIED as there is no longer a need for a hearing on the inequitable conduct issue.

Through the depositions and subpoenas, TIR seeks information concerning its inequitable conduct claims. The need for such information is essentially mooted by the summary judgment disposition. Additionally, TIR filed its motion for summary judgment on the inequitable conduct issue and thereby implied that TIR had no need for further depositions or documents in connection with the inequitable conduct claim. See Filiatrault v. Comverse Tech., Inc., 275 F.3d 131, 138 (1st Cir. 2001)("The filing of the [summary judgment] motion constituted an acknowledgment by the plaintiff that he had sufficient knowledge of the situation, then and there, to justify asking the court to enter summary judgment in his favor....the making of such a motion almost invariably indicates that the moving party was not prejudiced by a lack of discovery."). To the extent that TIR seeks documents and depositions related to TIR's allegations of patent invalidity, TIR fails to show that the discovery it seeks

is reasonably calculated to lead to the discovery of admissible evidence. CK's motion for a protective order to preclude the depositions of six attorneys and quash eight subpoenas is therefore GRANTED.

TIR's motion for leave to amend its second amended answer and counterclaims addresses the issue of infection by the '774 Patent of the other patents-in-suit, but the problem of infection depends on a finding that CK committed inequitable conduct during the prosecution of the '774 Patent. In the absence of such a finding, TIR's motion for leave to amend is rendered irrelevant and is therefore DENIED.

      \*      \*      \*

It is so ordered.

Dated: February 8, 2007
    Boston, Massachusetts   /s/ Morris E. Lasker
                    U.S.D.J.