# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| COLOR KINETICS INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:03-cv-12491-MEL |
| TIR SYSTEMS LTD, | ) ) ) | |
| Defendant. | ) ) | |

## TIR'S EMERGENCY MOTION FOR AN EXTENSION OF EXPERT DISCOVERY

TIR respectfully moves the Court, on an expedited basis, (i) for an extension of expert discovery deadlines; (ii) for an expedited briefing schedule on this motion whereby CK's opposition is due by 6:00 pm on Friday, March 23, 2007. Color Kinetics ("CK") has indicated it opposes this motion. Because expert reports are currently due to be exchanged on March 28, 2007, TIR requests expedited consideration of this motion, and respectfully requests CK's opposition to this motion be due Friday, March 21, 2007.

TIR's expert Mr. Steven Carlson is unable to complete his opening expert report at this time because he must care for his ill father. TIR requests a two month extension of expert discovery with the condition that, after 30 days, on April 27, 2007, TIR will provide a status update on Mr. Carlson's circumstances and whether he can continue as TIR's expert. If the situation has stabilized by that time and he can continue, TIR requests the Court enter a schedule setting the deadline for opening expert reports as May 28, 2007, with rebuttal reports due June 28, 2007. If, however, the situation has not improved such that Mr. Carlson cannot continue as

TIR's expert, TIR respectfully requests that the Court revisit the issue of the schedule to allow TIR sufficient time to retain a new expert and for that expert to learn the case.

In support of this motion, TIR states the following:

1.     The Court has broad discretion in fashioning scheduling orders for the cases pending before it.  *See Levin v. Dalva Brothers, Inc.*, 459 F.3d 68 (1st Cir. 2006) ("Decisions regarding the management of the trial calendar and the courtroom proceedings are particularly within the province of the trial judge. . . ."); *MacNeil v. Americold Corp.*, 735 F.Supp. 32, 37 (D. Mass 1990) ("[J]udicial officers. . . have broad discretion to fashion discovery and scheduling orders. . . .").   TIR respectfully requests that given the exigent circumstances present in this case, the Court revise the current expert discovery schedule.

2.     TIR Systems, Ltd. retained its technical expert Mr. Steven Carlson, in September 2006, after its original expert passed away unexpectedly.  At that time, opening expert reports were to be exchanged on December 1, 2006.  (Carlson Decl. ¶¶ 1-2).  Mr. Carlson spent many hours learning the details of the eight patents, more than 100 asserted claims, and numerous prior art references so that he could render an opinion regarding the invalidity and non-infringement of those patents.

3.     In November 2006 Color Kinetics ("CK") made a formal objection to Mr. Carlson as an expert, and moved the Court for a protective order.  Expert discovery was stayed until resolution of CK's motion, because Mr. Carlson was not permitted to access confidential CK information necessary for him to render a complete opinion.  (Carlson Decl. ¶ 3).  CK's objections to Mr. Carlson were overruled on February 14, 2007 (D.I. 124), and that same week Mr. Carlson began reviewing the previously withheld confidential information.  (Carlson Decl. ¶ 4)

4. On February 19, just 5 days after expert discovery was resumed, Mr. Carlson's 88 year old father suffered a stroke. He was hospitalized until February 24th and Mr. Carlson, as his father's only immediate relative living in the vicinity, had to devote nearly all of his time to ensuring that his father was properly cared for in the hospital. Following his father's discharge from the hospital, Mr. Carlson continued to care for his father, with some assistance from his own children. (Carlson Decl. ¶ 5). Because of these circumstances, the parties moved the Court to extend the expert discovery deadlines, which the Court granted. (D.I. 128) According to the order, opening reports were to be exchanged on March 28, 2007, and rebuttal reports were to be exchanged April 30, 2007. As of February 25, the prognosis for Mr. Carlson's father was positive, and he believed he could reasonably complete his opening report by March 28th. (Carlson Decl. ¶ 6).

5. On March 1, 2007, Mr. Carlson's father suffered a second stroke, resulting in a fall. He was again hospitalized and underwent a complicated surgery. Mr. Carlson continued caring for his father. Then, Mr. Carlson himself was hospitalized on March 4, 2007 with pneumonia, which he contracted, in part, because of the strain caused by his father's illness. (Carlson Decl. ¶ 7-8).

6. Mr. Carlson's father remains hospitalized with an uncertain prognosis. Mr. Carlson spends every day with him in the hospital, ensuring he receives proper care. Should his father improve, he may be discharged from the hospital and able to move to a nursing home. However, Mr. Carlson would have to devote time to locating an appropriate facility and assisting his father in the transition. If he remains in the hospital, it is because he condition continues to be unstable. (Carlson Decl. ¶ 9).

7.      As a result of these events, Mr. Carlson has been unable to devote any meaningful amount of time to his work since February 19th, including his expert reports in this case. (Carlson Decl. ¶¶ 5-7, 10). Mr. Carlson has devoted a substantial amount of time to learning the patents, claims and prior art in this case, as well as drafting an invalidity report, and wishes to continue his work on this case. It is his understanding that within the next month, his father's doctors will be in a better position to gauge the likely course of his father's health. At that time, Mr. Carlson will be in a better position to determine whether he can continue to serve as expert in this case. (Carlson Decl. ¶ 11).

8.      Were it not for CK's ultimately overruled objection to Mr. Carlson as TIR's expert, expert reports would have been completed long before Mr. Carlson's father suffered a stroke. (Carlson Decl. ¶10).

## REQUEST FOR ORAL ARGUMENT

TIR Respectfully requests and expedited hearing or telephone conference on the earliest possible date consistent with the Court's calendar.

Respectfully submitted,

WILMER CUTLER PICKERING
  HALE AND DORR LLP

Dated: March 21, 2007        /s/ Calvin Walden
                             Mark G. Matuschak (BBO #543873)
                             mark.matuschak@wilmerhale.com
                             Wendy Haller Verlander (BBO # 652943)
                             wendy.haller@wilmerhale.com
                             60 State Street
                             Boston, MA 02109
                             Telephone: 617-526-6000

4

        S. Calvin Walden (admitted *pro hac vice*)
        calvin.walden@wilmerhale.com
        Alexandra McTague (admitted *pro hac vice*)
        alexandra.mctague@wilmerhale.com
        399 Park Avenue
        New York, NY 10021
        Telephone: 212-937-7200

        Attorneys for Defendant
        TIR SYSTEMS LTD.

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that I have conferred with opposing counsel and have attempted in good faith, but without success, to resolve or narrow the issues presented in the motion.

Dated: March 21, 2007                                                                 /s/ Calvin Walden____

## CERTIFICATE OF SERVICE

I hereby certify that today I caused a true and correct copy of this motion and the attached Exhibits to be served, by CM/ECF, on the following counsel of record:

> Matthew B. Lowrie
> Aaron W. Moore
> Emily A. Berger
> Lowrie, Lando & Anastasi, LLP
> Riverfront Office Park
> One Main Street
> Cambridge, MA 02142

Dated March 21, 2007                                                          ____/s/ Alexandra McTague___