IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED,<br><br>        Plaintiff<br><br>v.<br><br>TIR SYSTEMS LTD.,<br><br>        Defendant. | Civil Action No.: 03-cv-12491 (MEL) |

**COLOR KINETICS' OPPOSITION TO TIR'S EMERGENCY MOTION FOR
A SECOND EXTENSION OF EXPERT DISCOVERY**

Color Kinetics Incorporated ("Color Kinetics") hereby opposes the Motion for an Extension of Expert Discovery filed by TIR Systems Ltd. ("TIR"), Docket No. 129 and requests instead a more reasonable extension.

TIR's motion and memorandum represent a striking misrepresentation of the parties' interactions on this issue—in an apparent effort to make Color Kinetics look insensitive and to play on the sympathies of the Court—and omits the key facts that would explain TIR's true motivations (which would not support the requested extension).

Color Kinetics, having already agreed to a first extension of this due date because of Mr. Carlson's father's illness, offered to agree to a second extension, provided that this second extension was not open-ended and that TIR was not using the additional time to try to uncover and introduce new prior art many months after the close of the fact discovery period.

TIR ignored this proposal because it is not actually concerned with Mr. Carlson, the health of his father, or the actual time that might be required to complete the expert report but, instead, because it is seeking to delay this case while it completes the process of being acquired by Royal Philips Electronics N.V. (which it fails to mention at all it its papers), and to gain time

804132.1

to continue to search for prior art that might support a viable invalidity argument, as the art it has identified so far is manifestly inadequate to the task.

TIR's efforts to delay this case further and, in fact, <u>indefinitely</u>, should be denied. This effort to achieve a strategic litigation advantage by misusing the misfortunes of the father of TIR's own expert should be condemned, and certainly not rewarded.

## FACTUAL BACKGROUND

*The First Extension*

On February 14, 2007, the Court denied Color Kinetics' motion to prevent TIR from sharing Highly Confidential information designated by Color Kinetics with its proposed expert, Mr. Carlson. By prior agreement of the parties, that meant the opening expert reports were due on February 28, 2007. In other words, <u>TIR</u> had agreed that it would only need two weeks to complete Mr. Carlson's report after he was permitted to see the Highly Confidential information.

On February 16, 2007, TIR's counsel advised Color Kinetics' counsel in a telephone call that Mr. Carlson's father was ill and that TIR would need additional time to complete its report so that Mr. Carlson could help care for his father. Notably, this request <u>was several days earlier than the date on which Mr. Carlson now says that his father actually fell ill</u>. (See Declaration of Steven Carlson, ¶ 5.) It appears that TIR was, therefore, seeking a delay due to Mr. Carlson's father's illness <u>before the illness happened</u>.

Accepting TIR's representations concerning the father's illness, Color Kinetics agreed to a four week extension of the due date, to and including March 28, 2007. (<u>See</u> Docket No. 127.) The Court approved that extension on February 28, 2007.

*The Philips Acquisition*

In a press release dated March 13, 2007, TIR announced that it will be acquired by Royal Philips Electronics N.V., which includes a division known as Philips Lighting B.V. (collectively, "Philips"). (See Exhibit A.) According to the press release issued by TIR, the deal is expected to close in June of 2007. (Id.)

On March 13, 2007, immediately before the press release, Philips contacted Color Kinetics, stated that the pending acquisition was going to be announced, and stated that Philips was assuming control of this litigation immediately. (See Declaration of Peter Karol (attached as Exhibit B), ¶ 2.) Philips then requested that Color Kinetics agree to an immediate and indefinite stay due to an imminent case deadline, presumably the expert report deadline. (Id. ¶ 3.) According to Philips, if Color Kinetics would not agree to the stay, Philips would be forced to make public what it claimed was new prior art. (Id. ¶ 3.) Color Kinetics refused to stay the case. (Id. ¶ 3.)

Later that same day, Philips again asked Color Kinetics to agree to a stay and Color Kinetics again refused. (Id. ¶ 4.)

Only after failing to achieve a delay with threats did Philips change its tune, subsequently asserting that additional time was needed because the father of TIR's expert was ill. (Id. ¶ 5.) Color Kinetics, disinclined to believe that this new position was legitimate, especially because it had been raised only after the initial threats by Philips had failed, again refused to agree to modify the schedule. (Id. ¶ 5.)

