UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>TIR SYSTEMS LTD,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 1:03-cv-12491-MEL

**DECLARATION OF ALEXANDRA MCTAGUE IN SUPPORT OF TIR'S MOTION
TO PRECLUDE COLOR KINETICS' ASSERTION OF NEW INFRINGEMENT
CONTENTIONS AFTER THE CLOSE OF FACT DISCOVERY**

I, Alexandra McTague, hereby affirm and declare that:

1.     I am an attorney at the firm of Wilmer Cutler Pickering Hale and Dorr LLP,

located at 399 Park Avenue, New York, NY 10022.

2.     I submit this Declaration In Support of TIR's Motion To Preclude Color Kinetics'

Assertion of New Infringement Contentions After the Close of Fact Discovery.

3.     Attached as Exhibit 1 is a chart summarizing the infringement contentions

contained in each of CK's infringement charts, its December 1, 2006 letter, and its infringement

report.

4.     In October 2006, I had a telephone conference with Aaron Moore, counsel for

CK, to discuss a number of outstanding issues.  On that call, I requested that CK provide TIR

with a list of claims confirming which of the already asserted claims CK planned to go forward

with in expert discovery.

5.    Attached hereto as Exhibit 2 is a true and correct copy of an email dated November 10, 2006, from myself to Mr. Aaron Moore.

6.    Attached hereto as Exhibit 3 is a true and correct copy of a December 1, 2006 letter from Mr. Kevin Littman, counsel for CK, to Mr. Calvin Walden, counsel for TIR.

7.    Attached hereto as Exhibit 4 is a true and correct copy of a December 5, 2006 email from myself to Mr. Aaron Moore, objecting to Mr. Littman's December 1, 2006 letter.

8.    Attached hereto as Exhibit 5 is a true and correct copy of a December 5, 2006 email from Mr. Moore to myself, responding to my email of earlier that same day.

9.    Attached hereto as Exhibit 6 is a true and correct copy of a December 5, 2006 email from myself to Mr. Moore responding to his email of earlier that same day.

10.    The deposition of Mr. Kevin Furry, of LED Effects, took place on November 6, 2006.  The deposition of Mr. A.J. Ireland, of Digitrax, took place on November 16, 2006.  I declare under penalty of perjury that the foregoing is true and correct.


Dated: May 23, 2007                              /s/ Alexandra McTague
New York, New York                              Alexandra McTague

## CERTIFICATE OF SERVICE

I hereby certify that today I caused a true and correct copy of the foregoing declaration of Alexandra McTague and the attached Exhibits to be served, by CM/ECF, on the following counsel of record:

> Matthew B. Lowrie
> Aaron W. Moore
> Emily A. Berger
> Lowrie, Lando & Anastasi, LLP
> Riverfront Office Park
> One Main Street
> Cambridge, MA 02142

Dated: May 23, 2007                            _____/s/ Alexandra McTague___

# EXHIBIT 1

EXHIBIT 1: SUMMARY OF ASSERTED CLAIMS AND ACCUSED PRODUCTS

TABLE 1: Summary of June 14, 2005 Infringement Chart

| | '868 Patent | '626 Patent | '919 Patent | '011 Patent |
|---|---|---|---|---|
| Destiny CW | Claims 1, 5 | Claims 1, 4, 5 | Claim 25 | Claims 89, 93-99, 102-111, 114-116, 120, 122-127, 130-140, 143-144 |

