UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>TIR SYSTEMS LTD,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:03-cv-12491-MEL<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF CALVIN WALDEN IN SUPPORT OF TIR'S MOTION
TO PRECLUDE COLOR KINETICS' ASSERTION OF NEW INFRINGEMENT
CONTENTIONS AFTER THE CLOSE OF FACT DISCOVERY**

I, Calvin Walden, hereby affirm and declare that:

1. I am an attorney at the firm of Wilmer Cutler Pickering Hale and Dorr LLP, located at 399 Park Avenue, New York, NY 10022.

2. I submit this Declaration In Support of TIR's Motion To Preclude Color Kinetics' Assertion of New Infringement Contentions After the Close of Fact Discovery.

3. On November 20, 2006, I sent a letter to Mr. Aaron Moore, counsel for Color Kinetics, requesting a meet and confer on a number of issues. The first issue listed in the letter was whether Color Kinetics would narrow the number of claims it was asserting against TIR. A true and correct copy of that letter is attached hereto as Exhibit A.

4. On November 27, 2006, I had a meet and confer with Mr. Moore in which I asked, as stated in my letter of November 20, 2006, whether Color Kinetics would narrow its asserted claims and provide TIR with written confirmation the narrowed set of claims.

5.  After the meet and confer on November 27, 2006, I sent Mr. Moore and email to confirm that he would be sending written confirmation of the asserted claims. A true and correct copy of that email is attached hereto as Exhibit B.

6.  At no time after the close of fact discovery did I ever ask that CK expand or "supplement" its list of asserted claims, products, or contentions. Rather, I consistently asked CK to narrow its list of asserted claims.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: May 23, 2007                                     /s/ Calvin Walden
New York, New York                                      Calvin Walden

## CERTIFICATE OF SERVICE

I hereby certify that today I caused a true and correct copy of the foregoing declaration of Alexandra McTague and the attached Exhibits to be served, by CM/ECF, on the following counsel of record:

>Matthew B. Lowrie
>Aaron W. Moore
>Emily A. Berger
>Lowrie, Lando & Anastasi, LLP
>Riverfront Office Park
>One Main Street
>Cambridge, MA 02142

Dated: May 23, 2007                                             /s/ Alexandra McTague

# EXHIBIT A

# WILMERHALE

November 20, 2006

Aaron W. Moore
Lowrie, Lando & Anastasi
Riverfront Office Park
One Main Street
Cambridge, MA 02142

S. Calvin Walden

399 PARK AVENUE
NEW YORK, NY 10022
+1 212 937 7215
+1 212 230 8888 fax
calvin.walden@wilmerhale.com

Re:   Color Kinetics, Inc. v. TIR Systems Ltd. (03-12491-MEL)

Dear Aaron:

We request a "meet and confer" on the issues outlined in this letter on or before November 22, 2006. We can participate in a telephone conference on November 22 at 10:00 am, please let me know if that time works for CK. We have already addressed these issues in prior e-mails, letters and telephone conversations, but they are summarized here for ease of reference:

1. **Narrowing the number of claims at issue:** in previous teleconferences, we had understood that CK had agreed and would narrow the number of claims that it is asserting, yet CK has not done so yet. Presently, there are 8 patents with almost 100 claims being asserted. Fact discovery on TIR's products should have made obvious to CK that many of these claims simply are not applicable to those products. As the parties are working towards expert reports, with TIR getting ready to submit a report on the invalidity of the asserted claims, we once again ask that CK focus its number of asserted claims to a more manageable number. It is simply unreasonable to force another party to conduct and provide discovery on this many claims at this late stage in the case.

2. **Documents identified in the Mueller and Lys depositions:** both Messrs. Mueller and Lys identified documents in their depositions that are relevant, responsive to TIR's document requests, and have apparently not been produced. Specifically, Mr. Mueller identified business plans, competitive analyses and investor presentations that have not been produced (see 10/10/06 letter from Alexandra McTague to Matthew Lowrie). Similarly, Mr. Lys identified, among other documents, seminar presentations that he had given that have also not been produced. If CK continues to withhold these documents, TIR will be forced to move to compel them.

3. **Ducharme notebook:** On October 10, 2006, Alexandra McTague sent you a letter requesting production of the notebooks of Mr. Al Ducharme. We have not received any response to this letter. If CK continues to withhold these documents, TIR will be forced to move to compel them.

4. **Claim charts on the issue of validity:** we have asked repeatedly that CK provide claim charts on the issue of validity in response to TIR's interrogatories on the issue. TIR provided claim charts on both invalidity (where it has the burden of proof) and non-infringement (where CK has the burden of proof). CK must also likewise satisfy its discovery obligations.

