# Exhibit D

| | |
|---|---|
| **From:** | Aaron Moore |
| **Sent:** | Tuesday, December 05, 2006 1:14 PM |
| **To:** | 'McTague, Alexandra' |
| **Cc:** | CK6002F |
| **Subject:** | RE: CK v. TIR |

Hi Alex,

During the preparation of our expert report, we identified some additional claims that are infringed. TIR asked us to supplement the list of asserted claims prior the preparation in its expert report, and we did. We see nothing improper in this. There is no "violation" of any "court order."

First, we all along have reserved the right to supplement the infringement charts, as TIR has reserved the right to supplement its invalidity charts.

Second, the additional claims are very similar in substance to claims already asserted. All or virtually all of the elements in the new claims appear in claims already asserted. For additional products that are covered by existing claims, they were added because they are functionally identical to previously accused products, meaning that there are absolutely no new issues. You don't mention it, but I believe that we also withdrew some claims and accused products where appropriate.

Third, and most importantly, this is no different than what TIR is doing with its invalidity charts, unless TIR does not plan to rely on any prior art that is not already in its charts. This would preclude any reliance on, for example, LED Effects or Digitrax, both of which TIR has known about for a long time (they are listed in the claim chart document) and neither of which is applied to any claim in any TIR claim chart. If TIR moves to exclude our claims, we will, on the same grounds, move to preclude reliance on any prior art that does not already appear in a TIR claim chart.

Actually, it may be that we can reach an agreement on this. Is TIR willing to confine itself to the prior art already applied in its claim charts (as opposed to references merely listed in the document)? If so, we may be willing to withdraw these claims. Please let me know.

Thanks.

--Aaron

Aaron W. Moore
amoore@ll-a.com
Lowrie, Lando & Anastasi, LLP
One Main Street
Cambridge, MA 02142
T 617/395-7000; F 617/395-7070; DD 617/395-7016

*Confidentiality Note: This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

---

**From:** McTague, Alexandra [mailto:Alexandra.McTague@wilmerhale.com]
**Sent:** Tuesday, December 05, 2006 10:31 AM
**To:** Aaron Moore
**Subject:** CK v. TIR

Aaron,
We are in receipt of Kevin Littman's letter dated December 1, 2006, identifying the claims CK is now asserting and the products against which those claims are asserted. In that letter, CK has added 61 claims in the '011 patent that were never asserted before. In addition, some of the claims previously asserted are now being asserted against additional products, including claims in the '626 patent that are being asserted against the CV and SL, Claims in the '011 patent being asserted against the SP, Claims

in the '079 patent now being asserted against the CW, and claims in the '079 patent that are now being asserted against the LP, when the LP has never before been accused in this litigation.

CK was ordered by the Court to provide infringement claim charts in response to TIR's interrogatories. The claim charts CK has provided do not cover these additional claims and products and thus TIR objects to any new assertions contained in Mr. Littman's letter. CK had ample time to amend its claim charts during discovery, but instead waited until over a month after the close of discovery (and the original opening expert report deadline) to assert new claims and accuse additional products by way of a letter. Not only is it improper for CK to add new claims and products so late in this litigation, but doing so is in violation of the Court's order requiring CK to provide infringement claim charts.

Given that discovery closed over a month ago, TIR will move to strike any attempt by CK to supplement the asserted claims and the products against which the claims are asserted, whether by way of supplemental interrogatory responses or CK's expert report. In addition, TIR will not be addressing these additional claims and/or products in its expert reports and reserves the right to supplement those reports should any motion to strike by TIR be denied by the Court.

Regards,
Alex


Alexandra McTague
WilmerHale
399 Park Avenue
New York, NY 10022 USA
+1 212 295 6368 (t)
+1 212 230 8888 (f)
alexandra.mctague@wilmerhale.com

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately -- by replying to this message or by sending an email to postmaster@wilmerhale.com -- and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

6/1/2007