The next morning, Color Kinetics also requested that Philips provide it with copies of the alleged new prior art. That request was ignored (id. ¶ 6.), putting into question whether this alleged prior art even exists.

*TIR's Request*

On March 19, 2007, nearly a week after the initial contact between Philips and Color Kinetics, and only nine days before the expiration of the first extension, counsel for TIR contacted Color Kinetics' counsel, asserting that TIR needed additional time to complete its expert report due to continued illness of Mr. Carlson's father.

TIR's proposed method of dealing with Mr. Carlson's difficulties is to institute a schedule in which TIR would provide a "status update" a month from the current deadline, i.e., April 27, 2007, "on whether Mr. Carlson will continue as TIR's expert." (TIR Proposed Order.)

If TIR decides after the additional thirty days that it will continue to use Mr. Carlson, the opening expert reports would be due <u>an additional thirty days</u> later, on May 28, 2007. This is the case even though (a) TIR has previously agreed that it would only need two weeks to complete the report after Mr. Carlson had seen the Highly Confidential information, (b) Mr. Carlson has already spent some amount of time reviewing the materials (<u>see</u> Carlson Declaration, ¶ 4), and, (c) as explained in more detail below, there is only a small amount Highly Confidential material that even might be relevant to Mr. Carlson's opening report on the issue of validity.

If, on the other hand, TIR reports at the end of April that Mr. Carlson is unable to proceed, the entire schedule would be "revisited" and TIR would be given an <u>unspecified</u> amount of time in which identify a new expert and start all over again. Last fall, when Color Kinetics challenged TIR's ability to share Highly Confidential information with Mr. Carlson, TIR maintained that it would need <u>three months</u> to find a new expert. Thus, it appears that what TIR is actually seeking here is a delay that could be four months (or more). A four month delay would (probably not coincidentally) align with the amount of delay that TIR is seeking in the parties' Canadian litigation (where there is no illness), as explained below.

In response to TIR's request, Color Kinetics explained that it could not agree to an <u>unlimited</u> second extension but that, instead, it could agree to extend the deadline by another month, allowing TIR to decide now to either use Mr. Carlson or find a replacement. (A copy of Color Kinetics' proposal is attached as Exhibit C.) In Color Kinetics' view, it is not unreasonable to make the second extension the final extension.

In view of Philips' threats, and concerned that TIR was seeking the further delay to rework its arguments and to try to go find some new prior art to buttress its positions, rather than to accommodate Mr. Carlson's father's illness, Color Kinetics also sought an agreement that the reports would be limited the prior art already in the case.

Rather than answering Color Kinetics' proposal, TIR filed this motion. That action lays bare TIR's true intentions. Were it actually interested in addressing the issues created by Mr. Carlson's problem—instead of seeking more delay to allow Philips to close the acquisition, or to try to locate new prior art or add arguments—TIR would have countered Color Kinetics' proposal, perhaps asking for more than a month. TIR's failure to respond to Color Kinetics' proposal at all makes abundantly clear that TIR is trying to delay this case for reasons other than those being offered to the Court—namely the opportunity to delay the case long enough to find new prior art and use it in the case, after the acquisition of TIR is concluded.

*The Canadian Litigation*

Further confirmation of TIR's undisclosed purposes comes from litigation pending between Color Kinetics and TIR on a related patent in Canada. In that case, TIR recently filed a letter with the Federal Court of Canada, a copy of which is attached as Exhibit D. In the letter, TIR disclosed the pending acquisition by Philips and asked that an imminent case management conference and hearings on <u>all pending motions</u> be postponed until <u>July</u>, after the Philips

acquisition is expected to close. TIR is trying to achieve the same end here, except that it is using Mr. Carlson's father's misfortunes as a pretext, presumably because it knows that a possible change in control is not itself sufficient to support a stay in this Court.

## ARGUMENT

TIR's motion should be denied as inappropriate and unreasonable, and the schedule and limitations initially proposed by Color Kinetics, and embodied in the Proposed Order attached hereto as Exhibit E, should be entered by the Court.