TABLE 2: Summary of November 8, 2005 Supplemental Infringement Charts

| | '868 Patent | '626 Patent | '919 Patent | '011 Patent |
|---|---|---|---|---|
| Destiny CV | | Claims 1, 4 | Claim 25 | Claims 93-99, 102-111, 120, 122-127, 130-132, 135-140 |
| Destiny CG | | Claims 1, 4, 5 | Claim 25 | Claims 93-99, 102-111, 120, 122-127, 130-132, 135-140 |
| Destiny DL | | Claims 1, 4 | Claim 25 | Claims 93-99, 102-111, 120, 122-127, 130-132, 135-140 |
| Destiny SL | | Claims 1, 4 | Claim 25 | Claims 93-99, 102-111, 120, 122-127, 130-132, 135-140 |
| Destiny SP | Claim 1 | Claims 1, 4, 5 | Claim 25 | Claims 93-99, 102-111, 120, 122-127, 130-132, 135-140 |
| LEXEL | | | Claim 25 | Claims 102, 120 |

1

TABLE 3: Summary of March 10, 2006 Preliminary Claim Charts For Patents Added In Second Amended Complaint - DESTINY

|  | '038 Patent | '774 Patent | '659 Patent | '079 Patent |
|---|---|---|---|---|
| Destiny CG | Claims 1-3, 14-17 | Claims 1, 2, 4, 5 | Claims 1-8, 12, 15-18, 22, 24 | Claims 47-48, 52-53, 61, 64-68, 73-74, 82, 86-88, 114-115, 119-120, 128, 132-134 |
| Destiny CV | Claims 1-3, 14-17 | Claims 1, 2, 4, 5 | Claims 1-8, 12, 15-18, 22, 24 | Claims 47-48, 52-53, 61, 64-68, 73-74, 82, 86-88, 114-115, 119-120, 128, 132-134 |
| Destiny DL | Claims 1-3, 14-17 | Claims 1, 2, 4, 5 | Claims 1-8, 12, 15-18, 22, 24 | Claims 47-48, 52-53, 61, 64-68, 73-74, 82, 86-88, 114-115, 119-120, 128, 132-134 |
| Destiny SL | Claims 1-3, 14-17 | Claims 1, 2, 4, 5 | Claims 1-8, 12, 15-18, 22, 24 | Claims 47-48, 52-53, 61, 64-68, 73-74, 82, 86-88, 114-115, 119-120, 128, 132-134 |
| Destiny SP | Claims 1-3, 14-17 | Claims 1, 2, 4, 5 | Claims 1-8, 12, 15-18, 22, 24 | Claims 47-48, 52-53, 61, 64-68, 73-74, 82, 86-88, 114-115, 119-120, 128, 132-134 |

2

TABLE 4A:  Summary of August 14, 2006 Preliminary Claim Charts For Patents Added In Second Amended Complaint – LEXEL

| | '038 Patent | '774 Patent | '659 Patent | '079 Patent |
|---|---|---|---|---|
| LEXEL | Claims 1-3, 14-17 | Claims 1, 2, 4, 5 | Claims 1-8, 12, 15-18, 22, 24 | Claims 47-48, 52-53, 61, 64-68, 73-74, 82, 86-88, 114-115, 119-120, 128, 132-134 |

TABLE 4B:  Summary of August 14, 2006 Supplemental Preliminary Claim Charts For The LEXEL

| | '868 Patent | '626 Patent | '919 Patent | '011 Patent |
|---|---|---|---|---|
| LEXEL | Claims 1, 4, 5 | Claims 1, 4, 5 | Claim 25* | Claims 93-99, 102*, 103-111, 120*, 122-127, 130-132, 135-140 |

* = claims asserted in November 8, 2005 Claim Chart

3

TABLE 5: Summary Of New Infringement Contentions Contained in December 1, 2006 Letter