5. **30(b)(6) witness on the OEM agreement between CK and TIR:** Mr. Morgan was presented as CK's witness on with respect to Topic 7 of TIR's August 28, 2006 30(b)(6) deposition notice, which pertained to the OEM agreement between CK and TIR. However, Mr. Morgan repeatedly responded that he did not know answers to basic questions about the OEM. *See* Morgan dep., pp. 84, 85, 90, 98-120, 189-191. We reiterate our request made at Mr. Morgan's deposition for CK to proffer a knowledgeable 30(b)(6) witness on this subject.

6. **Privilege logs:** the parties need to agree upon a date for the mutual exchange of privilege logs.

7. **Scheduling the Sims and Dowling depositions:** you have not responded to our requests to schedule the depositions of Messrs. Sims and Dowling be scheduled. As stated previously, if we cannot come to agreement on dates for these two witnesses, we intend to raise the issue at the oral argument on November 27, 2006.

Please let me know at your earliest convenience whether you can participate in a call on November 22 at 10:00 am.

Very truly yours,

S. Calvin Walden

cc: Mark Matuschak, Esq.

# EXHIBIT B

## Walden, S. Calvin

**From:** Walden, S. Calvin
**Sent:** Wednesday, November 29, 2006 10:44 AM
**To:** 'Aaron Moore'
**Subject:** RE: CK v. TIR

Aaron,

You had mentioned on Monday that you would provide us a list of those claims being asserted and against which products. Can you please provide the list?

Thanks,

Calvin
-----Original Message-----
**From:** Aaron Moore [mailto:AMoore@ll-a.com]
**Sent:** Wednesday, November 29, 2006 9:52 AM
**To:** Walden, S. Calvin
**Cc:** CK6002F
**Subject:** RE: CK v. TIR

Looks pretty good. I'll get you a few minor changes early this afternoon. Thanks.

Aaron W. Moore
amoore@ll-a.com
Lowrie, Lando & Anastasi, LLP
One Main Street
Cambridge, MA 02142
T 617/395-7000; F 617/395-7070; DD 617/395-7016

Confidentiality Note: This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.

**From:** Walden, S. Calvin [mailto:Calvin.Walden@wilmerhale.com]
**Sent:** Tuesday, November 28, 2006 6:22 PM
**To:** Aaron Moore
**Cc:** Matuschak, Mark; CK6002F
**Subject:** RE: CK v. TIR

Aaron,

Sounds like a good idea. Here's a draft motion which I believe comports with our general understanding and which lets the judge decide. The brackets in the draft are for CK to fill in. Please otherwise let me know if it's OK to file (tomorrow I presume).

Calvin
-----Original Message-----
**From:** Aaron Moore [mailto:AMoore@ll-a.com]
**Sent:** Tuesday, November 28, 2006 4:44 PM
**To:** Walden, S. Calvin
**Cc:** Matuschak, Mark; CK6002F
**Subject:** RE: CK v. TIR

How about we ask Judge Lasker to decide this when he decides the motion?

Aaron W. Moore
amoore@ll-a.com
Lowrie, Lando & Anastasi, LLP
One Main Street
Cambridge, MA 02142
T 617/395-7000; F 617/395-7070; DD 617/395-7016

*Confidentiality Note: This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

---

**From:** Walden, S. Calvin [mailto:Calvin.Walden@wilmerhale.com]
**Sent:** Tuesday, November 28, 2006 4:03 PM
**To:** Aaron Moore
**Cc:** Matuschak, Mark; CK6002F
**Subject:** RE: CK v. TIR

Aaron,

We can agree to lower the number to 60 days if CK's motion is granted, although we may ultimately need extra time and will thus need to reserve the right to request extra time if necessary.

Calvin
-----Original Message-----
**From:** Aaron Moore [mailto:AMoore@ll-a.com]
**Sent:** Tuesday, November 28, 2006 3:36 PM
**To:** Walden, S. Calvin
**Cc:** Matuschak, Mark; CK6002F
**Subject:** RE: CK v. TIR

Hi Calvin,

I'll need to check with the client on this. 90 days if our motion is granted seems very long to me. How about 30?