### A.    The Amount of Time Being Sought is Unreasonable

The amount of time being sought by TIR, which may amount to four months, or more, is plainly unreasonable and bears no relationship to the amount of time that might actually be required to complete Mr. Carlson's report.

First, there is little doubt that the report is already nearly complete. Mr. Carlson was retained by TIR in September of 2006. (See Moving Brief, Docket No. 130, at 1.) In its memorandum, TIR states that, in mid-November,[1] just two weeks before what was then the expert report deadline of December 1st, Mr. Carlson "was prepared to render his opinions according to the schedule set by the Court." (Id.) TIR also concedes that Mr. Carlson has already

> invested an enormous amount of time and effort into learning the details of this complicated patent case, including review and analysis of all eight patents and their file histories, review of extensive prior art, review of the operation of each of the accused products, and other information not withheld by CK, and then in forming opinions regarding each claim of the patents-in-suit."

---

[1] TIR's implication that Color Kinetics somehow delayed in making its initial objection to Mr. Carlson is incorrect. Even though TIR's retained Mr. Carlson in September, it did not disclose its intention to use him in this case until November 14, 2006, just two weeks before the initial expert reports were then due. Color Kinetics raised its objections three days later.

(Id. at 2 (emphasis supplied).)  TIR further admits that Mr. Carlson has already begun "reviewing the previously withheld confidential information," apparently spending about half of the two weeks that TIR had agreed would be sufficient to complete the report after the Highly Confidential material was provided to him.  (Id. at 3; see Carlson Declaration, ¶ 4.)

With all of this work already complete—and, indeed, "opinions formed," it cannot be that TIR actually needs multiple additional months to complete the report.  This is particularly true given that Mr. Carlson has been and will be aided in his work by a large team of very competent attorneys at WilmerHale.

Second, TIR's repeatedly stated concerns about Mr. Carlson needing large amounts of time to review newly available Highly Confidential material (which he has been able to see since mid-February) are grossly overblown.  The materials that will be relevant to the validity report are the patents, the file histories, and the prior art, which is necessarily public.  The only materials that Mr. Carlson might need to review for the report that he has not had since September are portions of the deposition transcripts of inventors George Mueller, Ihor Lys, and Fritz Morgan.  The idea that Mr. Carlson and TIR's litigation team need months to incorporate portions of three deposition transcripts into an expert report that is already mostly completed is not even remotely credible.  Mr. Carlson has been free to work with almost everything that he might need to develop his opinions and report since the time that he was hired, in September of 2006.

Even if Mr. Carlson stays in the case, TIR is looking for a three month extension from the initial due date of February 28, 2007.  TIR cannot actually need the three months it is requesting for the completion of Mr. Carlson's report, especially where it has committed twice to completing the process in two weeks.

**B.      TIR Has Tried to Hide its True Motivations**

As shown above, TIR's true reason for seeking this second extension is to delay the litigation <u>indefinitely</u> (and at least until after the acquisition closes in June) and to allow Philips to try to find and introduce new prior art into this case more than five months after the close of the fact discovery period.

The numerous facts and inconsistencies described in detail above show that TIR's actual goal here is delay for the purpose of delay, not to reasonably address the illness of Mr. Carlson's father, and that it has actively tried to suppress its true intentions. Among these are:

(1) the fact that the first request for more time was based on an illness that had not yet occurred, according to Mr. Carlson's declaration;

(2) TIR's complete refusal to discuss Color Kinetics' proposal for a second extension of a <u>fixed</u> length;

(3) the unreasonable length of the extension that TIR is seeking, and the fact that TIR's request is, essentially, for an <u>unlimited</u> stay;

(4) TIR's refusal to agree to not use the additional time to try to find and add new prior art or arguments to the case at this very late stage;

(5) the failure by TIR to even try to explain why it needs such a long delay when the expert report is apparently just days from being complete;

(6) TIR's failure to make any mention of the pending acquisition by Philips in its moving papers;

(7) TIR's failure to disclose the fact that it is seeking a similar delay in Canada, where nobody is ill; and

(8)  the behavior of Philips, first threatening Color Kinetics and then, when that did not work, falling back on the illness of Mr. Carlson's father.