| | '626 Patent | '011 Patent | '079 Patent** |
|---|---|---|---|
| Destiny CW | | | Claims 47, 48, 52, 65-68, 73, 86-88, 114-115, 119, 132-134 |
| Destiny CV | Claim 5 | Claims 1-9, 12, 14, 16-17, 21, 27-32, 35, 37-39, 43, 46, 48-65, 68, 70-73, 88, 90, 92, 100-101, 112-113, 117, 119, 121, 128-129, 141-142 | |
| Destiny CG | | Claims 1-9, 12, 14, 16-17, 21, 27-32, 35, 37-39, 43, 46, 48-65, 68, 70-73, 88, 90, 92, 100-101, 112-113, 117, 119, 121, 128-129, 141-142 | |
| Destiny DL | | | |
| Destiny SL | Claim 5 | Claims 1-9, 12, 14, 16-17, 21, 27-32, 35, 37-39, 43, 46, 48-65, 68, 70-73, 88, 90, 92, 100-101, 112-113, 117, 119, 121, 128-129, 141-142 | |
| Destiny SP | | | |
| LEXEL | | Claims 1-9, 12, 14, 16-17, 21, 27-32, 35, 37-39, 43, 46, 48-65, 68, 70-73, 88, 90, 92, 100-101, 112-113, 117, 119, 121, 128-129, 141-142 | |
| LightPipe*** | | | Claims 47, 48, 52, 65-68, 73, 86-88, 114-115, 119, 132-134 |

**   The listed claims of the '079 patent were previously asserted against other products
*** The LightPipe product was not accused prior to the December 1, 2006 letter.

TABLE 6:  Summary of Claims Addressed in CK's Infringement Report

Regular text = claims asserted during discovery
**Bold text** = claims asserted for the first time in December 1, 2006 letter
***Bold/italic text*** = claims asserted for the first time in expert report against particular product (claim 128 of the '079 patent against the LP, claims 88, 117, 119 of the '011 patent against the CW and SP)

| Destiny | '868 Patent | '626 Patent | '919 Patent | '011 Patent | '038 Patent | '774 Patent | '659 Patent | '079 Patent |
|---|---|---|---|---|---|---|---|---|
| Destiny CW | Claims 1, 5 | Claims 1, 4, 5 | Claim 25 | Claims **88**, 93-99, 102-111, 114-116, ***117, 119***, 120, 122-127, 130-140, 143-144 | | | | **Claims 47, 48, 52, 65-68, 73, 86-88, 114-115, 119, 132-134** |
| Destiny CV | | Claims 1, 4, 5 | Claim 25 | Claims 1-9, **12, 14, 16-17, 21, 27-32, 35, 37-39, 43, 46, 48-65, 68, 70-73, 88, 90, 92, 93-99, 100-101, 102-111, 112-113, 117, 119, 120, 121, 122-127, 128-129**, 130-132, 135-140, **141-142** | Claims 1-3, 14-17 | Claims 1, 2, 4, 5 | Claims 1-8, 12, 15-18, 22, 24 | Claims 47-48, 52-53, 61, 65-68, 73-74, 82, 86-88, 114-115, 119-120, 128, 132-134 |

| | '868 Patent | '626 Patent | '919 Patent | '011 Patent | '038 Patent | '774 Patent | '659 Patent | '079 Patent |
|---|---|---|---|---|---|---|---|---|
| Destiny CG | | Claims 1, 4, 5 | Claim 25 | Claims 1-9, 12, 14, 16-17, 21, 27-32, 25, 27-29, 43, 46, 48-65, 68, 70-73, 88, 90, 92, 93-99, 100-101, 102-111, 112-113, 117, 119, 120, 121, 122-127, 128-129, 130-132, 135-140, 141-142 | Claims 1-3, 14-17 | Claims 1, 2, 4, 5 | Claims 1-8, 12, 15-18, 22, 24 | Claims 47-48, 52-53, 61, 65-68, 73-74, 82, 86-88, 114-115, 119-120, 128, 132-134 |
| Destiny DL | | | | | | | | Claims 47-48, 52-53, 61, 65-68, 73-74, 82, 86-88, 114-115, 119-120, 128, 132-134 |