--Aaron

Aaron W. Moore
amoore@ll-a.com
Lowrie, Lando & Anastasi, LLP
One Main Street
Cambridge, MA 02142
T 617/395-7000; F 617/395-7070; DD 617/395-7016

*Confidentiality Note: This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

---

**From:** Walden, S. Calvin [mailto:Calvin.Walden@wilmerhale.com]
**Sent:** Tuesday, November 28, 2006 1:48 PM
**To:** Aaron Moore
**Cc:** Matuschak, Mark; CK6002F
**Subject:** RE: CK v. TIR

Aaron,

5/23/2007

How about this?:

1. Parties agree that currently existing deadlines will be extended.
2. CK files motion re Carlson 11/29, TIR opposes 12/4, parties ask for resolution 12/6.
3. Initial Reports due 14 days after Judge's decision if CK's motion is denied (i.e. Carlson is allowed on protective order).
4. Initial Reports due 90 days after Judge's decision if CK's motion is granted.
5. Responsive Reports due 30 days after Initial Reports.
6. After Judge's decision on CK's motion, parties confer in good faith on remaining deadlines.

If this looks OK, we will send you a draft Joint Motion for your review.

Calvin


-----Original Message-----
**From:** Aaron Moore [mailto:AMoore@ll-a.com]
**Sent:** Tuesday, November 28, 2006 11:49 AM
**To:** Walden, S. Calvin
**Cc:** Matuschak, Mark; CK6002F
**Subject:** RE: CK v. TIR

Hi Calvin. I'm on a call at the moment. We can agree to some kind of extension. What did you have in mind lengthwise? Can we fix a date with the understanding that it will move if the issue is not resolved by the Court by a certain time? (My guess is that it will be decided on the 6th.) Thanks.

Aaron W. Moore
amoore@ll-a.com
Lowrie, Lando & Anastasi, LLP
One Main Street
Cambridge, MA 02142
T 617/395-7000; F 617/395-7070; DD 617/395-7016

*Confidentiality Note: This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

---

**From:** Walden, S. Calvin [mailto:Calvin.Walden@wilmerhale.com]
**Sent:** Tuesday, November 28, 2006 11:40 AM
**To:** Aaron Moore
**Cc:** Matuschak, Mark; CK6002F
**Subject:** RE: CK v. TIR

Aaron,

Please call me at 212-937-7215 to discuss a motion to extend Friday's deadline for filing expert reports pending resolution of CK's objection to Mr. Carlson. We would like to file a joint motion to extend today, but TIR will file alone if CK does not agree.

We further propose that the parties agree to the following regarding CK's objection to Mr. Carlson: (1) CK files its objection to Mr. Carlson by the end of the day tomorrow (November 29), (2) TIR files its Opposition by Monday, December 4, (3) the parties ask the Court to address the issue at the conference scheduled for December 6.

Finally, can you please tell us what is the basis for CK's objection to Mr. Carlson? If there are particular documents from CK's production that CK wants to be withheld from Mr. Carlson, we can discuss those. We do not believe that a blanket objection to Mr. Carlson because of consulting work he has done unrelated to LEDs is reasonable.


5/23/2007

Thanks,

Calvin


-----Original Message-----
**From:** Aaron Moore [mailto:AMoore@ll-a.com]
**Sent:** Monday, November 27, 2006 6:21 PM
**To:** Walden, S. Calvin
**Cc:** Matuschak, Mark; CK6002F
**Subject:** RE: CK v. TIR

Hi Calvin,

We will try to get our motion on file tomorrow.

--Aaron

Aaron W. Moore
amoore@ll-a.com
Lowrie, Lando & Anastasi, LLP
One Main Street
Cambridge, MA 02142
T 617/395-7000; F 617/395-7070; DD 617/395-7016

Confidentiality Note: This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.

---

**From:** Walden, S. Calvin [mailto:Calvin.Walden@wilmerhale.com]
**Sent:** Monday, November 27, 2006 2:51 PM
**To:** Walden, S. Calvin; Aaron Moore
**Cc:** Matuschak, Mark
**Subject:** RE: CK v. TIR

<u>Highly Confidential</u>

Aaron,

After our conversation today, and further to my follow-up e-mail (below) and voice-mail, I have further consulted with Mr. Carlson, and he has confirmed that the *only* company not already listed on his resume with which he or High Speed Design have consulted is a now-defunct company called Trip, Inc., that was located at 2061 Hoesner Avenue, Los Angeles, CA 90040.

You now have a complete list of the companies with which Mr. Carlson or High Speed Design has consulted.

Please let us know by the end of the day today whether CK will withdraw its objection to Mr. Carlson's inclusion on the Protective Order.


Please also treat the information contained in this e-mail Highly Confidential under the Protective Order.

Calvin

-----Original Message-----
**From:** Walden, S. Calvin
**Sent:** Monday, November 27, 2006 1:51 PM
**To:** 'Aaron Moore'
**Subject:** RE: CK v. TIR

Aaron,

Following up on a voice-mail I just left you (after our call), does/will CK maintain an objection to Mr. Carlson based on his consulting with Strand Lighting?