In view of all of this, TIR's motion, which is based solely on the now unsupportable assertions that the long delay is necessary and is being sought only due to Mr. Carlson's father's illness, must be denied.

**C.  Philips' Acquisition of TIR is Not a Reason for Further Delay**

The reason that TIR is not asking the Court for a stay due to its impending acquisition by Philips is that it would not be appropriate to stay the case for that reason.

First, Philips has already told Color Kinetics that it is <u>already</u> running this litigation, as of March 13, 2007.  (<u>See</u> Karol Declaration (Exhibt B), ¶ 2.)  There is no need to wait for Philips to assume control, because that has already taken place, at least according to Philips.  Neither TIR nor Philips has indicated any intention to change counsel as a result of the acquisition.

Second, it has been no secret that TIR is engaged in this litigation; indeed, that fact has been disclosed in every Annual Report that TIR has filed for at least the last three years.  Philips entered into its agreement to acquire TIR with full knowledge of this litigation and the various deadlines.

Third, even if it were not true that Philips had already assumed control, and has known about this litigation for a long time, it still be would inappropriate the stay the case because of the change in control.  <u>See</u> Fed. R. Civ. P. 25; Moore's Federal Practice and Procedure § 25.02 (2006) (explaining that a substituted party steps in "without any other change in the status of the case"); <u>see, e.g.</u>, <u>Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.</u>, 53 F.3d 851, 852 (7th Cir. 1995) (determining that substituted parties take the case as they find it and, therefore, were bound by previous waivers and admissions).

Finally, TIR's failure to argue this point, or to even disclose the fact of the pending acquisition, amounts to a tacit acknowledgement that the pending change in control should have no bearing on the status of this case and is not a recognizable reason for delay.

### D.     Color Kinetics <u>Will</u> Be Prejudiced by An Additional, Long Delay

In its brief, TIR baldly asserts that Color Kinetics will not be prejudiced by the unlimited delay that TIR is seeking.  This could not be further from the truth.

TIR's infringement of the patents-in-suit is ongoing and, in fact, it appears that TIR sold approximately $830,000 worth of infringing goods in the United States in the first fiscal quarter of 2007 alone.  Moreover, TIR's infringing activities are escalating with its ongoing efforts to push the infringing LEXEL device as an industry standard.  The idea that Color Kinetics would not be prejudiced by many more months of unchecked infringement is absurd.

Prejudice to Color Kinetics also lies in the fact that TIR is, in effect, seeking a virtually unlimited extension of the discovery period in this case.  Having failed to locate effective prior art in the extended discovery period that stretched from 2003 to late 2006, TIR is now seeking even more time to try to locate prior art that might invalidate any of the patents-in-suit.  Color Kinetics is entitled to an end to discovery and a resolution of the case, sooner rather than later.

In the event that the Court is inclined to allow TIR additional time to finalize its report, it should impose the condition requested by Color Kinetics concerning the use of new prior art, so as to not make this into an extension of the fact discovery period and the Court should enter a <u>reasonable</u> time frame for the extension, such as in the Proposed Order attached as Exhibit E.

**CONCLUSION**

For the foregoing reasons, Color Kinetics requests that TIR's Emergency Motion for an Extension of the Expert Discovery (Docket No. 129) be DENIED, and that the schedule be adjusted in the manner described in the Proposed Order attached as Exhibit E.

                        Respectfully submitted,

                        COLOR KINETICS INCORPORATED

March 23, 2007            by:    /s/ Aaron W. Moore
                        Matthew B. Lowrie, BBO No. 563,414
                        Aaron W. Moore, BBO No. 638,076
                        Emily A. Berger, BBO No. 650,841
                        Lowrie, Lando & Anastasi, LLP
                        One Main Street - 11th Floor
                        Cambridge, MA 02142
                        Tel: 617-395-7000
                        Fax: 617-395-7070

**CERTIFICATE OF SERVICE**

I hereby certify that today I caused a true and correct copy of this motion and the attached Exhibits to be served, by CM/ECF, on the following counsel of record:

                Mark G. Matuschak, Esq.
                Wilmer Cutler Pickering Hale and Dorr LLP
                60 State Street
                Boston, MA 02109

Dated: March 23, 2007          /s/ Aaron W. Moore
                                  Aaron W. Moore