| | '868 Patent | '626 Patent | '919 Patent | '011 Patent | '038 Patent | '774 Patent | '659 Patent | '079 Patent |
|---|---|---|---|---|---|---|---|---|
| Destiny SL | | Claims 1, 4, 5 | Claim 25 | **Claims 1-9, 12, 14, 16-17, 21, 27-32, 25, 27-29, 43, 46, 48-65, 68, 70-73, 88, 90, 92, 100-101, 102-111, 112-113, 117, 119, 120, 121, 122-127, 128-129, 130-132, 135-140, 141-142** | Claims 1-3, 14-17 | Claims 1, 2, 4, 5 | Claims 1-8, 12, 15-18, 22, 24 | Claims 47-48, 52-53, 61, 65-68, 73-74, 82, 86-88, 114-115, 119-120, 128, 132-134 |
| Destiny SP | Claim 1 | Claims 1, 4 | Claim 25 | Claims **88**, 93-99, 102-111, **117, 119**, 120, 122-127, 130-133, 135-140 | | | | Claims 47, 48, 52, 65-68, 73, 86-88, 114-115, 119, 132-134 |

| | '868 Patent | '626 Patent | '919 Patent | '011 Patent | '038 Patent | '774 Patent | '659 Patent | '079 Patent |
|---|---|---|---|---|---|---|---|---|
| **LEXEL** | Claims 1, 4, 5 | | Claim 25 | Claims 1-9, 12, 14, 16-17, 21, 27-32, 35, 37-39, 43, 46, 48-65, 68, 70-73, 88, 90, 92, 93-99, 100-101, 102-111, 112-113, 117, 119, 120, 121, 122-127, 128-129, 130-132, 135-140, 141-142 | Claims 1-3, 14-17 | Claims 1, 2, 4, 5 | Claims 1-8, 12, 15-18, 22, 24 | Claims 47-48, 52-53, 61, 65-68, 73-74, 82, 86-88, 114-115, 119-120, 128, 132-134 |
| **LightPipe** | | | | | | | | Claims 47, 48, 52, 65-68, 73, 86-88, 114-115, 119, 128, 132-134 |

**EXHIBIT 2**

## McTague, Alexandra

**From:** McTague, Alexandra
**Sent:** Friday, November 10, 2006 2:36 PM
**To:** 'amoore@ll-a.com'
**Cc:** Walden, S. Calvin
**Subject:** CK v. TIR

Hi Aaron,

You agreed to provide us with a final list of claims being asserted against TIR by November 3rd, but it does not seem that we received it.  Please let us know by the close of business on Monday, November 13th, whether CK plans to maintain all of the currently asserted claims, or whether it is asserting a more narrow set of those claims going forward.

Thanks,
Alex


Alexandra McTague
WilmerHale
399 Park Avenue
New York, NY 10022 USA
+1 212 295 6368 (t)
+1 212 230 8888 (f)
alexandra.mctague@wilmerhale.com

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately -- by replying to this message or by sending an email to postmaster@wilmerhale.com -- and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

# EXHIBIT 3



LOWRIE, LANDO
&ANASTASI, LLP
*Devoted to Intellectual Property Law*

Kevin M. Littman
klittman@LL-A.com
direct dial (617) 395-7063

December 1, 2006

***VIA FIRST CLASS MAIL and E-MAIL***

Calvin S. Walden, Esq.
Wilmer Cutler Pickering
   Hale and Dorr LLP
399 Park Avenue
New York, New York 10022

      Re:    Color Kinetics, Inc. v. TIR Systems Ltd.
           Civil Action No.:  03-12491-MEL
           <u>Our File No.:  C1104-6002</u>

Dear Calvin:

During your phone call with Aaron Moore on Monday, you requested that we provide an updated
list of asserted claims in the case.  In response, here is the updated list of asserted claims:

**(1) '868 patent:**
      (a) Destiny CW: claims 1, 5
      (b) Destiny SP: claim 1
      (c) Destiny CV, CG, and SL: none
      (d) LEXEL: claims 1, 4, 5