Calvin
-----Original Message-----
**From:** Aaron Moore [mailto:AMoore@ll-a.com]
**Sent:** Monday, November 27, 2006 9:45 AM
**To:** Walden, S. Calvin
**Subject:** RE: CK v. TIR

Hi Calvin,

Can we do it at 1:00?

--Aaron

Aaron W. Moore
amoore@ll-a.com
Lowrie, Lando & Anastasi, LLP
One Main Street
Cambridge, MA 02142
T 617/395-7000; F 617/395-7070; DD 617/395-7016

*Confidentiality Note: This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

---

**From:** Walden, S. Calvin [mailto:Calvin.Walden@wilmerhale.com]
**Sent:** Wednesday, November 22, 2006 12:22 PM
**To:** Aaron Moore
**Cc:** CK6002F; Matuschak, Mark
**Subject:** RE: CK v. TIR

Aaron,

Can you do the meet and confer on Monday at 10:00 am?

Additionally, please note that we have confirmed with Mr. Carlson that the list on his resume (i.e., Strand Lighting) comprises the complete list of companies that Mr. Carlson or his company have consulted with in the field of lighting. Again, this consulting has not involved LEDs. Thus, you have the list that you need to determine whether to press forward with any objections to the inclusion of Mr. Carlson on the Protective Order -- we believe that it is clear that CK has no reasonable basis for objecting.

Talk to you Monday.

Calvin

5/23/2007

-----Original Message-----
**From:** Aaron Moore [mailto:AMoore@ll-a.com]
**Sent:** Tuesday, November 21, 2006 5:12 PM
**To:** Walden, S. Calvin
**Cc:** CK6002F
**Subject:** RE: CK v. TIR

Hi Calvin,

I'm trying to leave now to travel tonight.

Your representations seem to be at odds with Mr. Carlson's resume, which states that his company does consulting work for "companies in the architectural lighting/energy management and entertainment lighting industry."

In order to complete the meet-and-confer, we believe that we need the list of clients. We think that we are entitled to that information to evaluate the conflict issue, as well as, for example, for impeachment. We are willing to treat the information as attorneys' eyes only under the protective order. Frankly, we don't see how Mr. Carlson can serve as an expert in this case if he is unwilling to disclose the list of clients for which he and/or his company have worked. It also seems to us that, if there truly are no conflicts, then there really is nothing to be concerned about in the way of disclosure.

Please reconsider and let me know.

What time on Monday would be good to finish this discussion?

Thanks.

--Aaron

Aaron W. Moore
amoore@ll-a.com
Lowrie, Lando & Anastasi, LLP
One Main Street
Cambridge, MA 02142
T 617/395-7000; F 617/395-7070; DD 617/395-7016

*Confidentiality Note: This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

---

**From:** Walden, S. Calvin [mailto:Calvin.Walden@wilmerhale.com]
**Sent:** Tuesday, November 21, 2006 4:09 PM
**To:** Aaron Moore
**Cc:** CK6002F; Matuschak, Mark
**Subject:** RE: CK v. TIR

Aaron,

Would you like to do the "meet and confer" respecting Mr. Carlson today? I will try to give you a call shortly, or you can call me.

Further, in response to your question below, we can not give an inclusive list of all customers of High Speed Design (a trade secret, as you might expect), but we can again affirm that the only company for which Mr. Carlson or his company have done consulting with respect to "LEDs, lighting, entertainment lighting, solid state lighting and/or related fields" is Strand Lighting (as noted on Mr. Carlson's resume). As I further explained in my voice-

mail to you, we understand Mr. Carlson has done *no* consulting with other companies respecting LEDs.

Thanks,

Calvin

-----Original Message-----
**From:** Aaron Moore [mailto:AMoore@ll-a.com]
**Sent:** Tuesday, November 21, 2006 1:26 PM
**To:** Walden, S. Calvin
**Cc:** CK6002F
**Subject:** CK v. TIR

Hi Calvin,

I got your voicemail.

I'm not in the office tomorrow. Since the hearing got moved, can we have the meet-and-confer on Monday? This would also give me a chance to follow up with our client on some of the issues raised in your letter.

Also, would you be willing to provide us with an inclusive list of customers of Mr. Carlson's company High Speed Design?

Thanks.

--Aaron

Aaron W. Moore
amoore@ll-a.com
Lowrie, Lando & Anastasi, LLP
One Main Street
Cambridge, MA 02142
T 617/395-7000; F 617/395-7070; DD 617/395-7016

*Confidentiality Note: This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

5/23/2007