**(2) '626 patent:**
      (a) Destiny CW and SP: claims 1, 4, 5
      (b) Destiny CV, CG, and SL: claims 1, 4, 5

**(3) '919 patent:**
      (a) Destiny CW and SP: claim 25
      (b) Destiny CV, CG, and SL: claim 25
      (c) LEXEL: claim 25



LOWRIE, LANDO
&ANASTASI, LLP
*Devoted to Intellectual Property Law*

Calvin S. Waldin, Esq.
December 1, 2006
Page 2

**(4) '011 patent:**
    (a) Destiny CW and SP: claims 93, 94, 95, 96, 97, 98, 99, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 114, 115, 116, 120, 122, 123, 124, 125, 126, 127, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 143, 144
    (b) Destiny CV, CG, and SL: claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 14, 16, 17, 21, 27, 28, 29, 30, 31, 32, 35, 37, 38, 39, 43, 46, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 68, 70, 71, 72, 73, 88, 90, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 117, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 135, 136, 137, 138, 139, 140, 141, 142
    (c) LEXEL: claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 14, 16, 17, 21, 27, 28, 29, 30, 31, 32, 35, 37, 38, 39, 43, 46, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 68, 70, 71, 72, 73, 88, 90, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 117, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 135, 136, 137, 138, 139, 140, 141, 142

**(5) '038 patent:**
    (a) Destiny CW and SP: None.
    (b) Destiny CV, CG, and SL: claims 1, 2, 3, 14, 15, 16, 17
    (c) LEXEL: claims 1, 2, 3, 14, 15, 16, 17

**(6) '774 patent:**
    (a) Destiny CW and SP: None
    (b) Destiny CV, CG, and SL: claims 1, 2, 4, 5
    (c) LEXEL: claims 1, 2, 4, 5

**(7) '659 patent:**
    (a) Destiny CW and SP: None
    (b) Destiny CV, CG, and SL: claims 1, 2, 3, 4, 5, 6, 7, 8, 12, 15, 16, 17, 18, 22, 24
    (c) LEXEL: claims 1, 2, 3, 4, 5, 6, 7, 8, 12, 15, 16, 17, 18, 22, 24

**(8) '079 patent:**
    (a) Destiny CW, LP and SP: claims 47, 48, 52, 65, 66, 67, 68, 73, 86, 87, 88, 114, 115, 119, 132, 133, 134
    (b) Destiny CV, CG, DL and SL: claims 47, 48, 52, 53, 61, 65, 66, 67, 68, 73, 74, 82, 86, 87, 88, 114, 115, 119, 120, 128, 132, 133, 134
    (c) LEXEL: claims 47, 48, 52, 53, 61, 65, 66, 67, 68, 73, 74, 82, 86, 87, 88, 114, 115, 119, 120, 128, 132, 133, 134.



Calvin S. Waldin, Esq.
December 1, 2006
Page 3

Sincerely,

LOWRIE, LANDO & ANASTASI, LLP

Kevin M. Littman

797897.1

# EXHIBIT 4

## McTague, Alexandra

| | |
|---|---|
| **From:** | McTague, Alexandra |
| **Sent:** | Tuesday, December 05, 2006 10:31 AM |
| **To:** | 'amoore@ll-a.com' |
| **Subject:** | CK v. TIR |

Aaron,

We are in receipt of Kevin Littman's letter dated December 1, 2006, identifying the claims CK is now asserting and the products against which those claims are asserted. In that letter, CK has added 61 claims in the '011 patent that were never asserted before. In addition, some of the claims previously asserted are now being asserted against additional products, including claims in the '626 patent that are being asserted against the CV and SL, Claims in the '011 patent being asserted against the SP, Claims in the '079 patent now being asserted against the CW, and claims in the '079 patent that are now being asserted against the LP, when the LP has never before been accused in this litigation.

CK was ordered by the Court to provide infringement claim charts in response to TIR's interrogatories. The claim charts CK has provided do not cover these additional claims and products and thus TIR objects to any new assertions contained in Mr. Littman's letter. CK had ample time to amend its claim charts during discovery, but instead waited until over a month after the close of discovery (and the original opening expert report deadline) to assert new claims and accuse additional products by way of a letter. Not only is it improper for CK to add new claims and products so late in this litigation, but doing so is in violation of the Court's order requiring CK to provide infringement claim charts.

Given that discovery closed over a month ago, TIR will move to strike any attempt by CK to supplement the asserted claims and the products against which the claims are asserted, whether by way of supplemental interrogatory responses or CK's expert report. In addition, TIR will not be addressing these additional claims and/or products in its expert reports and reserves the right to supplement those reports should any motion to strike by TIR be denied by the Court.

Regards,
Alex

Alexandra McTague
WilmerHale
399 Park Avenue
New York, NY 10022 USA
+1 212 295 6368 (t)
+1 212 230 8888 (f)
alexandra.mctague@wilmerhale.com

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately -- by replying to this message or by sending an email to postmaster@wilmerhale.com -- and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

# EXHIBIT 5

## McTague, Alexandra

| | |
|---|---|
| **From:** | Aaron Moore [AMoore@ll-a.com] |
| **Sent:** | Tuesday, December 05, 2006 1:14 PM |
| **To:** | McTague, Alexandra |
| **Cc:** | CK6002F |
| **Subject:** | RE: CK v. TIR |

Hi Alex,

During the preparation of our expert report, we identified some additional claims that are infringed. TIR asked us to supplement the list of asserted claims prior the preparation in its expert report, and we did. We see nothing improper in this. There is no "violation" of any "court order."

First, we all along have reserved the right to supplement the infringement charts, as TIR has reserved the right to supplement its invalidity charts.

Second, the additional claims are very similar in substance to claims already asserted. All or virtually all of the elements in the new claims appear in claims already asserted. For additional products that are covered by existing claims, they were added because they are functionally identical to previously accused products, meaning that there are absolutely no new issues. You don't mention it, but I believe that we also withdrew some claims and accused products where appropriate.

Third, and most importantly, this is no different than what TIR is doing with its invalidity charts, unless TIR does not plan to rely on any prior art that is not already in its charts. This would preclude any reliance on, for example, LED Effects or Digitrax, both of which TIR has known about for a long time (they are listed in the claim chart document) and neither of which is applied to any claim in any TIR claim chart. If TIR moves to exclude our claims, we will, on the same grounds, move to preclude reliance on any prior art that does not already appear in a TIR claim chart.

Actually, it may be that we can reach an agreement on this. Is TIR willing to confine itself to the prior art already applied in its claim charts (as opposed to references merely listed in the document)? If so, we may be willing to withdraw these claims. Please let me know.

Thanks.

--Aaron

Aaron W. Moore
amoore@ll-a.com
Lowrie, Lando & Anastasi, LLP
One Main Street
Cambridge, MA 02142
T 617/395-7000; F 617/395-7070; DD 617/395-7016

*Confidentiality Note: This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

**From:** McTague, Alexandra [mailto:Alexandra.McTague@wilmerhale.com]
**Sent:** Tuesday, December 05, 2006 10:31 AM
**To:** Aaron Moore
**Subject:** CK v. TIR

Aaron,
We are in receipt of Kevin Littman's letter dated December 1, 2006, identifying the claims CK is now asserting and

the products against which those claims are asserted. In that letter, CK has added 61 claims in the '011 patent that were never asserted before. In addition, some of the claims previously asserted are now being asserted against additional products, including claims in the '626 patent that are being asserted against the CV and SL, Claims in the '011 patent being asserted against the SP, Claims in the '079 patent now being asserted against the CW, and claims in the '079 patent that are now being asserted against the LP, when the LP has never before been accused in this litigation.

CK was ordered by the Court to provide infringement claim charts in response to TIR's interrogatories. The claim charts CK has provided do not cover these additional claims and products and thus TIR objects to any new assertions contained in Mr. Littman's letter. CK had ample time to amend its claim charts during discovery, but instead waited until over a month after the close of discovery (and the original opening expert report deadline) to assert new claims and accuse additional products by way of a letter. Not only is it improper for CK to add new claims and products so late in this litigation, but doing so is in violation of the Court's order requiring CK to provide infringement claim charts.

Given that discovery closed over a month ago, TIR will move to strike any attempt by CK to supplement the asserted claims and the products against which the claims are asserted, whether by way of supplemental interrogatory responses or CK's expert report. In addition, TIR will not be addressing these additional claims and/or products in its expert reports and reserves the right to supplement those reports should any motion to strike by TIR be denied by the Court.

Regards,
Alex


Alexandra McTague
WilmerHale
399 Park Avenue
New York, NY 10022 USA
+1 212 295 6368 (t)
+1 212 230 8888 (f)
alexandra.mctague@wilmerhale.com

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately -- by replying to this message or by sending an email to postmaster@wilmerhale.com -- and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

5/23/2007

**EXHIBIT 6**

## McTague, Alexandra

**From:** McTague, Alexandra
**Sent:** Tuesday, December 05, 2006 4:52 PM
**To:** 'Aaron Moore'
**Subject:** RE: CK v. TIR

Aaron,
In fact, on September 29, 2004, the Court ordered "that as the first subject of discovery CK shall provide TIR with particulars as to: (i) an identification of the claims it alleges are infringed, (ii) a preliminary identification of which TIR products are alleged to infringe by the identified claims, and (iii) an element-by-element explanation of why such infringement is alleged for each accused product. This disposition is based on the fact that the bare-bones complaint provides no information whatsoever on the subjects listed above."

Now, over two years later, CK seeks to add 61 new claims, assert claims against the LightPipe (which has never been accused before even though CK has known about it since the beginning of the case in 2003) and to assert other claims against additional products. Not only did CK fail to make these assertions during the discovery period, despite having all the information on TIR's Destiny products since Mr. Paul Jungwirth's first deposition over a year ago, but CK has not provided any sort of claim chart or other element-by-element explanation of the alleged infringement as required by the September 29, 2004 order.

The fact that we asked for a final list of claims is irrelevant. When we originally discussed such a final list you stated that you would not be adding any claims; we assumed that you would narrow your list of claims and/or accused products because to go to trial on almost 100 claims and 7 accused devices would be extremely burdensome, time consuming, and expensive. Clearly, increasing the time and expense of this litigation, rather than resolving the issues, is CK's intent.

The claim that there are no new issues presented by the attempted last-minute assertion of dozens of new claims defies common sense. There is an entirely new product accused under the '079 patent and two dozen assertions of claims against different products. There are also 61 additional claims that we would have to analyze to determine what they claim, whether the prior art we have already identified invalidates those claims or whether additional prior art must be located, how these claims relate to TIR's products and whether there are additional claim terms to construe. We would also have to re-review file histories with those newly asserted claims in mind, and address the additional claims and products in expert reports.

The fact that we are relying on prior art identified, but not discussed in our invalidity charts is irrelevant to whether you can assert new claims and accuse new products. As you well know, the depositions of Digitrax and LED Effects did not go forward until after the close of discovery because of scheduling issues with the witnesses and attorneys for both sides. There were no scheduling issues preventing you from asserting 61 new claims or accusing new products.
We do not consider that these 61 additional claims are properly added to the case. To the extent that CK attempts to assert them now or in the future, we will seek to preclude them, and reserve all of our rights in connection with this issue.

Regards,
Alex

Alexandra McTague
WilmerHale
399 Park Avenue
New York, NY 10022 USA
+1 212 295 6368 (t)
+1 212 230 8888 (f)
alexandra.mctague@wilmerhale.com

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately -- by replying to this message or by sending an email to postmaster@wilmerhale.com -- and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

-----Original Message-----
**From:** Aaron Moore [mailto:AMoore@ll-a.com]
**Sent:** Tuesday, December 05, 2006 1:14 PM
**To:** McTague, Alexandra
**Cc:** CK6002F
**Subject:** RE: CK v. TIR

Hi Alex,

During the preparation of our expert report, we identified some additional claims that are infringed. TIR asked us to supplement the list of asserted claims prior the preparation in its expert report, and we did. We see nothing improper in this. There is no "violation" of any "court order."

First, we all along have reserved the right to supplement the infringement charts, as TIR has reserved the right to supplement its invalidity charts.

Second, the additional claims are very similar in substance to claims already asserted. All or virtually all of the elements in the new claims appear in claims already asserted. For additional products that are covered by existing claims, they were added because they are functionally identical to previously accused products, meaning that there are absolutely no new issues. You don't mention it, but I believe that we also withdrew some claims and accused products where appropriate.

Third, and most importantly, this is no different than what TIR is doing with its invalidity charts, unless TIR does not plan to rely on any prior art that is not already in its charts. This would preclude any reliance on, for example, LED Effects or Digitrax, both of which TIR has known about for a long time (they are listed in the claim chart document) and neither of which is applied to any claim in any TIR claim chart. If TIR moves to exclude our claims, we will, on the same grounds, move to preclude reliance on any prior art that does not already appear in a TIR claim chart.

Actually, it may be that we can reach an agreement on this. Is TIR willing to confine itself to the prior art already applied in its claim charts (as opposed to references merely listed in the document)? If so, we may be willing to withdraw these claims. Please let me know.

Thanks.

--Aaron

Aaron W. Moore
amoore@ll-a.com
Lowrie, Lando & Anastasi, LLP
One Main Street
Cambridge, MA 02142
T 617/395-7000; F 617/395-7070; DD 617/395-7016

*Confidentiality Note: This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

**From:** McTague, Alexandra [mailto:Alexandra.McTague@wilmerhale.com]
**Sent:** Tuesday, December 05, 2006 10:31 AM
**To:** Aaron Moore
**Subject:** CK v. TIR

Aaron,
We are in receipt of Kevin Littman's letter dated December 1, 2006, identifying the claims CK is now asserting and the products against which those claims are asserted. In that letter, CK has added 61 claims

in the '011 patent that were never asserted before. In addition, some of the claims previously asserted are now being asserted against additional products, including claims in the '626 patent that are being asserted against the CV and SL, Claims in the '011 patent being asserted against the SP, Claims in the '079 patent now being asserted against the CW, and claims in the '079 patent that are now being asserted against the LP, when the LP has never before been accused in this litigation.

CK was ordered by the Court to provide infringement claim charts in response to TIR's interrogatories. The claim charts CK has provided do not cover these additional claims and products and thus TIR objects to any new assertions contained in Mr. Littman's letter. CK had ample time to amend its claim charts during discovery, but instead waited until over a month after the close of discovery (and the original opening expert report deadline) to assert new claims and accuse additional products by way of a letter. Not only is it improper for CK to add new claims and products so late in this litigation, but doing so is in violation of the Court's order requiring CK to provide infringement claim charts.

Given that discovery closed over a month ago, TIR will move to strike any attempt by CK to supplement the asserted claims and the products against which the claims are asserted, whether by way of supplemental interrogatory responses or CK's expert report. In addition, TIR will not be addressing these additional claims and/or products in its expert reports and reserves the right to supplement those reports should any motion to strike by TIR be denied by the Court.

Regards,
Alex

Alexandra McTague
WilmerHale
399 Park Avenue
New York, NY 10022 USA
+1 212 295 6368 (t)
+1 212 230 8888 (f)
alexandra.mctague@wilmerhale.com

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately – by replying to this message or by sending an email to postmaster@wilmerhale.com – and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

5/23/2007